UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAHMOUD KHALIL,<br><br>                              Petitioner,<br><br>         - against -<br><br>WILLIAM P. JOYCE, *et al.*,<br><br>                              Respondents. | No. 25 Civ. 1935 (JMF) |

**RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS OR TO TRANSFER THE CASE**

 

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
Attorney for Respondents
86 Chambers Street, Third Floor
New York, New York 10007
Tel:    (212) 637-2695/2743

JEFFREY OESTERICHER
BRANDON M. WATERMAN
Assistant United States Attorneys
    – Of Counsel –

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ............................................................................................................................ 2

    A.    Khalil's immigration detention ............................................................................... 2

    B.    Khalil's habeas petition .......................................................................................... 3

ARGUMENT

    THE COURT SHOULD DISMISS THIS ACTION OR
    ALTERNATIVELY  TRANSFER THIS ACTION ............................................................ 3

    A.    Venue is Improper in this Court ............................................................................. 3

    B.    The Court Should Either Dismiss or Transfer this Action ..................................... 9

CONCLUSION ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**:

*Adikov v. Mechkowski*,
  No. 16 Civ. 3797 (JPO), 2016 WL 3926469 (S.D.N.Y. July 18, 2016) ............................................. 7

*Ali v. Dep't of Justice*,
  No. 19 Civ. 8645 (LGS), 2020 WL 3057383 (S.D.N.Y. June 9, 2020) ............................................. 10

*Alvarado v. Gillis*,
  No. 22 Civ. 10082 (JLR) (KHP), 2023 WL 5417157 (S.D.N.Y. Aug. 3, 2023) ................................. 10

*Andoh v. Barr*,
  No. 19 Civ. 8016 (PAE), 2019 WL 4511623 (S.D.N.Y. Sept. 18, 2019) ........................................... 5

*Azize v. Bureau of Immigration and Naturalization Service*,
  No. 04 Civ. 9684 (SHS) (JCF), 2005 WL 3488333 (S.D.N.Y. Oct. 7, 2005) ................................. 9, 10

*Bacuku v. Shanahan*,
  No. 16 Civ. 0305 (LGS), 2016 WL 1162330 (S.D.N.Y. Mar. 1, 2016) ............................................. 7

*Benitez v. An Unknown Immigration Officer*,
  No. 19 Civ. 3153 (GHW), 2019 WL 3450743 (S.D.N.Y. July 22, 2019) ........................................... 7

*Cesar v. Shanahan*,
  No. 17 Civ. 7974 (ER), 2018 WL 1747989 (S.D.N.Y. Feb. 5, 2018) ................................................. 7

*Chan Lo v. Sessions*,
  No. 17 Civ. 6746 (GHW), 2017 WL 8786850 (S.D.N.Y. Sept. 15, 2017) ......................................... 7

*Concepcion v. Aviles*,
  No. 14 Civ. 8770 (AT), 2015 WL 7766228 (S.D.N.Y. Mar. 12, 2015) ............................................. 7

*Drakoulis v. Ashcroft*,
  356 F. Supp. 2d 367 (S.D.N.Y. 2005) ............................................................................................... 8

*Excellent v. Gonzales*,
  No. 04 Civ. 9748 (VM), 2006 WL 238986 (S.D.N.Y. Jan. 31, 2006) ............................................... 8

*Farez-Espinoza v. Chertoff*,
  600 F. Supp. 2d 488 (S.D.N.Y. 2009) ........................................................................................... 5, 6

*Fortune v. Lynch*,
  No. 15 Civ. 8134 (KPF), 2016 WL 1162332 (S.D.N.Y. Mar. 22, 2016) ........................................... 7

*Freire v. Terry*,
  756 F. Supp. 2d 585 (S.D.N.Y. 2010) ............................................................................................... 8

*German v. Green*,
  No. 15 Civ. 4691 (WHP), 2015 WL 7184992 (S.D.N.Y. Oct. 30, 2015) ......................................... 8

*Guo v. Napolitano*,
    No. 09 Civ. 3023 (PGG), 2009 WL 2840400 (S.D.N.Y. Sept. 2, 2009) ....................... 5, 6, 7

*Henderson v. I.N.S.*,
    157 F.3d 106 (2d Cir. 1998) ................................................................................................ 6

*Kolev v. Sessions*,
    No. 17 Civ. 9477 (RA), 2019 WL 1748436 (S.D.N.Y. Apr. 16, 2019) ................................ 7

*Medina-Valdez v. Holder*,
    No. 12 Civ. 6002 (RA), 2012 WL 4714758 (S.D.N.Y. Oct. 1, 2012) .................................. 7

*Phrance v. Johnson*,
    No. 14 Civ. 3569 (TPG), 2014 WL 6807590 (S.D.N.Y. Dec. 3, 2014) ................................ 7

*Rone v. Holder*,
    No. 15 Civ. 2815 (ER), 2015 WL 13722402 (S.D.N.Y. June 5, 2015) ................................ 7

*Rumsfeld v. Padilla*,
    542 U.S. 426 (2004) ................................................................................... 1, 4, 5, 6, 8, 9

*S.N.C. v. Sessions*,
    325 F. Supp. 3d 401 (S.D.N.Y. 2018) .................................................................................. 7

*Shehnaz v. Ashcroft*,
    No. 04 Civ. 2578 (DLC), 2004 WL 2378371 (S.D.N.Y. Oct. 25, 2004) ........................... 8, 9

*Sikivou v. Dep't of Homeland Security*,
    No. 06 Civ. 5530 (PKC), 2007 WL 2141564 (S.D.N.Y. July 25, 2007) .............................. 7

*Singh v. Holder*,
    No. 12 Civ. 4731 (JMF), 2012 WL 5878677 (S.D.N.Y. Nov. 21, 2012) ...................... 1, 5, 6

*Washington v. District Director, INS*,
    No. 04 Civ. 3492 (RMB) (MHD), 2005 WL 2778747 (S.D.N.Y. Oct. 19, 2005) ............... 8

**<u>Statutes</u>**:

8 U.S.C. § 1226 ............................................................................................................................. 2

8 U.S.C. § 1227 ............................................................................................................................. 2

28 U.S.C. § 2241 .................................................................................................................... 1, 3, 4

**Preliminary Statement**

The petitioner brings this habeas action under 28 U.S.C. § 2241 to challenge his detention by U.S. Immigration and Customs Enforcement ("ICE") during the pendency of his removal proceedings. But this Court is not the proper forum for this habeas action. Federal district courts possess limited authority to grant writs of habeas corpus within their respective jurisdictions. As the Supreme Court has explained, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). And for challenges to detention, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

At the time that this action was filed, the petitioner was physically present and detained at the Elizabeth Detention Facility in Newark, New Jersey. He was not in the Southern District of New York. Thus, this Court did not acquire habeas jurisdiction over this matter, and venue is improper in this district. This Court has already decided the precise legal issue underlying the government's motion in at least five cases. *See Thomas v. Decker*, No. 19 Civ. 8690 (JMF), ECF No. 26 (S.D.N.Y. Oct. 16, 2019); *Tazu v. Barr*, No. 19 Civ. 1716 (JMF), ECF No. 16 (S.D.N.Y. Mar. 1, 2019); *Traore v. Decker*, No. 18 Civ. 7909 (JMF), ECF No. 9 (S.D.N.Y. Sept. 13, 2018); *Suraiya v. Cioppa*, No. 18 Civ. 6628 (JMF), ECF Nos. 17 (Order), 18 (Transcript) (S.D.N.Y. July 31, 2018); *Singh v. Holder*, No. 12 Civ. 4731 (JMF), 2012 WL 5878677, at *2 (S.D.N.Y. Nov. 21, 2012). There has been no intervening change in controlling law, and thus this Court should adhere to its prior decisions and conclude that this action cannot proceed in this Court.

Accordingly, this Court should dismiss this action without prejudice for lack of jurisdiction/venue, or alternatively transfer it. If the Court decides to transfer the case, to minimize any delay, the government respectfully requests that the Court waive the seven-day waiting period contained in Local Civil Rule 83.1.

## BACKGROUND

A.  **Khalil's immigration detention**

Mahmoud Khalil ("Khalil"), a native of Syria and citizen of Algeria, entered the United States on a student visa in December 2022. *See* Declaration of Acting Field Office Director William Joyce ("Joyce Decl.") ¶ 5. He adjusted to lawful permanent resident status in November 2024. *Id.* ¶ 6. On March 8, 2025, Special Agents from the U.S. Immigration and Customs Enforcement ("ICE") Homeland Security Investigations ("HSI") Office of the Special Agent in Charge for the New York Area of Responsibility arrested Khalil at 8:35 p.m. in front of 195 Claremont Avenue in Manhattan, New York, for the purpose of placing him in removal proceedings. *Id.* ¶ 7. HSI transported him to 26 Federal Plaza at 8:44 p.m. for processing. *Id.* While at 26 Federal Plaza, HSI served Khalil with a Notice to Appear ("NTA"), the charging document used to commence removal proceedings, which charged him as being removable pursuant to 8 U.S.C. § 1227(a)(4)(C)(i), in that the Secretary of State has reasonable grounds to believe that his presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States. *Id.* ICE also served Khalil with a Notice of Custody Determination, notifying Khalil that his detention was governed by 8 U.S.C. § 1226(a) (immigration custody during removal proceedings). *Id.*

Upon completion of processing, ICE transported Khalil from 26 Federal Plaza to Elizabeth Detention Facility in Newark, New Jersey,[1] where he was physically present and booked into the detention facility at 2:20 a.m. Eastern Standard Time (3:20 a.m. Eastern Daylight Time) on

---

[1] Elizabeth Detention Facility has comprehensive overnight accommodations for detainees, such as bends and 24-hour medical staff, whereas 26 Federal Plaza is a Hold Room facility used for detention of individuals awaiting removal, transfer, immigration court hearings, medical treatment, intra-facility movement, or other processing into or out of a facility, and it does not have beds or overnight medical staff. Joyce Decl. ¶ 10.

March 9, 2025. *Id.* ¶ 8. Shortly before noon on March 9, Khalil departed Elizabeth Detention Facility and was brought to the airport to be transported to the Central Louisiana ICE Processing Facility in Jena, Louisiana. *Id.* ¶ 10. Khalil was booked into the Central Louisiana ICE Processing Facility at 12:33 a.m. on March 10, 2025, and he remains detained at that facility. *Id.* ¶ 11.

**B.    Khalil's habeas petition**

At 4:41 a.m. on March 9, 2025, Khalil's attorney filed the instant habeas petition under 28 U.S.C. § 2241, while Khalil was physically present and detained in New Jersey. Joyce Decl. ¶¶ 8-9; *see also* ECF No. 11 at 6 ("Counsel filed the instant habeas corpus petition on Mr. Khalil's behalf on March 9, 2025, at 4:41 a.m."). By her account, Khalil's attorney filed the instant habeas petition in this District, because (i) DHS agents had previously told Khalil's wife that he was being sent to 26 Federal Plaza (as he was), and (ii) the public "ICE Online Detainee Locator System" had not yet been updated at that hour to show he had been transferred to New Jersey. Greer Decl. (ECF 11-1) ¶¶ 7, 9. Khalil's petition challenges his current immigration detention as unlawful, and he seeks an order from this Court requiring ICE to immediately release him. Pet. (ECF No. 2).

## ARGUMENT

### THE COURT SHOULD DISMISS THIS ACTION OR ALTERNATIVELY TRANSFER THIS ACTION

**A.    Venue is Improper in this Court**

A habeas petition brought under 28 U.S.C. § 2241 challenging detention must be brought against the immediate custodian and filed in the district in which the petitioner is detained. Venue is improper in the Southern District of New York because Khalil was not detained in this district at the time he filed his habeas petition. Joyce Decl. ¶ 9. Rather, the petitioner's attorney filed the habeas petition in this Court while Khalil was physically present in and confined at the Elizabeth Detention Facility in Newark, New Jersey. *Id.* ¶ 8; ECF No. 11 at 6. Thus, the Court lacks

3

jurisdiction over the habeas petition and the Southern District of New York is not the proper venue for this habeas action. Consequently, the Court should either dismiss this action or transfer it.

The Supreme Court has made clear that in "core" habeas petitions—*i.e.*, petitions like the instant one that challenges the petitioner's present physical confinement—the petitioner must file the petition in the district in which he is confined (*i.e.*, the district of confinement) and name his warden as the respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004). In *Padilla*, the Supreme Court described habeas petitions challenging a petitioner's present physical confinement (*i.e.*, detention) as "core" habeas petitions. *Id.* at 445. For review of such "core" petitions, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[2] *Id.* at 447; *see also id.* at 443 (explaining that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

In embracing the "immediate custodian" rule, the Supreme Court explained that limiting a district court's jurisdiction to issue a writ to custodians within their jurisdiction "serves the important purpose of preventing forum shopping by habeas petitioners." *Padilla*, 542 U.S. at 447 (observing that the result of disregarding the immediate custodian rule "would be rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation [in 1867]").

---

[2] In adopting the "immediate custodian" rule, the Supreme Court rejected the "legal reality of control" standard and held that legal control does not determine the proper respondent in a habeas petition that challenges present physical confinement. *See Padilla*, 542 U.S. at 437-39; *see also id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

4

Although *Padilla* addressed a habeas petition outside of the immigration context, based on *Padilla*'s holding and logic, a "clear majority of district courts" within the Second Circuit have applied "the immediate custodian rule to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation." *Guo v. Napolitano*, No. 09 Civ. 3023 (PGG), 2009 WL 2840400, at *3 (S.D.N.Y. Sept. 2, 2009) (collecting cases). "The substantial majority of judges in this District to consider this question have reached the same conclusion, holding that a [petitioner] detained in New Jersey who seeks to challenge his detention, even if under the supervision of ICE personnel in this District, must bring a habeas action in the District of New Jersey." *Andoh v. Barr*, No. 19 Civ. 8016 (PAE), 2019 WL 4511623, at *2 (S.D.N.Y. Sept. 18, 2019).

This Court has addressed this exact issue in at least five cases: *Thomas v. Decker*, No. 19 Civ. 8690 (JMF), ECF No. 26 (S.D.N.Y. Oct. 16, 2019); *Tazu v. Barr*, No. 19 Civ. 1716 (JMF), ECF No. 16 (S.D.N.Y. Mar. 1, 2019); *Traore v. Decker*, No. 18 Civ. 7909 (JMF), ECF No. 9 (S.D.N.Y. Sept. 13, 2018); *Suraiya v. Cioppa*, No. 18 Civ. 6628 (JMF), ECF Nos. 17 (Order), 18 (Transcript) (S.D.N.Y. July 31, 2018); *Singh v. Holder*, No. 12 Civ. 4731 (JMF), 2012 WL 5878677, at *2 (S.D.N.Y. Nov. 21, 2012). In *Singh*, this Court held that the proper forum for a habeas petition brought by an alien challenging his continued physical detention—*i.e.*, "core" habeas claims—was "the district of confinement." 2012 WL 5878677, at *2; *see also id.* ("Applying the 'immediate custodian' rule, the Court therefore holds that jurisdiction lies only in the Northern District of Alabama, where Petitioner is detained, and that the only proper respondent is Petitioner's immediate custodian, Warden Scott Hassel."). In reaching this conclusion, the Court noted that it was unpersuaded by the analysis in *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488 (S.D.N.Y. 2009), where Judge Baer had reasoned that the Attorney General and Secretary of the

5

Department of Homeland Security were proper respondents in an immigration habeas action, and, despite the petitioner's detention in New Jersey on the day the petition was filed, held that the Southern District of New York was the proper venue based on a finding that the "traditional principles of venue" governed immigration habeas cases. *See id.* at 495-97. This Court found the analysis in *Farez-Espinoza* to be flawed because that decision relied on cases that pre-dated *Padilla* and that were otherwise inapplicable to venue consideration in immigration detention challenges. *See Singh*, 2012 WL 5878677, at *2; *see also Guo*, 2009 WL 2840400, at *4-5 (finding *Farez-Espinoza* unpersuasive for the additional reason that it relied on *Henderson v. I.N.S.*, 157 F.3d 106 (2d Cir. 1998), which was issued six years prior to *Padilla*, and which relied on the "legal control" argument that *Padilla* subsequently rejected).

Similarly, in *Suraiya*, this Court held a conference eight days after the petition was filed at which the Court acknowledged its application of *Padilla* in its prior ruling in *Singh*, "a case bringing pretty much the same exact nature of claim," and then explained "that the immediate custodian rule applies to challenges of this nature and that jurisdiction is proper only in the district where the immigrant is detained." Transcript (attached), *Suraiya v. Cioppa*, No. 18 Civ. 6628 (JMF) (S.D.N.Y. July 31, 2018) (ECF No. 18) at 2:21-3:4. This Court proceeded similarly in *Traore* and *Tazu*. *See* Transcript of Proceedings (Sept. 6, 2018), *Traore v. Decker*, No. 18 Civ. 7909 (JMF) (S.D.N.Y. Sept. 21, 2018) (ECF No. 10) at 2:14-23; Transfer Order, *Traore v. Decker*, No. 18 Civ. 7909 (JMF) (S.D.N.Y. Sept. 13, 2018) (ECF No. 9); Transcript of Proceedings (Mar. 1, 2019), *Tazu v. Decker*, No. 19 Civ. 1716 (JMF) (S.D.N.Y. Mar. 19, 2018) (ECF No. 16) at 2:25-3:10; Transfer Order, *Tazu v. Decker*, No. 19 Civ. 1716 (JMF) (S.D.N.Y. Mar. 1, 2019) (ECF No. 14). Lastly, in *Thomas*, this Court received full briefing and was ultimately unpersuaded to change its position. *Thomas v. Decker*, No. 19 Civ. 8690 (JMF) (ECF No. 26) (S.D.N.Y. Oct. 16, 2019).

Moreover, in cases similar to this matter—where immigration habeas petitioners detained outside of the Southern District of New York nonetheless brought actions in this District challenging their present physical confinement—courts have routinely held that venue in this district is improper. These cases include challenges to immigration detention where aliens are currently in removal proceedings, as well as cases where aliens are subject to a final order of removal and awaiting removal. *See, e.g.*, *Benitez v. An Unknown Immigration Officer*, No. 19 Civ. 3153 (GHW), 2019 WL 3450743, at *1 (S.D.N.Y. July 22, 2019) ("The majority of courts in this district that have considered the issue have held that habeas petitions which challenge an alien's detention pending removal are subject to the immediate custodian rule, and thus jurisdiction over such a claim lies only in the district where Petitioner is physically confined."); *Kolev v. Sessions*, No. 17 Civ. 9477 (RA), 2019 WL 1748436, at *1 (S.D.N.Y. Apr. 16, 2019); *S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 410 (S.D.N.Y. 2018) (same); *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989, at *1 (S.D.N.Y. Feb. 5, 2018) (same); *Chan Lo v. Sessions*, No. 17 Civ. 6746 (GHW), 2017 WL 8786850, at *1 (S.D.N.Y. Sept. 15, 2017) (same); *Adikov v. Mechkowski*, No. 16 Civ. 3797 (JPO), 2016 WL 3926469, at *1 (S.D.N.Y. July 18, 2016) (same); *Fortune v. Lynch*, No. 15 Civ. 8134 (KPF), 2016 WL 1162332, at *2 (S.D.N.Y. Mar. 22, 2016) (same); *Bacuku v. Shanahan*, No. 16 Civ. 0305 (LGS), 2016 WL 1162330, at *1 (S.D.N.Y. Mar. 1, 2016) (same); *Rone v. Holder*, No. 15 Civ. 2815 (ER), 2015 WL 13722402, at *1 (S.D.N.Y. June 5, 2015) (same); *Concepcion v. Aviles*, No. 14 Civ. 8770 (AT), 2015 WL 7766228, at *1 (S.D.N.Y. Mar. 12, 2015) (same); *Phrance v. Johnson*, No. 14 Civ. 3569 (TPG), 2014 WL 6807590, at *2 (S.D.N.Y. Dec. 3, 2014) (same); *Medina-Valdez v. Holder*, No. 12 Civ. 6002 (RA), 2012 WL 4714758, at *1-2 (S.D.N.Y. Oct. 1, 2012) (same); *Guo*, 2009 WL 2840400, at *5 (same); *Sikivou v. Dep't of Homeland Security*, No. 06 Civ. 5530 (PKC), 2007 WL 2141564, at *3 (S.D.N.Y. July 25, 2007)

(same); *Excellent v. Gonzales*, No. 04 Civ. 9748 (VM), 2006 WL 238986, at *1 (S.D.N.Y. Jan. 31, 2006) (same); *Washington v. District Director, INS*, No. 04 Civ. 3492 (RMB) (MHD), 2005 WL 2778747, at *2 (S.D.N.Y. Oct. 19, 2005) (same); *Drakoulis v. Ashcroft*, 356 F. Supp. 2d 367, 370-71 (S.D.N.Y. 2005) (same); *Shehnaz v. Ashcroft*, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004) (same); *cf. German v. Green*, No. 15 Civ. 4691 (WHP), 2015 WL 7184992, at *2 (S.D.N.Y. Oct. 30, 2015) ("Since [petitioner] mailed his petition to this Court while physically detained in New Jersey . . . this Court has no jurisdiction over this case."); *Freire v. Terry*, 756 F. Supp. 2d 585 (S.D.N.Y. 2010) (dismissing habeas petition for lack of jurisdiction, without prejudice to refiling in the district of confinement)

There is no basis for this Court to depart from this practice in this case. During the March 12 conference, the Court raised Justice Kennedy's concurrence in *Padilla*—and how it contemplated an exception to the district-of-confinement rule in the face of certain governmental misconduct. But this "proposed" exception—from a concurring opinion where the Justices joined the majority opinion in full—is not the law. *Padilla*, 542 U.S. at 436.

And in all events, nothing here would implicate the concerns behind Justice Kennedy's concurrence. As the above makes clear, Khalil was transferred from a processing facility in New York City to a detention facility in New Jersey. And, as explained too, the reasons that the petition was filed in this District were that (i) Khalil's wife was told by DHS officials that he was being taken to 26 Federal Plaza (a completely accurate statement), and (ii) the ICE website had not updated with accurate information at that hour (around 4am on a weekend). In stark contrast to this, Justice Kennedy's concurrence raises the prospect of a narrow exception "in an exceptional case" for prolonged, wrongful conduct—*i.e.*, a sustained governmental effort to evade habeas jurisdiction. *Id.* at 454 (Kennedy, J.). That is not this case here: Over the span of a day, Khalil

8

was processed and transferred, after an overnight stay, to a detention facility where he will be held for the foreseeable future; and where he can file a proper petition in that District (as discussed next). His detention is not unique in any way that would provide a basis for departure from the district-of-confinement/immediate custodian rule. *Id.* at 454; *see also id.* at 442.

This case thus provides no basis for deviating from the "the default rule . . . that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435 (opinion of the Court); *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Because the petitioner was detained in New Jersey at the time he filed this habeas petition, the Court lacks habeas jurisdiction over this matter and venue is not proper in the Southern District of New York.

**B.     The Court Should Either Dismiss or Transfer this Action**

Because this Court lacks jurisdiction and is not the proper forum for this habeas action, the Court should either dismiss this action without prejudice or transfer the petition forthwith.[3] *See Shehnaz*, 2004 WL 2378371, at *4.

Should the Court consider transferring the petition, the proper venue is the Western District of Louisiana. *See Azize v. Bureau of Immigration and Naturalization Service*, No. 04 Civ. 9684 (SHS) (JCF), 2005 WL 3488333, at *1 (S.D.N.Y. Oct. 7, 2005) (noting that "*Padilla* controls," and transferring detention challenge to the Western District of Louisiana, which was the place of petitioner's "present physical custody"). In *Padilla*, the Supreme Court recognized a "limited" exception to the district-of-confinement rule, only "when the Government moves a habeas

---

[3] Should the Court transfer the case, to minimize any delay in having the case heard in the proper forum, the government respectfully requests that the Court waive the seven-day waiting period contained in Local Civil Rule 83.1.

9

petitioner after she *properly files* a petition naming her immediate custodian." *Id.* at 441 (emphasis added) (discussing *Ex Parte Endo*, 323 U.S. 283 (1944)). In that event, the court where jurisdiction originally vested can retain the case.

Here, the petitioner did not properly file a petition naming his immediate custodian because the habeas petition was filed in this District when Khalil was being detained in New Jersey. Accordingly, jurisdiction did not vest in the District of New Jersey because he did not file his petition in that court. Consequently, the District of New Jersey cannot "retain[]" habeas jurisdiction, as it never acquired it to begin with. *Id.*

A proper course is thus to transfer this case to the Western District of Louisiana—*i.e.*, the only district where Khalil could refile a petition today, if this Court were to dismiss his improper one. Put simply, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

The District of New Jersey has been raised as a potential proper forum. Given that the District of New Jersey never acquired jurisdiction over this case, and does not have jurisdiction over Khalil's present custodian, it is difficult to see how that court could adjudicate this dispute, simply because Khalil was present there at the time of his original (improper) filing.[4]

Nevertheless, in the event the Court harbors doubt about whether New Jersey or Louisiana is the proper forum, what should be plain is that venue does not lie in this Court. And if this Court

---

[4] It is true that in at least two cases in this District, judges concluded that, notwithstanding (i) an improperly filed petition in this District because the petitioner was detained elsewhere, and (ii) a subsequent transfer of the petitioner after the habeas petition was filed to a different facility in another District, the case should be transferred to the District where the petitioner was detained at the moment the original habeas petition was filed. *See, e.g.*, *Alvarado v. Gillis*, No. 22 Civ. 10082 (JLR) (KHP), 2023 WL 5417157 (S.D.N.Y. Aug. 3, 2023), *rep. and rec. adopted* at ECF 16 (S.D.N.Y. Aug. 22, 2023); *Ali v. Dep't of Justice*, No. 19 Civ. 8645 (LGS), 2020 WL 3057383, at *2 (S.D.N.Y. June 9, 2020). In these cases, however, the government did not seek transfer to the district of confinement and therefore the court did not address the issue presented here.

is inclined to transfer this case to the District of New Jersey, the government respectfully preserves the right to argue there that transfer is proper to the Western District of Louisiana.

## CONCLUSION

For the foregoing reasons, the Court should either dismiss this action or transfer the petition.

Dated:   March 12, 2025

                                            Respectfully submitted,

| | |
|---|---|
| YAAKOV M. ROTH | MATTHEW PODOLSKY |
| Acting Assistant Attorney General | Acting United States Attorney |
| Civil Division | Southern District of New York |
| | *Attorney for Respondents* |

By:   */s/ Brandon M. Waterman*
      JEFFREY OESTERICHER
      BRANDON M. WATERMAN
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.: (212) 637-2695/2743
      jeffrey.oestericher@usdoj.gov
      brandon.waterman@usdoj.gov