```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MAHMOUD KHALIL,                                                         :
                                                                        :
                                        Petitioner,                     :
                                                                        :       25-CV-1935 (JMF)
                -v-                                                     :
                                                                        :       ORDER
WILLIAM P. JOYCE ET AL.,                                                :
                                                                        :
                                        Respondents.                    :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On March 12, 2025, Respondents moved to dismiss or transfer this case, arguing that the case (if not dismissed) should be transferred to the Western District of Louisiana, where Petitioner is currently detained. *See* ECF No. 31. Petitioner filed his opposition to the motion on March 14, 2025, arguing that, if the case is to be transferred, it should be transferred to the District of New Jersey, where he was allegedly detained at the moment the petition was filed. *See* ECF No. 50. In making these arguments, neither party cites, let alone discusses,

- 28 U.S.C. § 1404(a), which allows a district court to, "[f]or the convenience of parties and witnesses, . . . transfer any civil action to any other district or division where it might have been brought," *see SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (holding that a lack of personal jurisdiction can be cured by transfer under "either section 1406(a) or section 1404(a)"); *see also, e.g., Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011) (explaining that "[the immediate custodian] rule is not jurisdictional in the sense of a limitation on subject-matter jurisdiction" (internal quotation marks omitted)); *Rivera-Perez v. Stover*, — F. Supp. 3d —, No. 23-CV-1348 (SRU), 2024 WL 4819250, at *5 (D. Conn. Nov. 18, 2024) (noting that courts have construed the immediate custodian rule set forth in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), to raise questions of venue or personal jurisdiction, not subject-matter jurisdiction);

- 28 U.S.C § 1406(a), which allows transfer of a case "laying venue in the wrong division or district" to "any district or division in which it could have been brought," *see, e.g.*,

*Darboe v. Ahrendt*, 442 F. Supp. 3d 592, 596 (S.D.N.Y. 2020); or

- 28 U.S.C. § 1631, which allows a district court that "finds that there is a want of jurisdiction" in a case to transfer to "such court . . . in which the action or appeal could have been brought at the time it was filed or noticed," *see, e.g.*, *Persaud v. Bureau of Immigr. & Customs Enf't*, No. 04-CV-282 (FB), 2004 WL 1936213, at *1 (E.D.N.Y. Aug. 31, 2004); *see also, e.g.*, *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings.").

Respondents should address the import, if any, of these provisions in their reply memorandum of law due on **March 17, 2025**. Petitioner is granted leave to address the same in a supplemental memorandum of law, not to exceed five pages, to be filed by **March 17, 2025**, at **5 p.m.**

To be clear: The Court directs the parties to address the provisions cited above to ensure that it has briefing on all potentially relevant issues. The Court intimates no view on any of the issues being briefed, including whether dismissal or transfer of the case is appropriate at all.

SO ORDERED.

Dated: March 16, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2