UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mahmoud KHALIL,<br><br>*Petitioner*,<br><br>v.<br><br>Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,<br><br>*Respondents*. | Case No. 2:25-cv-01963<br><br>Hon. Michael E. Farbiarz |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE
BRIEF AS *AMICI CURIAE* IN SUPPORT OF
PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION**

The Foundation for Individual Rights and Expression (FIRE), The Rutherford Institute, the First Amendment Lawyers Association (FALA), the National Coalition Against Censorship (NCAC), and PEN American Center, Inc. (collectively "proposed *amici*") respectfully move for leave to file the accompanying *amici curiae* brief in support of Petitioner Mahmoud Khalil. Petitioner consents to the filing of this amicus brief. On March 18, 2025, Counsel for Respondents informed proposed *amici* that Respondents take no position. Proposed *amici* state the following in support of this motion:

1

1. Courts should grant a motion for leave to file an *amicus* brief when (1) the movant has an "adequate interest" and (2) the accompanying brief is "desirable" and "relevant to the disposition of the case." *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (citing Federal Rule of Appellate Procedure 29(a)). These requirements should be "broadly interpreted" to allow leave to file *amicus* briefs unless "it is obvious" that the requirements are not met. *Id.* at 133. It is "preferable to err on the side of granting leave." *Id.* District courts in New Jersey follow these guidelines in granting leave to file *amicus* briefs. *See, e.g.*, *C.P. v. New Jersey Dep't of Educ.*, 2019 WL 6907490, at *3 (D.N.J. Dec. 19, 2019) (granting motion for leave to file *amicus* brief); *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (same).

2. Here, proposed *amici* have an adequate interest to file a brief because they are organizations that are deeply concerned by the government's claim of authority to subject resident aliens to adverse action for the protected speech and have extensive experience with relevant First Amendment issues, as explained more fully below.

3. Proposed *amicus* FIRE has a strong interest in the outcome of this case. FIRE is a nonpartisan nonprofit that defends the rights of all Americans to free speech and free thought—the essential qualities of liberty. Since 1999, FIRE has successfully defended these rights through public advocacy, strategic litigation, and participation as *amicus curiae* in cases that implicate First Amendment freedoms. In lawsuits across the United States, FIRE works to vindicate First Amendment rights

without regard to the speakers' views. *Trump v. Selzer*, No. 4:24-cv-449 (S.D. Iowa, filed Dec. 17, 2024); *Volokh v. James*, No. 23-356 (2d Cir. argued Feb. 16, 2024); *Novoa v. Diaz*, No. 4:22-cv-324, ECF No. 44 (N.D. Fla., Nov. 17, 2022), *pending appeal sub nom.*, *Novoa v. Diaz*, No. 22-13994 (11th Cir. argued June 14, 2024); *Netchoice, LLC v. Bonta*, 2025 WL 807961 (N.D. Cal. Mar. 13, 2025)); *Villarreal v. Alaniz*, 145 S. Ct. 368 (2024).

4. Proposed *amicus* The Rutherford Institute similarly has a strong interest in the outcome of this case. The Rutherford Institute is a nonprofit civil liberties organization headquartered in Charlottesville, Virginia. Founded in 1982 by its President, John W. Whitehead, the Institute provides legal assistance at no charge to individuals whose constitutional rights have been threatened or violated and educates the public about constitutional and human rights issues affecting their freedoms. The Rutherford Institute works tirelessly to resist tyranny and threats to freedom by seeking to ensure that the government abides by the rule of law and is held accountable when it infringes on the rights guaranteed by the Constitution and laws of the United States.

5. Proposed *amicus* First Amendment Lawyers Association (FALA) also has a strong interest in the outcome of this case. FALA is a nonpartisan, nonprofit bar association comprised of attorneys throughout the United States and elsewhere whose practices emphasize defense of Freedom of Speech and of the Press, and which advocates against all forms of government censorship. Formed in the mid-1960s, FALA's members practice throughout the U.S. in defense of the free speech. Since its

founding, its members have been involved in many of the nation's landmark free expression cases, including cases before the Supreme Court. *See, e.g., Ashcroft v. Free Speech Coalition, Inc.*, 535 U.S. 234 (2002) (successful challenge to Child Pornography Prevention Act argued by FALA member and former president H. Louis Sirkin); *United States v. Playboy Ent. Group, Inc.*, 529 U.S. 803 (2000) (successful challenge to "signal bleed" portion of Telecommunications Act argued by FALA member and former president Robert Corn-Revere). In addition, FALA has a tradition of submitting *amicus* briefs to the Supreme Court on issues pertaining to the First Amendment. *See, e.g.*, *City of Littleton v. Z.J. Gifts D-4, LLC,* 2004 WL 199239 (Jan. 26, 2004) (*amicus* brief submitted by FALA); *United States v. 12,200-ft Reels of Super 8mm Film*, 409 U.S. 909 (1972) (order granting FALA's motion to submit *amicus* brief).

6. Proposed *amicus* the National Coalition Against Censorship (NCAC) similarly has a strong interest in the outcome of this case. NCAC is an alliance of more than 60 national non-profit literary, artistic, religious, educational, professional, labor, and civil liberties groups. NCAC was founded in 1974 in response to the United States Supreme Court's landmark decision in *Miller v. California*, 413 U.S. 15 (1973), which narrowed First Amendment protections for sexual expression and opened the door to obscenity prosecutions. The organization's purpose is to promote freedom of thought, inquiry and expression and to oppose censorship in all its forms. NCAC engages in direct advocacy and education to support free expression rights of students, teachers, librarians, artists, and others. NCAC has long opposed

attempts to censor or limit youth free expression on college campuses, and tracks efforts to suppress artistic and cultural expression related to political conflict in Israel and Palestine. *See, e.g.*, Art Censorship Index: Israel and Palestine 2023-Onwards, NAT'L COAL. AGAINST CENSORSHIP, https://ncac.org/art-censorship-index-israel-palestine-2023-onwards. It therefore has a longstanding interest in assuring the continuance of robust First Amendment protections for all, including students and noncitizens.

7. Proposed *amicus* PEN American Center, Inc. ("PEN America") similarly has a strong interest in the outcome of this case. PEN America is a nonpartisan nonprofit organization dedicated to creative expression and the liberties that make it possible. Founded in 1922, PEN America engages in advocacy, research, and public programming related to free expression in the United States and around the world. PEN America stands for the unhampered transmission of thought within each nation and between all nations, working to ensure that people everywhere have the freedom to create literature, to convey information and ideas, express their views, and access the views, ideas, and literature of others. PEN America has engaged in research and advocacy related to protest rights and the free speech rights of immigrants.

8. The proposed brief is desirable because it provides the Court with an understanding of the effect the issues presented in this case will have beyond the outcome for the parties. Proposed *amici* have extensive experience defending First Amendment rights to freedom of speech and expression, and their brief provides the

5

Court with an informed perspective and information beyond what the parties will offer.

9.   No counsel for a party authored the accompanying *amici curiae* brief in whole or in part. Further, no person, other than *amicus*, their members, or their counsel contributed money intended to fund this brief's preparation or submission.

WHEREFORE, proposed *amici* respectfully requests that this Court grant its Motion for Leave to File its *Amici Curiae* Brief in Support of Petitioner's Motion for Preliminary Injunction.

Dated: March 20, 2025                                Respectfully Submitted,

/s/ *Greg H. Greubel*
Greg H. Greubel

Conor T. Fitzpatrick*
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

Greg H. Greubel
   (NJ Bar No. 171622015)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@thefire.org

*Counsel for Amici Curiae*
*Pro hac vice application forthcoming

6