UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD KHALIL,<br><br>*Petitioner,*<br><br>v.<br><br>WILLIAM P. JOYCE, *et al.*,<br><br>*Respondents.* | *Civ. Act. No.* 25-cv-1963 (MEF) |

**RESPONDENTS' BRIEF IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS OR TO TRANSFER THE CASE**

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
Senior Litigation Counsel

DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 2

A. Khalil's immigration detention ........ 2

B. Khalil's habeas petition ........ 4

C. Procedural History and Transfer to this Court ........ 4

ARGUMENT ........ 6

CONCLUSION ........ 12

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ali v. Sec'y, Dep't of Homeland Sec.*,
Civ. Act. No. 11-2072, 2012 WL 15750 (D.N.J. Jan. 4, 2012) ..... 7

*Allen v. Chertoff*,
Civ. Act. No. 10-1003 (FLW), 2010 WL 743916 (D.N.J. Mar. 4, 2010) ..... 7

*Argueta Anariba v. Dir. Hudson Cty. Corr. Ctr.*,
17 F.4th 434 (3d Cir. 2021) ..... 7, 11

*Arizona v. California*,
460 U.S. 605 (1983) ..... 11

*Azize v. Bur. of Citizenship & Imm. Serv.*,
No. 04Civ.9684 (SHS)(JCF), 2005 WL 3488333, at *1 (S.D.N.Y. Oct. 7, 2005) ..... 8

*Barden v. Keohane*,
921 F.2d 476 (3d Cir.1990) ..... 8

*Burkey v. Marberry*,
556 F.3d 142 (3d Cir. 2009) ..... 8

*Cortez v. Baskin*,
Civ. Act. No. 19-12261-NLH-AMD, 2019 WL 2142902 n.1 (D.N.J. May 16, 2019) ..... 9

*Eddine v. Chertoff*,
Civ. Act. No. 07-6117 FSH, 2008 WL 630043 (D.N.J. Mar. 5, 2008) ..... 7

*Ex Parte Endo*,
323 U.S. 283 (1944) ..... 7

*Furnari v. U.S. Parole Comm'n*,
531 F.3d 241 (3d Cir. 2008) ..... 8

*Guzman v. Moshannon Valley Processing Ctr.*,
Civ. Act. No. 24-1054 (JKS), 2024 WL 1251170 ..... 6

*In re: Howmedica Osteonics Corp.*,
867 F.3d 390 (3d Cir. 2017) ..... 9

*Leybinsky v. U.S. Dep't of Homeland Sec.*,
Civ. Act. No. 09-1965 (GEB), 2009 WL 1228586 (D.N.J. May 1, 2009) ..... 7

*Magee v. Clinton*,
No. 04-5247, 2005 WL 613248 (D.C. Cir. 2005) ........ 8

*McCoy v. United States Board of Parole*,
537 F.2d 962 (8th Cir. 1976) ........ 10

*Parker v. Hazelwood*,
Civ. No. 17-484-LM, 2019 WL 4261832 (D.N.H. 2019) ........ 10

*Pittman v. Pullen*,
No. 22-cv-1651 (JAM), 2023 WL 6379371 (D. Conn. 2023) ........ 10

*Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*,
123 F.3d 111 (3d Cir. 1997) ........ 11

*Rumsfeld v. Padilla*,
542 U.S. 426 (2004) ........ passim

*Sinochem International Co. v. Malaysia International Shipping Corp.*,
549 U.S. 422 (2007) ........ 9

*Spiniello Companies v. Moynier*,
2014 WL 7205349 (D.N.J. 2014) ........ 9

*United States v. Little*,
392 F.3d 671 (4th Cir. 2004) ........ 8

*United States v. Means*,
572 F. App'x. 793 (11th Cir. 2014) ........ 8

*United States v. Vidal*,
647 F. App'x 59 (3d Cir. 2016) ........ 8

*Verissimo v. I.N.S.*,
204 F. Supp. 2d 818 (D.N.J. 2002) ........ 10

*Wooten v. Zickefoose*,
No. CIV. 10-4599 NLH, 2011 WL 794393 (D.N.J. Feb. 28, 2011) ........ 8

*Yi v. Maugans*,
24 F.3d 500 (3d Cir. 1994) ........ 8

Statutes

8 U.S.C. § 1226(a) ........ 2
8 U.S.C. § 1252(g) ........ 2

28 U.S.C. § 1404(a) ....................................................................................................................................10

28 U.S.C. § 1406(a) .................................................................................................................................. 5, 9

28 U.S.C. § 2241 ..................................................................................................................................passim

Regulations

8 C.F.R. § 1003.14(a) ............................................................................................................................4, 10

## PRELIMINARY STATEMENT

Petitioner Mahmoud Khalil brings this habeas action under 28 U.S.C. § 2241 to challenge his detention by U.S. Immigration and Customs Enforcement ("ICE") during the pendency of his removal proceedings. Although the United States District Court for the Southern District of New York transferred the action, this Court is still not the proper forum. Federal district courts possess limited authority to grant writs of habeas corpus within their respective jurisdictions. As the Supreme Court has explained, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). And for challenges to detention, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

At the time that this action was filed in the Southern District of New York, Khalil was physically present and detained at the Elizabeth Detention Facility in Newark, New Jersey. That petition was thus improper, because Khalil was not being held in the Southern District of New York—as Judge Furman correctly recognized. But Judge Furman erred in transferring this case to this Court. This Court has never had habeas jurisdiction over this matter, because no proper petition has ever been filed in this Court. And it does not have habeas jurisdiction over this matter now, because it neither has jurisdiction over the proper respondent in this action, nor is this district the district of confinement. Judge Furman concluded that the general transfer statutes could cure this jurisdictional defect, but that was in error: Those statutes do not independently vest courts with jurisdiction and cannot supply a court with habeas jurisdiction that it never had and presently lacks. Thus, while the parties have already litigated the issue of venue and jurisdiction before Judge Furman, this Court still has an independent responsibility to consider these issues and either dismiss this action without prejudice—so that Khalil can refile his petition in the Western District of Louisiana—or transfer it there—provided Khalil also consents.

None of this is to say that habeas relief is available in the first place at this time. Under a straightforward application of binding precedent and the federal immigration laws, a court should deny or dismiss the petition, and that court sits in the Western District of Louisiana. *See*, *e.g.*, 8 U.S.C. § 1252(g).

## BACKGROUND

### A. Khalil's immigration detention

Mahmoud Khalil ("Khalil"), a native of Syria and citizen of Algeria, entered the United States on a student visa in December 2022. *See* Declaration of Acting Field Office Director William Joyce ("Joyce Decl.") ¶ 5 (ECF No. 32). He adjusted to lawful permanent resident status in November 2024. *Id.* ¶ 6. On March 8, 2025, Special Agents from the ICE Homeland Security Investigations ("HSI") Office of the Special Agent in Charge for the New York Area of Responsibility detained Khalil at 8:35 p.m. at 195 Claremont Avenue in Manhattan, New York, for the purpose of placing him in removal proceedings. *Id.* ¶ 7; Second Supplemental Declaration of Acting Field Office Director William Joyce ("2d Supp. Joyce Decl."), ¶ 7. HSI transported him to 26 Federal Plaza at 8:44 p.m. for processing. *Id.* While at 26 Federal Plaza, HSI served Khalil with a Notice to Appear ("NTA"), the charging document used to commence removal proceedings, which charged him as being removable pursuant to 8 U.S.C. § 1227(a)(4)(C)(i), in that the Secretary of State has reasonable grounds to believe that his presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States. *Id.*; *see also* 2d Supp. Joyce Decl., Ex. A – NTA, Mar. 9, 2025 (ECF No. 72). The NTA ordered that Khalil appear for a removal hearing at 8:30 a.m. on March 27, 2025, at the Immigration Court located at 830 Pinehill Road, Jena, Louisiana. *See* NTA. ICE also served Khalil with a Notice of Custody Determination, notifying Khalil that his detention was governed by 8 U.S.C. § 1226(a) (immigration custody during removal proceedings). Joyce Decl. ¶ 7.

Upon completion of processing, ICE transported Khalil from 26 Federal Plaza to the Elizabeth Detention Facility in Newark, New Jersey,[1] where he was physically present and booked into the detention facility at 2:20 a.m. Eastern Standard Time (3:20 a.m. Eastern Daylight Time) on March 9, 2025. *Id.* ¶ 8. The 26 Federal Plaza location serves a processing center, which is effectively a short-term hold room for individuals. 2d Supp. Joyce Decl. ¶ 15. The facility does not have any beds or overnight medical staff. *Id.* ICE's own policy "dictates that absent exceptional circumstances, no detainee should be housed in a Hold Room facility for longer than 12 hours." *Id.* The Elizabeth Detention Center was also a brief stop because the facility was dealing with bedbug issues, and the facility could not accept anyone as a full transfer. *Id.* ¶ 11. ICE made an operational decision to not inquire into bedspace of surrounding areas of responsibility given the "awareness of general paucity of bedspace." *Id.* The request to ERO New Orleans was made on March 8, 2025, and a flight was scheduled for 2:35pm on March 9, 2025. *Id.* Therefore, shortly before noon on March 9, Khalil departed the Elizabeth Detention Facility and was brought to the airport to be transported to the Central Louisiana ICE Processing Facility in Jena, Louisiana. Joyce Decl. ¶ 11. ICE, specifically Enforcement and Removal Operations New York, "did not receive any directives or instructions pertaining to Khalil's detention." 2d Supp. Joyce Decl. ¶ 14. Khalil was booked into the Central Louisiana ICE Processing Facility at 12:33 a.m. on March 10, 2025, and he remains detained at that facility. Joyce Decl. ¶ 12.

---

[1] Elizabeth Detention Facility has comprehensive overnight accommodations for detainees, such as bends and 24-hour medical staff, whereas 26 Federal Plaza is a Hold Room facility used for detention of individuals awaiting removal, transfer, immigration court hearings, medical treatment, intra-facility movement, or other processing into or out of a facility, and it does not have beds or overnight medical staff. Joyce Decl. ¶ 10.

On March 9, 2025, Khalil's NTA was filed with the Immigration Court at the LaSalle Detention Facility, vesting that court with jurisdiction over his removal proceedings. *See* 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court."); Ex. A, NTA; 2d Supp. Joyce Decl. ¶ 20 ("Except for this ongoing lawsuit, ERO New York is not involved in Khalil's immigration removal proceedings which are pending before the LaSalle Immigration Court in Jena, Louisiana."). ICE has no current plans or intentions to transfer Khalil during the pendency of his removal proceedings. 2d Supp. Joyce Decl. ¶ 19.

**B. Khalil's habeas petition**

At 4:41 a.m. on March 9, 2025, Khalil's attorney filed the instant habeas petition under 28 U.S.C. § 2241, while Khalil was physically present and detained in New Jersey. Joyce Decl. ¶¶ 8-9; *see also* ECF No. 11 at 6 ("Counsel filed the instant habeas corpus petition on Mr. Khalil's behalf on March 9, 2025, at 4:41 a.m."). By her account, Khalil's attorney filed the instant habeas petition in this District, because (i) DHS agents had previously told Khalil's wife that he was being sent to 26 Federal Plaza (as he was), and (ii) the public "ICE Online Detainee Locator System" had not yet been updated at that hour to show he had been transferred to New Jersey. Declaration of Amy Greer ("Greer Decl.") (ECF No. 11-1) ¶¶ 7, 9. Khalil's operative petition challenges his current immigration detention as unlawful, and he seeks an order from this Court requiring ICE to release him immediately. Am. Pet. (ECF No. 38). Khalil seeks other relief in addition to release from custody. Am. Pet. at 31, Prayer for Relief.

**C. Procedural History and Transfer to this Court**

After Khalil had filed his habeas petition, the parties briefed whether venue in the Southern District of New York was proper. On March 19, 2025, the court ("SDNY court") transferred the action to the District of New Jersey. *See* Order Transferring Petition (ECF No. 78). The SDNY court

found that it lacked jurisdiction over Khalil's habeas petition because he was in New Jersey at the time that the petition was filed. *Id.* at 15. Relying on decisions that rejected Khalil's arguments in other cases, Judge Furman applied the immediate-custodian rule to this habeas petition, concluding that the "core" and any potential "non-core" claims should be heard by a court that "has the authority to consider Khalil's entire Petition." *Id.* at 17. The SDNY court refused to find that Khalil's allegations "plausibl[y] infer[red] that the Government's 'purpose' in moving him to New Jersey" constituted some sort of gamesmanship. *Id.* at 18. Indeed, it went on to note instances in which detainees had been processed through 26 Federal Plaza and then were transferred to New Jersey. *Id.* at 19. Recounting the events that transpired when detaining Khalil, the SDNY court stated that there would be various reasons for moving Khalil to New Jersey and found that the instant petition was not properly before it. *Id.* at 20.

The SDNY court declined to transfer the action to the Western District of Louisiana and instead sent to the District of New Jersey. *Id.* at 25. Doing so, it noted that the district-of-confinement and immediate-custodian rules are not matters of subject-matter jurisdiction. *Id.* The SDNY court looked to 28 U.S.C. § 1406(a) and held that New Jersey was the appropriate jurisdiction because Khalil could have brought his action there at the time of filing. *Id.* at 28. It did not apply *Padilla* in this context, concluding that the statute permits transfer to a court that could have heard the case at the time it was brought. *Id.* at 29-30. The SDNY court rejected arguments that the transfer statutes would not independently vest jurisdiction where there was none to begin with because the Supreme Court previously noted that a transfer would not affect a district court's habeas jurisdiction. *Id.* at 30. Finally, the SDNY weighed the relevant facts and determined that it would be in the interest of justice for this Court to hear the habeas action. *Id.* at 30-31.

**ARGUMENT**

This Court should either dismiss this petition without prejudice, or transfer this action to a proper forum, because the proper venue is exclusively the Western District of Louisiana.

**1.** A habeas petition brought under 28 U.S.C. § 2241 challenging detention must be brought against the immediate custodian and filed in the district in which the petitioner is detained. The Supreme Court has made clear that in "core" habeas petitions—that is, petitions like the instant one that challenges the petitioner's present physical confinement—the petitioner must file the petition in the district in which he is confined (that is, the district of confinement) and name his warden as the respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004).

In *Padilla*, the Supreme Court described habeas petitions challenging a petitioner's present physical confinement (*i.e.*, detention) as "core" habeas petitions. *Id.* at 445. For review of such "core" petitions, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[2] *Id.* at 447; *see id.* at 443 (explaining that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

Courts within this Circuit have regularly applied *Padilla* in the immigration context, with respect to habeas petitions just like this one. *See*, *e.g.*, *Guzman v. Moshannon Valley Processing Ctr.*, Civ. Act. No. 24-1054 (JKS), 2024 WL 1251170, at *1 ("District courts are limited to granting habeas relief

[2] In adopting the "immediate custodian" rule, the Supreme Court rejected the "legal reality of control" standard and held that legal control does not determine the proper respondent in a habeas petition that challenges present physical confinement. *See Padilla*, 542 U.S. at 437-39; *see also id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

within their respective jurisdictions, so that the court issuing the writ has jurisdiction over the custodian.") (cleaned up); *Eddine v. Chertoff*, Civ. Act. No. 07-6117 FSH, 2008 WL 630043, at *2 (D.N.J. Mar. 5, 2008) (noting that a petition should file in the district of confinement because "the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner."); *Allen v. Chertoff*, Civ. Act. No. 10-1003 (FLW), 2010 WL 743916, at *2 (D.N.J. Mar. 4, 2010) (same); *Leybinsky v. U.S. Dep't of Homeland Sec.*, Civ. Act. No. 09-1965 (GEB), 2009 WL 1228586, at *2 (D.N.J. May 1, 2009) (same); *Ali v. Sec'y, Dep't of Homeland Sec.*, Civ. Act. No. 11-2072, 2012 WL 15750, at *2 (D.N.J. Jan. 4, 2012) (same).

**2.** Nobody disputes that if Khalil filed his petition today, it would have to be in the Western District of Louisiana. The only question before this Court is whether that principle no longer holds, because Khalil was temporarily in New Jersey when he improperly filed his original habeas petition in New York. The answer is no.

As relevant, the Supreme Court has recognized a "limited" exception to the district-of-confinement rule, namely, only "when the Government moves a habeas petitioner after she *properly files* a petition naming her immediate custodian." *Id.* at 441 (emphasis added) (discussing *Ex Parte Endo*, 323 U.S. 283 (1944)); *see Argueta Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) ("Our precedent likewise reflects an adherence to the general rule articulated in *Endo*, that the government's post-filing transfer of a § 2241 petitioner out of the court's territorial jurisdiction does not strip the court of jurisdiction over the petition."). Under those circumstances, the court where jurisdiction originally vested may retain the case. *See Argueta Anariba*, 14 F.4th at 446 (collecting cases).

That limited exception does not apply here. Khalil has never filed a habeas petition in this Court. Importantly, that means that habeas jurisdiction has never vested in this Court. And as a corollary to that, it means the limited exception just described is not implicated. That exception applies only where the original court is able to "retain[] jurisdiction," even after someone is removed from its

territorial reach. *Padilla*, 542 U.S. at 441. But where a court never *had* habeas jurisdiction in the first place, there is nothing to retain. *See Azize v. Bur. of Citizenship & Imm. Serv.*, No. 04Civ.9684 (SHS)(JCF), 2005 WL 3488333, at *1 (S.D.N.Y. Oct. 7, 2005); *see, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir.1990) (noting that jurisdiction over a habeas petition is determined at the time it is filed and retaining jurisdiction because the original petition had properly named respondent); *United States v. Vidal*, 647 F. App'x 59, 60 (3d Cir. 2016) ("A § 2241 petition is properly filed in the jurisdiction in which the prisoner is confined. At the time Vidal filed his motion, he was confined in a facility outside the territory of the District of New Jersey. Accordingly, the District Court lacked jurisdiction to consider his motion.") (citations omitted).

The "default rule" articulated in *Padilla* thus controls here. 542 U.S. at 435. Because Khalil's original petition was improper, no court has yet had proper habeas jurisdiction over this matter. And the only place where habeas jurisdiction would be proper today is the Western District of Louisiana. *See Wooten v. Zickefoose*, No. CIV. 10-4599 NLH, 2011 WL 794393, at *3 (D.N.J. Feb. 28, 2011). This because, , "jurisdiction lies in only one district: the district of confinement," *Padilla*, 542 U.S. at 443, and in this case, it is the Western District of Louisiana. *See, e.g.*, *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009) (noting that the petitioner, who challenged the BOP's determination that he was ineligible for early release, had "appropriately filed his habeas corpus petition in the district of confinement"); *Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 255 (3d Cir. 2008) ("28 U.S.C. § 2241 allows habeas corpus petitions to be brought . . . in the district in which the petitioner is confined."); *Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994) ("A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district.") (citations omitted); *see also United States v. Means*, 572 F. App'x. 793, 794 (11th Cir. 2014) (refiled petition should be filed in district where petitioner "currently incarcerated");

*Magee v. Clinton*, No. 04-5247, 2005 WL 613248, at *1 (D.C. Cir. 2005) (similar); *United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004) (similar).

**3.** The transfer statutes do not alter this analysis. In sending this case to this Court, Judge Furman relied on 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

It is true that at the time Khalil's original petition was filed, it could have been properly filed in this district. But the SDNY court erred in treating that fact as dispositive. *See* Op. at 28-29. While Khalil's case "could have been brought" here at the time of filing, that does not mean it can be heard here and now. And it cannot, under *Padilla*—or the specific statutory text it interpreted. Section 2241(a) states that writs of habeas corpus "may be granted by … the district courts … within their respective jurisdictions." *Padilla* interpreted that text—namely, "jurisdiction[]"—to require that a habeas petitioner satisfy both the immediate custodian and district-of-confinement rules in order for a federal court to be able to issue a writ of habeas corpus. Section 1406(a) can permit transfer but only if the transferee court would also have subject matter jurisdiction over the matter. *See Cortez v. Baskin*, Civ. Act. No. 19-12261-NLH-AMD, 2019 WL 2142902, at *1 n.1 (D.N.J. May 16, 2019); *see also Spiniello Companies v. Moynier*, 2014 WL 7205349, at *5–6 (D.N.J. 2014) (explaining that if a court determines that venue has been improperly laid within its district, § 1406(a) confers discretion to transfer the case or dismiss it); *id.* ("To effectuate a § 1406(a) transfer to a proper venue, a court must possess subject matter jurisdiction over the case."); C. Wright, A. Miller, et al., 14D Fed. Prac. & Proc: Juris. § 3827 (4th ed.) ("A district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action…."); *cf. Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007) (convenience-based venue issues may be addressed

before the threshold issue of subject-matter jurisdiction); *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 404 (3d Cir. 2017)(same). This is where the SDNY court erred. *See* Op. at 30.

Nothing in § 1406(a)'s general authorization for transfer displaces those specific conditions for habeas relief or purports to vest this Court with jurisdiction that would not otherwise exist. This Court has never had jurisdiction over this matter, and it cannot exercise jurisdiction over it now. *See Padilla*, 542 U.S. at 441-42. Even if that transfer statute technically permitted transfer to this Court as a matter of civil procedure, that does not somehow vest this Court with the statutory authority to issue a specific remedy—and do so notwithstanding the specific preconditions for such relief. Put otherwise, in order for this Court to award habeas relief under 2241(a), it must have "jurisdiction" to do so—as construed by *Padilla*. Nothing in the transfer statutes alters that limitation.

**4.** The transfer statutes all contemplate transfer to a district where an action "could have been brought in the first instance." *Parker v. Hazelwood*, Civ. No. 17-484-LM, 2019 WL 4261832, at *6 (D.N.H. 2019). Because that is only this district—and because this district is unavailable—those laws are broadly unavailable. That is why, as noted, the typical course on this posture is dismissal without prejudice, so that Khalil may properly refile in the right district. That said, 28 U.S.C. § 1404(a) allows transfer where the parties consent. And the United States would consent to transfer to the Western District of Louisiana, so that this petition can promptly be resolved. *See Pittman v. Pullen*, No. 22-cv-1651 (JAM), 2023 WL 6379371, at *3 (D. Conn. 2023).

The United States would consent to such transfer, because transfer of this action to the Western District of Louisiana serves the interest of justice. An immediate transfer to the proper forum is the best way to promptly resolve this habeas petition. *See Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (recognizing that the place of detainment may often be the most convenient forum to the parties) (citing *McCoy v. United States Board of Parole*, 537 F.2d 962, 966 (8th Cir. 1976)). Transferring also serves the interest of justice because the LaSalle Immigration Court has jurisdiction

over Khalil's removal proceedings and ICE has no plans to transfer him during the pendency of those proceedings. *See* 8 C.F.R. § 1003.14(a); Ex. A – as-filed-NTA; 2d Supp. Joyce Decl. ¶ 20.

Should he do so, Khalil's reliance on the law-of-the-case doctrine would be misplaced in this case. Order Transferring Petition at 29-30 (ECF No. 78). The doctrine "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). But this discretionary doctrine in no way limits this Court's power to decide its own jurisdiction. *Id.* (citing *Arizona v. California*, 460 U.S. 605, 619 (1983)). Given the substantial jurisdictional concerns with the original petition and the lack of filing in the proper district at the outset, the Court's exercise of discretion would not be warranted. *See id.* at 117 (declining to apply doctrine when it would affect jurisdictional issues).

* * *

**CONCLUSION**

There is no doubt that this case has garnered much attention and involves important issues. "But it is surely just as necessary in important cases as unimportant ones that courts take care not to exceed their 'respective jurisdictions' established by Congress." *Padilla*, 542 U.S. at 450-51. The well-settled "jurisdictional rules" that govern habeas proceedings compel that this case must be heard in one forum, and one forum only: The Western District of Louisiana, where Khalil is now being held. For the foregoing reasons, the Court should dismiss this petition without prejudice, or transfer it to that district.

Dated: March 20, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing filing was served on counsel of record via this Court's CM/ECF system on March 20, 2025.

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel