# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Mahmoud KHALIL,

                *Petitioner*,

  v.

Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement;[1] Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,

                *Respondents*.

No. 25-cv-1963

**PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO COMPEL RESPONDENTS TO RETURN HIM TO THIS DISTRICT**

---

[1] Respondent Yolanda Pittman, in her official capacity as Warden of Elizabeth Contact Detention Facility, will be added.

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715
jlocicero@aclu-nj.org

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
abelsher@nyclu.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 549-2500
ojadwat@aclu.org

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
bazmy@ccrjustice.org
ssisay@ccrjustice.org
dshamas@ccrjustice.org

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem*
Naz Ahmad
Shezza Abboushi Dallal*
Natasha Hajo, *Law Student*\*
Sasha Jenkins, *Law Student*\*
Harnoor Singh, *Law Student*\*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
shezza.dallal@law.cuny.edu

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430
alina.das@nyu.edu

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003
ndca@vblaw.com

Tel: (212) 732-8805
Fax: (212) 571-3792
agreer@dratellewis.com

*Pro hac vice application pending or forthcoming

*Counsel for Petitioner*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

    I.  The All Writs Act Authorizes this Court to return Mr. Khalil to the District, Which is Justified Under the Circumstances. .............................. 2

    II.  The Court Has jurisdiction to Order Respondents to Return Mr. Khalil to this District. ............................................................................... 5

        A.  Section 1252(a)(2)(B)(ii) Does Not Bar Review or Relief. ............ 6

        B.  Section 1252(g) Does Not Bar Review or Relief. ........................... 8

CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. U.S. Immigration and Customs Enforcement*,
   510 F.3d 1 (1st Cir. 2007) ............................................................................... 8

*Alaka v. Attorney General*,
   456 F.3d 88 (3d Cir. 2006) .............................................................................. 6

*Bakran v. Secretary, U.S. Department of Homeland Security*,
   894 F.3d 557 (3d Cir. 2018) ............................................................................ 6

*Boumediene v. Bush*,
   553 U.S. 723 (2008) ........................................................................................ 3

*Bounds v. Smith*,
   430 U.S. 817 (1977) ........................................................................................ 4

*Byrd v. Hollingsworth*,
   No. CIV. A. 14-6473 (RMB), 2014 WL 6634932 (D.N.J. Nov. 21, 2014) ......... 3

*Byrd v. Warden Fort Dix FCI*,
   611 F. App'x 62 (3d Cir. 2015) ....................................................................... 3

*Calla-Collado v. Attorney General of U.S.*,
   663 F.3d 680 (3d Cir. 2011) ............................................................................ 8

*Chehazeh v. Attorney General of U.S.*,
   666 F.3d 118 (3d Cir. 2012) ..................................................................... 9, 10

*Dabone v. Karn*,
   763 F.2d 593 (3d Cir. 1985) ............................................................................ 3

*E.O.H.C. v. Secretary U.S. Department of Homeland Security*,
   950 F.3d 177 (3d Cir. 2020) ........................................................................ 7, 8

*Edison C. F. v. Decker*,
   CIV. A. 20-15455 (SRC), 2021 WL 1997386 (D.N.J. May 19, 2021) .............. 8

*F.T.C. v. Dean Foods Company*,
   384 U.S. 597 (1966) ........................................................................................ 3

*Garcia v. Attorney General*,
    553 F.3d 724 (3d Cir. 2009) .............................................................................. 10

*Harris v. Nelson,*
    394 U.S. 286 (1969) ............................................................................................ 3

*Johnson v. Avery*,
    393 U.S. 483 (1969) ............................................................................................ 4

*Klay v. United Healthgroup, Inc.*,
    376 F.3d 1092 (11th Cir. 2004) .......................................................................... 3

*Kucana v. Holder*,
    558 U.S. 233 (2010) ........................................................................................ 6, 8

*Luziga v. Attorney General United States*,
    937 F.3d 244 (3d Cir. 2019) ............................................................................... 6

*Ragbir v. United States*,
    No. 2:17-CV-1256-KM, 2018 WL 1446407 (D.N.J. Mar. 23, 2018) ............. 4, 9

*Reno v. American-Arab Anti-Discrimination Committee (AADC)*,
    525 U.S. 471 (1999) ............................................................................................ 9

*Sinclair v. Attorney Gen. of U.S.*,
    198 F. App'x 218 (3d Cir. 2006) ........................................................................ 8

*Soltane v. U.S. Department of Justice*,
    381 F.3d 143 (3d Cir. 2004) ........................................................................... 6, 7

*United States v. Board of Education of City of Union City*,
    No. CIV. A. 83-2651, 1988 WL 188297 (D.N.J. Aug. 15, 1988) ....................... 3

*Zadvydas v. Davis*,
    533 U.S. 678 (2001) ............................................................................................ 7

**Statutes**

28 U.S.C. § 1406 ........................................................................................................ 4

28 U.S.C. § 1651 ........................................................................................................ 1

8 U.S.C. § 1231 ..................................................................................................... 7, 8

8 U.S.C. § 1252 ................................................................................................... passim

## PRELIMINARY STATEMENT

This Court has broad equitable authority to "issue all writs necessary or appropriate" in aid of jurisdiction under the All Writs Act, 28 U.S.C. § 1651. Ordering Respondents to return Petitioner Mahmoud Khalil to this District, where he was detained in ICE custody when his habeas corpus petition was filed, remains appropriate. Relief would both begin to remedy and reverse Respondents' extraordinary and improper actions here, where they spirited Mr. Khalil a thousand miles away to Louisiana, and it would also facilitate this Court's exercise of its jurisdiction over the instant petition, including by promoting greater access by Mr. Khalil to the Court, to his legal counsel, and to his expectant wife, all located within or near this District. As demonstrated in Mr. Khalil's two previous filings on this motion, the Court may, pursuant to the All Writs Act and the Court's inherent equitable power, order Mr. Khalil's return to this District, even if still in ICE custody. *See* Mem. (ECF 11); Reply Mem. (ECF 73). The relief he seeks has grown only more urgent in the time that has passed since he filed the instant motion, and the sound reasons for the Court to exercise its power in these exceptional circumstances have become only more clear.

Now that the above-captioned case has been transferred to this District from the Southern District of New York, Mr. Khalil submits this supplemental brief for the limited purpose of providing the Court with additional relevant authorities from

1

the Third Circuit, in keeping with the Court's Order (ECF 85). As made clear below, those new authorities only strengthen Mr. Khalil's arguments. First, ordering Mr. Khalil's return to this District remains appropriate. And second, Third Circuit law undermines even further Respondents' arguments that the relief sought through Mr. Khalil's motion is jurisdictionally barred. Indeed, the relief requested in this Motion turns on the same authority this Court already invoked (ECF 81), in enjoining Respondents from deporting Mr. Khalil. Just as there was no jurisdictional bar to that limited and uncontested equitable relief, there is no jurisdictional bar to the invocation of the Court's same power, and under related authority, to return Mr. Khalil to this District.[2]

### I.     The All Writs Act Authorizes this Court to return Mr. Khalil to the District, Which is Justified Under the Circumstances.

Petitioner explained why the Southern District of New York could and should rely on the All Writs Act to return him to New York. *See* Mem. 7–11; Reply 2–5. For the same reasons, this Court can and should return Mr. Khalil to ICE custody in New Jersey.

---

[2] As Petitioner has explained before, Reply Mem. 1, should the Court grant the relief sought in his separate Motion for Release, *see* ECF 52; ECF 93, and if the Court includes as part of that relief an order that Respondents return him from Louisiana to this District at government expense, Petitioner recognizes that the relief sought in this Motion may no longer be necessary.

2

Respondents' arguments about the reach of the statute are wrong. *See* Reply Mem. 2. "It is well established that All Writs Act is to be employed only where there exists extraordinary or exceptional circumstances." *United States v. Bd. of Educ. of City of Union City*, No. CIV. A. 83-2651, 1988 WL 188297, at *2 (D.N.J. Aug. 15, 1988) (quotation marks omitted) (citation omitted). Moreover, as another court in this District has explained, "the powers conferred by the All Writs Act powers are utilized in extraordinary circumstances where equitable measures are required to facilitate adjudication . . . or peripheral aspects of habeas adjudication." *Byrd v. Hollingsworth*, No. CIV. A. 14-6473 (RMB), 2014 WL 6634932, at *2 (D.N.J. Nov. 21, 2014), *aff'd sub nom. Byrd v. Warden Fort Dix FCI*, 611 F. App'x 62 (3d Cir. 2015), *citing Boumediene v. Bush,* 553 U.S. 723, 774 (2008) (in turn citing *Harris v. Nelson,* 394 U.S. 286, 299–300 (1969)). *Accord Dabone v. Karn,* 763 F.2d 593, 597 n.2 (3d Cir. 1985), *citing F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102 (11th Cir. 2004) (a court may enjoin almost any conduct "which, left unchecked. . . would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural conclusion" (citation omitted)). The Court also possesses "inherent power," of a "constitutional dimension," that permits the court to maintain a party's access to the court and preserve the court's ability to adjudicate the case fully and fairly." *Ragbir v. United States*, No. 2:17-CV-1256-KM, 2018 WL 1446407, at *1 (D.N.J. Mar. 23,

3

2018); *see Bounds v. Smith*, 430 U.S. 817, 824 (1977) (holding that the Constitution guarantees litigants "meaningful access to the courts"); *Johnson v. Avery*, 393 U.S. 483, 485 (1969) (particularly true in habeas cases) ("Since the basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom, it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed."). Though the government argues otherwise, "[o]rdinarily this would not be controversial; if the item in controversy were not a human being but a valuable painting, few would quarrel with an order that the artwork be kept within the jurisdiction while the case is pending." *Ragbir*, 2018 WL 1446407, at *1.

It is clear that this case is nothing but extraordinary. Mr. Khalil has now been detained for ten days for his constitutionally protected speech. *See* Am. Pet. ¶¶ 73–81 (ECF 38). At the moment his lawyers filed the initial petition—which from the start challenged his detention as unconstitutional, Pet. ¶ 28 (ECF 2), he was detained in this District. Op. & Order 28 (ECF 78) ("By its plain terms, therefore, the [federal transfer] statute calls for transfer of Khalil's Petition to the District of New Jersey, the only district in which—due to the immediate-custodian and district-of-confinement rules—his 'core' claims 'could have been' brought" at 4:40 a.m. on March 9, 2025." (quoting 28 U.S.C. § 1406(a)). Since approximately seven hours after that filing, Respondents spirited Mr. Khalil more than a thousand miles away

from his counsel, his family, and the two courts that have adjudicated his petition. The transferor court's assistance in securing remote privileged access to counsel for Mr. Khalil had been critical in setting up his various pending motions for urgent relief. *See* Order (ECF 29). But these measures still remain no substitute for the kind of regular and natural combination of in-person and virtual access that would be available locally, even if Mr. Khalil were to be returned to ICE detention in or near this District. *See* Reply at 4.

Utilizing the Court's authority to bring Petitioner closer to this Court, his counsel, and family is plainly justified. Indeed, despite the weighty stakes in this case, none of Mr. Khalil's counsel has been in the same room with him since his detention. And each passing day brings the additional risk that Mr. Khalil's first child will be born with him behind bars, an action by Respondents that he has, since just after 4 o'clock in the morning on March 8, challenged as unconstitutional. The All Writs Act confers broad equitable authority to correct and remediate exceptional conduct by a litigant and to preserve the integrity of this Court's jurisdiction that the litigant otherwise seeks to compromise.

**II.  The Court Has jurisdiction to Order Respondents to Return Mr. Khalil to this District.**

In enjoining Respondents from deporting Mr. Khalil, *see* Order (ECF 81), the Court implicitly recognized that the relief requested by this Motion—issuing all writs necessary or appropriate in aid of its jurisdiction—does not implicate 8 U.S.C.

5

§ 1252(a)(2)(B)(ii) and (g). *See* Mem. 9–10; Reply Mem. 5. The same holds true for purposes of this Motion. And Mr. Khalil's arguments are only reinforced and further bolstered by Third Circuit law, which makes clear that Respondents' attempts to defeat or interfere with jurisdiction, including by transferring Mr. Khalil more than a thousand miles away from his family, attorneys, and community are neither discretionary nor discrete actions tied to the commencement of proceedings. Thus, neither § 1252(a)(2)(B)(ii) nor (g) bars review here.

      A. <u>Section 1252(a)(2)(B)(ii) Does Not Bar Review or Relief.</u>

The Third Circuit has repeatedly emphasized that § 1252(a)(2)(B)(ii) "applies not to all decisions the [Secretary] is entitled to make, but to a narrower category of decisions [or actions] where Congress has taken the additional step to specify that the sole authority for the action is in the [Secretary]'s discretion." *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 562 (3d Cir. 2018) (alterations in original) (quoting *Alaka v. Att'y Gen.*, 456 F.3d 88, 95 (3d Cir. 2006)); *see also Soltane v. U.S. Dep't of Just.*, 381 F.3d 143, 146 (3d Cir. 2004) ("The key to § 1252(a)(2)(B)(ii) lies in its requirement that the discretion giving rise to the jurisdictional bar must be 'specified' by statute."); *Luziga v. Att'y Gen. U.S.*, 937 F.3d 244, 251 n.7 (3d Cir. 2019) ("Section 1252(a)(2)(B)(ii) only prohibits our review of matters specifically delegated to the Attorney General's discretion.") (citing *Kucana v. Holder*, 558 U.S. 233, 251 (2010)).

6

Also, "challenge[s] [to] the extent of the [Secretary's] authority under [a] . . . statute" are not barred by § 1252(a)(2)(B)(ii) because "the extent of that authority is not a matter of discretion." *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 191 (3d Cir. 2020). In *E.O.H.C.*, the Third Circuit found that it had jurisdiction to review petitioners' claims that the Migrant Protection Protocols, requiring them to return to Mexico to await the adjudication of their asylum case, violated the Convention Against Torture's prohibition on nonrefoulement. *Id.* at 182. The court of appeals explained that petitioners were not challenging the Secretary's "exercise of discretion," but whether she was exercising lawful statutory authority in the first place. *Id.* at 191. Because "no executive official has discretion to commit ultra vires acts," review was warranted. *Id*. So too here, Mr. Khalil challenges Respondents' attempts to undermine or interfere with the Court's jurisdiction, including by impeding or complicating access to counsel or engaging in retaliatory detention. "[T]he extent of [Respondents'] authority" to engage in such actions raises profound constitutional questions, and "is not a matter of discretion." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Finally, even if Mr. Khalil were challenging a typical detainee transfer decision, which he is not, § 1252(a)(2)(B)(ii) still would not preclude review. Respondents point to 8 U.S.C. § 1231(g), but that statute does not even mention "transfer." *See Soltane v. U.S. Dep't of Just.*, 381 F.3d at 146 (3d Cir. 2004) (noting

7

that "[t]he key to § 1252(a)(2)(B)(ii) lies in its requirement that the discretion giving rise to the jurisdictional bar must be 'specified' by statute"); *cf. Kucana*, 558 U.S. at 247 (§ 1252(a)(2)(B)(ii) applies only to those decisions where Congress has "set out the Attorney General's discretionary authority in the statute"). "[T]here is considerable uncertainty as to whether section 1231(g)(1) encompasses the authority to transfer detainees," *Aguilar v. U.S. Immigr. & Customs Enf't*, 510 F.3d 1, 20 (1st Cir. 2007), and neither the Third Circuit nor any court in this District has held that the provision prohibits challenges to transfers. *Cf. Calla-Collado v. Att'y Gen. of U.S.*, 663 F.3d 680 (3d Cir. 2011) (not discussing § 1252(a)(2)(B)(ii)); *Sinclair v. Att'y Gen. of U.S.*, 198 F. App'x 218, 223 (3d Cir. 2006) (same); *Edison C. F. v. Decker*, CIV. A. 20-15455 (SRC), 2021 WL 1997386, at *6 (D.N.J. May 19, 2021) ("This Court need not reach the ultimate question of jurisdiction here[.]"). And, in any event, "[a]ny lingering doubt about the proper interpretation of 8 U.S.C. § 1252(a)(2)(B)(ii) would be dispelled by ... the presumption favoring judicial review of administrative action." *E.O.H.C.*, 950 F.3d at 191 (alteration in original) (citing *Kucana*, 558 U.S. at 251).

  B. <u>Section 1252(g) Does Not Bar Review or Relief.</u>

  The Third Circuit has consistently emphasized that § 1252(g) should be read narrowly, in accordance with Supreme Court precedent, to "address only three discrete actions by the Attorney General: the 'decision or action to commence

8

proceedings, adjudicate cases, or execute removal orders.'"). *See e.g., Chehazeh v. Att'y Gen. of U.S.,* 666 F.3d 118, 134 (3d Cir. 2012) (citing *Reno v. Am.-Arab Anti-Discrimination. Comm. (AADC)*, 525 U.S. 471, 482 (1999)). Naturally, courts within this District have adhered to that interpretation. In *Ragbir*, petitioner was ordered removed from the United States based on a felony conviction, and he sought a writ of coram nobis. 2018 WL 1446407, at *4. The court found that § 1252(g) did not bar its review of petitioner's claim, stressing the narrow scope of the provision, and explaining that "Section 1252(g) was not intended to be turned loose upon the federal court system like a sorcerer's apprentice. It was intended to operate within the scheme of federal court review of immigration orders." *Id.* at 1; *see also id.* at 7 ("It is apparent that § 1252(g) is aimed at precluding judicial review of claims 'arising from'—ordinarily, challenging— three discretionary decisions of the Attorney General along the road to removal. Outside of that specific area, a district court retains jurisdiction, even if the claims before it happen to touch upon removal proceedings.").

Transfers are not among the actions to which § 1252(g) applies. And certainly, Respondents' extraordinary efforts to undermine or interfere with jurisdiction by covertly transferring Mr. Khalil over a thousand miles away from this District, all while impeding access to his counsel and raising grave constitutional issues, do not fall under any of the three discrete actions contemplated by § 1252(g), nor are they

9

discretionary. Contrary to Respondents' exceptionally broad interpretation of § 1252(g), the determination of "where" a proceeding is located is wholly distinct from Respondents' decisions of "when" and "whether" to commence proceedings. Respondents simply do not enjoy prosecutorial discretion to choose a forum most favorable for them. The decision of "where" a proceeding is held lies at the heart of jurisdiction and requires the consideration of key objective external factors that are well beyond the three discrete actions specified in § 1252(g). *Chehazeh,* 666 F.3d at 134.

Respondents' attempt to interfere with the court's exercise of its jurisdiction is not a discretionary action that falls under the scope of § 1252(g). The Third Circuit has stressed that § 1252(g) does not bar review of challenges to the underlying authority of government actions to commence proceedings. *Garcia v. Att'y Gen.*, 553 F.3d 724, 729 (3d Cir. 2009) (holding that § 1252(g) is no bar where petition is not "challenging the discretionary *decision* to commence proceedings, but is challenging the government's very *authority* to commence those proceedings" after limitation period expired) (emphasis in original). This is especially true here where Respondents attempt to tamper with the integrity of the Court's exercise of its jurisdiction and with foundational principles of law. *See Chehazeh*, 666 F.3d at 134 (declining to interpret § 1252(g) as bar where it would be used as "do-over" provision, allowing BIA to repeatedly remand until they receive a favorable outcome

from a new Immigration Judge). Here, there is no basis under § 1252(g) to bar review or relief.

## CONCLUSION

Petitioner Mahmoud Khalil respectfully requests that the Court issue an order under the All Writs Act and/or the Court's inherent equitable authority to return him to ICE custody within the District (without prejudice to his ability to continue to seek release before this Court or otherwise), and to reinstate the status quo at the commencement of this litigation.

Dated: March 21, 2025                     /s/*Baher Azmy*

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>973-854-1715<br>jlocicero@aclu-nj.org<br><br>NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher*<br>Robert Hodgson*<br>Veronica Salama*<br>Molly Biklen*<br>New York Civil Liberties Union Foundation<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay*<br>Diala Shamas*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464<br>bazmy@ccrjustice.org<br>ssisay@ccrjustice.org<br>dshamas@ccrjustice.org<br><br>CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem*<br>Naz Ahmad<br>Shezza Abboushi Dallal*<br>Natasha Hajo, *Law Student*\*<br>Sasha Jenkins, *Law Student*\*<br>Harnoor Singh, *Law Student*\*<br>CUNY School of Law |

11

Tel: (212) 607-3300
abelsher@nyclu.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
American Civil Liberties Union
Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 549-2500
ojadwat@aclu.org

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003
ndca@vblaw.com

2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
shezza.dallal@law.cuny.edu

WASHINGTON SQUARE LEGAL
SERVICES, INC.
Alina Das, ESQ.*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430
alina.das@nyu.edu

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel:: (212)732-8805
Fax: (212) 571-3792
agreer@dratellewis.com

*Pro hac vice application forthcoming    *Counsel for Petitioner*

12