UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD KHALIL, <br><br> *Petitioner,* <br><br> v. <br><br> WILLIAM P. JOYCE, *et al.*, <br><br> *Respondents.* | *Civ. Act. No.* 25-cv-1963 |

RESPONDENTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PETITIONER'S
MOTION SEEKING RETURN

On the brief:

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

JOSHUA C. McCROSKEY
Trial Attorney

1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 1

LEGAL ARGUMENT .................................................................................................................. 2

    I.    The Court Should Defer Decision on this Motion. ...................................................... 2

    II.    The Court Lacks Jurisdiction ....................................................................................... 2

CONCLUSION ............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AlpineBus. Grp., Inc. v. Sabathia,*
  No. CIV.A. 2:10-4850, 2011 WL 589959 (D.N.J. Feb. 10, 2011) ...................................................7

*Avramenkov v. INS,*
  99 F. Supp. 2d 210 (D. Conn. 2000) ............................................................................................3

*Barrios v. Att'y Gen.,*
  452 F. App'x 196 (3d Cir. 2011) .................................................................................................6

*Bonhometre v. Gonzales,*
  414 F.3d 442 (3d Cir. 2005) ........................................................................................................5

*Calla-Collado v. Attorney Gen. of U.S.,*
  663 F.3d 680 (3d Cir. 2011) ........................................................................................................2

*Camerena v. Director, Immigration and Customs Enforcement,*
  988 F.3d 1268 (11th Cir. 2021) ...................................................................................................4

*Carlough v. Amchem Prods., Inc.,*
  10 F.3d 189 (3d Cir. 1993) ..........................................................................................................6

*Conroy v. Leone,*
  316 F. App'x. 140 (3d Cir. 2009) ................................................................................................7

*CoreCivic, Inc. v. Murphy,*
  690 F. Supp. 3d 467 (D.N.J. 2023) .............................................................................................2

*Delgado v. Quarantillo,*
  643 F.3d 52 (2d Cir. 2011) ..........................................................................................................5

*E.F.L. v. Prim,*
  986 F.3d 959 (7th Cir. 2021) .......................................................................................................4

*E.O.H.C. v. Sec. United States Dep't of Homeland Sec.,*
  950 F.3d 177, 184 (3d Cir. 2020) ................................................................................................5

*Fattah v. Sabol,*
  Civ. Act. No. 08-1325, 2008 WL 2914856 (M.D. Pa. July 24, 2008) ........................................3

*Gandarillas–Zambrana v. Bd. of Immigration Appeals,*
  44 F.3d 1251 (4th Cir. 1995) .......................................................................................................2

*Hamama v. Homan*,
   912 F.3d 869 (6th Cir. 2018) ................................................................................................. 4

*Humphries v. Various Fed. USINS Emps.*,
   164 F.3d 936 (5th Cir. 1999) ................................................................................................. 4

*J.E.F.M. v. Lynch*,
   837 F.3d 1026 (9th Cir. 2016) ............................................................................................... 5

*Jacquet v. Hodgson*,
   No. CIV.A. 03-11568RWZ, 2003 WL 22290360 (D. Mass. Oct. 6, 2003) .......................... 3

*Jane v. Rodriguez*,
   Civ. Act. No. 20-5922 (ES), 2020 WL 10140953 (D.N.J. May 22, 2020) ............................ 2

*Jimenez-Angeles v. Ashcroft*,
   291 F.3d 594 (9th Cir. 2002) ............................................................................................ 3, 4

*Neto v. Att'y Gen.*,
   604 F. App'x 202 (3d Cir. 2015) ........................................................................................... 5

*Novas v. Imm. & Customs Enf.*,
   303 F. App'x 115 (3d Cir. 2019) ........................................................................................... 5

*Patel v. Att'y Gen.*,
   394 F. App'x 941 (3d Cir. 2010) ........................................................................................... 5

*Rauda v. Jennings*,
   55 F.4th 773 (9th Cir. 2022) ................................................................................................. 3

*Reno v. Am.-Arab Anti-Discrimination Comm.*,
   525 U.S. 471 (1999) .............................................................................................................. 5

*Sinclair v. Att'y Gen.*,
   198 F. App'x 218 (3d Cir. 2006) ........................................................................................... 5

*Sissoko v. Rocha*,
   509 F.3d 947 (9th Cir. 2007) ................................................................................................. 4

*Tazu v. Att'y Gen.*,
   975 F.3d 292 (3d Cir. 2020) ................................................................................................. 3

*Tercero v. Holder*,
   510 F. App'x 761 (10th Cir. 2013) ........................................................................................ 4

*United States v. Apple MacPro Computer*,
   851 F.3d 238 (3d Cir. 2017) ................................................................................................. 6

*United States v. Bd. of Educ. of City of Union City*,
   No. CIV. A. 83-2651, 1988 WL 188297 (D.N.J. Aug. 15, 1988) ............................................................ 6

*Van Dinh v. Reno*,
   197 F.3d 427 (10th Cir. 1999) ............................................................................................................... 3

*Vasquez v. Aviles*,
   639 F. App'x 898 (3d Cir. 2016) ........................................................................................................... 5

*Zheng v. Decker*,
   No. 14-cv-4663 (MHD), 2014 WL 7190993 (S.D.N.Y. Dec. 12, 2014) ............................................... 3

**Statutes**

8 U.S.C. § 1231(g)(1) ................................................................................................................................. 2

8 U.S.C. § 1252(b)(9) ................................................................................................................................. 1

8 U.S.C. § 1252(g) ...................................................................................................................................... 5

28 U.S.C. § 2241 ......................................................................................................................................... 2

**PRELIMINARY STATEMENT**

Mahmoud Khalil filed a habeas petition in the Southern District of New York, challenging Immigration and Customs Enforcement's ("ICE") decision to detain him and then charge him as removable. The District Court in the Southern District of New York transferred the action to the District of New Jersey, along with all pending motions. *See* ECF No. 78 at 32-33. That includes Khalil's motion seeking to compel his return to New York. *See* ECF No. 11. Respondents (hereafter "the Government") submit this brief to supplement their response to the opposition filed on March 14, 2025. ECF. No. 47.

As the Government explained, this Court does not have habeas jurisdiction over this matter because, habeas relief is not available *at all* at this time. *See* ECF No. 90. But even putting those flaws aside, this Court may not superintend or replace the judgment of the Executive Branch and order the transfer of a person in detention from one facility to another. Congress stripped district courts of jurisdiction to review these very decisions. *See, e.g.*, 8 U.S.C. § 1252(b)(9), (g). As the Immigration and Nationality Act ("INA") makes clear, discretionary decisions like where to detain an alien—and where to commence removal proceedings—are committed to the sound discretion of the Executive Branch. The Act bars courts from reviewing those determinations. Courts have repeatedly declined to do so when faced with motions like that one here. There is no basis for this Court to break new ground. It should deny the motion.

**FACTUAL BACKGROUND**

The Government incorporates the background as set out in their opposition to the original motion and its most recent renewed motion to dismiss, or in the alternative, transfer venue. *See* ECF. No. 47 at 1-4; ECF No. 90 at 2-5.

1

# **LEGAL ARGUMENT**

I.   The Court Should Defer Decision on this Motion.

The Court should defer on deciding this motion until it decides the Government's pending motion to dismiss or transfer. *See* ECF No. 90. As the Government's motion explains, Khalil brings this habeas action under 28 U.S.C. § 2241, and he must bring it against his immediate custodian and in the district of current confinement. *See id.* Because the Court lacks habeas jurisdiction over the action, it also lacks authority to compel ICE to transfer Khalil to his requested facility.

II.   The Court Lacks Jurisdiction.

Separate and apart from § 2241, the INA divests this Court of jurisdiction over discretionary decisions concerning where detainees are held and the Government's decision to initiate proceedings. Therefore, this Court lacks authority to order Khalil's transfer to a different jurisdiction.

As the Government previously noted, the Executive is afforded great deference in deciding where to detain Khalil pending removal proceedings and future removal. *See* ECF. No. 47 at 5-8 (relying on 8 U.S.C. § 1231(g)(1)); *see also CoreCivic, Inc. v. Murphy*, 690 F. Supp. 3d 467, 472 (D.N.J. 2023) (same). "[A]s a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, to transfer aliens from one detention center to another.'" *Calla-Collado v. Attorney Gen. of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) (quoting *Gandarillas–Zambrana v. Bd. of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). Moreover, the INA specifically precludes review over "any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter [8 U.S.C. §§ 1151 to 1381] to be in the discretion of the Attorney General . . .". 8 U.S.C. § 1252(a)(2)(B)(ii). Therefore, § 1252(a)(2)(B)(ii) bars relief that would impact where and when to detain an alien. *See Jane v. Rodriguez*, Civ. Act. No. 20-5922 (ES), 2020 WL 10140953, at *1-2 (D.N.J. May 22, 2020) (declining to "impose its own judgment as to when and how DHS should exercise its statutorily protected discretion to

2

choose the place of detention of detainees"); *Fattah v. Sabol*, Civ. Act. No. 08-1325, 2008 WL 2914856, at *1 (M.D. Pa. July 24, 2008) (noting that when § 1231(g)(1) is read in conjunction with § 1252(a)(2)(B)(ii), "there is a question as to whether this Court has jurisdiction to review" a discretionary decision made under § 1231); *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (finding that judicial review of decision to transfer a detainee is inappropriate due to lack of jurisdiction).[1] Congress specifically barred such intervention through the INA, and entrusted the Executive Branch alone with making these operational decisions. The Court should decline the invitation to second guess these decisions and go beyond congressionally-set boundaries.

Similarly, § 1252(g) also independently bars relief here. ECF. No. 47 at 8-9. Section 1252(g) prohibits district courts from hearing challenges to decisions and actions about *whether, when,* and *where* to commence removal proceedings. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) ("We construe § 1252(g) . . . to include not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding."). The Third Circuit, along with other circuit courts, has held § 1252(g) applies to the discretionary decision to execute a removal order. *See Tazu v. Att'y Gen.*, 975 F.3d 292, 297-99 (3d Cir. 2020) (barring the district and circuit court to halt removal because "[t]he plain text of § 1252(g) covers decisions about *whether* and *when* to execute a removal order."); *Rauda v. Jennings*, 55 F.4th 773, 777-78 (9th Cir. 2022) (denying stay of removal pending appeal in

---

[1] *See also Salazar v. Dubois*, No. 17-cv-2186 (RLE), 2017 WL4045304, at *1 (S.D.N.Y. Sept. 11, 2017) (concluding that the district court "does not have authority to issue an order to change or keep [an alien] at any particular location"); *Zheng v. Decker*, No. 14-cv-4663 (MHD), 2014 WL 7190993, at *15-16 (S.D.N.Y. Dec. 12, 2014) (denying petitioner's request that the Court order ICE not to transfer him to another jurisdiction, holding that § 1231(g) transfer authority "is among the [Secretary of Homeland Security's] discretionary powers"); *Jacquet v. Hodgson*, No. CIV.A. 03-11568RWZ, 2003 WL 22290360, at *1 (D. Mass. Oct. 6, 2003) (holding that a court is "without power to prevent transfer of a plaintiff" because the"[Secretary of Homeland Security] shall arrange for appropriate places of detention" under § 1231(g), and "no court shall have jurisdiction" under § 1252(g) "to hear any cause or claim" arising from the discretion granted to the Secretary); *Avramenkov v. INS*, 99 F. Supp. 2d 210, 213 (D. Conn. 2000) (refusing to grant petitioner's request for an injunction to prevent transfer because "Congress has squarely placed the responsibility of determining where aliens are to be detained within the sound discretion of the Attorney General");

habeas action because "[n]o matter how [petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [his] removal order, which we have no jurisdiction to review."); *E.F.L. v. Prim*, 986 F.3d 959, 964-65 (7th Cir. 2021) (affirming the district court's dismissal of a habeas petition and holding that § 1252(g) barred review of the decision to execute a removal order while an individual sought administrative relief); *Camerena v. Director, Immigration and Customs Enforcement*, 988 F.3d 1268, 1272, 1274 (11th Cir. 2021) (affirming the dismissal of a habeas petition and holding that § 1252(g) bars review of challenges to the discretionary decision execute a removal order); *Hamama v. Homan*, 912 F.3d 869, 874 (6th Cir. 2018) ("Under a plain reading of the text of the statute, the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review.").

Section 1252(g)'s jurisdiction-stripping applies likewise to preclude review of actions to *commence* proceedings that ultimately may end in the execution of a final removal order. *See Jimenez-Angeles*, 291 F.3d at 599; *see also Sissoko v. Rocha*, 509 F.3d 947, 950–51 (9th Cir. 2007) (holding that § 1252(g) barred review of a Fourth Amendment false-arrest claim that "directly challenge[d] [the] decision to commence expedited removal proceedings"); *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 945 (5th Cir. 1999) (determining that § 1252(g) prohibited review of an alien's First Amendment retaliation claim based on the Attorney General's decision to put him into exclusion proceedings). Reading § 1231(g)(1) and § 1252(g) in conjunction, the discretionary language found in both provisions confirms that Congress did not want to allow piecemeal litigation over *where* a detainee may be placed into removal proceedings. *See Tercero v. Holder*, 510 F. App'x 761, 766 (10th Cir. 2013) ("Accordingly, the Attorney General's discretionary decision to detain Mr. Tercero and others in New Mexico is not reviewable by way of a habeas petition.").

Section 1252(b)(9) only confirms that this Court lacks jurisdiction. And therefore, it lacks authority to grant the requested relief. ECF. No. 47 at 9-10. Congress clearly intended "to have all

4

challenges to removal orders heard in a single forum (the courts of appeals)" as part of a petition for review. *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005). "[M]ost claims that even relate to removal" are improper if brought before the district court. *E.O.H.C. v. Sec. United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020); *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999) (labeling § 1252(b)(9) an "unmistakable zipper clause," and defining a zipper clause as "[a] clause that says 'no judicial review in deportation cases unless this section provides judicial review.'"); *Vasquez v. Aviles*, 639 F. App'x 898, 900-01 (3d Cir. 2016); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, '§ 1252(a)(5) and § 1252(b)(9) mean that any issue – whether legal or factual – arising from any removal-related activity can be reviewed only through the [petition for review] process.").

The Third Circuit has underscored that district courts cannot review "any action taken or proceeding brought to remove an alien" so long as the claim can receive meaningful review through the petition for review. *E.O.H.C.*, 950 F.3d at 186. Here, Khalil claims his access to counsel will adversely affect his removal proceedings, ECF No. 11 at 2, 3, 7, 9, 11, but he can and likely will raise that challenge through a petition for review. *See, e.g.*, *Patel v. Att'y Gen.*, 394 F. App'x 941, 944 (3d Cir. 2010). The same is true of Khalil's potential challenges to any venue concerns, which can be raised in a petition for review. *See, e.g.*, *Novas v. Imm. & Customs Enf.*, 303 F. App'x 115, 119 (3d Cir. 2019); *Neto v. Att'y Gen.*, 604 F. App'x 202, 205 (3d Cir. 2015); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 220-23 (3d Cir. 2006). Therefore, Khalil's request for transfer and request for counsel are both "inextricably linked", *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011), to his removal proceedings and its conclusion. Those claims are not "now-or-never," and § 1252(b)(9) bars this Court from granting relief. Therefore, this Court should not act such that it would impact Khalil's immigration proceedings.

Finally, the All Writs Act does not save Khalil's motion. For one, the INA specifically provides that the Act is not available here. *See* 8 U.S.C. § 1252(g) ("[N]otwithstanding any other provision of

5

law (statutory or nonstatutory), *including . . . sections 1361 and 1651 of such title*, no court shall have jurisdiction . . .") (emphasis added); *see also Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011). Regardless, the All Writs Act only applies in aid of a court's jurisdiction; and does not apply where, as here, a court lacks jurisdiction. *See supra* at Sect. I; *supra* at 2-5; *see also* ECF No. 47 at 10-11; *United States v. Apple MacPro Computer*, 851 F.3d 238, 244 (3d Cir. 2017) ("[A] court has subject matter jurisdiction over an application for an All Writs Act order only when it has subject matter jurisdiction over the underlying order that the All Writs Act order is intended to effectuate."). At minimum, for that reason, this Court should not—and cannot—revert to the All Writs Act without first assuring itself it can hear this matter. *See Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 201 (3d Cir. 1993) ("[T]he court should not have adverted to the Anti–Injunction Act or the All–Writs Act for authority to issue the injunction, especially since serious challenges to the court's Article III jurisdiction in Carlough were pending at time the court enjoined the Gore plaintiffs.").

These jurisdictional hurdles notwithstanding, the merits of Khalil's arguments do not warrant the relief that he seeks. *See* ECF No. 47 at 12-14. This Court should decline to exercise its discretion under the All Writs Act because the circumstances do not warrant it. *See United States v. Bd. of Educ. of City of Union City*, No. CIV. A. 83-2651, 1988 WL 188297, at *3 (D.N.J. Aug. 15, 1988) ("It was well within Magistrate Hedges' discretion to find that extraordinary circumstances meriting a writ authorized by the All Writs Act did not exist."). Contrary to Khalil's arguments, there is no support for his contention that ICE "knowingly and intentionally sought to interfere" with jurisdiction over this habeas petition. *See* ECF No. 11 at 1, 2, 7, 9. The decision to transfer Khalil from New York to Louisiana was an operational one and made before he had filed the habeas petition. *See* Second Supplemental Declaration of Acting Field Office Director William Joyce ("2d Supp. Joyce Decl.") (ECF No. 72), ¶¶ 8-12. The 26 Federal Plaza location serves a processing center, which is effectively a short-term hold room for individuals. *Id.* ¶ 15. ICE's own policy "dictates that absent exceptional

6

circumstances, no detainee should be housed in a Hold Room facility for longer than 12 hours." *Id.* The Elizabeth Detention Center was dealing with bedbug issues, and the facility could not accept anyone as a full transfer. *Id.* ¶ 11. ICE made an operational decision to not inquire into bedspace of surrounding areas of responsibility given the "awareness of general paucity of bedspace." *Id.* Ordering Khalil's return could adversely affect other areas of responsibilities and their detainee population, which is why ICE decided to transfer Khalil to Louisiana. *Id.* ¶ 11.

Facts undercut Khalil's lack-of-access-to-counsel contention. *See* ECF No. 11 at 2, 3, 7, 9, 11. Since his transfer to Louisiana, the Government has diligently worked to obviate the need for a return. The Government consented to providing and complied with Judge Furman's order that afforded Khalil two attorney-client calls. ECF No. 29. ICE has committed to working with Khalil's counsel to schedule timely privileged calls, and the Louisiana facility has a robust system to facilitate calls and courts appearances. *See* Declaration of Melissa Harper ("Harper Decl.") (ECF No. 49), ¶¶ 4-10. After his transfer, Khalil submitted a sworn declaration. *See* ECF No. 73-1. Separately, he along with other students initiated a separate lawsuit and filed a declaration in that case. *See Khalil, et al. v. The Trustees of Columbia University in the City of New York, et* ., Civ. Act. No. 25-2079, Dkt. No. 1 (complaint filed on March 13, 2025), Dkt. No. 16 (declaration submitted in support of a temporary restraining order). Accordingly, his concerns about access to counsel are unsupported.

Lastly, the petitioner has failed to articulate a legal basis why his personal circumstances (namely, his access to his wife) provides a justification to issue the extraordinary relief he seeks, whether under the All Writs Act or the Court's inherent equitable authority. The Court should therefore consider the theory waived or abandoned. *See Alpine Bus. Grp., Inc. v. Sabathia*, No. CIV.A. 2:10-4850, 2011 WL 589959, at *2 (D.N.J. Feb. 10, 2011) ("An unsupported position is considered waived or abandoned.") (citing *Conroy v. Leone*, 316 F. App'x. 140, 144 n. 5 (3d Cir. 2009)).

7

Therefore, the Court should defer to the agency's operational considerations and its management of immigration detention functions.

## CONCLUSION

For the foregoing reasons, the Court should deny Khalil's motion.

Dated: March 21, 2025

                                                Respectfully submitted,

                                                YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov

JOSHUA C. McCROSKEY
Trial Attorney

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing filing was served on counsel of record via this Court's CM/ECF system on March 21, 2025.

                                                    *s/ Dhruman Y. Sampat*
                                                    DHRUMAN Y. SAMPAT
                                                    Senior Litigation Counsel