# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD KHALIL,<br><br>*Petitioner*,<br><br>v.<br><br>WILLIAM P. JOYCE, et al.,<br><br>*Respondents* | Case No. 2:25-cv-01963 |

# MOTION OF OVER 150 IMMIGRATION LAWYERS, LAW PROFESSORS, AND SCHOLARS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION

Proposed *amici curiae* are over 150 immigration lawyers, law professors, and scholars who respectfully move for leave to file an *amici curiae* brief in this case in support of the Petitioner's motion for a preliminary injunction.[1] The proposed *amici* brief is attached as Exhibit 1; it includes data and analysis that is not covered by the parties. The Petitioner consents to this motion. Undersigned counsel contacted Respondents' attorney on March 19, 2025, and have not received a response. The Respondents' position is therefore unknown.

## INTEREST OF AMICI CURIAE

*Amici curiae* are over 150 leading lawyers, law professors, and scholars who practice, write about, research, and teach immigration law.[2] *Amici* collectively have many centuries of experience representing individuals at all stages of their immigration proceedings and in federal court. Regardless of their differing views on recent campus protests and the war in the Middle East, *amici* are united (1) in finding that the government's reliance on 8 U.S.C. § 1227(a)(4)(C)(i) to deport a

---

[1] No counsel for any party has authored this brief in whole or in part, no party or party's counsel contributed money that was intended to fund preparing or submitting this brief, and no person other than *amici* or their counsel contributed money intended to fund preparing or submitting this brief.

[2] A list of *amici* is set forth in Appendix II of the proposed *amicus* brief. The positions taken in this brief are those of *amici* alone and should not be attributed to any institution with which *amici* are or have been affiliated.

lawful permanent resident for political speech appears to be unprecedented; and (2) in concluding that 8 U.S.C. § 1227(a)(4)(C)(i) is unconstitutional.

*Amici* have a strong interest in the outcome of this case. Allowing the federal government to target immigrants based on 8 U.S.C. § 1227(a)(4)(C)(i) will have devastating effects on immigrants, including lawful permanent residents; will upend the practice of immigration law; and will chill protected First Amendment speech not just on campuses but in communities nationwide.

## ARGUMENT

This Court has "broad discretion" to grant proposed *amici*'s request to file an amicus brief in this case. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Courts within the Third Circuit, including courts in this district, grant motions for leave to file an *amicus curiae* brief where the proposed *amici* have demonstrated "a sufficient 'interest' in the case," and have shown that the proposed brief was "desirable" and that it "discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 129 (3d Cir. 2002); *see also, e.g., C.P. v. New Jersey Dep't of Educ.*, No. 19-cv-12807, 2019 WL 6907490 (D.N.J. Dec. 18, 2019) (applying *Neonatology Associates* and granting leave to file an amicus brief); *W.F. v. Roman Cath.*

*Diocese of Paterson*, No. 20-cv-7020, 2021 WL 2500616, at *4 n.3 (D.N.J. June 7, 2021) (same); *Ferreras v. Am. Airlines, Inc.*, No. 16-cv-2427, 2017 WL 1156737, at *3 (D.N.J. Mar. 28, 2017) (same); *Acra Turf Club, LLC v. Zanzuccki*, No. 12-cv-2775, 2014 WL 5465870, at *6 (D.N.J. Oct. 28, 2014) (same); *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (same). An *amicus* brief "may provide important assistance to the court" even in circumstances where "a party is very well represented." *Neonatology Assocs., P.A.*, 293 F.3d at 132. This includes, for example, a brief that "explain[s] the impact a potential holding might have on an industry or other group" or provides "particular expertise." *Id.* This Court regularly grants *amici* leave to file briefs in support of or opposition to a party's motion. *See, e.g., Sanofi-Aventis U.S., LLC v. U.S. Dep't of Health and Human Serv.*, No. 3:21-cv-634 (D.N.J. Feb. 26, 2021) (granting motion for leave to file amicus brief in support of plaintiffs' motion for a preliminary injunction); *Foley v. Horizon Blue Cross Blue Shield of NJ, Inc.*, No. 06-cv-6219, 2007 WL 2694069 (D.N.J. Sept. 11, 2007) (granting motion for leave to submit amicus brief in support of defendant's motion to dismiss).

    Proposed *amici* respectfully submit that they meet the standard for leave to file their proposed *amicus* brief. Proposed *amici* have a strong "interest" in the fair and correct application of immigration law in this case. The proposed amicus brief highlights the unprecedented nature of the government's reliance on 8 U.S.C.

1227(a)(4)(C)(i) to deport a lawful permanent resident for political speech, drawing on *amici*'s vast collective experience. Based on publicly available data from the Executive Office of Immigration Review (EOIR) and published Board of Immigration Appeals (BIA) decisions, the proposed *amicus* brief demonstrates that, out of 11.7 million cases, DHS has invoked INA § 241(a)(4)(C)(i) or INA § 237(a)(4)(C)(i) as a removal charge in *only fifteen cases*. In just seven of these fifteen cases, the foreign policy deportability ground was the only charge alleged throughout the proceeding—as was initially the case for Mr. Khalil. Only four individuals ever were ultimately ordered removed or deported after being charged with removability under this ground. That means, essentially one person ordered removed *per decade* under this provision. What's more, nearly all of these cases arose in the distant past, shortly after the provision was enacted. Focusing on the last 25 years, the EOIR data reflects that INA § 237(a)(4)(C) has been invoked only *four times*, and *only twice* has it been the only charge alleged throughout the proceeding. In light of this data, it may well be that Mr. Khalil's case is unprecedented in the history of this provision and in the history of the United States.

Additionally, the proposed *amicus* brief elaborates on the arguments that Section 1227(a)(4)(C) is unconstitutional. Specifically, the brief argues that this deportability ground is facially invalid under the void-for-vagueness doctrine,

deprives noncitizens of a meaningful opportunity to be heard in violation of due process, and violates the First Amendment. *Amici* include scholars who have written extensively about the void-for-vagueness doctrine and other due process issues in the immigration context, as well as immigrants' First Amendment rights. Amici have also personally observed the chilling effects on their campuses following Mr. Khalil's arrest.

The proposed *amicus* brief offers non-duplicative insights into the foreign policy deportability ground and its use to arrest and detain a permanent resident for political speech, beyond that submitted by the parties. It "explain[s] the impact a potential holding might have on . . . other group[s]," drawing on the "particular expertise" of proposed *amici*. *Neonatology Assocs., P.A.*, 293 F.3d at 132. Proposed *amici*'s unique additional data and legal analysis may assist the Court. *Id.* at 133.

## CONCLUSION

The proposed *amici* respectfully request that the Court grant this motion for leave to file an *amicus* brief and accept the accompanying proposed brief (Ex. 1) for filing.

DATED: March 24, 2025            /s/ Elora Mukherjee
                                 Elora Mukherjee
                                 Jerome L. Greene Clinical Professor of Law
                                 Columbia Law School

Morningside Heights Legal Services, Inc.
435 W. 116th Street, Room 831
New York, NY 10027
Tel: (212) 854-4291
emukherjee@law.columbia.edu
(in her individual capacity)


Fatma Marouf
Professor of Law
Texas A&M School of Law
307 W. 7th St. Suite LL50
Fort Worth, TX 76102
Tel: (817) 212-4123
fatma.marouf@law.tamu.edu
(in her individual capacity)


Amber Qureshi
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Tel: (443) 583-4353
amber@qureshilegal.com


Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Tel: (310) 825-1029
arulanantham@law.ucla.edu
(in his individual capacity)

Adam Cox
Robert A. Kindler Professor of Law
NYU School of Law
40 Washington Sq. South

        New York, New York 10012
        Tel: (212) 992-8875
        adambcox@nyu.edu
        (in his individual capacity)

*Counsel for Proposed Amici Curiae*[3]

---

[3] This amicus brief does not purport to present the institutional views of the schools with which the preparers of this amicus brief are affiliated.

**Certificate of Service**

I certify that on March 24, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States District Court for the District of New Jersey. To the best of my knowledge, all participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

<u>/s/ Elora Mukherjee</u>
Elora Mukherjee
Jerome L. Greene Clinical Professor of Law
Columbia Law School
Morningside Heights Legal Services, Inc.
435 W. 116th Street, Room 831
New York, NY 10027
Tel: (212) 854-4291
emukherjee@law.columbia.edu
(in her individual capacity)

*Counsel for Amici Curiae*