UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD KHALIL,<br><br>*Petitioner,*<br><br>v.<br><br>WILLIAM P. JOYCE, *et al.*,<br><br>*Respondents.* | *Civ. Act. No.* 25-cv-1963 |

RESPONDENTS' BRIEF IN OPPOSITION TO PETITIONER'S CROSS-MOTION FOR RE-TRANSFER AND REPLY BRIEF IN FURTHER SUPPORT OF RESPONDENTS' RENEWED MOTION TO DISMISS OR TRANSFER

On the brief:

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Acting Director

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

JOSHUA C. MCCROSKEY
Trial Attorney

1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT..................................................................................................................2

    I.    The law of the case does not foreclose the Government's jurisdictional arguments. .................2

    II.    This Court lacks habeas jurisdiction................................................................................3

    III.    Re-transfer is not warranted because the Southern District of New York lacked jurisdiction.6

CONCLUSION .............................................................................................................................7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anariba v. Director Hudson Cty. Corr., Fac.*, 17 F.4th 434 (3d Cir. 2021) ........................................................................... 4, 6

*Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) ........................................................................................... 4

*Bracy v. Gramley*, 520 U.S. 899 (1997) ............................................................................................................. 5

*Bynum v. New Jersey*, No. 24-CV-0618 (LTS), 2024 WL 1023210 (S.D.N.Y. Feb. 26, 2024) ................... 5

*Casiano v. New York State Niagara Cnty.*, No. 24-CV-3850 (LTS), 2024 WL 3318225 (S.D.N.Y. June 17, 2024) ................. 5

*Chapman v. Mairoanna*, 521 F. App'x 44 (3d Cir. 2013) ................................................................................... 4

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ....................................................................................................... 2, 3

*Conlin v. United States*, No. 23-CV-3272 (LTS), 2024 WL 458285 (S.D.N.Y. Jan. 11, 2024) ..................... 5

*Cortez v. Baskin*, Civ. Act. No. 19-12261-NLH-AMD, 2019 WL 2142902 n.1 (D.N.J. May 16, 2019) ........................... 4

*Darboe v. Ahrendt*, 442 F. Supp. 3d 592 (S.D.N.Y. 2020) ........................................................................ 5

*Hayman Cash Reg. Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982) ........................................................................................... 2

*Moussaoui v. Biden*, No. 25-CV-0691 (JGK), 2025 WL 457804 (S.D.N.Y. Jan. 28, 2025) ..................... 5

*Neal v. Warden, FCI-Florence*, Civ. Act. No. 09-cv-1678-BNB, 2009 WL 2447404 (D. Colo. Aug. 7, 2009) ........... 3

*Nw. Univ. v. Universal Robots A/S*, No. CV 21-149 (MN), 2022 WL 903892 (D. Del. Mar. 28, 2022) ..................... 4

*Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*,
   123 F.3d 111 (3d Cir. 1997) ......................................................................................................2

*Rumsfeld v. Padilla*,
   542 U.S. 426 (2004) ........................................................................................................1, 3, 5

*Saint Honore v. M/V MSC MARIA ELENA*,
   Civ. Act. No. 21-11254 (EP) (JSA), 2022 WL 16949048 (D.N.J. Nov. 15, 2022) ..................3

*Schultz v. Onan Cotp.*,
   737 F.2d 339 (3d Cir. 1984) ......................................................................................................3

*W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*,
   591 F.3d 164 (3d Cir.2009) .......................................................................................................2

**PRELIMINARY STATEMENT**

Respondents (hereafter "the Government") submit this memorandum in opposition to Petitioner Mahmoud Khalil's ("Khalil") cross-motion for re-transfer, ECF No. 106, and in further support of Governments' renewed motion to dismiss or transfer, ECF No. 90. *See* Petitioner's Memorandum of Law in Opposition to Respondents' Renewed Motion to Dismiss or Transfer & in Support of His Cross-Motion for Re-Transfer, ECF No. 107 ("Pet'r Memo").

Khalil seeks a specific remedy—habeas. And this Court only has the power to grant that remedy pursuant to statute—Section 2241. As the Supreme Court has make clear, however, a habeas petitioner must file within this district of his confinement in order to avail himself of a federal court's habeas "jurisdiction." *Rumsfeld v. Padilla*, 542 U.S. 426, 430, 435, 447 (2004). There is a "limited" exception to this otherwise categorical rule, but only for when a petitioner "properly files" his initial habeas petition in a given jurisdiction, and then is moved from that jurisdiction. *Id.* at 440-41.

Khalil agrees his initial habeas petition was improper. And he agrees that he never "properly filed" a habeas petition in this district. That should be the end of this issue. This Court should dismiss this petition for lack of habeas jurisdiction, so that Khalil can file a proper petition where he is held.

None of Khalil's counterarguments work—and all suffer from the same defect: They confuse the Southern District's power to *transfer* the case, with its power to *authorize* this Court to order a remedy it otherwise is disabled from issuing. Even if the Southern District had the technical ability to do the former, it cannot do the latter. Neither the law of the case doctrine, nor the transfer statutes, suggest anything otherwise. Even if a court has the power to transfer a case to another court—and even if that transfer decision receives deference in the ordinary case—a transferor court cannot empower a transferee court to take an action it is not authorized to take. And that holds in full force here: Under binding Supreme Court precedent, this Court simply does not have the power to issue a habeas remedy here, because no proper petition has ever been before this Court.

**LEGAL ARGUMENT**

    I.    <u>The law of the case does not foreclose the Government's jurisdictional arguments.</u>

Khalil primary relies on the law-of-the-case doctrine, but his argument rests on a misunderstanding of the doctrine in this context. It is true that when a transferor court exercises its discretion to move a case to a transferee court, the latter is ordinarily loath to disrupt that decision—absent compelling circumstances. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988); *Hayman Cash Reg. Co. v. Sarokin*, 669 F.2d 162, 166–69 (3d Cir. 1982).

But at the same time, there are basic limits on what a transferor court can compel a transferee court to do. As Khalil recognizes, a transferor court cannot compel a transferee court to hear a case when it lacks subject-matter jurisdiction. *See W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 591 F.3d 164, 174 (3d Cir.2009) (noting that the law of the case doctrine "is not a fixed rule that prevents a federal court from determining its own subject-matter jurisdiction in a given case"). Nor can a transferor court compel a transferee court to issue a remedy it otherwise lacks the power to issue. *See Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 119 (3d Cir. 1997) ("[T]he federal courts' unyielding obligation to uphold *statutory* and constitutional *limitations* on jurisdiction should not bend to less important prudential notions of comity and finality." (emphasis added)).

So whether or not habeas jurisdiction goes to subject-matter or something else is besides the point. What matters is that the question of whether this Court can issue habeas is a question of this Court's *authority*—here, under the terms of a federal statute (Section 2241). *Cf. Hayman Cash Reg. Co.*, 669 F.2d at 169 ("A disappointed litigant should not be given a second opportunity to litigate a matter that has been fully considered by a court of *coordinate* jurisdiction, absent unusual circumstances."). Therefore, only *this Court* can decide the bounds of its own authority:

If this Court lacks the statutory authority to issue a habeas remedy, the Southern District of New York cannot imbue this Court with that authorization.[1]

II. <u>This Court lacks habeas jurisdiction.</u>

This Court lacks jurisdiction under a straightforward application of the Supreme Court's holding in *Padilla*. The Supreme Court phrased the relevant issue as, "did Padilla properly file his habeas petition in the Southern District of New York." *Padilla*, 542 U.S. at 430. The Supreme Court answered that question in the negative. *Id.* Because Padilla did not name his immediate custodian and did not file in the district of his confinement, the petition was not properly filed, and the Southern District of New York lacked jurisdiction. *See id.* at 434, 443, 451. The Supreme Court held, "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 446–47. So the Supreme Court ordered the case dismissed, so that Padilla could refile in his present district of confinement. *Id.* at 451. The same remedy is appropriate here. Khalil's points otherwise are lacking.

*First*, Khalil relies on the transfer statutes, and insists that transfer to this Court was proper, because it could have been originally brought here (at the time he first filed). True, but irrelevant. The question of whether this case *could* have been brought here is distinct from whether this Court can *now* issue a specific remedy—which requires satisfying certain statutory prerequisites. And as to *that* issue, the transfer statutes have nothing to say. *See Saint Honore v. M/V MSC MARIA ELENA*, Civ. Act. No. 21-11254 (EP) (JSA), 2022 WL 16949048, at *3 (D.N.J. Nov. 15, 2022) (looking to § 1404(a) after

---

[1] Even if this Court decides that law of the case may apply here, this Court's lack of habeas jurisdiction shows that the Southern District of New York's order was "clearly erroneous." *Christianson*, 486 U.S. at 819; *see also Schultz v. Onan Corp.*, 737 F.2d 339, 345 (3d Cir. 1984) ("The doctrine is not a barrier to correction of judicial error.") (quotation and citation omitted); *Neal v. Warden, FCI-Florence*, Civ. Act. No. 09-cv-1678-BNB, 2009 WL 2447404, at *1 (D. Colo. Aug. 7, 2009) (declining to follow the law-of-the-case doctrine and ordering the case be retransferred to the district of confinement at the time of filing because the coordinate court's decision was "clearly erroneous")

noting that "the parties do not dispute that admiralty jurisdiction exists over this civil action"); *Cortez v. Baskin*, Civ. Act. No. 19-12261-NLH-AMD, 2019 WL 2142902, at *1 n.1 (D.N.J. May 16, 2019) (intimating that the transferor court may have erred by not determining subject matter jurisdiction before transfer).[2]

*Second*, Khalil tries to rely on Justice Kennedy's concurrence to create a new exception to the district-of-confinement rule. But not even the Southern District of New York agreed with this. And for good reasons. For one, Justice Kennedy's concurrence is not the law. Khalil cannot cite a single example of a federal court ever applying it, nor does he explain how a lower federal court has the authority to carve out a new exception to *Padilla*'s otherwise categorical rule—something that is wholly the province of the Supreme Court. For another, as the Government explained—and as the Southern District recognized—Justice Kennedy's exception is not even implicated here, even if it were the law. ECF No. 78 at 17-24. In short, the Government has submitted declarations explaining every material fact behind Khalil's transfer, and how every major decision (*e.g.*, where to transfer him and when) was made for neutral, operational reasons, and was rendered before any petition was filed. *See* ECF No. 31, at 12; ECF No. 71, at 8–9.[3]

---

[2] Khalil relies on Third Circuit cases that all involved a different situation—when a petitioner is transferred to another district *after* properly filing a petition in the district of confinement and naming the immediate custodian. *See Anariba v. Director Hudson Cty. Corr. Fac.*, 17 F.4th 434, 446 (3d Cir. 2021) ("'[T]he District Court retained jurisdiction following Argueta's transfer out of New Jersey because it already had acquired jurisdiction over Argueta's *properly* filed habeas petition that named his then-immediate custodian, the director of the Hudson County Correctional Facility.'"); *Barden v. Keohane*, 921 F.2d 476, 477 & n.1 (3d Cir. 1990) (retaining jurisdiction because the petitioner had filed the action in the appropriate district before transfer); *Chapman v. Mairoanna*, 521 F. App'x 44, 45 & n.1 (3d Cir. 2013) (noting that the petitioner was detained in the district of his confinement at the time of filing). Because Khalil did not properly file his habeas petition in this District, these cases are inapposite.

[3] Khalil asks the Court to consider granting jurisdictional discovery as to this issue. Pet'r Memo 29 n.22. "[C]ourts traditionally do not consider arguments presented entirely in footnotes." *Nw. Univ. v. Universal Robots A/S*, No. CV 21-149 (MN), 2022 WL 903892, at *6 (D. Del. Mar. 28, 2022). But even if the Court did, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

4

*Third*, Khalil also notes that it is common for district courts to use the transfer statutes to fix defects with original petitions. *See* Pet'r Memo 16–17 (citing ECF No. 78, at 27). But in those cases, a court that lacked jurisdiction transferred the case to a court that not only *could have* heard the case originally at the time of filing, but also *could still* hear the case, because remained the place of confinement. *See Conlin v. United States*, No. 23-CV-3272 (LTS), 2024 WL 458285, at *2 (S.D.N.Y. Jan. 11, 2024) ("It appears that Petitioner is currently detained at the Midland County Detention Center, which is located in the judicial district of the United States District Court for Western District of Texas. Therefore, in the interest of justice, this Court transfers this petition to the Western District of Texas." (citation omitted)); *Casiano v. New York State Niagara Cnty.*, No. 24-CV-3850 (LTS), 2024 WL 3318225, at *1 (S.D.N.Y. June 17, 2024) ("Petitioner is currently detained . . . within the Western District of New York. Therefore, in the interest of justice, this Court transfers this action to the United States District Court for the Western District of New York." (citation omitted)); *Bynum v. New Jersey*, No. 24-CV-0618 (LTS), 2024 WL 1023210, at *1 (S.D.N.Y. Feb. 26, 2024) (similar); *Moussaoui v. Biden*, No. 25-CV-0691 (JGK), 2025 WL 457804, at *2 (S.D.N.Y. Jan. 28, 2025) (similar); *Darboe v. Ahrendt*, 442 F. Supp. 3d 592, 595 (S.D.N.Y. 2020) (similar). Here, the Southern District of New York did not transfer this case to the district where Khalil is *currently* detained, the Western District of Louisiana. Instead, the Southern District of New York transferred the case here, a court that does not have jurisdiction now (because it is not the district of confinement) and that never acquired jurisdiction through a properly filed habeas petition. To the extent the Southern District of New York held that a venue statute, § 1406, and "a series of events that did not occur" could vest this Court with "statutory jurisdiction," *Padilla*, 542 U.S. at 448, the transferor court erred.

---

discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Moreover, jurisdictional discovery is not appropriate because the relevant facts are not in dispute. And Khalil asks for discovery for information about proposed exceptions that are not the legally relevant standards.

*Finally*, Khalil's remaining points lack merit. Khalil says that any objection to using Section 1406(a) is "forfeited." Pet'r Memo at 14. But the Government does not forfeit a response when it does not preemptively rebut an argument. Khalil next emphasizes that naming the wrong respondent is often curable. Pet'r Memo at 14. But naming the right respondent is necessary, not sufficient; a proper habeas petition must also be filed in the proper district. *Anariba*, 17 F.4th at 446. Khalil next says that the Government's position would render the transfer statutes "useless." Pet'r Memo at 16. Not so: The general transfer statutes have innumerable applications; just because they do not grant this Court the ability to provide a habeas remedy in this case does not render them useless in any sense of the word. Khalil says that the Government's position would undermine *Endo*. Pet'r Memo at 18. But the government's reading of *Endo* is pulled verbatim from *Padilla*—*i.e.*, it is a "limited" exception that applies only when a "properly filed" petition vested the original court with habeas jurisdiction in the first place. Lastly, Khalil resorts to rhetoric, and says that the government's position is "radical" and "inconsistent" with habeas. Pet'r Memo at 19-20. But that is not the case when the Government has repeatedly identified the proper forum to file this petition. The only cause of delay here is Khalil's committed resistance to Padilla.

Though Khalil raises several arguments, he does not overcome the simple fact that he is not detained in this district, and his immediate custodian is not in this district. However, there is a district court that would satisfy the rule laid down in *Padilla*—the Western District of Louisiana. Khalil is detained within that district, his removal proceedings are in that district, and ICE has no plans to transfer him during the pendency of those proceedings. *See* Second Supplemental Declaration of Acting Field Office Director William Joyce ¶ 20.

III.   <u>Re-transfer is not warranted because the Southern District of New York lacked jurisdiction.</u>

To preserve the argument, Petitioner asks this Court to transfer the case back to the Southern District of New York. Pet'r Memo 30–31. For the reasons above, the reasons in the Government's

6

prior briefing, and the reasons in the Southern District of New York's order, this Court should deny that request because the Southern District of New York lacked habeas jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should grant Respondents' Motion and dismiss this case without prejudice or, if Petitioner consents, transfer the case to the Western District of Louisiana.

Dated: March 26, 2025

        Respectfully submitted,

        YAAKOV M. ROTH
        Acting Assistant Attorney General
        Civil Division

        DREW C. ENSIGN
        Deputy Assistant Attorney General
        Office of Immigration Litigation

        AUGUST E. FLENTJE
        Acting Director

        SARAH S. WILSON
        Assistant Director

        ALANNA T. DUONG
        Senior Litigation Counsel

        *s/ Dhruman Y. Sampat*
        DHRUMAN Y. SAMPAT
        Senior Litigation Counsel
        Office of Immigration Litigation
        General Litigation and Appeals Section
        PO Box 878, Ben Franklin Station
        Washington, D.C. 20044
        dhruman.y.sampat@usdoj.gov

        JOSHUA C. MCCROSKEY
        Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing filing was served on counsel of record via this Court's CM/ECF system on March 26, 2025.

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
