

**U.S. Department of Justice**
Civil Division

---

March 28, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

      Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
              <u>**The Government's Responses to the Court's Questions**</u>

Dear Judge Farbiarz:

      The Government believes that *Padilla* precludes exercising habeas jurisdiction over "[the Secretary of Homeland Security] or some other remote supervisory official," because she is not the warden of the facility where the prisoner is being held, and *Endo* would only allow the court to direct a "respondent within its jurisdiction who has legal authority to effectuate the prisoner's release" – such as a supervisory official – "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian," *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 441 (2004); that being said, the Government agrees that the Secretary of Homeland Security is a supervisory official who is within the Court's jurisdiction. As Acting Field Office Director in the New York City Field Office of Enforcement and Removal Operations, William Joyce's area of responsibility does not cover New Jersey. Finally, Mr. Khalil is currently detained in a facility that is owned by LaSalle County and run by The GEO Group, so the proper respondent would be Warden Shad Rice.

      \*    \*    \*

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Acting Director

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov