

**U.S. Department of Justice**

Civil Division

---

April 3, 2025

**By ECF**

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

      Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
                  **Government's Response to Court's Order (ECF No. 159)**

Dear Judge Farbiarz:

      Respondents ("the Government") submit this letter in response to this Court's order (ECF No. 159). Interlocutory review under § 1292(b) is appropriate if there is (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation. Those preconditions are satisfied here. And for that reason, the Government believes that the Court should certify the question of whether a district court has habeas jurisdiction over a habeas petition improperly filed in a separate district, where the petitioner has since been transferred to a third.

<u>The Court's Opinion Involves a Controlling Question of Law.</u>

      Here, the issue of habeas jurisdiction controls the rest of this litigation. Before this Court now are Khalil's applications for (i) bail-pending habeas; (ii) habeas relief; and (iii) a preliminary injunction (covering much of the same core relief). The first two matters obviously depend on this Court's habeas ruling; and the third rests on the same foundation, because (at most) this Court's power to review the amended petition and issue interim relief is derivative from its habeas jurisdiction. If this Court lacks habeas jurisdiction, then the jurisdictional foundation for any subsequent decision would be lacking. And any decision regarding any of those matters would be null-in-void. *See Guzman v. Moshannon Valley Processing Ctr.*, Civ. Act. No. 24-1054 (JKS), 2024 WL 1251170, at *1 (D.N.J. Mar. 22, 2024) ("District courts are limited to granting habeas relief within their respective jurisdictions, so that the court issuing the writ has jurisdiction over the custodian."); *Augustin v. City of Philadelphia*, No. 14-CV-4238, 2016 WL 7042215, at *1 n.1 (E.D. Pa. Apr. 8, 2016) (noting a "controlling question of law must encompass at the very least every order which, if erroneous, would be reservable error on final appeal"); *Knopck v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (same); *Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV177472SDWSCM, 2018 WL 702890, at *1 (D.N.J. Feb. 2, 2018) (same).

<u>The Court's Ruling Presents a Substantial Ground for a Difference of Opinion.</u>

The Court relied on 28 U.S.C. § 1631 to determine that it could exercise jurisdiction over the named respondents in the petition. *See* Opin. at 25-36. But respectfully, there is ample room to disagree with that decision.

For one, while § 1631 is intended to "cure" defects in "jurisdiction," it does not independently vest federal district courts with any new authority. Nor do its general terms allow courts to sidestep the specific requirements for issuing habeas relief included within § 2241. While § 1631 states that an action "shall proceed" as if filed originally in the transferee district, that phrase is best read in a more technical light (*e.g.*, compliance with local rules and procedures). *See Griffin v. United States*, 621 F.3d 1363, 1365 (Fed. Cir. 2010) ("The purpose of § 1631 is 'to cure want of jurisdiction' and allow unwary litigants who file in the wrong courts to avoid *technical* obstacles, such as statutes of limitations.") (emphasis added). It does not charge district courts with conducting an entire case on a fiction, nor avoiding otherwise binding jurisdictional limits.

For another, this Court's § 1631 interpretation is strained on its own terms. Habeas actions are "unique," meaning the civil-action label "is gross and inexact." *Harris v. Nelson*, 394 U.S. 286, 291, 293-94 (1969). Habeas actions are "not automatically subject to all the rules governing ordinary civil actions." *Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971). And as the Third Circuit has held in analogous contexts, the term "civil action" does not always include habeas petitions, such as when it comes to the Prison Litigation Reform Act ("PLRA") or the Equal Access to Justice Act ("EAJA"). *See Santana v. United States*, 98 F.3d 752, 754-55 (3d Cir. 1996) (PLRA); *Daley v. Fed. Bureau of Prisons*, 199 F. App'x 119, 121 (3d Cir. 2006) (EAJA).

<u>Resolution on Habeas Jurisdiction would Materially Advance the Ultimate Termination of the Litigation</u>

The Third Circuit's resolution of this question would undeniably and materially advance the ultimate termination of the litigation. Reversal would terminate this case, and that is dispositive. *See Johnson v. Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 183 (3d Cir. 2024) (Porter, J., concurring); *contra L.R. v. Manheim Tp. School Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) ("Here, a successful interlocutory appeal by Plaintiff would result in neither the termination nor the narrowing of this litigation.").

\*   \*   \*

Finally, there is no doubt that the question here is deeply important, and likely to recur. Indeed, this issue is being litigated in similar cases currently taking place within the First, Second, Third, and Fourth Circuits, at least. And there is every reason to think it may come before this District again. Both judicial economy and the uniform application of immigration law would thus materially benefit from a prompt decision from the Third Circuit on where these sorts of suits should be litigated.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Acting Director

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov