April 3, 2025

Hon. Michael E. Farbiarz, U.S.D.J.
U.S. Post Office & Courthouse
Newark, New Jersey 07101

**Re:    Certification of Interlocutory Appeal of ECF 153 (*Khalil v. Joyce*, No. 25-cv-1963)**

Dear Judge Farbiarz:

The basic policy of the courts, since "the beginnings of the federal judicial system," has been to postpone appellate review until after the entry of final judgment. *Bachowski v. Usery*, 545 F.2d 363, 367 (3d Cir. 1976). The "final judgment rule," 28 U.S.C. § 1291, serves three critical interests: it discourages inefficient, piecemeal litigation; it protects appellate dockets from unnecessary pressure; and it maintains the independence of the trial courts. *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106–07 (2009). As a narrow exception to that rule, section 1292(b) was intended to be "sparingly applied" in rare "cases where an intermediate appeal may avoid protracted and expensive litigation[,] and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Lab'ys, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). In seeking immediate review of the Court's order denying their motion to dismiss or transfer, Op. (ECF 153), Respondents bear the burden of demonstrating each of the three requirements of section 1292(b). *See Maxlite, Inc. v. ATG Elecs., Inc.*, 2017 WL 215970, at *2 (D.N.J. Jan. 17, 2017). Here, they cannot meet this demanding standard—and even if they could, the Court should exercise its total discretion under the statute to deny their request. *See Bachowski,* 545 F.2d at 368; *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

Petitioner does not dispute that the Court's order at some level "involves a controlling question of law." However, Respondents cannot remotely demonstrate the law upon which the Court's order relies presents a "substantial ground for difference of opinion." Nor do the stakes of the order—which affects a single litigant, in circumstances rarely to occur again, without impacting substantial government policy interests—merit interrupting the course of the litigation at this advanced juncture of the case and burdening the Third Circuit with a piecemeal appeal.

First, the Court's opinion applied the plain text of a federal transfer statute (28 U.S.C. § 1631), the clear legal rule concerning habeas jurisdiction (the district of confinement rule, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)), and longstanding precedent regarding the movement of habeas petitioners (*Ex Parte Endo*, 323 U.S. 283 (1944)). Of course, the Court applied those established legal rules to a unique set of facts. But where "the law is well settled," "differences of opinion with respect to how the law should be applied to the facts of the case" do not support certification. *Fechter v. Connecticut Gen. Life Ins. Co.*, 800 F. Supp. 178, 181 (E.D. Pa. 1991); *see* 28 U.S.C. § 1292(b) ("question[s] of law," not fact-bound distinctions). Nor does a court's "extended analysis," ECF 157, meet the bar. Instead, "[s]ubstantial grounds for difference of opinion exist when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009); *see Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Moreover, "just because a court is the first to rule on a particular question" does not mean the standard is met. 2 Fed. Proc., L. Ed. § 3:217; *see* 16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 & n.12 (3d ed.).

There are no legitimate grounds for potential reversal of the Court's order. As the Court explained, the gaping hole in Respondents' position is that it "does not reckon" at all with the clear text of a controlling federal statute. Op. 25. On appeal, Respondents would have no argument against the Court's invocation of section 1631's mandate to treat the petition "as if it had been filed in . . . the court to which it [wa]s transferred." Op. 26. Given that statutory command, they would have no argument against the Court's straightforward application of the *Endo* Rule. Op. 36–46. And they can no longer argue that the petition did not name Petitioner's immediate custodian. Op. 56 n.32; *see* Second Am. Pet. (ECF forthcoming); *see also* Op. 46–63.

Second, an interlocutory appeal will not materially advance the ultimate termination of the litigation. While a successful appeal would end litigation in New Jersey, Respondents have asked for transfer to Louisiana as an alternative to dismissal, meaning the litigation might simply continue in a new venue (as it continued here from New York). And further, most of the litigation costs in this case are already sunk. *See Discretionary Appeals of District Court Interlocutory Orders*, 69 Yale L.J. 333, 343 (1959) (whether 1292(b) appeal involves "material" savings depends on "the stage [of] the proceedings"). In three days' time, three substantial motions—on Petitioner's return to New Jersey, release on bail, and the merits of his central claims—will be fully briefed. Where there is "no reason to believe" that litigation "will be either protracted or exceptionally costly," then "the savings that would result from the possible avoidance of" unnecessary litigation do not "warrant allowance of an immediate appeal." *Mazzella v. Stineman*, 472 F. Supp. 432, 436 (E.D. Pa. 1979). With multiple substantive matters ripe for decision—of which *both* parties might seek review in the near future—certification would only delay this case rather than hasten its end, *Ahrenholz v. B. of Trustees of U. of Ill.*, 219 F.3d 674, 675–76 (7th Cir. 2000), "compound[ing] the harm" that Mr. Khalil "suffer[s] each day," *Cobell v. Norton*, 226 F. Supp. 2d 1, 160 (D.D.C. 2002), *rev'd on other grounds*, 334 F.3d 1128 (D.C. Cir. 2003), and would lead to the kind of "piecemeal appellate litigation" that Congress has long sought to prohibit, *Bachowski*, 545 F.2d at 371.[1]

Finally, Respondents claim that the Court's opinion decided an issue of "tremendous and recurring importance." ECF 157. But a 1292(b) motion is not a petition for certiorari. And besides, the order is most important to one person in unique circumstances. The Court's decision does not "affect[] every habeas matter brought." *Gustafson v. Williams*, 2010 WL 4316750, at *4 (D. Nev. Oct. 25, 2010). It disturbs no federal policy. It does not bind the government in other cases anywhere, including in this courthouse. It does not put "issues of national security . . . at stake." *Padilla ex rel. Newman v. Rumsfeld*, 256 F. Supp. 2d 218, 222 (S.D.N.Y. 2003). It will not subject the government to discovery into war efforts, nor arguably affect military detention policy, after a court's application of a brand-new Supreme Court constitutional test to a far-away theater of war. *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 56 (D.D.C. 2009).

True, the Court's ruling might subject Respondents to litigation that it has a long shot of wiping out. But litigants raise jurisdictional objections and lose them all the time, with even stronger legal arguments for reversal, and district courts do not certify interlocutory review under 1292(b). Respondents cannot meet the high bar of showing that this case is any different.

---

[1] By default, 1292(b) certification "shall not stay proceedings." Should Respondents seek a stay, Petitioner would seek to vehemently oppose it, in separate briefing, as manifestly unwarranted.

                    Respectfully,

                    /s/ *Baher Azmy*

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>973-854-1715 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay*<br>Diala Shamas*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464 |
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher*<br>Robert Hodgson*<br>Veronica Salama*<br>Molly Biklen*<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300 | CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem<br>Naz Ahmad<br>Shezza Abboushi Dallal<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar*<br>Sidra Mahfooz*<br>Brian Hauss*<br>Esha Bhandari*<br>Vera Eidelman*<br>Tyler Takemoto*<br>Brett Max Kaufman*<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das*<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br>Fax: (212) 571-3792 |
| *Appearing pro hac vice*<br><br>*Counsel for Petitioner* | VAN DER HOUT LLP<br>Marc Van Der Hout (CA Bar #80778)*<br>Johnny Sinodis (CA Bar #290402)*<br>Oona Cahill (CA Bar #354525)*<br>360 Post St., Suite 800<br>San Francisco, CA 94108<br>Tel: (415) 981-3000<br>Fax: (415) 981-3003 |