UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAHMOUD KHALIL,

    *Petitioner,*

v.

WILLIAM P. JOYCE, et al.,

    *Respondents.*

No. 25-cv-01963 (MEF)(MAH)

**OPINION and ORDER**

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

\* \* \*

On April 1, the Court entered an Order denying the Respondents' motion to dismiss for lack of jurisdiction. See Khalil v. Joyce, 2025 WL 972959 (D.N.J. Apr. 1, 2025). On April 3, the parties set out their views on whether an interlocutory appeal should be certified here under 28 U.S.C. § 1292(b). See Letters from Petitioner and Respondents (Apr. 3, 2025) (ECF 163–64).

The Court's conclusion: the April 1 Order should be certified.

\* \* \*

Under Section 1292(b), a district court may certify an appeal when three boxes are checked.

<u>First</u>, the order in question must "involve[] a controlling question of law." The one here does. The April 1 Order rested on a set of legal determinations --- mainly as to the effect of 28 U.S.C. § 1631, see Khalil, 2025 WL 972959 at *14-20; the meaning of Ex parte Endo, 323 U.S. 283 (1944), see Khalil, 2025 WL 972959 at *20-24; and the unknown custodian exception, see

1

id. at \*28-37. A factual finding was the premise of the last of these. See id. at \*27-28. But the evidence forming the basis for that finding has not been contested, see id., and no one meaningfully argues here that the "controlling" questions in the April 1 Order were not legal ones. See Letters from Petitioner and Respondents (Apr. 3, 2025) (ECF 163-64).

The second test: "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This bar is also cleared. Jurisdiction is a threshold question, and it is necessary for the case to go forward. See Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974) ("[A] dismissal for want of jurisdiction is within § 1292(b)."); see also In re JRV Grp. USA L.P., 2022 WL 3646288, at \*4 (D. Del. Aug. 24, 2022); Bush v. Adams, 629 F. Supp. 2d 468, 474 (E.D. Pa. 2009); Beazer E., Inc. v. The Mead Corp., 2006 WL 2927627, at \*2 (W.D. Pa. Oct. 12, 2006); Leja v. Schmidt Mfg., Inc., 2005 WL 2009924, at \*4 (D.N.J. Aug. 17, 2005); Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983).

Third, Section 1292(b) requires that "there is a substantial ground for difference of opinion" as to the controlling question of law.[1] This test is met. For example, certain issues addressed by the Court in the Order, see, e.g., Khalil, 2025 WL 972959, at \*28-30, have not been directly discussed by the Third Circuit. See generally Padilla ex rel. Newman v. Rumsfeld, 256 F. Supp. 2d 218, 223 (S.D.N.Y. 2003).

\*   \*   \*

Arguing against an interlocutory appeal, the Petitioner contends, among other things, that "certification would only delay this case." Letter from Petitioner (Apr. 3, 2025) (ECF 164). But under Section 1292(b), "application for an appeal . . . shall not stay proceedings in the district court unless

---

[1] A leading treatise adds that "[t]he level of uncertainty required . . . should be adjusted to meet the importance of the question in the context of the specific case," and that if the proceedings "depend on an initial question of jurisdiction . . . certification may be justified at a relatively low threshold of doubt." 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (3d ed. 2024).

2

the district judge . . . shall so order," and the Court would not expect to stay the proceedings here.[2]

\*   \*   \*

The Court's April 1 Order is certified under 28 U.S.C. § 1292(b), and is deemed amended to reflect such certification, and the discussion above. See Padilla, 256 F. Supp. 2d at 223-24.

\*   \*   \*

IT IS on this 4th day of April, 2025, so ORDERED.

_____

Michael E. Farbiarz, U.S.D.J

---

[2] No one argues against certification on this basis: that there may be other jurisdictional hurdles ahead. See Respondents' Opposition to Petitioner's Motion for a Preliminary Injunction (ECF 156) at 9-20 (contending that Section 1252 of Title 8 now operates to remove jurisdiction from this Court or from any habeas court as to particular matters). But in the current posture, those jurisdictional issues are bundled together with the merits, see id., and analysis as to the impact here of Section 1252 (or any other questions) must be undertaken by a court with jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

3