# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mahmoud KHALIL,<br><br>*Petitioner*,<br><br>v.<br><br>Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Caleb VITELLO, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,<br><br>*Respondents*. | Case No.: 2:25-cv-01963<br><br>Judge Michael E. Farbiarz |

**MOTION FOR LEAVE TO FILE AS *AMICUS CURIAE* IN SUPPORT OF RESPONDENTS' OPPOSITION TO THE MOTION FOR PRELIMINARY INJUNCTION**

**COMES NOW** the National Jewish Advocacy Center, by and through counsel, hereby moves the honorable court for an order granting leave to file a brief as *amicus curiae* in support of Respondents' (hereinafter, the "Government's") opposition to Petitioner's Motion for Preliminary Injunction in the above captioned matter pursuant to this Court's Standing Order of March 24, 2025. (ECF No. 105). In accordance with this Court's briefing schedule, this motion and accompanying brief are submitted before the deadline for Petitioner's reply, which conforms to both Federal Rule of Appellate Procedure 29(a)(6) and the current expedited schedule. *See* Fed. R. App. P. 29(a)(6) (allowing 7 days for submission of an amicus in favor of the party being supported).

Proposed *amicus curiae* has contacted representatives of both parties. Both Petitioner[1] and the Government take no position on this request.

"The extent . . . to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (quotation omitted). As there is no rule that governs amicus briefs in district courts, the courts look to the Third Circuit's application of Rule 29 of the Federal Rules of Appellate Procedure. *Id*. To that end, the Third Circuit employs a four-factor analysis when determining whether to permit an *amicus* to be heard. *Id*. Typically, amicus is granted when: "(1) the *amicus* has a special interest in the particular case; (2) the *amicus*' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the *amicus* is not partial to a particular outcome in the case." *Id*. (internal quotation marks omitted). The Third Circuit also "advise[s]" that the requirements of Rule 29 be "broadly interpreted."

---

[1] Petitioner requested NJAC provide the following unrequired and wholly irrelevant information: "proposed amicus is counsel in a federal lawsuit filed against Petitioner (and others) after his arrest and that counsel is or has served as private counsel to President Donald Trump, who is a Respondent in this litigation."

*Neonatology Assocs., P.A. v. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3rd Cir. 2002) (opinion by Alito, J.).

First, *amicus* has a sufficiently "special interest" to file its brief because it is an organization whose mission is to step in for the many failures of institutions to combat the catastrophic rise of antisemitism in the United States and across Europe. *Amicus* is particularly troubled that known and suspected agitators for Hamas can, in Petitioner's view, enter the United States under false pretenses, gain the status of a permanent resident, and then cloak themselves in the First Amendment. The perverse incentives this will invite of potential terrorist sympathizers (or terrorists themselves) is unfathomable. Should Petitioner (and his many, many counsel) succeed, any individual with malintent can access a visa of whatever type and under whatever means to advocate for the indiscriminate killing of Jews, the overthrow of the United States, shutting down college buildings, and preventing Jewish students from attending classes, all while using the rights afforded citizens as a shield from any recourse. This most certainly <u>cannot</u> be the law.

Second, *amicus'* interest is not adequately represented. Initially, there is no current party or amicus thus far who has the same perspective as the NJAC, who fights for the rights of Jews in the United States and Europe every day and who knows what the scourge of antisemitism has wrought in the wake of October 7. Furthermore, while the Government, as Respondents, are currently advocating for the proper enforcement of immigration laws, the last administration is notorious for not enforcing them at all. As administrations and leadership can change with each passing election, so too can the interest of the Government to do the right thing under the law. *Amicus* is not subject to the same electoral pressures as Respondents.

Third, this motion and accompanying brief are both timely and useful. District courts in this circuit follow Federal Rule of Appellate Procedure 29 for the submission of amicus briefs in

district courts. *Alkaabi*, 223 F. Supp. 2d at 592. Rule 29(a)(6), states that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." As this case is on an expedited timeline, *amicus* has filed before Petitioner's reply brief is due, April 6th (and only three days after the Government filed its brief). Therefore, under the appellate rules and this matter's expedited schedule, this motion and accompanying brief are timely. The brief is also useful as it offers First Amendment arguments not made by the Government.

Fourth, amicus has no specific interest in the case other than to advance its mission and the general interest that the law, as it exists, not be manipulated to protect Petitioner from being removed under these facts. This type of interest is not what the courts are referring to when they refer to partiality. For instance, there is no rule that an *amicus* be "totally disinterested." *Alkaabi*, 223 F. Supp. 583, 592 (citing *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Even "[p]arties with pecuniary and policy interests have been regularly allowed to appear as *amici* in our courts." *Id.* (citing *Neonatology Assocs., P.A.*, 293 F.3d at 131-32).

WHEREFORE, proposed *amicus* respectfully requests that this Court grant its Motion for Leave to File its *Amicus Curiae* Brief in Support of Respondents' Opposition to Petitioner's Motion for a Preliminary Injunction.

Dated: April 5, 2025                                                Respectfully Submitted,

/s/David Brown
David Brown (NJ Bar # 433112024)

Mark Goldfeder                                   Phillip M. Gordon*
Arielle F. Klepach                               Mark Altman, II
National Jewish Advocacy Center, Inc.            Abbi Harris
International Legal Forum                        Naman, Howell, Smith & Lee, PLLC
1718 General George Patton Drive                 400 Austin Ave., Suite 800
Brentwood, TN 37027                              Waco, TX 76701
mark@njaclaw.org                                 Email: pgordon@namanhowell.com
Arielle@njaclaw.org

T. (800) 269-9895 F: (800) 758-5232

maltman@namanhowell.com
aharris@namanhowell.com
Phone: (254) 755-4100
Fax: (254) 754-6331

David Brown (NJ Bar # 433112024)
Naman, Howell, Smith & Lee, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, TX 78216
Email: dbrown@namanhowell.com
Phone: (210) 731-6300
Fax: (210) 785-2975

*application for admission *pro hac vice* forthcoming.

*Counsel for Amicus Curiae the National Jewish Advocacy Center*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing filing was served on counsel of record via this Court's CM/ECF system on April 5, 2025.

<u>*/s/David Brown*</u>
David Brown (NJ Bar # 433112024)