# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Mahmoud KHALIL,

    *Petitioner*,

v.

Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,

    *Respondents*.

Case No. 25-cv-01963 (MEF-MAH)

## DECLARATION OF IRA J. KURZBAN

    1. My name is Ira J. Kurzban. I submit this declaration to explain how removal proceedings under 8 U.S.C. § 1229a and subsequent judicial review under 8 U.S.C. § 1252 function in practice, as well as the limitations on record development, timely adjudication, and review of constitutional claims in such proceedings.

## Qualifications

2. I am an immigration practitioner and have been a partner in the law firm of Kurzban, Kurzban, Tetzeli, & Pratt P.A. of Coral Gables, Florida for over four decades, and serve as chair of the firm's immigration department.

3. Since 1977, I have been active in all aspects of immigration law. I and the attorneys I supervise regularly practice in immigration courts across the country, as well as in federal courts in immigration-related matters.

4. I am the author of *Kurzban's Immigration Law Sourcebook*, one of the most widely used immigration-law secondary sources in the United States. The book is in its Nineteenth Edition (2024) and is regularly cited by federal courts. *See, e.g.*, *Al Otro Lado v. EOIR*, 120 F.4th 606, 627 n.16 (9th Cir. 2024); *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 289 (5th Cir. 2021) (Costa, J., dissenting); *De La Paz v. Coy*, 786 F.3d 367, 376 (5th Cir. 2015); *Gonzalez v. Holder*, 771 F.3d 238, 243 (5th Cir. 2014); *United States v. Juarez*, 672 F.3d 381, 389 (5th Cir. 2012); *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000); *Viveiros v. Holder*, 692 F.3d 1, 3 (1st Cir. 2012); *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004); *Socop-Gonzalez v. INS*, 208 F.3d 838, 842 n.3 (9th Cir. 2000).

5. As a practicing attorney, I am actively involved in the immigration bar. I am the Past President of the South Florida Chapter of the American Immigration Lawyers Association. I was the national president of the American Immigration Lawyers Association in 1987-88, and I thereafter served as its General Counsel. The American Immigration Lawyers Association is an affiliate organization of the American Bar Association. It has over 14,000 members in 35 chapters in the United States and four international chapters. I am also certified by the Florida Bar as a specialist in immigration law and served on the first committee to draft and grade the certification exam for Florida lawyers.

6. Since 1977, I have litigated a variety of immigration-related cases and over 75 published decisions in the federal courts. Among other cases, I have been counsel of record in the United States Supreme Court in *Patel v. Garland*, 596 U.S. 328 (2022); *McNary v. Haitian Refugee Center, Inc.*, 495 U.S. 479 (1991); *Commissioner v. Jean*, 496 U.S. 154 (1990); and *Jean v. Nelson,* 472 U.S. 846 (1985).

7. Through my over four decades of experience as a practitioner in both the federal courts and immigration courts, I am well qualified to opine on how the

immigration-court system differs from the federal courts and the other matters addressed below.

## Background on Removal Proceedings and Judicial Review of Final Orders of Removal

8. A person charged as deportable under 8 U.S.C. § 1227 is generally placed in removal proceedings before an immigration judge. Such proceedings are governed by the provisions of 8 U.S.C. § 1229a, and implementing regulations at 8 C.F.R. §§ 1239, *et seq.*, and 1240, *et seq.* Immigration judges are employees of the Department of Justice, housed under the Executive Office for Immigration Review.

9. After an immigration judge renders a final decision on removability (and any applicable relief from removal), the losing party may appeal the decision to the Board of Immigration Appeals ("Board") within 30 days of the immigration judge's order.

10. After the appeal is taken, the Board will prepare a transcript of the proceedings before the immigration judge, and issue a briefing schedule.

11. In cases where an individual is detained, both parties must generally file their briefs with the Board within 21 days of the issuance of the briefing schedule.

12. On review of decisions by immigration judges, the Board of Immigration Appeals reviews legal issues de novo, and factual issues for clear error.

13. Judicial review of final administrative orders of removal occurs through a petition for review filed with the court of appeals with jurisdiction over the place where the immigration judge completed the removal proceedings. *See* 8 U.S.C. § 1252(a)(1), (b)(1)-(2).

## Timing of Removal Proceedings and the Petition for Review Process

14. Complex cases like Mr. Khalil's can take upwards of a year to resolve. Given that Mr. Khalil is detained and has only recently had his first immigration hearing, it will most likely be at least several months before he receives a decision from the immigration judge, another several months for any appeal to the Board, and at least six months for any circuit court review—and could be significantly longer if there is a need for continuances in the case or if a decision is reversed by the Board.

15. Further contributing to such delays is the fact that when there are serious issues related to a noncitizen's threshold removability, the issues of removability and any relief from removal are frequently bifurcated into separate hearings before the immigration judge.

16. When a case involves contested issues of fact, the Board of Immigration Appeals will frequently remand cases to the immigration judge for further proceedings. Such remands are necessary because the Board lacks authority under governing regulations to conduct fact-finding in the first instance. Thus, anytime the Board finds a need for further fact-finding to decide an issue in the case, the Board will remand the matter back to the immigration judge for further proceedings.

17. It is thus not uncommon for a case to "ping pong" back-and-forth from the immigration judge and the Board of Immigration Appeals several times before a final administrative order on removability is entered. This is particularly apt to occur in cases raising difficult or novel legal issues, as the Board may clarify legal standards and remand to the immigration judge for further fact-finding to apply the legal standards in the first instance.

18. Until any such ping-ponging ends, and the Board of Immigration Appeals issues a final order of removal, a noncitizen cannot obtain judicial review via the petition-for-review process; such review is available only after the issuance of an administratively final order of removal.

## Limitations on Record Development in Removal Proceedings

19. A noncitizen's ability to develop a factual record in removal proceedings is far more limited than in proceedings in federal district court.

20. Except where claims to U.S.-citizenship are at issue, the federal courts of appeals review a final order of removal based exclusively on the administrative record developed before the immigration judge.

21. The Immigration and Nationality Act gives immigration judges limited authority to allow the parties discovery in removal proceedings. Immigration judges, for example, "may" issue "subpoenas for the attendance of witnesses and presentation of evidence." 8 U.S.C. § 1229a(b)(1). But, as a matter of practice, immigration judges use this authority rarely, if at all. Depositions, moreover, are permitted only if the immigration judge "is satisfied that a witness is not reasonably available at the place of hearing and that said witness' testimony or other evidence

is essential" to the case. 8 C.F.R. § 1003.35. As a result, depositions are infrequently permitted.

22. In the context of petitions for review of final removal orders, therefore, federal courts lack any capacity to engage in fact-finding. If a circuit court on petition for review determines that further fact-finding is required, the only available remedy is to remand proceedings back to the Board of Immigration Appeals, which must in turn further remand the matter back to the immigration judge for further proceedings.

23. While these procedures afford noncitizens some ability to develop a factual record on individualized issues that arise in removal proceedings (for example, affording a noncitizen the ability to confront government witnesses who allege marriage fraud), they are wholly inadequate to develop a factual record when claims involve questions of government policy and practice.

24. Based on these limitations, therefore, it is unlikely that an immigration judge would facilitate meaningful factual development on key questions at issue in Mr. Khalil's case, including whether the government maintains a policy of targeting noncitizens who engage in expressive activity in support of Palestinian rights, or critical of Israeli policies.

### Limitations on the Review of Constitutional Claims

25. The Board of Immigration Appeals has disavowed authority to rule on core constitutional claims. *See Matter of Valdovinos*, 18 I. & N. Dec. 343, 345 (BIA 1982) ("claims as to the unconstitutionality of the statutes and regulations administered by this Board are outside the scope of our jurisdiction"); *Hadayat v. Gonzales*, 458 F.3d 659, 665 (7th Cir. 2006) (noting that the Board of Immigration Appeals has held itself "powerless to address . . . fundamental constitutional claims") (cleaned up). The Board has invoked this limitation to avoid ruling on claims arising under the First Amendment. *See, e.g.*, *In re Mehndy*, 2006 WL 2427850, at *2 (BIA July 17, 2006) (unpub.).

26. Because the immigration judge and Board may be unable to review constitutional claims arising under the First Amendment, it is unlikely that an immigration judge would permit a noncitizen in removal proceedings to seek subpoenas or depositions for factual material related to such a claim.

27.    If a final order of removal is ultimately entered, it is therefore unlikely that the court of appeals reviewing the order of removal on petition for review would have before it a factual record sufficient to enable meaningful judicial review.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: April 5, 2025

_____

Ira J. Kurzban