

**U.S. Department of Justice**

Civil Division

---

April 10, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

  Re: *Khalil v. Joyce, et al.*, Civ. Act. No. 25-1963 (MEF) (MAH)
     <u>Government's Response to Court's Order (ECF No. 178)</u>

Dear Judge Farbiarz:

  Respondents ("the Government") submit this letter in response to this Court's order (ECF No. 178). An immigration judge develops the record during immigration proceedings, and the development of that record can eventually be brought for further review in a petition for review before the appropriate circuit court of appeals under 8 U.S.C. § 1252. From there, the court of appeals can rule on the issue if the record is sufficiently developed.

  By statute, Congress requires immigration judges to receive evidence, and interrogate, examine, and cross-examines witnesses. 8 U.S.C. § 1229a(b)(1); *see also* 8 C.F.R. § 1003.19(b). Through this mechanism an immigration judge can determine whether "an alien is removable from the United States." 8 U.S.C. § 1229a(c)(1)(A). The immigration judge is required to review a record, which will consist of "testimony, exhibits, applications, proffers, requests, the immigration judge's decision, and all written orders, motions, appeals, briefs and other papers filed in the proceedings." 8 C.F.R. § 1240.9. The regulations afford immigration judges a broad amount of discretion on what evidence can be admitted and considered. *See* 8 C.F.R. § 1240.10(a)(4) (requiring notice that a respondent can "present evidence in his … behalf"); 8 C.F.R. § 1240.11(c)(3)(ii) (noting that the immigration judge's authority "to properly control the scope of any evidentiary hearing" is not limited). In developing the record, the immigration judge is required to consider "material and relevant evidence, rule upon objections, and otherwise regulate the course of the hearing." 8 C.F.R. § 1240.1(b). Thus, immigration judges are fully empowered to consider all evidence needed to determine whether the government has met its burden to demonstrate removability by clear and convincing evidence. *See* 8 U.S.C. § 1229a(c)(3)(A) (providing that the Department of Homeland Security bears the "burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable"); *Alejos-Perez v. Garland*, 93 F.4th 800, 804 (5th Cir. 2024) (acknowledging that the government is required to establish deportability by clear and convincing evidence); *see also Leguessir v. Att'y Gen. of the U.S.*, 802 F. App'x. 711, 714 (3d Cir. 2020) (reviewing whether the government proved with clear and convincing evidence that the petitioner's offense was for a controlled substance as defined by the removal statute).

The parties bear the burden of developing a proper record. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 (BIA 2018) ("It is therefore imperative that the parties fully develop the record before the Immigration Judge."). Indeed, the outcome of an immigration court proceeding may be reversed as fundamentally unfair if the alien is prevented from reasonably presenting his case. *Leslie v. Att'y Gen.*, 611 F.3d 171, 180 (3d Cir. 2010). A petitioner and his counsel may request to develop the factual record although the immigration judge will ultimately determine whether such a request should be granted. *See, e.g., Bazarra Rivera v. I.N.S.*, 913 F.2d 1443, 1447 (9th Cir. 1990); *Martinez-Garcia v. Holder*, 312 f. App'x 707, 708 (5th Cir. 2009); *Matter of Henriquez Rivera*, 25 I. & N. Dec. 575, 579 (BIA 2011); *Matter of Benitez,* 19 I. & N. Dec. 173 (BIA 1984).

As a result, circuit courts have recognized immigration judges' duty to develop the record. *See, e.g., Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020); *Toure v. Att'y Gen.*, 443 F.3d 310, 325 (3d Cir. 2006). So an immigration judge "is authorized, in accordance with his duty to fully develop the record, to interrogate, examine, and cross-examine." *Sivalingam v. Garland*, 839 F. App'x 946, 947 (5th Cir. 2021) (citing *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052-53 & n.1 (5th Cir. 1986). But the immigration judge's obligation to act as a neutral factfinder requires the immigration judge to act impartially in developing the record. *See Arteaga-Ramirez,* 954 F.3d at 813 (noting that the immigration judge "does not have a duty to act as an advocate"); *Wang v. Att'y Gen. U.S.*, 423 F.3d 260, 267-69 (3d Cir. 2005) (an immigration judge's statements and behavior could rise to the level of a due process violation when the immigration judge abandons her role as a neutral factfinder); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003).

The corollary is that the individual petitioner also has the onus to build a record to preserve any issues that may warrant further review. Indeed, at its core, due process in immigration proceedings requires "three key protections": "(1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the opportunity to make arguments on his or her own behalf; and (3) an individualized determination of his [or her] interests." *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 384 (3d Cir. 2020) (alteration in original) (internal quotation marks and citation omitted).

If the alleged claim is a "fundamental constitutional claim" the BIA (or the immigration judge) is powerless to address, the court of appeals can address that issue in the first instance. *See, e.g., Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990); *Hadayat v. Gonzales*, 458 F.3d 659, 665 (7th Cir. 2006). A petitioner can build a factual record to preserve this issue for review. For an analogous example, in *Mauting v. I.N.S.*, the Ninth Circuit was asked to consider a claim of equitable estoppel, which neither the immigration judge nor the BIA have authority to consider. 16 F. App'x 788, 790 (9th Cir. 2001). The Ninth Circuit decided to investigate the merits of the petitioners' claim after concluding that they had "alleged and preserved a colorable claim of equitable estoppel." *Id.* at 791. The requirements to develop and fully evaluate the entirety of the record applies to alleged constitutional violations, as well.

Given this broad discretion and these administrative decisions, an immigration judge may consider and develop a factual record for a legal issue not properly before him. As the BIA has repeatedly recognized, an immigration judge must fully explain the reasons for a decision in order to allow the parties a fair opportunity to contest the decision and provide the BIA an opportunity for meaningful appellate review. *Matter of M-P-*, 20 I. & N. Dec. 786, 787-88 (BIA 1994); *see Matter of S-H-,* 23 I. & N. Dec. 462, 465 (BIA 2002) (emphasizing the need for immigration judges to include in their decisions "clear and complete findings of fact that are supported by the record and in compliance with controlling law"). These principles are notable because the BIA, except for taking

administrative notice of commonly known facts, does "not engage in fact-finding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv); *see Matter of S-H-*, 23 I. & N. Dec. at 465. And the circuit court's review of a petition for review is generally limited to the record before the agency. 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

In those rare cases where the record is insufficient to allow the court of appeals to consider a particular claim, the court "transfer the proceedings to a district court" for limited fact finding if the Petitioner can establish that a hearing is required on that issue. 28 U.S.C. § 2347(b)(3); *see Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 496–97 & n. 3 (1999) (Ginsburg, J., concurring); *Mauting*, 16 F. App'x at 789 (finding that the record on evaluating an estoppel claim insufficient and transferred the case to the district court for consideration); *Gallo-Alvarez v. Ashcroft*, 266 F.3d 1123, 1129-30 (9th Cir. 2001); *Musau v. Carlson*, 499 F. App'x 837, 849 (10th Cir. 2012) (O'Brien, J., dissenting) (collecting cases). If the circumstances call for it, the court of appeals "can transfer the proceeding to the district court for a hearing and determination of genuine issues of fact." *Coriolan v. Immigr. & Naturalization Serv.*, 559 F.2d 993, 1003 (5th Cir. 1977).

\*   \*   \*

At bottom, there is no prohibition on an immigration judge to develop a factual record to support the ultimate legal issue being decided. Each immigration judge has broad discretion to develop the record as she deems fit, and that record is subject to review before the BIA and then the court of appeals.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov