April 11, 2025

Honorable Michael E. Farbiarz, United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

      Re:    *Khalil v. Trump*, *et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz,

    We write in response to this Court's Order directing the parties to "explain whether an Immigration Judge considering a charge of removal is legally empowered to resolve each of the three issues as to which the Petitioner has moved for a preliminary injunction." ECF 178 (citing ECF 67 (Pet'r's PI Mem.) at 25). Because, as the government concedes, an immigration judge ("IJ") has no authority to rule on constitutional claims generally—and because here the IJ cannot rule on whether Mr. Khalil's detention is justified, on the lawfulness of the Rubio Determination, or on the challenged Policy—the IJ is not empowered to resolve any of the three issues on which Mr. Khalil has moved.

    As a threshold matter, both the IJ and the Board of Immigration Appeals ("BIA") lack jurisdiction over constitutional challenges. *See, e.g.*, *Bonhometre v. Gonzales*, 414 F.3d 442, 448 n.7 (3d Cir. 2005) ("'[T]he BIA does not have jurisdiction to adjudicate constitutional issues.'") (quoting *Vargas v. U.S. DIN*, 831 F.2d 906, 908 (9th Cir.1987)); *G-K-*, 26 I. & N. Dec. 88, 96 (BIA 2013) (powerless to address void-for-vagueness claim); *Matter of C-*, 20 I. & N. Dec. 529, 532 (BIA 1992) (powerless to address ex post facto claim, since "it is settled that the [IJ] and this Board lack jurisdiction to rule upon the constitutionality of the [INA] and the regulations"); *Matter of Valdovinos*, 18 I. & N. Dec. 343, 345 (BIA 1982) (powerless to address overbreadth). This limited jurisdiction generally bars review of as-applied constitutional challenges.[1] *Matter of Ramos*, 15 I. & N. Dec. 671, 675 (BIA 1976) (powerless to address respondent's "as applied" equal protection and due process challenges because "we do not entertain constitutional challenges"); *Matter of H-,* 3 I. & N. Dec. 411, 419, 456 (BIA 1949) (powerless to address First Amendment and retroactivity arguments "as applied to the respondent").

    Mr. Khalil seeks preliminary relief from violations of his First and Fifth Amendment rights, arguing that: (1) his apprehension and detention are retaliatory and violate due process; (2) the government's policy of targeting noncitizens who engage in expressive activity in support of Palestine or critical of Israel is viewpoint discriminatory and void for vagueness; and (3) the Rubio

---

[1] The government's sweeping assertion that an IJ "could rule on" Mr. Khalil's "as applied constitutional arguments," ECF 156 at 12-13, is incorrect. The cases cited in support of that proposition say no such thing, and instead stand for the unremarkable proposition that the BIA can consider certain "due process claim[s] alleging a procedural error" in *the immigration proceeding itself*, because such errors would be "correctable through the administrative process." *Daud v. Gonzales,* 207 F. App'x 194, 200 (3d Cir. 2006) (noting that, "stripped of its due process label," the issue is ultimately "a claim of procedural error" by the IJ that "could have been addressed by the BIA on appeal") (cleaned up). Consistent with this principle, IJs may engage in limited suppression analyses involving the introduction of evidence gathered through improper means. *Yoc-Us v. Att'y Gen. U.S.*, 932 F.3d 98, 103 (3d Cir. 2019). In *Daud*, the court contrasted these issues with a due process claim not involving the IJ proceeding itself, which would be "a fundamental constitutional claim that the BIA is powerless to address." 207 F. App'x at 200.

Determination was retaliatory in violation of Mr. Khalil's First Amendment rights. ECF 67 at 25. As the government has conceded, the IJ cannot resolve any of these constitutional claims. In fact, according to the government, the *only* remotely relevant question the IJ can pass on is whether the Secretary of State has made "the requisite finding." *See* ECF 156 at 13.

First, as the government concedes, *see id.* at 12, the IJ is not legally empowered to resolve the retaliatory purpose, reasonableness, or excessiveness of Mr. Khalil's detention, both because the IJ is forbidden to hold a bond hearing,[2] *see id.* at 2 (citing 8 C.F.R. § 1003.19(h)(2)(i)(C)), and because the IJ is forbidden to address constitutional claims. Even if Mr. Khalil were provided a bond hearing—which the government has said is *not* available in his case—the IJ is limited to consideration of factors relating to his alleged flight risk and danger to the community. *See Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006) (listing discretionary factors relevant to bond determination). The IJ could not address Mr. Khalil's central claim on the unconstitutionality of his detention: that it is punishment for his exercise of protected speech and a "mechanism for retribution." *Kansas v. Crane*, 534 U.S. 407, 412 (2002). Mr. Khalil's constitutional challenge to the retaliatory, punitive *basis* of his apprehension and ongoing detention is exactly the type of claim the BIA has squarely held that IJs cannot review. *See Omar Mejia Rojas,* 2014 WL 1120179, *1 (BIA Jan. 31, 2014) (holding that immigration judges have "no authority to consider . . . the constitutionality of his detention"); *In re Mehndy*, 2006 WL 2427850, at *2 (BIA July 17, 2006) (noting inability to address "First Amendment" issues).

Second, even on the government's own argument, an IJ has no authority to resolve Mr. Khalil's request to enjoin or vacate the Rubio Determination. *See* ECF 156 at 13 (acknowledging immigration courts "may not be able to address Khalil's potential broader constitutional challenges" and asserting that they can only make a factual determination of "whether the Secretary of State made the requisite finding . . . of removability"). The BIA has held that IJs may not even inquire into the "reasonableness" of the Secretary of State's Section 1227(a)(4)(C) determination, *In Re Ruiz-Massieu*, 22 I. & N. Dec. 833 (BIA 1999), much less whether it was unconstitutional retaliation, *see id.* at 838 n.6 (noting BIA has no authority to address the First Amendment and void-for-vagueness claims addressed in federal court cases). In *Massieu*, the BIA concluded that the Secretary's determination under Section 1227(a)(4)(C) "should be treated as conclusive evidence of the respondent's deportability," and that "neither the "Immigration Judge [nor] this Board [have the] authority to question the validity of that determination." *Id.* at 840–43 (cleaned up); *see also* ECF 110-1 (Immigration Practitioners Amicus Br.) at 14–16 (examining BIA's extreme deference to Secretary's determination). Here, *Centro Presente v. DHS*, 332 F. Supp. 3d 393 (D. Mass. 2018), is instructive. There, the petitioners challenged a "new policy adopted by" the government regarding the "process by which TPS designation determinations are made," and like Mr. Khalil here, asked for an order that "such determinations would be set aside." The court held the petitioners could not "vindicate their claims in removal proceedings." *Id.* at 407-08 (noting also that this relief was distinct from any IJ's removal decision because petitioners "do not seek . . . any particular new TPS determination," but rather "an injunction restraining" the unlawful one, which could of course lead to "new determinations, applying . . . lawful criteria"); *see also*

---

[2] The government argues Mr. Khalil is able to "challenge his detention" by arguing that he is not "properly subject to his foreign policy removability charge." ECF 156 at 10 (citing 8 C.F.R. § 1003.19(h)(2)(ii)). But this is in fact a determination about the ultimate merits of his removability, not his detention, which is in turn entitled to only superficial review, *see supra*.

2

*Saget v. Trump*, 345 F. Supp. 3d 287, 296 (E.D.N.Y. 2018) (following *Centro* on similar policy challenge—alleging unconstitutional racial animus—and noting petitioners "would not be able to assert the claims they pursue here in immigration court").

Third, the IJ has no authority to resolve Mr. Khalil's claims that the government's Policy is void for vagueness and viewpoint discriminatory. The IJ's authority is limited to examining whether the government can support its proffered grounds for removal, 8 C.F.R. §§ 1240.1(a), not whether a broader government Policy is unlawfully motivating those pretextual grounds. Even if the IJ were permitted to examine the Policy, IJs have no authority to rule on the constitutionality of administrative policies, including those that are unlawful under the First Amendment. *See Centro Presente*, 332 F. Supp. 3d at 408 (constitutional policy challenge could not be reviewed "in any one individual's removal proceedings"); *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 300, 310 (D.D.C. 2017) (holding that plaintiff's challenge to "an agency-wide policy" that resulted in his removability was not a direct challenge to removal and was "outside of the scope of the administrative process"); *Ruiz-Massieu*, 22 I. & N. Dec. at 838 n.6 (BIA has no authority to address First Amendment and void-for-vagueness claims addressed in federal court cases); *Matter of H-*, 3 I. & N. Dec. at 419, 456 (stating that BIA has no authority to address respondent's constitutional challenges to deportation statute calling for removal of anarchists, those who oppose organized government, and those who advocate for overthrow of government). Thus, an IJ could not decide whether the government's Policy of targeting noncitizens for retaliatory arrest, detention, and removal is unconstitutionally void for vagueness under the Fifth Amendment and viewpoint discriminatory in violation of the First Amendment.

Finally, because IJs have no authority to build a factual record relevant to these issues, *see* ECF 183, any attempt to resolve them would violate Mr. Khalil's right to meaningful review.[3] For all the reasons above, an IJ considering a charge of removal is not legally empowered to resolve any of the three issues as to which Mr. Khalil has moved for a preliminary injunction.[4]

---

[3] The government argues the court of appeals can simply "transfer the proceedings to a district court" for "limited fact finding," ECF 185 at 3, but that is not so. The court in *Jafarzadeh* rejected this argument: it noted "28 U.S.C. § 2347(b)(3) allows a circuit court to 'transfer the proceedings to a district court for fact-finding'" *only if* "'the agency has not held a hearing before taking the action of which review is sought by the petition,'" and "final orders of removal . . . cannot be entered until the IJ has held a hearing." 321 F. Supp. 3d 19, 29 (D.D.C. 2018). The same is true here, where the agency will have "held a hearing" prior to any appellate court review. *See also Reno v. AADC*, 525 U.S. 471, 488 n.10 (1999) (noting availability of transfer under 2347(b)(3) when *no* hearing was held, but casting "in doubt" concurrence's suggestion that the statute could be read to permit transfer if a hearing "has not addressed the particular point" being challenged).

[4] On all these points, the IJ in Mr. Khalil's case has been crystal clear. Regarding the scope of the issues she can resolve: "I'm going to say it a third time. The only reason that I'm here today and the only reason that we're in these proceedings, they're limited in scope. The authority that I have from the Attorney General is very limited to two things. Is Mr. Khalil removable from the United States and does he have relief available to him from removal if he is found removable? That's it." Hearing (Apr. 8, 2025), audio at 21:05. For any other relief: "Now that doesn't mean that he doesn't have relief available to him outside of this court." *Id.* at 16:41. And on developing the facts related to any other issues, including potential retaliatory grounds for Secretary Rubio's determination: "Mr. Van Der Hout, you're in the wrong court for that." *Id.* at 20:55.

3

|  | Respectfully submitted, |
|---|---|
|  |     /s/ *Jeanne LoCicero*     |

**DRATEL & LEWIS**
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel.: (212)732-8805
agreer@dratellewis.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel.: (212) 614-6464
bazmy@ccrjustice.org
ssisay@ccrjustice.org
dshamas@ccrjustice.org

**VAN DER HOUT LLP**
Marc Van Der Hout*
Johnny Sinodis*
Oona Cahill*
360 Post Street, Suite 800
San Francisco, CA 94108
Tel.: (415) 981-3000
Fax: (415) 981-3003
ndca@vblaw.com

**CLEAR PROJECT**
**MAIN STREET LEGAL SERVICES, INC.**
Ramzi Kassem*
Naz Ahmad
Mudassar Hayat Toppa*
Shezza Abboushi Dallal*
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4558

**AMERICAN CIVIL LIBERTIES UNION**
  **OF NEW JERSEY FOUNDATION**
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
570 Broad Street, 11th Floor
Newark, NJ 0710
Tel.: (973) 854-1715

**NEW YORK CIVIL LIBERTIES UNION**
  **FOUNDATION**
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, NY 10004
Tel.: (212) 607-3300

**AMERICAN CIVIL LIBERTIES UNION**
  **FOUNDATION**
Omar Jadwat*
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*
Brett Max Kaufman*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500

**WASHINGTON SQUARE LEGAL SERVICES,**
  **INC.**
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel.: (212) 998-6430
alina.das@nyu.edu

*Admitted* pro hac vice                    *Counsel for Petitioner*

4