

**U.S. Department of Justice**

Civil Division

---

April 11, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

      Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
             **Government's Response to Court's Order (ECF No. 178)**

Dear Judge Farbiarz:

      Respondents ("the Government") submit this letter in response to this Court's order (ECF No. 178). An immigration judge cannot order that Mahmoud Khalil be outright released from custody. Congress specifically confers discretion on the Executive to detain Khalil during the pendency of his removal proceedings. And even if release can be considered, which it cannot here given one of the removal charges pending against Khalil, Congress afforded tremendous discretion of how to effectuate release. The immigration judge lacks authority to afford the other relief that Khalil seeks by way of a preliminary injunction motion. The immigration judge is not permitted to vacate the Secretary of State's decision, nor can he enjoin some amorphous policy more broadly such that it would alter the proceedings of other individuals. The Government addresses these issues in turn.

      I.    <u>The IJ Cannot Order Release.</u>

      Khalil is currently detained pursuant to 8 U.S.C. § 1226(a). Generally, § 1226(a) detainees may be detained for the duration of the removal proceedings or be released "on bond of at least $1,500," or conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2). But Khalil is currently charged as removable under 8 U.S.C. § 1227(a)(4). Therefore, the IJ cannot review a custody determination and set appropriate bond. 8 C.F.R. § 1003.19(h)(2)(i)(C).

      That does not mean Khalil has no opportunity to seek review of his custody determination. He can request that an IJ determine whether he is properly subject to removal under Section 1227(a)(4)(C).[1] 8 C.F.R. § 1003.19(h)(2)(ii); *see also In re Joseph*, 22 I. & N. Dec. 799 (1999); *Hussain v. Gonzales*, 492 F. Supp. 2d 1024, 1033 (E.D. Wisc. 2007), *aff'd sub nom. Hussain v. Mukasey*, 510 F.3d 739 (7th Cir. 2007). The purpose of 8 C.F.R. § 1003.19(h)(2)(ii) "is to provide an alien … with the opportunity to offer evidence and legal authority on the question whether [ICE] properly included him within a category that is subject to mandatory detention." *Joseph*, 22 I. & N. Dec. at 805. If Khalil carries his burden, he then is entitled to a bond hearing under § 1226(a) at which he must establish to the satisfaction of the IJ that his "release would not pose a danger to property of persons, and that

---

[1] At the time of this filing, Khalil does not appear to have availed himself of these procedures yet.

[he] is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). At that point, the immigration judge has broad discretion in deciding to release someone on bond. *Matter of Guerra*, 24 I. & N. Dec. 37, 39 (BIA 2006). The Board of Immigration Appeals has set out a list of factors that immigration judges can consider, but the immigration judge is by no way limited to only consider those factors. *Id.* at 39, 40; 8 C.F.R. § 1003.19(d).

Therefore, absent a successful *Joseph* hearing, Khalil cannot be ordered released from custody. If Khalil successfully challenges that he is not subject to removal under 8 U.S.C. § 1227(a)(4)(C), then the immigration judge has authority under 8 U.S.C. § 1226(a) to order the appropriate form that any subsequent release would take.

II. The IJ Cannot Vacate the Secretary of State's Determination or Issue the Requested Injunction.

Regarding the second and third requests for relief in the motion for preliminary injunction, the immigration judge could not enjoin or vacate the Secretary of State's determination that the Immigration and Nationality Act's ("INA") "Foreign Policy Ground" applies to Khalil and could not enjoin the alleged policy of targeting individuals who engage in certain protected expressive activity. An immigration judge has no general equitable authority over the Secretary of State and has no authority to review the Department of Homeland Security's ("DHS") enforcement priorities and prosecutorial discretion. However, the immigration judge would have the authority to find that the charge of removability has not been sustained.

The authority of immigration judges comes from the INA and regulations. *See* 8 C.F.R. § 1003.10(b) ("[I]mmigration judges shall exercise the powers and duties delegated to them by the Act and by the Attorney General through regulation."); *see also Lopez-Telles v. Immigr. & Naturalization Serv.*, 564 F.2d 1302, 1304 (9th Cir. 1977) (per curiam) (noting that an immigration judge is "an officer created solely by statute"). The INA provides that an immigration judge "shall conduct proceedings for deciding the inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1). The immigration judge has the authority to determine removability and to adjudicate requests for certain forms of relief from removal. *See Matter of W-Y-U-*, 27 I. & N. Dec. 17, 19 (BIA 2017)[2] ("The role of the Immigration Courts and the Board is to adjudicate whether an alien is removable and eligible for relief from removal in cases brought by the DHS."); *Matter of J-A-B- & I-J-V-A-*, 27 I. & N. Dec. 168, 170–71 (BIA 2017) (same); 8 U.S.C. § 1229a(c)(1)(A) ("At the conclusion of the proceeding the immigration judge shall decide whether an alien is removable from the United States."); 8 C.F.R. § 1240.1(a) (immigration judge's authority in removal proceedings); *id.* § 1240.31 (authority in exclusion proceedings commenced prior to April 1, 1997); *id.* § 1240.41(a) (authority in deportation proceedings commenced prior to April 1, 1997); *see also id.* § 1240.12(c) ("The order of the immigration judge shall direct the respondent's removal from the United States, or the termination of the proceedings, or other such disposition of the case as may be appropriate."). The INA and implementing regulations do not provide the immigration judge with general injunctive or equitable authority. *See* 8 C.F.R. §§ 1240.1(a), 1240.31, 1240.41(a). Thus, an immigration judge cannot order the Secretary of State to take or not take any action regarding the type of foreign policy determination at issue here.

---

[2] The Attorney General overruled *W-Y-U-* on other grounds in *Matter of Castro-Tum*, 27 I. & N. Dec. 271, 272 (A.G. 2018). But a subsequent Attorney General overruled *Castro-Tum* and instructed immigration courts to follow *W-Y-U-*. *See Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (A.G. 2021).

2

DHS has "exclusive authority" to initiate removal proceedings. *Matter of J-A-B- & I-J-V-A-*, 27 I. & N. Dec. at 170–71. DHS's decision "to commence removal proceedings involves the exercise of prosecutorial discretion," which immigration judges lack the authority to review. *Id.*; *Matter of W-Y-U-*, 27 I. & N. Dec. at 19 ("We lack the authority to review the DHS's decision to institute proceedings, which involves the exercise of prosecutorial discretion."); *Matter of Quintero*, 18 I. & N. Dec. 348, 350 (BIA 1982); *Matter of Ramirez-Sanchez*, 17 I. & N. Dec. 503, 505 (BIA 1980). The immigration judge has the authority to terminate proceedings only in certain defined situations, including when "[n]o charge of deportability, inadmissibility, or excludability can be sustained." 8 C.F.R. § 1003.18(d)(1)(i)(A); *see id.* § 1003.18(d) (listing when termination is mandatory or discretionary).[3] "It is well settled that an Immigration Judge may only 'terminate proceedings when the DHS cannot sustain the charges [of removability] or in other specific circumstances consistent with the law and applicable regulations.'" *Matter of J-A-B- & I-J-V-A-*, 27 I. & N. Dec. at 169 (alteration in original) (quoting *Matter of Sanchez-Herbert*, 26 I. & N. Dec. 43, 45 (BIA 2012)); *see Matter of Coronado Acevedo*, 28 I. & N. Dec. 648, 648 (A.G. 2022) (similar). Immigration judges do not "pass upon the constitutionality of the statutes [they] administer." *Matter of Bulos*, 15 I. & N. Dec. 645, 648 (BIA 1976); *see In Re Punu*, 22 I. & N. Dec. 224, 229 (BIA 1998) (similar). But the immigration judge may consider constitutional challenges to the evidence DHS submits in support of the charges of removability. *See Matter of Sandoval*, 17 I. & N. Dec. 70, 72 (BIA 1979) (disregarding a statement elicited after the respondent "was improperly denied her Fifth Amendment privilege against self-incrimination"); *id.* at 82–83 (evaluating a Fourth Amendment challenge to the consideration of evidence).

Because the immigration judge lacks authority to issue injunctions and to review DHS's exercise of prosecutorial discretion, the immigration judge could not enjoin the Secretary of State's determination as to Khalil or the alleged policy of targeting those who engage in certain protected expressive activity. But the immigration judge has the authority to adjudicate the charges of removability. The appropriate court of appeals' review would have to conduct its review while paying due deference to the Executive's foreign policy considerations. *See, e.g.*, Trump v. Hawaii, 585 U.S. 667, 702–03 (2018).

To be clear, the petition-for-review process does allow for broader challenges to agency practices, meaning a court of appeals in theory could order vacatur of the Secretary of State's determination or vacate an alleged policy of targeting Khalil for engaging in certain protected expressive activity. *See, e.g.*, *Naranjo-Aguilera v. INS*, 30 F.3d 1106, 1114 (9th Cir. 1994) (noting that "Petitioners appealing orders of deportation routinely bring statutory and constitutional challenges to INS regulations and policies," and rejecting contention that petitioners "will be unable to argue their claims effectively if forced to bring them in the context of appeals from orders of deportation"); *Judulang v. Holder*, 565 U.S. 42, 52 (2011) (overturning agency policy as arbitrary and capricious under the APA in PFR challenge initially raised to the Ninth Circuit). Congress expressly preserved "constitutional claims and questions of law" so long as they are brought through a petition for review. 8 U.S.C. § 1252(a)(2)(D).

The immigration judge lacks authority to issue these two sought-after forms of relief, but that does not prevent a court of appropriate jurisdiction from doing so.

---

[3] The regulations use the word "dismiss" in a similar but slightly different sense from "terminate." The immigration judge may "dismiss" proceedings only upon motion of the government. 8 C.F.R. § 1239.2(b)–(c).

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov