UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAHMOUD KHALIL,

        *Petitioner,*

v.

WILLIAM P. JOYCE, et al.,

        *Respondents.*

Case No. 2:25-cv-01963

**DECLARATION OF IAN FERNANDO HINONANGAN, ESQ.
IN SUPPORT OF PETITIONER'S PRELIMINARY INJUNCTION
ASSERTING THAT A CHARGE OF REMOVABILITY
UNDER SECTION 237(a)(4)(C)(i) AND 237(a)(1)(A)
OF THE IMMIGRATION AND NATIONALITY ACT
DOES *NOT* SANCTION MANDATORY DETENTION
OF PETITIONER UNDER 8 U.S.C. SECTION 1226**

I, Ian Fernando Hinonangan, Esq., declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct:

1. I was admitted to practice law by the Supreme Court of New Jersey in November 2002 and subsequently by the New Jersey District Court and the Third Circuit Court of Appeals in 2003.

2. The Respondents claim that because Petitioner "is currently charged as removable under 8 U.S.C. Section 1227 (a)(4)… [t[herefore, the IJ cannot review a custody determination and set appropriate bond" is an incorrect reading of this section of the statute as it pertains to Apprehension and Detention of Aliens under 8 U.S.C. Section 1226. See (ECF 190) at 2.

3. The record is undisputed that Khalil is charged of removability under: (a) Section 237(a)(4)(C)(i) of the Immigration and Nationality Act (INA), which is the sole charge specified on the March 9, 2025 Notice to Appear, and (b) Section 237(a)(1)(A), which is the additional charge of deportability on Form I-261, Additional Charges of Inadmissibility/Deportability hand-dated "3/17/2025". See the NTA at (ECF 48), Ex. A, ¶ 7-9; see Form I-261(ECF 128), Ex. A, ¶ ¶ 5-6.

4. The first charge under Section 237(a)(4)(C)(i) of the (INA (Foreign Policy) reads: "The Secretary of State has reasonable ground to believe that your presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States." See Section 237(a)(4)(C)(i) of the INA; also see the NTA at (ECF 48), Ex. A, ¶ 7-9.

5. The second charge under Section 237(a)(1)(A) of the INA (Fraud or Willful Misrepresentation) reads: "In that at the time of entry or adjustment of status, you were within one or more of the classes of aliens inadmissible by the law existing as such time, to wit: aliens who seek to procure, or have sought to procure, or who have procured a visa, other documentation, or admission into the United States, or other benefit provided under the Act, by fraud or by willfully misrepresenting a material fact, under Section 212(a)(6)(C)(i) of the Act. see Form I-261(ECF 128), Ex. A, ¶ ¶ 5-6.

6. The critical question therefore is whether a charge of removability under section 237(a)(4)(C)(i) (Foreign Policy) and 237(a)(1)(A) (Fraud or Willful Misrepresentation) trigger or sanction mandatory detention so that an Immigration Judge cannot review Khalil's ongoing detention.

7. The answer is no.

8. A strict construction of 8 U.S.C. Section 1226(a) compels a reading that while Khalil may be arrested and detained pending a decision on whether he is removable from the U.S. (which has already happened and Khalil remains detained to date), the "and" between subsection (1) "may continue to

detain") and (2) "<u>may</u> release the alien on bond… or conditional parole…" squarely defeats the mandatoriness of Khalil's detention or Respondent's claim "the IJ cannot review a custody determination and set appropriate bond". [Emphasis Added.] See (ECF 190) at 2. Also see 8 U.S.C. Section 1226(a) footnoted as 2 below.[1]

9. Compare "may" in subsections (1) and (2) of Section 1226(a) to the stronger language of mandatoriness in subsection (c) ("Detention of Criminal Aliens") under the same section, footnoted as 3 below, where the wording is "shall take into custody" any alien".[2]

10. Respondents erroneously reading that a mere charge of removability under 8 U.S.C. Section 1227(a)(4) deprives an IJ review of a custody determination because detention is mandatory. See (ECF 190) at 2. Specifically, Respondents only referenced 8 U.S.C. Section 1227(a)(4), which falls under "Security and Related Grounds" as basis of Khalil's removability but stops short of citing to the full

---

[1] 8 U.S. Code § 1226 - Apprehension and Detention of Aliens
(a) Arrest, detention, and release
    On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on—
        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
        (B) conditional parole; but
    (3) may not provide the alien with work authorization…

[2] (c) Detention of criminal aliens
    (1) Custody
        The Attorney General shall take into custody any alien who—
        (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
        (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
        (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [1] to a term of imprisonment of at least 1 year,
        (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or
        (E)
        (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
        (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person…

section of the underlying charge on Khalil's NTA "237(a)(4)(C)(i)", as outlined in full above in paragraph 4, which falls under "Foreign Policy". See Section 237(a)(4)(C)(i) of the INA. This omission is critical because Section 237(a)(4)(C)(i) is **NOT** an enumerated charge that trigger mandatory detention under 8 U.S.C. Section 1226(c), as discussed fully below.

11. A complete run-down of subsections (A)-(E) of 8 U.S.C. Section 1226(c)(1) does **NOT** list the initial charge of section 237(a)(4)(C)(i) (Foreign Policy) and the additional charge of 237(a)(1)(A) (Fraud or Willful Misrepresentation) or its federal statutory counterpart under 8 U.S.C. Section 1182 as discussed in detail below. [Emphasis Added.]

12. Subsection A of 8 U.S.C. Section 1226(c)(1) does not apply to Khalil because this refers to any alien who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2)"("Criminal and Related Grounds") and Khalil is not a criminal alien.

13. Subsection B of 8 U.S.C. Section 1226(c)(1) does not apply to Khalil because this refers to any alien who "is deportable by reason of having committed an offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) ("Criminal offenses") and and Khalil is not a criminal alien.

14. Subsection C does not apply to Khalil because this refers to any alien who "is deportable under section 1227(a)(2)(A)(i) [Crimes of moral turpitude] on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year" and Khalil is neither a criminal alien nor has he ever been sentenced to any term of imprisonment.

15. More importantly, Subsection D does not apply to Khalil because this refers only to any alien who "is inadmissible under section 1182(a)(3)(B) [Terrorist activities] or deportable under section 1227(a)(4)(B) [Terrorist activities] and Khalil is **not** being charged with having committed "terrorist activities". Khalil's sole charge under section 1182(a)(3) is under Subsection C ("Foreign Policy").

16. Lastly, Subsection E does not apply to Khalil because this refers to any alien who "(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person…"[Emphasis Added.] While the first half, subsection (i) of part E, covers the additional charge of removability of 237(a)(1)(A) (Fraud or Willful Misrepresentation), to wit, under the federal statute counterpart of section 1182(a)(6)(C) (as emphasized in the prior sentence), the latter half, subsection (ii) of part E, as connected by "and", also does not apply to Khalil because Khalil is not an alien who has committed any of the listed crimes in subsection (ii).

17. Therefore, under a strict construction of the entirety of 8 U.S.C. Section 1226, Khalil's charge of removability under section 237(a)(4)(C)(i) and 237(a)(1)(A) does not trigger or sanction mandatory detention so that an Immigration Judge cannot review Khalil's ongoing detention contrary to the Government's claim. See (ECF 190) at 2.

Dated: April 11, 2025

Respectfully submitted,

/s/ Ian Hinonangan

IAN F. HINONANGAN, ESQ.
Attorney - Amicus: Immigration Lawyers,
Law Professors, and Scholars
Ian F. Hinonangan, P.C.
350 Warren Street, Suite #10
Jersey City, NJ 07302
iancorporate@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing filing was served on counsel of record via the Court's CM/ECF system on April 11, 2025.

Dated: April 11, 2025

IAN F. HINONANGAN, ESQ.
Attorney - Amicus: Immigration Lawyers, Law Professors, and Scholars