

**U.S. Department of Justice**
Civil Division

April 30, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

Re: ***Khalil v. Joyce, et al.*, Civ. Act. No. 25-1963 (MEF) (MAH)**
**Government's Response to Court's Order (ECF No. 215)**

Dear Judge Farbiarz:

Respondents ("the Government") respond to this Court's order (ECF No. 215). Section 1292(b) is appropriate if there is (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation. Those preconditions are unquestionably satisfied here. Therefore, the Court should certify its order. *See* ECF No. 214. To help facilitate the Court's decision, the Government has obtained authorization from the Solicitor General to seek an interlocutory appeal in this matter, and would apply for one should this Court so certify.

The Opinion Involves a Controlling Question of Law and Would Materially Advance the Ultimate Termination of the Litigation.

Whether the Immigration and Nationality Act (INA) divests this Court of jurisdiction over the claims presented in this habeas petition is unquestionably a controlling question of law. If the Third Circuit holds that 8 U.S.C. §§ 1226(e), 1252(g), and 1252(b)(9) all individually, collectively, or a combination thereof apply and serve as jurisdictional bars, this Court would have to dismiss the habeas petition. *See, e.g.*, *Tazu v. Att'y Gen.*, 975 F.3d 292, 300 (3d Cir. 2020) (instructing the district court to dismiss for lack of jurisdiction because of §§ 1252(g) and 1252(b)(9)); *Hector G.M. v. Warden Elizabeth Det. Ctr.*, 2021 WL 5320854, at *4 (3d Cir. Nov. 16, 2021) (affirming dismissal for lack of subject matter jurisdiction because of § 1252(g)); *Asemani v. Att'y Gen.*, 140 F. App'x 368, 376–77 (3d Cir. 2005) (instructing district court to dismiss petitions challenging bond orders because § 1226(e) barred review). The issue of jurisdiction controls the rest of this litigation. Pending before this Court remain Khalil's applications for (i) bail-pending habeas; (ii) habeas relief; and (iii) a preliminary injunction (covering much of the same core relief), which would be decided presuming that this Court had subject-matter jurisdiction. But if the INA precludes habeas review here, then the jurisdictional foundation for any subsequent decision would be lacking. And any decision regarding any of those matters would be null-in-void. *See Augustin v. City of Philadelphia*, 2016 WL 7042215, at *1 n.1 (E.D. Pa. Apr. 8, 2016); *Knopck v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013); *Cadillo v. Stoneleigh Recovery Assocs., LLC*, , 2018 WL 702890, at *1 (D.N.J. Feb. 2, 2018).

The Court's Ruling Presents a Substantial Ground for a Difference of Opinion.

By its own terms, the Court's one-hundred-plus-page opinion recognizes that there is more than ample room for disagreement on the jurisdictional questions at issue.

For starters, § 1252(b)(9) bars district court review of "most claims that *even relate to removal*." *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020). And as this Court readily admits, there is a "strong" argument that this provision applies to this case—*i.e.*, that there is at least a substantial ground for disagreeing it does not. *See* Opin. 10; *see also id.* at 39 (describing the Government's argument as "solid"). The Third Circuit itself may have a substantial ground for a difference of opinion. *See* Opin. 40 (noting two Third Circuit decisions "appear to pull in opposite directions"). For another, whether *Massieu v. Reno*, 91 F.3d 416 (3d Cir. 1996), is dispositive appears to be up for substantial debate. Described as "very similar" to the case at hand, *Massieu* and another case suggest that "going to the administrative courts is necessary—even when they cannot be the litigation's main event." Opin. 51, 79. But the Court believes that this case is different. *See id.* at 80.

For a third, the Court held that § 1252(g) does not bar review of the claims at issue because it does not apply to the Secretary of State's determination. Opin. 101–02. But other courts have read § 1252(g) to apply to the Executive as a whole. *See Tazu*, 975 F.3d at 298; *E.F.L.*, 986 F.3d at 964–65. That includes situations where one part of the branch (*e.g.*, DHS) takes a removal action as the result of the decision of another (*e.g.*, State). *See Taal v. Trump*, 2025 WL 926207, at *1-3 (N.D.N.Y. Mar. 27, 2025) (applying § 1252(g) where the State Department's revocation of a visa commenced removal proceedings); *cf. Alghadbawi v. Napolitano*, 2011 4390084, at *5 (S.D. Ind. Sept. 19, 2011) (applying § 1252(g) when Secretary of State, in part, was still contemplating whether to waive an organization's status as a Tier III terrorist organization). More broadly, the holding on § 1252(g) is in at least some first-blush tension with *Reno v. Am.-Arab Anti-Discrimination Comm.*, where the Supreme Court held that a prior version of § 1252(g) barred claims virtually identical to those brought here. 525 U.S. 471, 487–92 (1999). With a government admission "that the alleged First Amendment activity was the basis for selecting the individuals for adverse action," *id.* at 488 n.10, the Supreme Court nevertheless held that Congress intended to bar judicial review of a constitutional challenge to that removal proceeding, *id.* at 487; *see also Taal*, 2025 WL 926207, at *2-3 (finding lack of jurisdiction to enjoin proceedings when the petitioner "will have the opportunity to raise his constitutional challenges before the immigration courts and, if a final order of removal is issued, before the appropriate court of appeals").

Indeed, federal district courts have recently "split" over this very issue—which shows *a fortiori* that there is substantial ground for disagreement over this issue. Opin. 107. This Court's decision adds a third to that growing list of conflicting opinions. These jurisdictional questions are important and being addressed around the country, currently in the Second, Third, Fourth, and Tenth Circuits. Both judicial economy and the uniform application of immigration law would thus materially benefit from a prompt decision from the Third Circuit on where these sorts of suits should be litigated.

Finally, certification is warranted here, given the Court's prior decision to certify a separate jurisdictional question to the Third Circuit. *See* ECF No. 170. The questions at issue go to this Court's very ability to hear this case. It would make little sense to send *one* of these substantial questions to the Third Circuit, while reserving the *others* for a later day—even as they may prove dispositive on appeal. The better course is for the Third Circuit to review a single interlocutory appeal that presents all of these threshold jurisdictional issues together in one fell swoop.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov