Hon. Michael E. Farbiarz, United States District Judge         May 1, 2025
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

Re: Petitioner's Response to Court's Order at ECF 215 (*Khalil v. Joyce*, No. 25-cv-1963)

Dear Judge Farbiarz:

In seeking yet another certification under section 1292(b)—their second in less than a month—Respondents are poised to "open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation," *Milbert v. Bison Lab'ys, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958), resulting in the kind of "piecemeal appellate litigation" that Congress has long sought to prohibit. *Bachowski v. Usery*, 545 F.2d 363, 371 (3d Cir. 1976). This concern is all the more pronounced here, where the Court has before it three fully-briefed substantial motions that will likely result in additional orders, and it has issued a thorough opinion resolving jurisdictional issues that cut across the pending motions, ECF 214. The final judgment rule was intended to prevent situations like this, involving multiple interlocutory appeals covering similar factual ground and relating to the same ultimate relief. *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106–07 (2009).

Respondents cannot meet their burden of demonstrating that each of the three requirements of section 1292(b) are met. And even if they could, the Court should exercise its complete discretion under the statute to deny their request. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) ("[L]eave to appeal may be denied for entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue."). Petitioner does not dispute that the Court's order involves a "controlling question of law." But Respondents simply do not demonstrate that the law upon which the Court's order relies presents a "substantial ground for difference of opinion." Nor will an interlocutory appeal "materially advance the ultimate termination of the litigation" because this Court is now poised to resolve Petitioner's outstanding motions and proceed with adjudicating his habeas petition.

First, far from adding to a "growing list of conflicting opinions," ECF 218 at 2, this Court's opinion joins the *unanimous* consensus amongst federal district courts that the Immigration and Nationality Act ("INA") does not strip habeas jurisdiction over claims by noncitizens that they were targeted and detained for exercising their First Amendment rights. *See Ozturk v. Trump*, 2025 WL 1145250 (D.Vt. Apr. 18, 2025), at *10–15; *Mahdawi v. Trump*, No. 25-cv-389 (D. Vt. Apr. 30, 2025), at 7–15; *cf. Taal v. Trump*, 2025 WL 926207, at *2 (non-habeas action by student who had "concede[d]" he will "have the opportunity to raise his constitutional challenges before the immigration courts…"). Nor is there any substantial dispute that Petitioner cannot obtain meaningful review of his constitutional claims in the immigration courts. Indeed, Respondents themselves have acknowledged that the immigration courts cannot afford Petitioner the relief that he seeks, nor can they develop an adequate record for review of his constitutional claims by the court of appeals in the first instance. ECF 185, 190; Op. 61–62. And several circuits are in agreement with the Third Circuit that, if a petitioner seeks "relief that courts cannot meaningfully provide alongside review of a final order of removal," section 1252(b)(9) does not apply. *E.O.H.C. v. Sec'y DHS*, 950 F.3d 177, 180 (3d Cir. 2020); *see also Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007)((b)(9) does not apply where administrative process cannot provide "meaningful

judicial review"); *Delgado v. Quarantillo,* 643 F.3d 52, 55 (2d Cir. 2011) ("whether district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking"). "*EOHC* and *Massieu* thus point in the same direction:" that "'meaningful review'" is the "touchstone" for determining whether a case must proceed in immigration court. Op. 51–52. Even where courts have countenanced some delay in federal court review so that the administrative process can run its course, their "response to a here-and-now impact on political speech has been the same across the board: no unnecessary delay." Op. 83; *id*. at 84–88 (collecting cases). The Court's ruling fits squarely within this unbroken tradition. Respondents may disagree with the Court's conclusion that *Massieu v. Reno*, 91 F.3d 416 (3d Cir. 1996), is not "dispositive" here, ECF 218 at 2, but a motion for certification cannot be granted "merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. R. Meyer,* 575 F.Supp. 280, 282 (E.D.Pa.1983). And to the extent that *EOHC* and *Chehazeh v. Att'y Gen. of the U.S.*, 666 F.3d 118 (3d Cir. 2012), "appear to pull in different directions, Op. 40, that does not help Respondents because they cannot succeed under either case. *See Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013).

With respect to section 1252(g), Respondents attempt to manufacture a difference of opinion where there is none. Both *Tazu v. U.S. Att'y Gen.*, 975 F.3d 292, 298 (3d Cir. 2020) and *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) involved challenges to the execution of removal orders *by DHS officials*, not actions by other executive branch officials. And there is no dispute that 1252(g) is a "tightly drawn provision," Op. 101, targeted at the Attorney General's exercise of prosecutorial discretion—something not implicated in this case where Petitioner challenges a determination made by the Secretary of State, as well as his detention and a broader policy. Where "the law is well settled," "differences of opinion with respect to how the law should be applied to the facts of the case" do not support certification. *Fechter v. Connecticut Gen. Life Ins. Co.*, 800 F. Supp. 178, 181 (E.D. Pa. 1991).

Second, an interlocutory appeal will not materially advance the ultimate termination of the litigation. With multiple matters ripe for decision and the jurisdictional issues resolved, this Court is poised to decide the merits of Petitioner's urgent claims. And even if Respondents were to prevail, they will continue their litigation against Petitioner in their chosen forums within the Fifth Circuit, where review of the constitutional questions and development of an adequate factual record would not be possible. Op. 54–55. When that case does finally make it to the court of appeals, the court would deem many questions raised by Petitioner as out-of-bounds in the context of reviewing a final order of removal, necessitating the filing of a new case addressing the continuing harms of retaliation. And if the Fifth Circuit were to remand some of the undeveloped fact issues within the bounds of its review, this only "folds in another round of back and forth—and therefore an extra dollop of delay." Op. 91 n.65.

Finally, that Respondents seek to consolidate their interlocutory appeals is of no matter, because each "piecemeal, prejudgment appeal[]," *Mohawk Industries*, 558 U.S. at 106, results in further delay and compounds the immediate and ongoing "archetypal irreparable harm" to Petitioner, who has been detained for nearly two months due to his political speech. Op. 97. "Every day that a person is detained is a significant injury," and Petitioner's interest in ultimate relief is "particularly substantial in this case given the First Amendment concerns he has raised." *Mahdawi*, 2025 WL 124135, at *14.

Respectfully,

/s/Jeanne LoCicero

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem
Naz Ahmad
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805
Fax: (212) 571-3792

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003

*Appearing pro hac vice*

*Counsel for Petitioner*