UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAHMOUD KHALIL,

    *Petitioner*,

v.

WILLIAM P. JOYCE et al.,

    *Respondents*.

No. 25-cv-01963 (MEF)(MAH)

<u>OPINION and ORDER</u>

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

\* \* \*

On April 29, the Court filed an Opinion as to whether certain statutes strip habeas jurisdiction over the core claims in this case. <u>See</u> <u>Khalil</u> v. <u>Joyce</u>, 2025 WL 1232369 (D.N.J. Apr. 29, 2025). On April 30 and May 1, the parties set out their views on whether an interlocutory appeal should be certified here under 28 U.S.C. § 1292(b). <u>See</u> Petitioner's Letter (May 1, 2025) (ECF 221); Respondents' Letter (Apr. 30, 2025) (ECF 218).

\* \* \*

The April 29 Opinion meets the three-part test set out in Section 1292(b).

\* \* \*

<u>First</u>, is "a controlling question of law" in play? Yes. The April 29 Opinion was based entirely on legal determinations. No factual findings were made. And there are no relevant disputed facts.

1

The second part of the test: "that an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). That is the case here. The Opinion focused solely on jurisdiction. That is a necessary ingredient in any case. See Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974) ("[A] dismissal for want of jurisdiction is within § 1292(b)."); see also Khalil v. Joyce, 2025 WL 1019658, at *1 (D.N.J. Apr. 4, 2025) (collecting cases).

Third, Section 1292(b) requires "a substantial ground for difference of opinion" as to the controlling question of law. That box is checked. For example, there is a split of judicial opinion in this area, see Khalil, 2025 WL 1232369, at *60, and there are some differences between the cases that bind this Court. See id. at *21. Moreover, a number of issues discussed in the April 29 Opinion --- in Part IV.D, for example --- have not been directly addressed by the Third Circuit. See generally Padilla ex rel. Newman v. Rumsfeld, 256 F. Supp. 2d 218, 223 (S.D.N.Y. 2003).

\* \* \*

But there is a difficulty here that neither party speaks to. Namely, what issued on April 29 was an opinion, not an order.[1]

The text of Section 1292(b) speaks only to orders, and the Third Circuit has confirmed as much. See, e.g., In re Cmty. Bank of N. Virginia, 622 F.3d 275, 314 n.35 (3d Cir. 2010), as amended (Oct. 20, 2010); Link v. Mercedes-Benz of N. Am., Inc., 550 F.2d 860, 863 (3d Cir. 1977); Okolinsky v. Phila., Bethlehem & New Eng. R.R. Co., 282 F.2d 70, 71 (3d Cir. 1960); accord 16 Charles

---

[1] This is in part because of how the Respondents have chosen to litigate this case. If they had moved to dismiss for lack of jurisdiction, the Court, based on the reasoning in its April 29 Opinion, would have entered an order denying such a motion. Instead, the Respondents have opted to pose the jurisdictional questions defensively --- arguing that the Petitioner's preliminary-injunction motion is not likely to succeed for a number of reasons, including for lack of jurisdiction. In this posture, the Court's rejection of one of the Respondents' arguments, the jurisdictional one, is simply a step along the way to a final decision; therefore, it does not naturally generate an order.

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 n.2 (3d ed. 2025).

The Respondents have not explained how this problem might be overcome. And as the moving party, that is for them to do. See Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (citing McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1264 (11th Cir. 2004)) ("the party pursuing the interlocutory appeal bears the burden"); Consumer Fin. Prot. Bureau v. Navient Corp., 522 F. Supp. 3d 107, 113 (M.D. Pa. 2021); Maxlite, Inc. v. ATG Elecs., Inc., 2017 WL 215970, at *2 (D.N.J. Jan. 17, 2017). The burden of persuasion is theirs, and they have not carried it. The motion, at ECF 218, is therefore denied.[2]

\* \* \*

IT IS on this 1st day of May, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J

---

[2] The practical import of this is not clear. The Respondents have sought interlocutory review of this Court's April 1 Opinion and Order. If the Third Circuit opts for interlocutory review it might also be able to review the issues taken up by this Court in the April 29 Opinion. After all, the April 29 Opinion focused on subject-matter jurisdiction, and "[o]bjections to subject-matter jurisdiction . . . may be raised at any time." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). But these issues are not for this Court. The Respondents have moved for Section 1292(b) certification, and they have not persuaded the Court that it is available.