<u>VIA ECF</u>                                                                                                    May 2, 2025
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Newark, New Jersey 07101

                **Re: Khalil v. Trump, et al., No. 2:25-cv-1963 (MEF) (MAH)**

Dear Judge Farbiarz:

      Petitioner writes to notify the Court of a recent decision relevant to the Court's consideration of Petitioner's pending motions for bail (ECF 53, 93) and a preliminary injunction ordering release (ECF 66, 67). In *Mahdawi v. Trump*, No. 25-cv-00389-GWC, -- F.Supp.3d -- , 2025 WL 1243135 (D.Vt. Apr 30, 2025), the district court ordered the petitioner's release on bail pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), following an evidentiary hearing.[1]

      The petitioner in *Mahdawi* is a Columbia University graduate student who, like Mr. Khalil, "filed a petition for a writ of habeas corpus challenging the government's alleged retaliatory and targeted detention and attempted removal . . . for his constitutionally protected speech," including a request for release on bail. 2025 WL 1243135, at *1 (internal citations and quotation marks omitted). The petitioner in *Mahdawi*, like Mr. Khalil, raises claims directly challenging his ongoing detention on First and Fifth Amendment grounds, in addition to claims challenging the government's policy of retaliation and Secretary Rubio's determination in his case.

      In its decision granting release, the district court held that it had jurisdiction for purposes of the bail motion, addressing three statutes of relevance to Mr. Khalil's case. First, the district

---

[1] In both his motion for bail and his motion for a preliminary injunction, Petitioner asks this Court to order his release pending adjudication of his habeas petition. His habeas petition challenges several underlying government actions, including: (1) the federal government's policy of retaliation against noncitizens engaged in pro-Palestinian speech in general and as applied to Petitioner; (2) Secretary Rubio's determination with respect to the Petitioner; and (3) the federal government's retaliatory and punitive detention of Petitioner. Irrespective of any further discovery that may or may not be necessary across these various issues in order to adjudicate his habeas claims in full, Op. 64 n.74, Petitioner respectfully maintains that a more limited evidentiary record is sufficient for adjudication of the portions of his motions seeking release *pendente lite,* whether based on the current record or any expedited evidentiary hearing this Court may order for the purpose of adjudicating Petitioner's motions for release. Petitioner has submitted evidence of federal officials' retaliatory motives in his case (ECF 68-1, 68-2, 68-3, 68-4, 175-6, 175-10, 175-11, 175-12, 175-13, 175-15, 175-16, 175-17, 175-18, 175-19, 175-20, in addition to officials' statements quoted in the petition and briefing). Petitioner has also submitted evidence of his lawful permanent resident status (ECF 56-2), family ties to his U.S. citizen wife and child (ECF 55, 56-4, 56-5, 203, 207), educational program and upcoming graduation (ECF 56-1), immigration court filings, including evidence refuting removal charges (ECF 198-1, 200, 210-1, 210-2, 210-3, 211-1, 212-1, 213-1, 213-2), and letters of support from friends, classmates, teachers, and colleagues (ECF 56-6, 93-1), all of which demonstrates his community ties and his lack of flight risk or dangerousness.

court concluded that a First Amendment challenge to detention does not fall within the three discrete actions referenced in 8 U.S.C. § 1252(g) given the Supreme Court's analysis in *Reno v. AADC,* 525 U.S. 471 (1999). *See Mahdawi*, 2025 WL 1243135, at *6 ("Such an analysis allows for the exercise of habeas jurisdiction in cases that do not seek to challenge the removal proceedings but are directed instead at administrative detention alleged to be employed to stifle protected speech."). Next, the district court held that "§ 1226(e) does not preclude review through habeas procedures of claims that administrative action violates the Constitution" in light of Supreme Court and circuit precedent finding jurisdiction over constitutional challenges to detention. *Id.* With respect to § 1252(b)(9), the court held that "[t]he legal questions" regarding his "substantial claim that the Government arrested him to stifle speech with which it disagrees" are not questions that "'arise from' the Government's decision to place him in removal proceedings" because claims of retaliatory detention are "quite separate from the removal procedures followed by the immigration courts." *Id.* at *8 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 & n.3 (2018)).

After concluding that "there is a sufficient basis for jurisdiction to proceed to the issue of release or detention," the district court then turned to the merits of the bail motion under the "substantial claims" prong of *Mapp v. Reno*. *Mahdawi*, 2025 WL 1243135, at *8-13. Like Mr. Khalil, the petitioner in *Mahdawi* raised First *and* Fifth Amendment challenges to detention, both of which the district court found substantial. The district court observed that Mr. Mahdawi's speech was entitled to the highest First Amendment protections and the limited evidence developed so far was sufficient to demonstrate a substantial First Amendment claim of retaliatory detention. *Id.* at *10 ("A bail hearing is not the time to rule on the merits of the evidence or the methods of inferring retaliatory motive. It is sufficient at this juncture to consider the Government's public statements, including Executive Orders 14161 and 14188, as evidence of retaliatory intent."). The district court similarly concluded that Mr. Mahdawi raised a substantial Fifth Amendment due process challenge to his detention in light of the government's punitive purpose and/or lack of legitimate purpose. *Id.* at *11 ("Immigration detention cannot be motivated by a punitive purpose. Nor can it be motivated by the desire to deter others from speaking.").

Next, the district court held that the petitioner demonstrated extraordinary circumstances and that release is necessary to make the habeas remedy effective. First, the court found that the petitioner presented no risk of flight or danger to the community, which was an extraordinary circumstance in favor of release.[2] *Id.* at *12. Second, the court recognized "the extraordinary setting of this case and others like it" where "[l]egal residents—not charged with crimes or misconduct—are being arrested and threatened with deportation for stating their views on the political issues of the day." *Id.*[3] Recalling the historic role of courts in addressing retaliation against noncitizens during the Red Scare, Palmer Raids, and the McCarthy period, the court observed that "this case . . . is extraordinary in the sense that it calls upon the ancient remedy of habeas to address a persistent modern wrong." *Id.* at *13. Finally, the court held that "release is necessary to make

---

[2] Notably, Respondents here have not contested Mr. Khalil's assertions, supported by his bail motion submissions, that he is not a flight risk or danger to the community. ECF 99 at 26 (acknowledging and not challenging Petitioner's argument "that he is not a flight risk or a danger to the community," stating only that "personal hardships are not the sort that give rise to relief").

[3] Petitioner also provides evidence regarding other targeted individuals. ECF 174-3, 175-4, 175-5, 175-6, 175-8.

habeas effective" in light of the curtailment of the Petitioner's freedom of speech while in detention. *Id.* at *13 (observing that "release is essential to make habeas relief effective, not only for him but for others who wish to speak freely without fear of government retaliation").

On this basis, the district court ordered the petitioner's release subject to certain conditions. *Id.* at *14-15. The court further denied the government's request for a stay pending appeal, emphasizing not only the merits but also the irreparable harm to the petitioner and the public interest favoring his release. *Id.* at *13-15. Mr. Mahdawi was released the same day.

/s/ Jeanne LoCicero

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem*
Naz Ahmad
Shezza Abboushi Dallal*
Mudassar Toppa*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805
Fax: (212) 571-3792

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*

3

                                                              360 Post St., Suite 800
                                                              San Francisco, CA 94108
                                                              Tel: (415) 981-3000
                                                              Fax: (415) 981-3003

*\* Appearing Pro hac vice*                            *Counsel for Petitioner*