



U.S. Department of Justice

Civil Division

May 5, 2025

**By ECF**

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

    Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
                    **Government's Response to Court's Order (ECF No. 217)**

Dear Judge Farbiarz:

    Respondents ("the Government") submit this letter in response to this Court's order (ECF No. 217). The Government continues to believe that subject-matter jurisdiction and venue are lacking, and those are bases to dismiss the third amended petition.

I.    <u>District Courts Lack Subject-Matter Jurisdiction Over Removal-Related Issues.</u>

    Petitioner Mahmoud Khalil filed his third amended petition, now alleging that his second removability charge related to fraud or willful misrepresentation is also an act of retaliation. ECF No. 223-1, ¶ 89. This third amended petition suffers from the same jurisdictional defects as all the others, *see* ECF Nos. 97, 99, 156 (namely 8 U.S.C. §§ 1252(g), (b)(9)). Challenging this charge in a federal district court confirms that Khalil is in a race with the immigration court, and he would prefer that this Court determine removability issues first. But that is exactly what Congress has prohibited.

    "[M]ost claims that even relate to removal" are improper if brought before a district court. *E.O.H.C. v. Sec. United States Dep't of Homeland Sec.* 950 F.3d 177, 184 (3d Cir. 2020). That is because in passing the REAL ID Act, Congress clearly intended "to have all challenges to removal orders heard in a single forum (the courts of appeals)" as part of a petition for review. *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005). Hence, the broad language that states: "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section." Congress explicitly precluded this review in habeas proceedings. *See* 8 U.S.C. § 1252(b)(9) (mentioning 28 U.S.C. § 2241). That Khalil does not yet have a final order does not defeat this jurisdictional bar. *Compare* ECF No. XXX (District Court 1252 Opin) *with E.O.H.C.*, 950 F.3d at 183, 187–88 (applying bar to petitioners without final removal orders). Applying § 1252(b)(9) to issues where meaningful review is available is equally wrong across the board, and it especially would not apply in the context of Khalil's second charge. Circuit courts have provided meaningful review of the charge of removability. *See, e.g., Sarango v. Att'y Gen. of U.S.*, 651 F.3d 380, 383 (3d Cir. 2011) ("Therefore, we reject Sarango's argument and agree with the BIA's determination that Sarango is removable under § 1227(a)(1)(A)"); *Vladimirov v.*

*Lynch*, 805 F.3d 955, 961 (10th Cir. 2015) (reviewing claim of insufficient notice where alien was charged under same removability ground); *Alhuay v. U.S. Atty. Gen.*, 661 F.3d 534, 546 (11th Cir. 2011) (reviewing whether a petition had procured a benefit by fraud or willful misrepresentation). Therefore, this Court should reverse course and decline to accept the amended petition.

II.     <u>Venue in New Jersey is Nonexistent.</u>

Venue does not lie in New Jersey because the district of confinement rule dictates that this habeas should be proceeding in Louisiana. Additionally, traditional venue considerations confirm New Jersey is the improper venue.

On the district-of-confinement issue, the Government reasserts its arguments. *See* ECF Nos. 90, 130. Since the Court's order on habeas jurisdiction, the Supreme Court reiterated that for "core habeas petitions" like this one challenging detention, "jurisdiction lies in only one district: the district of confinement." *Trump v. J. G. G.*, 145 S. Ct. 1003, 1005–06 (2025). That is because a district court's habeas jurisdiction "is territorially limited and extends only to persons detained and custodial officials acting *within the boundaries of that district.*" *Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994) (emphasis added and internal quotations omitted); *see also Anariba v. Director Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021); *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). The subsequent Supreme Court decision confirms that venue does not lie in New Jersey.[1]

Should the Court examine "traditional venue considerations," it may look to "convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found." *Ivory v. Ebbert*, 2016 WL 7042968, at *2 (M.D. Pa. Nov. 4, 2016), *report and recommendation adopted,* 2016 WL 7016556 (M.D. Pa. Dec. 1, 2016) (citing *Braden*, 410 U.S. at 493–94). "This Court does not have venue over the petition because the original action [] did not occur in New Jersey … and Petitioner is no longer detained in New Jersey." *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002); *see also Ivory*, 2016 WL 7042968, at *2. Given Khalil's detainment in Louisiana, that would be "the most convenient forum to the parties." *Verissima*, 204 F. Supp. 2d at 820 (citing *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976) and *Starnes v. McGuire,* 512 F.2d 918, 928 (D.C.Cir.1974)). Additionally, given that the Court determined it has subject-matter jurisdiction, it will review challenges to conduct related to determining removability and some alleged governmental policy for targeting individuals engaged in protected speech. There are absolutely zero allegations that tie any of this conduct to New Jersey. Khalil does not raise any allegations that would support even an inference let alone confirm records and witnesses would be located here. His New Jersey-related allegations all pertain only to his brief stop at the Elizabeth Detention Center, which the Government confirmed. *See* ECF Nos. 223-1, ¶¶ 54, 61, 63; ECF No. 32, ¶¶ 7, 8. None of the other allegations, which refers to high-ranking governmental officials including the President, have occurred in New Jersey. *See, e.g.*, ECF No. 223-1, ¶¶ 29, 30, 31, 34, 44, 73, 74, 80, 82, 83.[2]

---

[1] The Government acknowledges that the Court did not believe any new decisions had sufficiently moved the needle for reconsideration. The Government raises this argument to preserve it for potential further review to the extent necessary.

[2] The complexity of the dispute also evidences why these claims are not properly brought in habeas. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117, 124, 125 (2020).

Alternatively, if the Court should find 28 U.S.C. § 1391(e)(1) apply to habeas proceedings—and the Government does not concede that it does—venue does not lie in New Jersey. *See Petway v. Davis*, 2020 WL 1322570, at *2–3 (D.N.J. Mar. 20, 2020) (transferring pursuant to § 1391 to the district of confinement for various reasons). Venue is generally is proper in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Khalil cannot establish any of these three.

First, the President, Todd Lyons,[3] Secretary Noem, Secretary Rubio, and Attorney General Bondi all reside in Washington, D.C. while William Joyce is in New York City.[4] *See* Third Amended Pet. (ECF No. 223-1) ¶¶ 10–15. That is sufficient to defeat any argument that venue is proper. *Zhang v. Chertoff*, No. C 08–02589, 2008 WL 5271995, at *3 (N.D. Cal. Dec. 15, 2008) (collecting cases); *accord Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds*, *Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981) ("The general rule in suits against public officials is that a defendant's residence for venue purpose[s] is the district where he performs his official duties."); *Reuben H. Donnelly Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978) ("to hold that a federal agency can be sued ... wherever it maintains an office would, as a practical matter, render [§ 1391(e)'s other subsections] superfluous" as most federal agencies likely maintain offices in "most, if not all, judicial districts"). Put another way, "a federal agency does not reside in a district merely by virtue of having an office in that district." *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463 (S.D.N.Y. 2005) (citing *Schwarz*, 998 F. Supp. at 202; *Davies Precision Machining, Inc. v. Defense Logistics Agency,* 825 F. Supp. 105, 107 (E.D. Pa. 1993)).

Khalil cannot show that "'a considerable portion of the events took place in [his] chosen forum.'" *Adams, Nash & Haskell, Inc. v. United States*, 2020 WL 1305620, at *2 (D.N.J. Mar. 19, 2020) (quoting *Perlmutter v. Varone*, 59 F. Supp. 3d 107, 110 (D.D.C. 2014)). As previously mentioned, the "nature of the dispute," *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994), now involves challenges to conduct related to determining removability and some alleged governmental policy for targeting individuals engaged in protected speech. There are zero allegations that tie any of this conduct to New Jersey. Khalil's eight-hour stay in New Jersey is hardly "considerable." *Adams, Nash & Haskell, Inc.*, 2020 WL 1305620, at *3; *cf. Maxtak Capital Advisors LLC v. ParkerVision, Inc.*, 2012 WL 4673244, at *4 (D.N.J. Oct. 1, 2012) (according plaintiffs' choice of forum less weight without evidence that defendant's conduct was "specifically directed to New Jersey as opposed to the market at large"); *Davies Precision Machining, Inc. v. Def. Logistics Agency*, 825 F. Supp. 105, 106 (E.D. Pa. 1993).

Finally, Khalil does not allege that he is a resident or ever resided in New Jersey. *See generally* ECF No. 223-1. Congress specifically requires a showing that Khalil be domiciled in New Jersey if no real property is involved. 28 U.S.C. § 1391(c)(1). There is no allegation as to mere residency let alone domicile. That defeats venue. *Cf. Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir.1972) ("[W]here one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.").

---

[3] Caleb Vitello is no longer the Acting Director of Immigration and Customs Enforcement.
[4] The petition was amended to add Yolanda Pittman, but the Government maintains that she is improperly named.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov