May 8, 2025

<u>VIA ECF</u>
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

   Re: *Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz:

  We write respectfully to provide notice of several authorities relevant to the Court's consideration of the motions pending in this habeas case, and to provide additional information relevant to Petitioner's motion for release.

  First, in *Mohammed H. v. Trump*, No. 25-1576, Dkt. 29 (D. Minn. May 5, 2025) (attached as Exhibit A), the court granted the motion for release by petitioner (a Bangladeshi national on a student visa) finding that his arrest, detention and attempted deportation are based on the same retaliatory Policy targeting Palestinian human rights advocacy – evidenced by statements and actions of executive officials – that is also at issue in this case, slip op. at 2-5, 10-11.[1] It further found that his claims under the First Amendment (retaliation), slip op. at 10-11, and Due Process (arbitrary and punitive detention), slip op. at 12-13, were sufficiently substantial under 8th Circuit law governing admission to bail (analogous to the law in this Circuit), and that the petitioner's personal health and educational circumstances, and his four weeks of detention, impairing access to counsel, were sufficiently "exceptional" to mandate his immediate release.

  Second, in *Khan Suri v. Trump*, No. 25-cv-00480, Dkt. 59 (E.D. Va. May 6, 2025) (attached as Exhibit B), the court denied the government's motion to dismiss and its motion to transfer the habeas petition to the Northern District of Texas, where petitioner (an Indian national and post-doctoral fellow at Georgetown University) was ultimately sent for detention, by applying *Padilla*'s exception to the immediate custodian rule. The court found that "Respondents' myriad contradictory explanations combined with the inability for Petitioner's exceptionally diligent counsel to keep up with Petitioner's abnormal and rapid movement across state lines demands more flexible jurisdictional rules," while noting the "similar pattern" of swift government transfers of individuals likewise charged with the Foreign Policy Bar from the petitioners' place of arrest to far-away-detention facilities in Texas and Louisiana. Slip op. at 27. The Court ordered a hearing

---

[1] As in this case, the Respondents in *Mohammed H.* added new removability grounds after Petitioner's detention, which the district court concluded were effectively pretextual and part and parcel of the retaliatory Policy. *See* slip op. at 10 ("The presence of a facial statutory ground does not preclude inquiry into retaliatory motive, particularly where—as here—there is evidence that the revocation was driven by political speech and followed by a detention unsupported by any individualized showing of danger to the public or flight risk" (citing *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019)).

on pending motions for bail and transfer to the Eastern District of Virginia eight days hence, on May 14, 2025. Dkt. 60.

Third, in *Öztürk v. Hyde*, No. 25-1019, Dkt. 71.1 (2d Cir. May 7, 2025) (attached as Exhibit C), the Second Circuit denied Respondents' request for a stay of the district court's order to transfer the petitioner from Louisiana to the District of Vermont for her to appear there for a bail hearing and throughout the pendency of the habeas proceedings, ordering that "Ms. Oztürk be physically transferred to ICE custody within the District of Vermont no later than May 14, 2025." Slip op. at 42. Today, the district court in that case reset the bail hearing for tomorrow morning, Friday, May 9, with the petitioner to participate remotely from Louisiana. *Öztürk v. Hyde*, No. 25-cv-374, Dkt. 128 (D. Vt. May 8, 2025).

Finally, Petitioner wishes to alert the Court that Petitioner's graduation ceremonies at Columbia University are scheduled to occur on May 20-21, which he is eager to attend with his wife and newborn child.

Respectfully submitted,

/s/ Baher Azmy

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem*
Naz Ahmad
Shezza Abboushi Dallal*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

| | |
|---|---|
| Esha Bhandari* <br> Vera Eidelman* <br> Tyler Takemoto* <br> Brett Max Kaufman* <br> 125 Broad Street, 18th Floor <br> New York, NY 10004 <br> Tel: (212) 549-2500 | DRATEL & LEWIS <br> Amy E. Greer <br> 29 Broadway, Suite 1412 <br> New York, NY 10006 <br> Tel: (212) 732-8805 <br> Fax: (212) 571-3792 <br><br> VAN DER HOUT LLP <br> Marc Van Der Hout (CA Bar #80778)* <br> Johnny Sinodis (CA Bar #290402)* <br> Oona Cahill (CA Bar #354525)* <br> 360 Post St., Suite 800 <br> San Francisco, CA 94108 <br> Tel: (415) 981-3000 <br> Fax: (415) 981-3003 |
| * *Appearing Pro hac vice* | *Counsel for Petitioner* |