

**U.S. Department of Justice**

Civil Division

---

May 9, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

    Re:   *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
             **Government's Response to Court's Order (ECF No. 234)**

Dear Judge Farbiarz:

    Respondents ("the Government") submit this response to this Court's order (ECF No. 234). The Government refers to three instances below in which federal officials have invoked 8 U.S.C. § 1227(a)(4)(C) to initiate the removal of individuals from the United States. To protect privacy considerations and avoid inadvertent disclosures, the Government has anonymized the information.

1. On April 24, 2004, Secretary of State Colin Powell recommended to Secretary of the Department of Homeland ("DHS") Security Tom Ridge that the presence of an African national in the United States would have potentially adverse foreign policy consequences. Government authorities discovered evidence that the individual participated in and/or contributed to violent political activity while in Somalia. Based on this information, and in keeping with United States' interests in promoting democracy, the rule of law, an effective governing institution in Somalia, Secretary Powell concluded that allowing this alien to reside freely in the United States would undermine the country's foreign policy interests. Secretary Powell thus recommended that removal under 8 U.S.C. § 1227(a)(4)(C), and detained in the government's custody until his removal could be effectuated to Somalia or, alternatively, a third country.

2. On March 14, 2025, Secretary of State Marco Rubio determined that the presence and activities of another alien would have potentially serious adverse foreign policy consequences for the United States, because of (among other things) his "active support" for Hamas, his efforts to spread Hamas "propaganda," and his conduct in creating a "hostile environment" for Jewish students on campus. Secretary Rubio's memorandum stated that the individual's continued presence or activities in the United States would have potentially serious adverse foreign policy consequences and compromise a compelling U.S. foreign policy interest. DHS initiated removal proceedings, charging the alien with removability under 8 U.S.C. § 1227(a)(4)(C) based on the determination by Secretary Rubio.

3. On March 15, 2025, Secretary of State Rubio determined that the presence and activities of another alien present in the United States would have potentially serious adverse foreign policy consequences for the United States. The alien has a documented history of antisemitism and encounters with law enforcement, including incidents involving the possession of illicit drugs, a domestic dispute with his former spouse, and a 2015 episode in which he visited a gun store and bragged about "kill[ing] Jews while he was in Palestine." Secretary Rubio determined that the individual's continued presence and activities would have potentially serious foreign policy consequences and compromise a compelling U.S. foreign policy interest. Thus, DHS initiated removal proceedings, charging the alien with removability pursuant to 8 U.S.C. § 1227(a)(4)(C)(i) based on Secretary Rubio's determination.

These three examples are what the Government has been able to assemble in the time allotted by the Court. The Government is also reviewing the accompanying documentation for privilege and other sensitive information with all deliberate speed. The Government must ensure that it does not disclose information inadvertently and hopes to provide an update later today.

The Government also continues to review its databases and files for any other invocations of 8 U.S.C. § 1227(a)(4)(C)(i) to initiate removal proceedings. If other instances of the statute's invocation become known, the Government will inform the Court as appropriate. The Government cannot provide a firm deadline for its complete review at this time because it has not yet been able to confirm the full universe of materials that need to be reviewed in the short period of time afforded to respond to the Court's order.

*     *     *

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov