May 9, 2025

<u>VIA ECF</u>
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Newark, New Jersey 07101

        Re:     Khalil v. Trump, et al., No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz:

      Pursuant to this Court's order at ECF 217, Mr. Khalil writes to respond to the government's letter on May 5, 2025 at ECF 230.

## I. This Court Has Subject Matter Jurisdiction Over Mr. Khalil's Claims.

      This Court should reject the government's invitation to "reverse course and decline to accept the amended petition" based on 8 U.S.C. §§ 1252(b)(9), (g). ECF 230 at 2. The government had an opportunity to express its concerns prior to this Court's hearing on May 2, when the Court granted Mr. Khalil's motion at ECF 223. And this Court has already rejected the government's subject matter jurisdiction arguments in its April 29 Opinion. ECF 214.

      The government uses the third amended petition, ECF 236, as an opportunity to relitigate these rejected arguments, without basis.[1] ECF 230. The fact that Mr. Khalil has amended his petition to incorporate allegations related to the post hoc second removability charge (which Respondents added to the Notice to Appear after Petitioner filed this lawsuit) does not disturb this Court's jurisdiction or prior analysis. As Petitioner wrote in his letter seeking to amend his petition, the amended petition adds these allegations in the context of Petitioner's First Amendment claims, i.e., that the post-hoc charge is "a continuation of the government's *retaliatory* conduct in furtherance of the challenged Policy" and "*retaliatory* in violation of the First Amendment." ECF 223 at 1 (emphasis added). This Court has already thoroughly explained why §§ 1252(b)(9), (g) do not strip habeas jurisdiction over the First Amendment claims here. ECF 214. Whatever findings an immigration judge may make as to either of the removal charges, it cannot meaningfully develop the record on First Amendment retaliation or otherwise address the First Amendment issues at the heart of this case. *See* ECF 214 at 55 ("[T]he immigration courts could not meaningfully develop this case, legally or factually. Therefore, the period that might be spent before those courts will not advance the ball."); *id.* at 100 ("The Petitioner says his First Amendment rights are now being violated. He will lose them and he will keep losing them if he must wait for federal court review. In the Court's judgment: he does not have to.").[2]

---

[1] The government incorporated its arguments regarding the post-hoc charge in its opposition to Mr. Khalil's motion for a preliminary injunction. ECF 156 at 28–30.

[2] The government cite cases where courts of appeal have reviewed charges of removability under § 1227(a)(1)(A) on petitions for review. ECF 230 at 1-2 (citing *Sarango v. Att'y Gen. of U.S.*, 651 F.3d 380, 383 (3d Cir. 2011); *Vladimor v. Lynch*, 805 F.3d 955, 961 (10th Cir. 2015); *Alhuay v. U.S. Atty. Gen.*, 661 F.3d 534, 546 (11th Cir. 2011)). But Mr. Khalil is not asking this Court to determine whether he is removable as charged—he is asking this Court to determine whether the

1

Moreover, the most pressing relief sought by Mr. Khalil in this case is release from detention on the basis of his First and Fifth Amendment detention claims. None of the jurisdictional bars cited by the government eliminates habeas jurisdiction over constitutional challenges to detention, irrespective of what charges are lodged in removal proceedings. Detention does not "arise from" a decision to commence removal proceedings. *See Öztürk v. Hyde*, No. 25-1019, --F.4th--, 2025 WL 1318154 (2d Cir. May 7, 2025), at *9-10 (citing *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) and *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)). Like Ms. Ozturk, "ICE detained [Mr. Khalil] before an NTA was filed with the immigration court"[3] and "[his] detention was not mandated by the mere fact that [his] case was under adjudication." *Id.* "Construing an independent constitutional challenge to detention as necessarily implying a challenge to removal would lead to what *Jennings* called an 'absurd' result" because it would render the petitioner's detention claim "effectively unreviewable." *Id.* at *12 (quoting *Jennings*, 583 U.S. at 293 (opinion of Alito, J., joined by Roberts, C.J., and Kennedy, J.)). Notably, the Second Circuit cited this Court's decision, emphasizing the critical importance of prioritized First Amendment review.[4] *Id*. The Second Circuit's decision in *Mahdawi v. Trump* further emphasizes these points, refusing to stay his release on bail and observing the important liberty and First Amendment interests at stake. No. 25-1113 (2d Cir. May 9, 2025).

The government's rehashed jurisdictional arguments thus remain unpersuasive. Nothing prevents this Court from proceeding to review Mr. Khalil's claims on their merits.

## II.     Venue Lies in New Jersey.

The government's venue arguments do nothing for them. The government emphasizes that the district of confinement rule applies in habeas cases challenging detention, citing several cases for that unremarkable proposition. ECF 230 at 2. This Court applied the district of confinement rule, among other rules, to the unique facts of this case after extensive briefing, finding the District of New Jersey to be the district of confinement at the relevant point in time. ECF 153. The government sought certification to appeal this order, but the Third Circuit denied their request. *See Khalil v. President of the U.S.A., et al.*, No. 25-8019 (3d Cir. May 6, 2025), Dkt. No. 22.

The only new authority that the government cites is *Trump v J.G.G.*, 145 S.Ct. 1003 (2025), which involves a group of noncitizens detained in Texas who filed a class action in the District of Columbia challenging their removal under the Alien Enemies Act ("AEA"). The Supreme Court held that, "because their claims for relief necessarily imply the invalidity of their confinement and removal under the AEA, their claims fall within the core of the writ of habeas corpus and thus must be brought in habeas." *Id.* at 1005. The Court held that the noncitizens must receive notice and an opportunity to challenge their removal under the AEA through habeas and that, for such habeas

---

government has violated the First Amendment (among other claims) through its actions. *See Perry v. Sindermann*, 408 U.S. 593, 594-595 (1972) (even if the government can take an adverse action against a person in the ordinary course, the government cannot take that adverse action "because of . . . constitutionally protected speech or associations"). The cases cited by the government do not involve First Amendment challenges and are thus inapposite.

[3] Indeed, the post-hoc charge was added many days after his detention and the filing of the NTA.

[4] The government did not cite § 1226(e) in its latest letter, but to the extent it continues to rely on it, § 1226(e) "does not bar jurisdiction over a constitutional challenge to detention under § 1226," such as the one raised here. *Öztürk*, 2025 WL 1318154, at *13.

challenges, "*venue* lies in the district of confinement." *Id.* at 1006 (emphasis added). *J.G.G.* thus underscores why venue lies in this District, given this Court's habeas jurisdiction ruling. And while that ruling is not up for debate at this stage—the Third Circuit having declined to take up the appeal—it is worth noting that the Second Circuit has similarly rejected the government's arguments. *See Öztürk*, 2025 WL 1318154, at *4-6 (likewise applying the district of confinement rule, the unknown custodian rule, *Ex Parte Endo*, 28 U.S.C. § 1631, and Fed. R. Civ. P. Rule 15(a) to hold that the District of Vermont "is likely the proper venue to adjudicate Öztürk's habeas petition because, at the time she filed, she was physically in Vermont" and observing that "any confusion about where habeas jurisdiction resides arises from the government's conduct during the twenty-four hours following Öztürk's arrest"). Ms. Öztürk was ordered released today.

Finally, the government argues "traditional venue considerations" support a finding that this Court is an improper venue.[5] Mr. Khalil has addressed habeas and traditional venue considerations in his amended petition, because he preserves his original argument that the Southern District of New York is a proper venue for this case. If this case were operating in the world of traditional venue considerations under *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484 (1973), then this case would likely have remained in the Southern District of New York all along, and certainly New Jersey is a far more convenient forum than Louisiana under these standards.[6] At bottom, however, both the district court in the Southern District of New York and this Court have held the default rules of habeas jurisdiction apply, which means that that venue lies in this District, where Mr. Khalil was confined, unbeknownst to his counsel, at the time of filing.[7]

---

[5] Respondents argue in a footnote that "[t]he complexity of the dispute [in Mr. Khalil's case] also evidences why these claims are not properly brought in habeas." ECF 230 2 .2 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)). But *Thuraissigiam* rejected habeas review in an expedited removal case brought by a noncitizen with no ties to the country seeking initial entry into the U.S. who did "did not dispute that [his] confinement . . . is lawful" and was instead seeking a new opportunity to apply for asylum. *Id.* at 118. In other contexts, like this one, *Thuraissigiam* recognizes that "the writ could be invoked by aliens already in the country who were held in custody pending deportation." *Id.* at 137; *J.G.G.,* 145 S.Ct. at 1005 (confirming availability of the writ to noncitizens challenging detention and removal from the U.S.).

[6] Mr. Khalil contests the government's assertion that "[g]iven Khalil's detainment in Louisiana, 'that is the most convenient forum to the parties.'" ECF 230 at 2 (citing *Verissima v. I.N.S.*, 204 F. Supp. 2d 818 (D.N.J. 2002) and *Ivory v. Ebbert,* 2016 WL 701655 (M.D. Pa. Dec. 1, 2016)). New York and New Jersey are far more convenient locations, given that they were the places where Mr. Khalil was arrested and detained at the commencement of this case and given their closer proximity to where records, counsel, and witnesses are located (including many individuals who submitted declarations and letters to this Court). The cases cited by the government support this view, and actually rejected transfer to the district of present confinement, instead opting for more convenient locations. *See Verissima*, 204 F.Supp.2d at 820-821 (transferring case to Massachusetts, where the petitioner was originally detained and where "all records and witnesses are located," rather than Maryland, where he was presently detained); *Ivory*, 2016 WL 701655 at *3 (transferring case to Kansas, where petitioner was convicted and sentenced, rather than Colorado, where petitioner was presently detained).

[7] The government asserts that there are "absolutely zero allegations" tying any challenged conduct to New Jersey. But this is a case challenging physical confinement—which means the core conduct challenged at the time of filing was detention, which was *in New Jersey*.

3

/s/ Naz Ahmad

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>973-854-1715 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay*<br>Diala Shamas*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464 |
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher*<br>Robert Hodgson*<br>Veronica Salama*<br>Molly Biklen*<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300 | CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem*<br>Naz Ahmad<br>Shezza Abboushi Dallal*<br>Mudassar Toppa*<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar*<br>Sidra Mahfooz*<br>Brian Hauss*<br>Esha Bhandari*<br>Vera Eidelman*<br>Tyler Takemoto*<br>Brett Max Kaufman*<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das*<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br>Fax: (212) 571-3792 |
| | VAN DER HOUT LLP<br>Marc Van Der Hout (CA Bar #80778)*<br>Johnny Sinodis (CA Bar #290402)*<br>Oona Cahill (CA Bar #354525)*<br>360 Post St., Suite 800<br>San Francisco, CA 94108<br>Tel: (415) 981-3000<br>Fax: (415) 981-3003 |
| *Appearing Pro hac vice* | *Counsel for Petitioner* |