

**U.S. Department of Justice**

Civil Division

---

May 9, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

  Re: *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
    <u>**Government's Second Response to Court's Order (ECF No. 234)**</u>

Dear Judge Farbiarz:

  Respondents ("the Government") submit this letter in response to the second part of this Court's order (ECF No. 234).

  The undersigned is aware of only one predecessor statute to Immigration and Nationality Act ("INA") § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i). That predecessor statute was INA § 241(a)(4)(C)(i), 8 U.S.C. § 1251(a)(4)(C)(i). It was adopted as part of Section 602 of the Immigration Act of 1990, Pub. L. No. 101–649, 104 Stat. 4978. The text of the enacted provision is as follows:

> An alien whose presence or activities in the United States the Secretary of State has reasonable ground to believe would have potentially serious adverse foreign policy consequences for the United States is deportable.

8 U.S.C. § 1251(a)(4)(C)(i) (1996). In 1996, Congress transferred the provision to its current location. *See* Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104–208, Div. C, § 305(a)(2), 110 Stat. 3009 (1996).

  The Government refers to four instances below in which federal officials invoked 8 U.S.C. § 1251(a)(4)(C)(i) to initiate the removal of individuals from the United States. To protect privacy considerations and avoid inadvertent disclosures, the Government has anonymized the information as to the two cases that did not result in public court decisions.

1. On January 5, 1995, Secretary of State Warren Christopher determined that the presence in this country of Mohammad J.A. Khalifah, a Saudi national, would have potentially serious adverse foreign policy consequences for the United States under INA § 241(a)(4)(C), because he was convicted for terrorist activities in Jordan, among other things. *See In re Mohammad J.A. Khalifah*, 21 I. & N. Dec. 107 (BIA 1995). The Government has so far been unable to locate the relevant letter from Secretary of State Christopher to the Attorney General.

2. On March 29, 1995, Secretary of State Warren Christopher recommended to Attorney General Janet Reno that the presence in this country of a Haitian national would have potentially serious adverse foreign policy consequences for the United States under INA § 241 (a)(4)(C), because he was a co-founder and leader of an illegitimate paramilitary organization responsible for numerous human rights violations in Haiti. His presence and activities in the United States created the impression in Haiti that the United States was permitting this individual to use the United States as a base of operations and fueled rumors that the United States secretly supported him. Therefore, the Secretary concluded that his presence and activities in the United States would seriously undermine the compelling foreign policy objectives of supporting Haiti's democracy and of seeking respect for human rights in Haiti and throughout the world.

3. On October 2, 1995, Secretary of State Warren Christopher recommended to Attorney General Janet Reno that the presence in this country of Mario Ruiz Massieu, a Mexican national, would have potentially serious adverse foreign policy consequences for the United States under INA § 241 (a)(4)(C) because of existing allegations of Ruiz Massieu's engagement in political corruption in Mexico, among other things. *See Matter of Ruiz-Massieu,* 22 I. & N. Dec. 833 (BIA 1999); *see also Massieu v. Reno*, 915 F. Supp. 681, 711–12 (D.N.J. 1996). This individual was the former second-ranking law enforcement official in Mexico and had been charged criminally in Mexico. Therefore, the Secretary concluded that his presence in the United States would harm the foreign policy objectives of working with Mexico to confront criminality on both sides of the border and to support the reform of Mexico's justice system.

4. On April 4, 1997, Secretary of State Madeleine Albright recommended to Attorney General Janet Reno that the presence of a Palestinian national in the United States would have potentially serious adverse foreign policy consequences and compromise a compelling United States foreign policy interest. This person was a top leader of a designated foreign terrorist organization and had been declared a Specially Designated Terrorist. In addition, two U.S. courts had found probable cause that this person was criminally responsible for ten incidents of terrorism. Therefore, the Secretary concluded that his presence and activities in the United States would seriously undermine the compelling foreign policy objectives in the fight against international terrorism and the promotion of a peaceful resolution of the issues between Israel and Palestinians. The Secretary made this determination pursuant to INA § 241 (a)(4)(C), as it was designated prior to April 1, 1997, and INA § 237(a)(4)(C), as in effect after April 1, 1997.

These four instances are what the Government has been able to assemble in the time allotted by the Court. The Government is also reviewing the accompanying documentation for privilege and other sensitive information with all deliberate speed. The Government must ensure that it does not disclose information inadvertently.

The Government also continues to review its databases and files for any other invocations of 8 U.S.C. § 1251(a)(4)(C)(i) to initiate removal proceedings. If other instances of the statute's invocation become known, the Government will inform the Court. The Government cannot provide a firm deadline for its complete review at this time because it has not yet been able to confirm the full universe of materials that need to be reviewed in the short period of time afforded to respond to the

Court's order. The Department of State is continuing its search and inquiring about files that may not be in the agency's immediate custody. The Executive Office for Immigration Review is currently reviewing its databases and files.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov