

**U.S. Department of Justice**

Civil Division

---

May 9, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

    Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
            **Government's Response and Objection to Court's Order (ECF No. 242)**

Dear Judge Farbiarz:

    Respondents ("the Government") submit this letter in response to the Court's order (ECF No. 242). At 9:48 a.m. today, the Court ordered, "As to the 'continu[ing] review' being conducted of databases and files, see ECF 241, the Respondents shall file a succinct update at approximately 5:00pm today --- as to other instances that have been located, and also as to further clarity on 'the full universe,' so that an appropriate deadline can be set." *Id.*

    The Government notes that individuals at the Department of Justice's Executive Office of Immigration Review ("EOIR"), the U.S. Department of State, and the U.S. Department of Homeland Security have been searching respective agency's files for information responsive to the Court's requests. EOIR needs more time to search its files to confirm any additional cases responsive to the Court's requests. At all these agencies, limited staff have been searching for records in response to the Court's orders, as well as managing competing litigation requests and other priorities.

    Although the Government provides this update to comply with the Court's order, the Government respectfully objects to the order and the Court's prior related orders. *See* ECF Nos. 231, 234, 242. As the Government previously noted, it has made every effort to comply with the Court's repeated requests for supplemental materials, responding each time. *See, e.g.*, ECF Nos. 140, 157, 163, 185, 190, 205, 210, 218, 219, 226, 241. Government counsel has also appeared before the Court for conferences scheduled hours beforehand. *See* ECF Nos. 197, 228. But those instances have adversely affected the Government and counsel's work on other cases. Orders without adequate notice require the Government to expend time and resources for proper staffing before the process of responding to the Court's orders can even begin.

    The Government has made a good faith effort to comply with the Court's most recent orders (ECF Nos. 231, 234, 242) of out respect for the Court. But the Government believes that those orders are misguided, and lodges this formal objection. The Government further requests formal briefing with reasonable deadlines before the Court requires any further production or the expenditure of any further resources on these orders.

In substance, the Court's most recent orders amount to *sua sponte* expedited discovery. This discovery is inappropriate for several reasons:

(1) The Court should resolve the "case shaped by the parties," and Petitioner did not request discovery, nor have the parties briefed it, *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020);

(2) the discovery sought here is in aid of a preliminary injunction, where the Petitioner—not the Government—bears the burden, *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004);

(3) "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); and

(4) searching discovery is exceedingly improper in this context—where, at most, the Government must produce a "facially legitimate and bona fide" explanation for the discrete action at issue, *see, e.g., Trump v. Hawaii*, 585 U.S. 667, 703-04 (2018).

These procedural and substantive issues are compounded by the practical burdens that the Court's expedited discovery orders create for the Government. Therefore, the Government lodges this objection and requests that the Court order and require formal briefing moving forward. This way, the Government may make a full record for any potential further review.

    Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov