May 12, 2025

<u>VIA ECF</u>
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

   Re: *Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz:

  Petitioner writes to seek leave to provide the Court with a copy of the Secretary of State's 8 U.S.C. § 1227(a)(4)(C) determination in the case of Mohammad J.A. Khalifah (1995), which the government referenced in its May 9, 2025 letter, but stated it has been "unable to locate." (ECF No. 246 at 1). Petitioner's counsel, Marc Van Der Hout, obtained a true and correct copy of that determination during his representation of Mr. Khalifah in removal proceedings, which is attached for the court's consideration.

            Respectfully submitted,

            <u>/s/ Baher Azmy     </u>

AMERICAN CIVIL LIBERTIES UNION OF NEW
JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem*
Naz Ahmad
Shezza Abboushi Dallal*
Mudassar Hayat Toppa*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805
Fax: (212) 571-3792

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003

\* *Appearing Pro hac vice*

*Counsel for Petitioner*

# United States of America

### DEPARTMENT OF JUSTICE
#### IMMIGRATION AND NATURALIZATION SERVICE

January 20, 19 95

## CERTIFICATION

BY VIRTUE OF the authority vested in me by Title 8, Code of Federal Regulations, Part 103 a regulation issued by the Attorney General pursuant to Section 103 of the Immigration and Nationality Act,

I HEREBY CERTIFY that the annexed documents are originals, or copies thereof, from the records of the said Immigration and Naturalization Service, Department of Justice, relating to

Mohammad J.A. KHALIFAH

File No. _____ A29-457-661 _____, of which the Attorney General is the legal custodian by virtue of Section 103 of the Immigration and Nationality Act.

Thomas G. Schiltgen
District Director

Immigration and Naturalization Service

THE SECRETARY OF STATE
WASHINGTON, D.C. 20520

The Honorable
Janet Reno,
Attorney General.

THE SECRETARY OF STATE

WASHINGTON

January 1995

Dear Madam Attorney General:

    I am writing to inform you that, pursuant to Section 241(a)(4)(C) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4)(C), I have concluded that the presence or activities of Mohammad Khalifah in the United States would have potentially serious adverse foreign policy consequences for the United States. I request that you seek his deportation on foreign policy grounds, and that you take all steps possible, consistent with the Immigration and Nationality Act and other relevant law, to effect his deportation to Jordan.

    My decision to invoke Section 241(a)(4)(C) with respect to Mr. Khalifah is based on the following considerations. Most significantly, global counterterrorism is among the top foreign policy priorities of this Administration. The United States is taking a leading role in international efforts, both bilateral and multilateral, to combat terrorism. The Department of State continually seeks to foster cooperation between foreign governments and international organizations in antiterrorist efforts.

    Central to this policy is the effort to identify terrorists and ensure that they are brought to justice. Terrorist acts frequently occur outside the United States or are committed by persons beyond the reach of the United States; in such cases, we seek through intense diplomatic efforts to have countries with jurisdiction over the perpetrators bring the perpetrators to justice or, in appropriate cases, make them available to the United States for prosecution.

The Honorable
    Janet Reno,
        Attorney General.

-2-

We also work closely with foreign governments to ensure that international terrorists do not find sanctuary in countries that will not or cannot bring them to justice. Where possible, we share evidence and other information that can help curb terrorist activities.

Permitting Mr. Khalifah to remain in the United States would be at odds with these important foreign policy initiatives and would have potentially serious adverse foreign policy consequences for the United States. Mr. Khalifah has been identified to us by the Government of Jordan as a terrorist. He is accused of involvement in terrorist attacks against cinemas in Jordan, and has been convicted <u>in absentia</u>. The Government of Jordan has notified the Department of State that it seeks Mr. Khalifah's rendition and that, in accordance with usual Jordanian practice, he will be tried again if he is returned to Jordan, after which the previous verdict will be null and void.

I believe that the Jordanian request is made in good faith. To permit Mr. Khalifah to remain at large in the United States in light of his alleged activities and criminal conviction in Jordan, and Jordan's request for his deportation, would have potentially serious adverse foreign policy consequences in several respects. It would cast doubt upon the seriousness of our resolve to combat terrorism, and thereby undermine our ability to play a leadership role in this arena. It would also damage our credibility in making requests to other governments that they refuse to permit terrorists to travel freely in their own countries.

In the particular context of Middle East terrorism, it could damage U.S. relations with Jordan (a key player in the Middle East peace process) and other friendly foreign governments whose interests Mr. Khalifah threatens.

Jordan is aware of Mr. Khalifah's presence in the United States, and has asked for our assistance in sending him to Jordan so that he may be brought to justice. To permit Mr. Khalifah to remain in the United States in these circumstances would potentially be seen as an affront to Jordan and at odds with many of the basic elements of our cooperative bilateral relationship.

-3-

Ultimately, permitting Mr. Khalifah's presence in the United States would potentially undermine our longstanding and successful policy of international legal cooperation to bring about the prosecution of terrorists. If other countries concluded that we were not serious about combatting terrorists, or that we were not prepared to take the aggressive steps to bar terrorists from the United States, this would threaten the ability of the United States to obtain the assistance of foreign authorities in the combatting of terrorism, including U.S. efforts to bring suspects residing abroad to trial in the United States.

Accordingly, I have made the finding provided for in Section 241(a)(4)(C) and request that you take all reasonable efforts to ensure Mr. Khalifah's deportation from the United States. In addition, in light of the Government of Jordan's good faith request that Mr. Khalifah be rendered to Jordan, I request that you do everything possible, consistent with the Immigration and Nationality Act, to ensure his deportation to Jordan.

Sincerely,

*Warren Christopher* (signature)

Warren Christopher