May 21, 2025

<u>VIA ECF</u>
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

   Re:  *Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz:

  Petitioner respectfully writes with an urgent request for this Court's intervention regarding his ongoing detention. Specifically, and for the reasons set forth below and to aid in his habeas and proceedings, Petitioner requests that this Court issue an order: (1) requiring the LaSalle Detention Facility to permit Mr. Khalil to have a private contact visit with his wife, Dr. Abdalla, and newborn child today, May 21, 2025, for two hours[1] and/or (2) at a minimum, permit Dr. Abdalla to join a contact visit currently scheduled with immigration counsel at LaSalle so the legal team can discuss legal strategy and facts known collectively between Dr. Abdalla and Mr. Khalil and which is relevant to his pending habeas case and for pending motions in his immigration proceedings. One of the first orders issued in this case was to direct the U.S. Attorney's office to ensure that DHS would provide regular access to counsel, *Khalil v. Joyce*, 1:25-cv-01935, ECF 29 (S.D.N.Y.), which is an equitable power this Court retains and authorizes the relief requested—modest as it is as compared to the painful costs of denial.

  As the Court is aware, the Khalil family welcomed their first child one month ago, on April 21, 2025. In order to provide the most indispensable human connection and to help Mr. Khalil prepare for his ongoing habeas proceeding and for the upcoming immigration hearing, Petitioner's wife and his newborn baby have traveled over 6 hours and 1500 miles to visit Mr. Khalil in detention, which will be the first time he will be able to see or hold his family since his arrest and transfer to Louisiana, over 10 weeks ago. As this Court well knows, Mr. Khalil is purportedly in civil immigration detention, where he cannot be subject to punishment or retaliation; yet currently, routine legal or family visits only occur in a confined space permitting muffled communication through a full plexiglass window that permits no human touch.

  Petitioner's counsel have made repeated requests for a contact visit to occur between Mr. Khalil and his wife and baby to the relevant ICE and GeoGroup administrators at the LaSalle Detention Facility in Jena. Such a visit is necessary for the most elementary human reasons and given the ongoing strain of his pending habeas petition, this visit is critical to ensure Mr. Khalil, who is an active participant his legal case, can continue to meaningfully contribute to the proceedings before this Court.

---

[1] Currently, Dr. Abdalla and Mr. Khalil have a visit approved for 6PM CT, however that visit would be a no-contact visit.

The relevant administrators have responded that they are unable to accommodate this request, including a confirmation of this refusal this morning. (Email correspondence attached as Exhibit A). ICE policy authorizes contact visits between detained individuals and family members, subject to the reasonable discretion of DHS officials.[2] The refusal to permit a contact visit is not reasonable and is further evidence of the retaliatory motive behind Mr. Khalil's arrest and far-away detention as well as the ongoing punitive nature of his detention. Petitioner, his wife and infant son are, as all the evidence in this case demonstrates, the farthest thing from a security risk. It is the government who chose to detain Mr. Khalil and send him 1500 miles from his family rather than detain him, as they could have (and as we have requested in seeking a transfer there), in Elizabeth, New Jersey, where counsel confirmed with an EDC official that family contact visits are ordinarily provided on a daily basis and where a parent is permitted to hold their child.[3]

In addition, a legal contact visit has been authorized for today between Mr. Khalil and his counsel, from 11-3pm CT. It thus appears the facility can accommodate contact visits absent a plexiglass barrier. Thus, the facility should make accommodations during or after this time for a private in-person visit where the family can be alone together for the first time. In addition, and at a minimum, counsel needs to meet with Petitioner and his wife together to discuss the factual circumstances surrounding his arrest on March 8, 2025. This discussion is relevant both to his habeas proceedings and his immigration proceedings. For the former, this conversation is relevant to his claims of retaliatory arrest and detention and the unusual circumstances surrounding both events that reflect the government's retaliatory motive. For the latter, Petitioner has an outstanding motion to terminate his removal proceedings on the grounds of his warrantless arrest and to rebut DHS's misrepresentation to the immigration court that Mr. Khalil attempted to evade his arrest.

Undersigned counsel emailed the government to seek assistance with this request and their position on this motion, and agreed to give the government until 12:30 PM ET to communicate a response. The government finally responded that they would not facilitate a contact visit as "doing so would pose security concerns, such as requiring the visit to occur in an unsecure part of the facility or requiring Mr. Khalil's wife and newborn inside a secured part of the facility." Petitioner has responded asking for clarification regarding these responses in the hope of reaching an accommodation, but is filing this motion nevertheless in the interest of expediency.

---

[2] *See* ICE Directive 11064.3 (Interests of Noncitizen Parents and Legal Guardians of Minor Children or Incapacitated Adults), which states that: "It is the policy of ICE to ensure that the agency's civil immigration enforcement activities do not unnecessarily disrupt or infringe upon the parental or guardianship rights of noncitizen parents or legal guardians of minor children or incapacitated adults, consistent with all legal obligations and applicable court orders." ICE Directive 11064.3 Section 2.

[3] *See also* Core Civic FAQ (attached as Exhibit B) (Q: "Who can visit?" A: "Detainees are allowed to receive visits from their families, associates, legal representatives, consular officials, and others in the community. All visitors must provide proper government issued photo identification.") (Q: "How do I get approval for a visit?" A: "No approval needed.") (A: "detainees may hold their small children").

Respectfully submitted,

/s/ Baher Azmy

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>973-854-1715 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay*<br>Diala Shamas*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464 |
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher*<br>Robert Hodgson*<br>Veronica Salama*<br>Molly Biklen*<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300 | CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem*<br>Naz Ahmad<br>Shezza Abboushi Dallal*<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar*<br>Sidra Mahfooz*<br>Brian Hauss*<br>Esha Bhandari*<br>Vera Eidelman*<br>Tyler Takemoto*<br>Brett Max Kaufman*<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das*<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br>Fax: (212) 571-3792<br><br>VAN DER HOUT LLP<br>Marc Van Der Hout (CA Bar #80778)*<br>Johnny Sinodis (CA Bar #290402)*<br>Oona Cahill (CA Bar #354525)*<br>360 Post St., Suite 800<br>San Francisco, CA 94108<br>Tel: (415) 981-3000<br>Fax: (415) 981-3003 |
| * *Appearing Pro hac vice* | *Counsel for Petitioner* |