

**U.S. Department of Justice**

Civil Division

---

May 21, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

    Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
           **Government's Response to ECF No. 259**

Dear Judge Farbiarz:

    Respondents ("the Government") respectfully submit this response to Petitioner Mahmoud Khalil's motion, *see* ECF No. 258. The Government recognizes that the Court expressed its inclination to grant Khalil's motion in part and allow his wife, Dr. Abdalla, to join a meeting between him and his legal team, given her knowledge of certain facts. *See* ECF No. 259. The Government opposes the motion generally, and at this time, the limited grant that the Court is contemplating. To preserve its objections, the Government raises its broad opposition here before turning to the tailored relief that the Court is contemplating.

    Broadly speaking, this Court should not grant relief that is not subject to his habeas petition. Khalil is not challenging the policies or procedures at the Central Louisiana ICE Processing Center ("CLIPC"). Although this Court has determined that it retains habeas jurisdiction and that the Immigration and Nationality Act does not divest it of subject-matter jurisdiction, granting Khalil's requested relief would require the Court to extend its authority beyond the territorial jurisdiction that this Court specifically contemplated when finding it had habeas jurisdiction. *See* ECF No. 153 at 44 ("This Court's habeas power ends at the state line. Out-of-state "long arm" jurisdiction is available in most other civil cases, but not in this one.") (citing cases). Additionally, granting Khalil this relief of family visitation would effectively grant him a privilege that no other detainee receives. Allowing Dr. Abdalla and a newborn to attend a legal meeting would turn a legal visitation into a family one. The detention facility does not permit this for any detainee. *See* Central Louisiana ICE Processing Center, https://www.ice.gov/detain/detention-facilities/central-louisiana-ipc (last visited May 21, 2025) (noting that families and friends are not allowed during legal visits); *see also* Declaration of Acting Field Office Director Brian S. Acuna ("Acuna Decl.") ¶ 12.

    Turning to the Court's contemplated order granting limited relief in the form of allowing Dr. Abdalla to join a legal meeting tomorrow morning, security concerns counsel against granting such relief. Importantly, CLIPC scheduled today's meeting between Khalil and his legal team as a one-time exception when it allowed the meeting to occur in a training room, which is larger than the normal visitation rooms that are used for all visitations. Acuna Decl. ¶ 11. The training room is in a secure part of the facility, where family members *and* attorneys are not allowed. *Id.* Additionally, CLIPC

houses only male detainees, so there would be security concerns of allowing Dr. Abdalla to join a secured portion where there is no space for co-ed visitation.[1]

Should the Court be inclined to grant the limited relief, the Government would request that any order allowing Dr. Abdalla to attend the legal meeting be in accordance with CLIPC's policies, including their attorney visitation hours (6:00am – 11:00pm).[2] *See* Central Louisiana ICE Processing Center, https://www.ice.gov/detain/detention-facilities/central-louisiana-ipc (last visited May 21, 2025). Additionally, the Government requests that the order permit Dr. Abdalla and Khalil's legal team to meet through normal visitation spaces rather than order the meeting occur in a training room, as the one scheduled for today. The Government also requests that the Court not order any meeting to occur in an unsecured space (e.g. the lobby, public hallways). Given that the training room is in a secure part of the facility where neither attorneys nor family is allowed, the Government requests that the facility be provided latitude in how best to comply with the Court's order permitting the visitation.[3]

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

ALANNA T. DUONG
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov

---

[1] It is undersigned counsel's understanding that the facility no longer houses female detainees.

[2] Khalil is scheduled to appear for an individual hearing before an immigration judge tomorrow at 8:30am.

[3] The litigating team is working with the agencies and exploring other spaces that could be made or may already be available. But given that the litigating team learned only this morning about Khalil's request, it has not yet been able to confirm what viable options exist.