UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHMOUD KHALIL,

                Petitioner,

V.

WILLIAM P. JOYCE, *et al.*,

                Respondents.

NO. 25 CIV. 1935 (JMF)

DECLARATION OF ACTING FIELD OFFICE DIRECTOR BRIAN S. ACUNA

**DECLARATION OF ACTING FIELD OFFICE DIRECTOR BRIAN ACUNA**

I, Brian S. Acuna, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am employed by U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), and currently serve as Acting Field Office Director ("Acting FOD") since May 12, 2025. I have been employed by ICE, and the former Immigration and Naturalization Service, in various capacities since April 1997.

2. In my current position, I oversee several aspects of the immigration enforcement process, including the identification and arrest, transportation, detention, case management, and removal of noncitizens. In this capacity, I manage ERO personnel and provide oversight over a number of detention facilities within the New Orleans Field Office, including the Central Louisiana ICE Processing Center ("CLIPC") in Jena, Louisiana.

3. I am aware that Mahmoud Khalil ("Khalil") has filed a Petition for a Writ for Habeas Corpus before this Court.

4. I am aware of a request sent to the CILPC facility on May 19, 2025, at 9:14pm by Khalil's attorney, requesting extended contact visitation by Khalil's wife, Noor Abdalla, for the maximum amount of time possible.

5. I am aware of the response by the facility on May 20, 2025, at 7:33 a.m. informing counsel that the request for visitation extensions was approved and provided the specific times Mrs. Abdalla could visit. Additionally, the response informed counsel CLIPC does not offer contact visitation.

6. I am aware of an email from Nora Ahmed, Legal Director of the American Civil Liberties Union of Louisiana, on May 20, 2025, at 2:05 p.m. requesting an exception to the no contact visitation policy at CILPC.

7. I am aware of the response by the facility on May 20, 2025, at 3:02 p.m. stating facility procedures are for non-contact visitation only and the visit would remain on schedule for non-contact as previously approved.

8. I am aware Ms. Ahmed sent a second request on May 20, 2025, at 4:46 p.m. requesting an exception to CILPC's non-contact visitation policy. An additional follow-up email was received on May 21, 2025, at 9:08 a.m. from Ms. Ahmed.

9. I am aware the facility responded on May 21, 2025, at 9:31 a.m. stating the visit would remain non-contact as previously arranged.

10. The reason for this denial is due to facility logistics, security, and safety within the facility. As all visitation spaces in CLIPC have plexiglass dividers. The CLIPC only houses adult male detainees. Because the facility does not house female detainees or minors, it is unsafe to allow Mr. Khalil's wife and newborn child into a secured part of the facility. The secured portion of the facility does not have separate space to allow for

      a co-ed visit. The only alternative option would be an unsecured part of the facility, such as a lobby or other unsecured office space, which is not viable or in accordance with security standards.

11. The facility is providing a one-time exception today, May 21, 2025, to allow Mr. Khalil to meet with four of his attorneys scheduled to meet with him in a training room, which is larger than the visitation rooms, in preparation for the hearing tomorrow. This room is located within a secured portion of CLIPC. Outside of this one-time accommodation, family members and attorneys are not allowed inside the secured part of the CLIPC, and all visitation is conducted in the visitation rooms. Visitation within the secured part of CLIPC presents security issues for the facility, the respondent, and his wife and child.

12. A contact visit has never been offered to any other detainee, their family, or their counsel as the facility is not equipped to handle such requests due to security and safety standards.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of May 2025.

 

                                                _____
                                          Brian S. Acuna, Acting Field Office Director
                                                           New Orleans Field Office
                                            Enforcement & Removal Operations
                                     U.S. Immigration and Customs Enforcement