May 27, 2025

<u>VIA ECF</u>
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

  Re: *Khalil v. Trump*, *et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz,

  Petitioner Mahmoud Khalil thanks the Court for its May 21 order, ECF 262, and writes to update the Court about various structural barriers to his access to counsel and witnesses, as those relate to his fully-briefed motions for release pending adjudication of his habeas corpus petition, *see, e.g.,* ECF 91 at 22, and to compel his return to New Jersey, ECF 11 and 96. To be clear, Petitioner respectfully submits this update, but seeks no new relief by way of this letter.

  Petitioner's need to request a federal court's intervention last week illustrates how Mr. Khalil's continued detention at the Central Louisiana ICE Processing Center in Jena during the pendency of this matter in this Court in New Jersey impedes his meaningful access to his habeas counsel and to witnesses—including his own spouse—who would assist in his prosecution of his habeas case.

  To begin with, it has been enormously difficult for counsel to arrange in-person legal visitation or to communicate remotely with Mr. Khalil fully and effectively. Louisiana's great distance from New Jersey and Mr. Khalil's attorneys itself poses significant problems, along with the limitation of virtual meetings, which complicates even the simplest lawyering act of reviewing legal documents with an incarcerated client. But the specific location of the Jena facility itself has compounded those significant hurdles, even when counsel attempts to arrange out-of-town visits there. The nearest airport, hotels, and rental car facilities are in Alexandria, approximately one hour away, and the nearest large cities (New Orleans, Dallas, and Houston) are more than a four-hour drive away. Moreover, the small size of the Alexandria airport means that travel from the greater New Jersey region is complicated and costly to rearrange at the last minute.

  When in-person visitation in Jena does occur, that access is insufficient to allow habeas counsel to properly consult with and advise Mr. Khalil. It also pales in comparison to the access that Mr. Khalil would maintain to habeas counsel if he were detained in New Jersey. The government confirmed in its May 21 declaration that there is no regular space for counsel to have contact legal visitation with Mr. Khalil at the facility in Jena. *See* ECF No. 263-1 ¶ 10 (noting that all visitation spaces at Central Louisiana ICE Processing Center have plexiglass dividers). Visitation typically occurs in a cramped, closet-sized space with only a single chair for counsel. That the Jena facility made a one-time exception to those rules for a contact legal visit with several immigration counsel last week, *see* ECF 258 at 1, stands in stark contrast to how visits would take place at a detention facility closer to this Court. In fact, throughout May, several attorneys from CLEAR, one of the legal organizations representing Mr. Khalil in this case, met with a client held at the Elizabeth Detention Center (EDC) since April. Those meetings occurred under normal EDC

rules, in a legal visitation space where contact and document-sharing were permitted. Because regular, in-person, contact visitation, with the ability to share and review legal documents with a client, is essential both to maintaining a meaningful attorney-client relationship and to effective communication, even frequent, regularly scheduled video teleconferences are not an adequate substitute.

Finally, last week's events underscore that the human costs of Mr. Khalil's detention in Louisiana, now in its third month, continue to mount. After the government denied him the opportunity to be present for his son's birth and his wife's recovery, Mr. Khalil seeks at minimum the chance to form his own physical bond with his son—an opportunity that release or even detention at EDC provides, but continued detention at CLIPC in Jena does not.

In sum, release or detention at EDC in New Jersey would allow regular legal (and social) contact visits, which would significantly aid Mr. Khalil and his lawyers in continuing to litigate his habeas case. *See* ECF 96 at 5.

Respectfully submitted,

/s/ Naz Ahmad

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
Liza Weisberg
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Michael K.T. Tan*

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem*
Naz Ahmad
Mudassar Toppa*
Shezza Abboushi Dallal*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

2

Brian Hauss*  
Esha Bhandari*  
Vera Eidelman*  
Tyler Takemoto*  
Brett Max Kaufman*  
125 Broad Street, 18th Floor  
New York, NY 10004  
Tel: (212) 549-2500  

DRATEL & LEWIS  
Amy E. Greer  
29 Broadway, Suite 1412  
New York, NY 10006  
Tel: (212) 732-8805  
Fax: (212) 571-3792  

VAN DER HOUT LLP  
Marc Van Der Hout (CA Bar #80778)*  
Johnny Sinodis (CA Bar #290402)*  
Oona Cahill (CA Bar #354525)*  
360 Post St., Suite 800  
San Francisco, CA 94108  
Tel: (415) 981-3000  
Fax: (415) 981-3003  

*Counsel for Petitioner*

\* *Appearing Pro hac vice*