# Exhibit K

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mahmoud KHALIL, *Petitioner*, v. Donald J. TRUMP, et al., *Respondents* | Case No. 25-cv-01963 (MEF-MAH) |

# DECLARATION OF IRA J. KURZBAN

1. My name is Ira J. Kurzban. I submit this declaration to provide context on the decision by the Department of Homeland Security to detain lawful permanent resident respondents in removal proceedings pursuant to allegations that the respondent committed prior immigration-related fraud or misrepresentations.

## Qualifications

2. I am an immigration practitioner and have been a partner in the law firm of Kurzban, Kurzban, Tetzeli, & Pratt P.A. of Coral Gables, Florida for over four decades, and serve as chair of the firm's immigration department.

3. Since 1977, I have been active in all aspects of immigration law. I and the attorneys I supervise regularly practice in immigration courts across the country, as well as in federal courts in immigration-related matters.

4. I am the author of *Kurzban's Immigration Law Sourcebook*, one of the most widely used immigration-law secondary sources in the United States. The book is in its Nineteenth Edition (2024) and is regularly cited by federal courts. *See, e.g.*, *Al Otro Lado v. EOIR*, 120 F.4th 606, 627 n.16 (9th Cir. 2024); *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 289 (5th Cir. 2021) (Costa, J., dissenting); *De La Paz v. Coy*, 786 F.3d 367, 376 (5th Cir. 2015); *Gonzalez v. Holder*, 771 F.3d 238, 243 (5th Cir. 2014); *United States v. Juarez*, 672 F.3d 381, 389 (5th Cir. 2012); *Gonzalez v.*

*Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000); *Viveiros v. Holder*, 692 F.3d 1, 3 (1st Cir. 2012); *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004); *Socop-Gonzalez v. INS*, 208 F.3d 838, 842 n.3 (9th Cir. 2000).

5.  As a practicing attorney, I am actively involved in the immigration bar. I am the Past President of the South Florida Chapter of the American Immigration Lawyers Association. I was the national president of the American Immigration Lawyers Association in 1987-88, and I thereafter served as its General Counsel. The American Immigration Lawyers Association is an affiliate organization of the American Bar Association. It has over 14,000 members in 35 chapters in the United States and four international chapters. I am also certified by the Florida Bar as a specialist in immigration law and served on the first committee to draft and grade the certification exam for Florida lawyers.

6.  Since 1977, I have litigated a variety of immigration-related cases and over 75 published decisions in the federal courts. Among other cases, I have been counsel of record in the United States Supreme Court in *Patel v. Garland*, 596 U.S. 328 (2022); *McNary v. Haitian Refugee Center, Inc.*, 495 U.S. 479 (1991); *Commissioner v. Jean*, 496 U.S. 154 (1990); and *Jean v. Nelson,* 472 U.S. 846 (1985).

7.  Through my over four decades of experience as a practitioner in both the federal courts and immigration courts, I am well qualified to opine on how the immigration-court system differs from the federal courts and the other matters addressed below.

### Framework for Detention Pending Removal Proceedings

8.  The Immigration and Nationality Act ("INA") authorizes the detention of noncitizens who are placed in removal proceedings. *See* 8 U.S.C. 1226(a).

9.  In some cases, the INA makes detention mandatory—as in the case of certain "criminal aliens" 8 U.S.C. § 1226(c) or certain suspected terrorists, *id.* § 1226a.

10. If a noncitizen placed in removal proceedings is not subject to any of the mandatory detention grounds, the Department of Homeland Security need not detain the noncitizen pending removal proceedings. *Id.* § 1226(a).

11. Noncitizens who are arrested by ICE, issued a Notice to Appear, and placed into removal proceedings are routinely released on their own recognizance by ICE after consideration as to whether they pose a flight risk or danger to property or persons. *See, e.g.*, 8 C.F.R. § 236.1(c)(3). Such noncitizens appear at their removal proceedings in a non-detained setting before immigration judges who handle the so-called "non-detained docket."

12. If ICE declines to release a noncitizen on their own recognizance, a noncitizen who is not subject to mandatory detention may seek a bond from the immigration judge.

13. An immigration judge should grant bond unless the noncitizen poses a flight risk or a danger to the community.

14. In practice, lawful permanent residents charged with removability grounds that do not subject them to mandatory detention are in most cases not detained pending their removal proceedings—particularly when the allegations and removability charges leveled against them do not suggest a danger to the community.

15. In my experience, it is extremely unusual for a lawful permanent resident charged with removability under INA § 237(a)(1)(A) for being inadmissible at the time of admission for committing immigration fraud or making material misrepresentations to be detained pending removal proceedings absent aggravating circumstances such as a criminal record.

16. Such detention would be even more unusual if the lawful permanent resident has strong ties to the United States, such as a U.S. citizen spouse or child.

17. Additionally, in my experience it is rare for ICE to amend a Notice to Appear in a case involving a lawful permanent resident to add additional factual allegations and charges of removability particularly given the nature of the allegations added in this case.

18. Based on the above, the Government's decision to amend the Petitioner's Notice to Appear to add an allegation that he obtained residency by committing fraud or misrepresentation through failure to disclose organizations is extraordinarily unusual.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: June 4, 2025

_____
Ira J. Kurzban