

**U.S. Department of Justice**

Civil Division

---

June 9, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

      Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
               <u>**Government's Response to ECF Nos. 275, 280**</u>

Dear Judge Farbiarz:

      Respondents (the "Government") submit this letter in response to the Court's Orders, ECF Nos. 272, 275, and to Petitioner Mahmoud Khalil's letter brief in further support of his motion for a preliminary injunction, ECF No. 280.

1. **The Court Should Deny Khalil's Preliminary Injunction Motion on the Original Record.**

      As an initial matter, the Court may and should deny Khalil's motion on the original record that he presented. Khalil was effectively given an opportunity – with the added benefit of hindsight – to provide evidence that a preliminary injunction is necessary to prevent him from suffering irreparable harm. Where a party seeking a preliminary injunction has failed to establish he merits such relief, the Court should deny the requested injunction, as it has already done on other aspects of this case. ECF No. 272 at 95-99 ("But the burden is his … and he has made no real effort to carry it." (citation omitted)); *see Church v. Collection Bureau of Hudson Valley, Inc.*, 704 F. Supp. 3d 521, 531 n.15 (D.N.J. 2023) (recounting that the adversarial system requires reviewing the factual and legal records as the parties have presented it). Therefore, this Court should evaluate the case and pending motion on the basis of the evidence presented before the issuance of the May 28 Opinion and Order. Khalil did not meet his burden for irreparable harm, ECF No. 272 at 99-100, and therefore, the Court should deny the requested preliminary injunction motion.

2. **Khalil Has Not Met His Burden to Establishing Irreparable Harm Tied to a Claim upon which the Court Found a Likelihood of Success.**

      Even if the Court considers the additional argument and evidence submitted, Khalil still has not met his burden to support his request for a preliminary injunction. *See Instant Airfreight Co. v. C.F. Airfreight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) ("A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.").

Khalil points to his ongoing detention as a source of irreparable injuries. ECF No. 280 at 1. He asks for this Court to order his release because the court has found that he is likely to succeed on his vagueness challenge to the Foreign Policy Ground of removability. *Id.* But, as the Court has noted, the Government has another basis not only for removal proceedings but also his detention: the failure-to-disclose charge. ECF No. 272 at 100. And, detaining an alien in removal proceedings under that charge is lawful. *See* 8 U.S.C. § 1226(a) (providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States"); *Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 275 (3d Cir. 2018). Thus, there is a lawful basis for Khalil's detention, and the Court should not order release. The Supreme Court repeatedly has "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003); *see also id.* at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for any aliens during the pendency of their deportation proceedings."); *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."). Indeed, removal proceedings "would be [in] vain if those accused could not be held in custody pending the inquiry into their true character." *Demore*, 538 U.S. at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). Any arguments about flight risk or danger to the community can be adjudicated through the normal administrative process before a DHS officer, 8 C.F.R. § 236.1(c)(8), and an immigration judge if necessary, 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d). Although Khalil's Foreign Policy Ground charge provides for limited review, 8 C.F.R. § 1003.19(h)(2)(ii), there is no record that Khalil has ever challenged his custody through any administrative process. The harm of his detention cannot be irreparable when Khalil can utilize a viable administrative process, and that could provide a path for relief. *Cf. Jelani B. v. Anderson*, No. 20-6459 (SDW), 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (requiring a petitioner to exhaust administrative remedies before seeking habeas relief).

In ruling on the motion for a preliminary injunction, the Court should not consider the failure-to-disclose claim at all because Khalil did not challenge that charge in his motion for a preliminary injunction. ECF Nos. 66, 67. The motion was based on the First Amended Petition, which did not include a challenge to the failure-to-disclose charge. ECF No. 38. Khalil faults the Government for "exclusively" arguing that the basis of his detention is the Foreign Policy Ground. ECF No. 280 at 1. But the Government focused on the Foreign Policy Ground of removal in its opposition to the motion for preliminary injunction because Khalil's motion for a preliminary injunction argued for relief exclusively based on the Foreign Policy Ground. *See* ECF No. 67. Khalil even admits that he did not directly seek injunctive relief against the failure-to-disclose charge. *See* ECF No. 280 at 4 ("Mr. Khalil did not move for preliminary relief against the post-hoc charge as a standalone matter.").

Khalil states that his motion for preliminary injunction somehow included a challenge to the additional removal charge because of the Third Amended Petition (ECF No. 223). ECF No. 280 at 4. Khalil does not identify any support for the apparent proposition that the preliminary injunction motion could *relate forward* to the Third Amended Petition. That is because the motion is tethered to the operative pleading. *See Hines v. Lanigan*, No. CV 17-02864, 2020 WL 6613213, at *2 (D.N.J. Nov. 10, 2020) (holding that a motion for preliminary injunction "must relate to the allegations and relief sought" in the legally operative complaint at the time the motion was filed). Indeed, an amended complaint or petition generally renders moot motions that are based on the superseded pleading. *See Schenck-Faison v. City of Newark*, No. CV 23-22437 (CCC) (JSA), 2024 WL 4729178, at *3 (D.N.J. Nov. 8, 2024) (motion for default judgment); *United States ex rel. Marc Silver v. Omnicare, Inc.*, No. CV 11-1326, 2013 WL 12155426, at *1 (D.N.J. Nov. 15, 2013) (motion to dismiss); *Zahl v. N.J. Dep't of Law & Pub. Safety*, No. 06-3749, 2008 WL 4149032, at *1 (D.N.J. Sept. 4, 2008) ("Prior to this Court ruling on the

preliminary injunction requested by Zahl, he filed the Amended Complaint on April 30, 2007. This Court dismissed the pending motion for a preliminary injunction without prejudice, and allowed the filing of the Amended Complaint, which substantially altered the nature of the injunctive relief requested by Zahl."). Khalil does and could not argue that he had no notice of the failure-to-disclose charge. He learned of the failure-to-disclose charge *prior* to filing his preliminary injunction motion. *Compare* ECF No. 90-1 (updated notice to appear with second charge, which was filed in immigration court on March 17, 2025, and in federal court on March 20, 2025), *with* ECF No. 124 (Khalil's preliminary injunction motion filed in federal court on March 25, 2025). Although he did include a footnote in which he tried to bring the failure-to-disclose charge into the motion, before moving for a preliminary injunction, he never filed an amended petition that mentioned this charge. Nor did he fully develop his theory on why this second charge supported his request of injunctive relief.

Although the Court should not have considered a challenge to the failure-to-disclose charge at all, the Court already determined that Khalil did not meet his burden to show likelihood of success on that claim. ECF No. 272 at 99. Indeed, "Petitioner's legal briefs still make no substantial argument as to the failure-to-disclose claim --- even as lengthy supplemental briefs have been filed." ECF No. 272 at 97. Khalil now seeks to add additional arguments and evidence to show that he is likely to succeed on his First Amendment-retaliation claim as to the failure-to-disclose charge. ECF No. 280 at 4–5. But the Court should not reconsider its decision. Khalil's additional arguments on the merits are improper. The Court asked Khalil to submit additional arguments and evidence to show irreparable harm, not to reargue his likelihood of success on the merits. ECF No. 272 at 99–100; *see also* ECF No. 275 (requiring briefs "[i]n light of the Court's likelihood of success holding"—not to argue against the Court's holding). Any further arguments on the merits should be developed in the ordinary course of the litigation. The Court must also heed the Supreme Court's warning that courts should not force the Government "to disclose its 'real' reasons" for bringing a removability charge. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 491 (1999).

In addition, while the Government recognizes that detention imposes burdens on Khalil, his detention is no more onerous than any other alien's civil immigration detention pending the outcome of removal proceedings. Congress has authorized that detention, 8 U.S.C. § 1226(a), and Khalil does not demonstrate that release is necessary to avoid irreparable harm. Khalil's detention, after all, has just passed the three-month mark. ECF No. 72, Second Supplemental Declaration of Acting Field Office Director William Joyce ¶ 7 (March 8, 2025 arrest). As the Third Circuit stated, "we can find [no authority] to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot*, 906 F.3d at 277; *see also Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (fifteen-month long stint in administrative detention does not constitute atypical or significant hardship). Accepting Khalil's theory that his immigration detention causes irreparable harm would effectively allow detainees to obtain release through artful pleading. One need only argue that the act and duration of detention are causing irreparable harm. That is not what Congress intended to occur with immigration detention statutes, and the Third Circuit has recognized the same. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 328–29 (3d Cir. 2020) (recounting Supreme Court precedent that established the important governmental interest related to immigration detention).

Khalil's irreparable harm argument is severely undermined by his own evidence. According to Khalil's own submission, the removal case is proceeding toward a decision in an orderly and prompt fashion. ECF No. 281, Ex. C ¶ 27 (closing arguments filed June 2); *see* Ex. B (Automated Case

3

Information) (case is pending and no future hearings scheduled). Moreover, the detention facility has accommodated many of Khalil's requests and he has visited with lawyers and, in a one-time exception, been permitted a contact visit with his wife and child. Ex. A, Declaration of Acting Field Office Director Brian S. Acuna ¶¶ 10-11. Moreover, the facility has treated Khalil for the medical ailments it is aware of. Ex. C, Declaration of Lieutenant Commander Jennifer Huff, ¶¶ 3–6. The facility has not received requests or been notified of other medical conditions. Ex. C ¶ 7. That includes the alleged "clinical psychological harm" that he claims to be suffering from. *See* ECF No. 281 at 1 n.1 (referring to Rasmussen assessment). Khalil is experiencing the limits of being detained while facing removal charges, but he has not provided evidence that release is required now to prevent irreparable harm. *See Hope*, 972 F.3d at 332 (undermining the argument that detention by itself constitutes irreparable harm).

Khalil also bases many of his allegations of irreparable harm on asserted First Amendment injuries. ECF No. 280 at 1 & n.1, 3–5. But the Court found that Khalil is not likely to succeed as to his claim of First Amendment retaliation regarding the failure-to-disclose ground of removability, ECF No. 272 at 95–99, and the Court declined to reach any other First Amendment issue, *id.* at 92 n.77, 99 n.87. Khalil has not shown how the Court could properly base a finding of irreparable injury on First Amendment rights when the Court has not found that Khalil is likely to succeed on a First Amendment claim. *See New Jersey Staffing All. v. Fais*, 749 F. Supp. 3d 511, 523 n. 11 (D.N.J. 2023) ("As Defendants rightly argue, irreparable harm requires 'a claim-specific analysis,' and Plaintiffs must demonstrate that the irreparable harm that their members will suffer actually flow from Defendants' alleged constitutional and statutory violations.") (internal citations omitted).

Next, Khalil asserts that he is suffering other forms of irreparable harm that the Court could remedy by enjoining the Secretary of State's foreign policy determination and setting aside the Government's alleged policy. ECF No. 280 at 2, 4. Here, however, Khalil sought relief through a habeas petition. The only proper remedy in a core habeas action like this one is simple release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107, 117, 119 (2020); *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The failure-to-disclose ground provides a separate and independent basis for detention. *See* ECF No. 272 at 100. Therefore, any other relief beyond "simple release" is impermissible. *See Thuraissigiam*, 591 U.S. at 125 ("while the release of an alien may give the alien the opportunity to remain in the country if the immigration laws permit, we have no evidence that the writ as it was known in 1789 could be used to require that aliens be permitted to remain in a country other than their own, or as a means to seek that permission.").

Even if the Court could enjoin Secretary Rubio's determination, no injunction against that determination is necessary to prevent irreparable harm. Khalil argues that potential deportation under the Foreign Policy Ground is an irreparable harm. ECF No. 280 at 2–3. However, he could fully challenge the removability finding through the Board of Immigration Appeals and a petition for review (if he is not granted relief from removal). In addition, he cannot be removed under this court's order. ECF No. 81. There is time for this case to proceed to final judgment in the ordinary course before any potential removal.[1]

---

[1] Khalil also argues that the Court should enjoin the alleged policy that he contends exists. *See* ECF No. 280 at 4. But the Court did not find such a policy existed and did not rule that Khalil is likely to succeed on this claim. *See* ECF No. 272. Therefore, the Court should not find Khalil's harms relate to that claim. *See New Jersey Staffing All.*, 749 F. Supp. 3d at 523 n.11.

Khalil alleges harm to his reputation. ECF No. 280 at 4. The Third Circuit, however, has not held that "any showing of potential harm to a plaintiff's reputation is sufficient to warrant a mandatory preliminary injunction that fundamentally changes the *status quo*." *Acierno v. New Castle County*, 40 F.3d 645, 654 (3d Cir. 1994). In this case, changing the status quo would mean altering the existence of Secretary Rubio's determination and Khalil's detention. If removal charges against Khalil are unfounded or unlawful, Khalil can receive vindication through a final decision of a court with jurisdiction. Khalil has not proven that he is entitled to the extraordinary relief of an injunction at this stage. More fundamentally, Khalil's reputational harm argument must also account for his own decisions to hold himself out publicly. *See* ECF No. 284-1 at 8, ¶ 28 (admitting that he chose voluntarily to serve as a negotiator during public protests at Columbia) Mahmoud Khalil, *Mahmoud Khalil: What does my detention by ICE say about America?*, Wash. Post. (Apr. 17, 2025), https://www.washingtonpost.com/opinions/2025/04/17/mahmoud-khalil-columbia-student-ice-detention/.

Finally, in a footnote, Khalil requests an evidentiary hearing if the Court finds that his evidence is insufficient. ECF No. 280, at 2 n.3. But Khalil has had the burden to support his request for a preliminary injunction, and—despite numerous opportunities—still has not done so. Khalil also fails to identify what additional material evidence a hearing could reveal. *See id.* The Court should decline to hold an evidentiary hearing.

### 3. Khalil Has Not Shown that the Balance of Equities or Public Interest Weigh in Favor of an Injunction.

Finally, this Court called for factual and legal development on whether Khalil demonstrated a preliminary injunction was necessary to prevent irreparable harm. ECF No. 272 at 99-100. In the last half-page of his letter brief, Khalil addresses other requirements for a party seeking a preliminary injunction (the balance of the equities and the public interest) and asserts his new evidence meets the requirements. ECF No. 280 at 5. To the extent this Court considers those claims, it should find they do not support injunctive relief because the public interest supports allowing the Government to invoke a valid ground of removal and a valid basis for detention. *See Nken v. Holder*, 556 U.S. 418, 436 (2009) (recognizing the "public interest in prompt execution of removal orders"); *United States v. Martinez-Fuerte*, 428 U.S. 543, 556-58 (1976); *see also* ECF No. 156 at 46.

\*    \*    \*

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

ALANNA T. DUONG
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov

6