# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mahmoud KHALIL, *Petitioner*, v. Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice, *Respondents*. | Case No. 25-cv-01963 (MEF-MAH) **STIPULATION AND CONFIDENTIALITY ORDER** |

MICHAEL E. FARBIARZ, U.S.D.J.

The parties having agreed to the following terms of confidentiality with respect to the expert report of Dr. Andrew Rasmussen filed on June 4, 2025, in connection with Petitioner's letter brief and supporting evidence submitted pursuant to the Court's Opinion and Order at ECF 273 and Text Order at ECF 275, and the Court having found that good cause exists for the issuance of a confidentiality order pertaining to this document as used in support of Petitioner's supplemental brief[1], it is ORDERED as follows:

---

[1] If the parties deem it necessary to use the document beyond supplemental briefing ordered by the Court, the parties expressly reserve the right to modify this agreement as necessary.

1. Due to its sensitive nature, which describes private, personal mental health issues related to Petitioner, the expert report of Dr. Andrew Rasmussen ("Attorneys' Eyes Only material") shall be filed with an "Attorneys' Eyes Only" designation. Petitioner shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER."

2. Until the Court has had a chance to review and So-Order this designation, the government will treat the Rasmussen report as Attorneys' Eyes Only. After counsel for the government has reviewed the Attorneys' Eyes Only material, it may withdraw its consent to this designation. At such point, Petitioner shall move the Court expeditiously to enter a revised confidentiality order seeking independent court approval of the Attorneys Eyes Only designation, which the government may oppose if it chooses. However, the terms of this stipulation and confidentiality order shall remain in effect unless and until the Court orders otherwise.

3. The Attorneys' Eyes Only material shall be used by the government solely for the litigation of this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to anyone other than those set forth in paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for the government may give advice and opinions to the government's clients solely relating to the above-captioned action based on government counsel's evaluation of the Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such material except by prior written agreement of counsel for the parties, or by Order of the Court. Further, should counsel for the government feel the need to share some portion (if not the whole) Attorneys Eyes Only material with non-attorney agency clients to solicit their advice, counsel for the government shall meet and confer with counsel for Petitioner to seek Petitioner's consent to share a relevant portion of the Attorneys Eyes Only material.

4. The Attorneys' Eyes Only material and the contents of the Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:
    (a) Counsel for Petitioner;
    (b) Counsel who have noticed their appearance in this matter and currently represent the Respondents;

    (c) No more than six additional Department of Justice attorneys and five additional agency counsel who have been assigned to this action on behalf of the Respondents; (d) Support, secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;
    (e) The Court and court personnel; and
    (f) Such other persons as counsel for the Petitioner agrees or as ordered by the Court on good cause.

5. The Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 4, or subject to the conditions set forth in Paragraph 3. The Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) Petitioner waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. All those permitted access to the Attorneys' Eyes Only material will act in good faith to keep to a minimum the number of attorneys and support staff with access to the Attorneys' Eyes Only material for the purposes of litigating this action. In the event that the limits set forth above in Paragraph 4 inhibit any of the Respondent's ability to litigate this case, the Respondent may move the Court to raise the limit upon a showing of good cause.

7. Each person who has access to the Attorneys' Eyes Only material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such information.

8. The Attorneys' Eyes Only material shall be filed under seal in accordance with Local Civil Rule 5.3. and kept under seal until further order of the Court.

9. Data Breach. If either party learns that the Attorneys Eyes Only material has been the subject of a data breach, it must promptly notify the other of the breach, and cooperate to address the breach.

10. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

11. Within 30 days of the final disposition of this action, the Attorneys' Eyes Only material, and all copies thereof, shall be promptly returned to the Petitioner, or, upon permission of the Petitioner, destroyed.

## SO STIPULATED AND AGREED.

*Counsel for Petitioner:*

/s/ *Baher Azmy*
_____

Dated: June 9, 2025

*Counsel for Respondents:*

s/ *Dhruman Y. Sampat*

Dated: 6/9/2025

## SO ORDERED.

Dated: _____

_____
Michael A. Hammer, United States Magistrate Judge.