June 10, 2025

Honorable Michael E. Farbiarz, U.S. District Judge, D.N.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

   Re: *Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz:

First, the government is wrong that Mr. Khalil's detention is not irreparable harm. Mr. Khalil does not argue that his detention violates due process because it has been lengthy, Gov. Ltr. 3, but that his retaliatory detention has violated the First and Fifth Amendments from the start. Ptr. Ltr. 1.[1] That Mr. Khalil "has visited with lawyers" and received a "one-time exception" to meet his newborn baby, Gov. Ltr. 4, only underscores the ongoing harms he has endured from day one.

Second, the government's argument that the post-hoc charge is "another basis" for detention, Gov. Ltr. 2, is fatally undermined by its failure to introduce *any* evidence disputing Mr. Khalil's evidence that his arrest and detention are retaliatory and unsupported by a constitutional justification (flight or danger), *see* Pet. Ltr. 1-2. Instead, the government re-litigates its failed arguments about release through an "administrative process," while noting the regulation authorizing his detention prohibits the IJ from considering his (uncontested) lack of flight risk or danger. Gov. Ltr. 2; *see* ECF 175 at 4-6.

Third, the government stretches to argue that the Court cannot consider any claims against the post-hoc charge because they were not a part of the operative petition at the time he filed the motion. Gov. Ltr. 2. As Mr. Khalil explained, he did not move on any such claim; rather, he argued the post-hoc charge was part of the same retaliatory policy resulting in the initial charge. ECF 124 at 8, 18 n.20; ECF 223; ECF 280 at 1-5. And the Court can consider the post-hoc charge in ruling on his claim against the policy. Preliminary relief is ultimately based on an evidentiary record, which the Court is empowered to expand through supplemental orders. *See United States v. Shulick*, 18 F.4th 91, 115 (3d Cir. 2021). Regardless, the government suffers no prejudice from the "modest" amendment, ECF 229 at 4:3-21, *cf.* FRCP 15(b)(1), as the government *itself* (1) introduced evidence of the charge, ECF 90-1, and, (2) in opposing preliminary relief, relied on the charge. ECF 156 at 30.

Fourth, Mr. Khalil has presented substantial—and undisputed—evidence of irreparable First Amendment harms, including chilled speech of his own and the public, Pet. Ltr. 3-4, which "actually flow" from the government's unconstitutional use of the Foreign Policy Ground against him, Gov. Ltr. 3, and underscore the urgency of relief "to prevent irreparable harm," *id.* at 4.[2] And fifth, an injunction against the determination and policy is well within Mr. Khalil's petition *and* complaint under 28 U.S.C. §§ 2241 *and* 1331. *See* ECF 175 at 13-14. Regardless, § 2241 has long provided jurisdiction for non-release claims. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1005 (2025).

---

[1] The government suggests that "immigration detention" alone is not irreparable harm. Gov. Ltr. 3. But it cannot suggest that *unconstitutional* detention—like that resulting from the Rubio Determination—is not.

[2] The government's arguments about the reputational harms to Mr. Khalil are baseless. Gov. Ltr. 5. He seeks a prohibitory, not mandatory, injunction. ECF 175 at 15 n.9. And the government's suggestion that the reputational harms resulting from the Secretary of State and other high-level government officials' public targeting of Mr. Khalil are diminished by "his own decisions to hold himself out publicly," Gov. Ltr. at 5, only underscores that the government is retaliating against Mr. Khalil for his protected activities.

                    Respectfully submitted,

*/s/ Liza Weisberg*

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
Liza Weisberg
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Michael K.T. Tan*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem*
Naz Ahmad
Mudassar Hayat Toppa*
Shezza Abboushi Dallal*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805
Fax: (212) 571-3792

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003

*Appearing Pro hac vice*                    *Counsel for Petitioner*