UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MAHMOUD KHALIL,

*Petitioner,*

*v.*

Case No. 2:25-cv-01963

DONALD TRUMP, et al.,

*Respondents.*

_____

**DECLARATION IN SUPPORT OF PETITIONER'S
MOTION FOR PRELIMINARY INJUNCTION
WHERE THE POST-HOC CHARGE OF REMOVABILITY
UNDER 237(a)(1)(A) OF THE
IMMIGRATION AND NATIONALITY ACT
DOES *NOT* TRIGGER MANDATORY DETENTION
UNDER 8 U.S.C. SECTION 1226 THEREBY LEADING TO A POSSIBLE
END OF PETITIONER'S DETENTION**

I, Ian Fernando Hinonangan, Esq., declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct:

1. I was admitted to practice law by the Supreme Court of New Jersey in November 2002 and subsequently by the New Jersey District Court and the Third Circuit Court of Appeals in 2003.

2. I submit this declaration in support of the Brief of Over 150 Immigration Lawyers, Law Professors, and Scholars as Amici Curiae in the above-captioned case.

3. In the Court's May 28 Order, the Court opined that:"But preliminarily enjoining the Secretary's determination would not seem to end the Petitioner's "detention" to the extent he remains detained on another basis, for his alleged 2024 failure to make certain disclosures in his lawful-permanent-resident application." See, ECF 272 at 100.

4. A closer look at the entirety of the post-hoc charge of removability as delineated under Form I-261, Additional Charges of Inadmissibility/Deportability, is in order. See the NTA at (ECF 48), Ex. A, ¶ 7-9; Also see Form I-261(ECF 128), Ex. A, ¶¶ 5-6.

5. The post-hoc charge under Section 237(a)(1)(A) of the Immigration and Nationality Act (INA) ((Fraud or Willful Misrepresentation) reads: "In that at the time of entry or adjustment of status, you were within one or more of the classes of aliens inadmissible by the law existing as such time, to wit: aliens who seek to procure, or have sought to procure, or who have procured a visa, other documentation, or admission into the United States, or other benefit provided under the Act, by fraud or by willfully misrepresenting a material fact, under Section 212(a)(6)(C)(i) of the Act. See Form I-261(ECF 128), Ex. A, ¶¶ 5-6.

6. What is missing in the Court's May 28th Order is an exploration of the critical question whether the post-hoc charge of removability under section 237(a)(1)(A) triggers or sanctions mandatory detention so that this Court cannot review Petitioner's ongoing detention.

7. The post-hoc charge of removability against Petitioner under section 237(a)(1)(A) does not trigger or sanction mandatory detention so this Court **can** review Petitioner's ongoing detention under 8 U.S.C. Section 1226(a). [Emphasis Added.]

8. As such, preliminarily enjoining the Secretary's as ordered by this Court on May 28th would seem to end the Petitioner's "detention" to the extent that this post-hoc charge— for his alleged 2024 failure to make certain disclosures in his lawful-permanent-resident application— does not trigger or sanction mandatory detention under 8 U.S.C. Section 1226(a).

9. A strict construction of 8 U.S.C. Section 1226(a) compels a reading that while Petitioner may be arrested and detained pending a decision on whether he is removable from the U.S. (which has already happened and Petitioner remains detained to date), the "and" between subsection (1) "may continue to detain") and (2) "may release the alien on bond… or conditional parole…" squarely defeats the mandatoriness of Petitioner's detention [Emphasis Added.] See (ECF 190) at 2. Also see 8 U.S.C. Section 1226(a) footnoted below.1

10. So this Court is wrong in construing that the post-hoc charge "would not seem to end the Petitioner's "detention". See, ECF 272 at 100.

11. Additionally, it cannot be missed that this post-hoc charge—-" the failure-to-disclose charge" — under section 237(a)(1)(A) of the INA was added by the government exactly **9 days after** Petitioner was apprehended and subsequently detained by Homeland Security Investigations (HSI) on March 8th, 2025 in New York City. See ECF 128, Ex. A. On March 8th, HSI's basis to apprehend and detain Petitioner rested on the the first charge of removability under 8 U.S.C. Section 1227 (a)(4). [Emphasis

---

Footnote 1:
8 U.S. Code § 1226 - Apprehension and Detention of Aliens
(a) Arrest, detention, and release
    On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on—
        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
        (B) conditional parole; but
    (3) may not provide the alien with work authorization…

added.] <u>See</u> ECF 128, Ex. A. It is this undisputed fact— to wit, the timing of this post-hoc charge in the record —- that lends support to the Petitioner's argument that "the government's later, pretextual decision to add the second charge—after it detained Mr. Khalil and after he filed his lawsuit—is a continuation of, not a cure to, retaliatory motive." See ECF 280 at 2 (citing ECF 124 at 18 n.20).

12. For this very reason, it is this undisputed continuation in the fabric of retaliatory motive that proves how this post-hoc charge "carries the taint of unconstitutional conduct". <u>See</u> ECF 280 at 2, citing *Ragbir v. Homan*, 923 F.3d 53, 79 (2d Cir. 2019)

13. So where this Court in its May 28 Order has already opined that "The Petitioner is likely to succeed on the merits of his claim that Section 1227 is unconstitutional as applied to him"— this Court should therefore grant Petitioner the full relief to which Petitioner is entitled— including but not limited to — granting his motion for bail where the post-hoc charge does not trigger mandatory detention under 8 U.S.C. Section 1226(a).

Dated: June 10, 2025

Respectfully submitted,

IAN F. HINONANGAN, ESQ.
Attorney - Amicus: Immigration Lawyers,
Law Professors, and Scholars
Ian F. Hinonangan, P.C.
350 Warren Street, Suite #10
Jersey City, NJ 07302
iancorporate@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing filing was served on counsel of record via the Court's CM/ECF system on June 10, 2025.

Dated: June 10, 2025

IAN F. HINONANGAN, ESQ.
Attorney - Amicus: Immigration Lawyers,
Law Professors, and Scholars