

**U.S. Department of Justice**

Civil Division

---

June 13, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

    Re:   *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
            **Government's Response to ECF Nos. 301, 303**

Dear Judge Farbiarz:

    Respondents submit this letter in response to the Court's Order, ECF 303, and to Petitioner's letter regarding release, ECF 301.

    The Court did not order Respondents to release Petitioner Mahmoud Khalil. ECF No. 299 at 12–13. The Court instead enjoined Respondents from detaining Khalil "based on the Secretary of State's determination." *Id.* That injunction does not interfere with Respondents' authority to detain Khalil on other grounds, including the removal charge pursuant to 8 U.S.C. § 1227(a)(1)(A), as an alien inadmissible at the time of entry or admission, to wit 8 U.S.C. § 1182(a)(6)(C) (fraud or material misrepresentation). *See* ECF No. 90-1 at 5 (Form I-261). Given that ability to detain Khalil on other grounds, Respondents have not sought an immediate stay of this Court's preliminary injunction.[1]

    The Court expressly noted that its holdings "have no impact on efforts to remove the Petitioner for reasons other than the Secretary of State's determination." ECF No. 299 at 13 n.14. And, while the Court made a *factual* finding that it was unlikely that Khalil would be detained on another basis, *id.* at 10, the Court never held that it would be *unlawful* for Respondents to detain Khalil based on another charge of removability. Khalil is charged as removable on a ground other than the Secretary of State's determination. *See* ECF No. 90-1 at 5. Khalil is now detained based on that other charge of removability. Detaining Khalil based on that other ground of removal is lawful. 8 U.S.C. § 1226(a). An alien like Khalil may be detained during the pendency of removal proceedings regardless of the charge of removability. *Id.* Khalil may seek release through the appropriate administrative processes, first before an officer of the Department of Homeland Security, 8 C.F.R. § 236.1(c)(8), and secondly through a custody redetermination hearing before an immigration judge, if necessary, 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d). Khalil "must demonstrate to the satisfaction of the officer [or the immigration judge] that [his] release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding" 8 C.F.R. § 236.1(d)(1); *see* 8 C.F.R. § 1003.19(d).

---

[1] If this Court does order release, Respondents respectfully request that this Court stay such an order pending appeal or at least delay its effective date for seven days so that Respondents can seek a stay from the Third Circuit.

These administrative processes are the proper avenues for Khalil to seek release—not having a federal district court hold that the government cannot detain Khalil on a charge that the Court never found to be unlawful.

                                        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

*/s/ August E. Flentje*
AUGUST E. FLENTJE
Special Counsel for Immigration Litigation

DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov