UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MAHMOUD KHALIL,

        *Petitioner,*

  v.

        Case No. 2:25-cv-01963

DONALD TRUMP, et al.,

        *Respondents.*

---

**DECLARATION IN SUPPORT OF PETITIONER'S
RELEASE PURSUANT TO ECF 299
WHERE THE POST-HOC CHARGE OF REMOVABILITY
UNDER 237(a)(1)(A) OF THE
IMMIGRATION AND NATIONALITY ACT
DOES *NOT* TRIGGER MANDATORY DETENTION
UNDER 8 U.S.C. SECTION 1226**


I, Ian Fernando Hinonangan, Esq., declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct:

    1. I was admitted to practice law by the Supreme Court of New Jersey in November 2002 and subsequently by the New Jersey District Court and the Third Circuit Court of Appeals in 2003.

2. In the Court's June 11th Opinion and Order, the Court indicated that:"To be sure, it might be argued that the Petitioner would be detained anyway. See, ECF 299 at 7-8. After all, as noted above, the Department of Homeland Security is seeking to remove the Petitioner based not only on the Secretary of State's determination --- but also on a second basis, the Petitioner's alleged failure to accurately complete his lawful-permanent-resident application. See, again, ECF 299 at 7-8. The Court added: "Maybe the Petitioner would be detained, in any event, on that second basis. And if so, it might be argued, there would not be any incremental chilling effect from detaining the Petitioner for an additional reason, the Secretary of State's determination. **But that argument does not work**. The reason: the evidence is that lawful permanent residents are virtually never detained pending removal for the sort of alleged omissions in a lawful-permanent-resident application that the Petitioner is charged with here. **And that strongly suggests that it is the Secretary of State's determination that drives the Petitioner's ongoing detention --- not the other charge against him**. See, again, ECF 299 at 8. [Emphasis Added.] In other words— the post-hoc charge is an undisputed continuation in the fabric of retaliatory motive and hence "carries the taint of unconstitutional conduct". See ECF 280 at 2, citing *Ragbir v. Homan*, 923 F.3d 53, 79 (2d Cir. 2019)

3. As such— Respondent's letter of today is wrong when it states: "The Court did not order Respondents to release Petitioner Mahmoud Khalil." See, ECF 304 at 1. See, ECF 272 at 100. The Court has ordered Respondents to release Petition Mahmoud Khalil. (See, again, ECF 299 in its entirety.)

4. Respondents misconstrue the Court's May 11th Opinion and Order, footnote 14: "The two holdings set out in the text have no impact on efforts to **remove** the Petitioner for reasons other than the Secretary of State's determination." See, ECF 299 at 13. [Emphasis Added.] Efforts to "remove" the Petitioner" does not mean efforts to "detain" him. The Court has ordered Respondents to release Petition Mahmoud Khalil. (See, again, ECF 299 in its entirety.)

5. Furthermore, the post-hoc charge under Section 237(a)(1)(A) of the Immigration and Nationality Act (INA) ((Fraud or Willful Misrepresentation) reads: "In that at the time of entry or adjustment of status, you were within one or more of the classes of aliens inadmissible by the law existing as such time, to wit: aliens who seek to procure, or have sought to procure, or who have procured a visa, other documentation, or admission into the United States, or other benefit provided under the Act, by fraud or by willfully misrepresenting a material fact, under Section 212(a)(6)(C)(i) of the Act. See Form I-261(ECF 128), Ex. A, ¶ ¶ 5-6.

6 The post-hoc charge of removability against Petitioner under section 237(a)(1)(A) does **not** trigger or sanction mandatory detention based on a strict reading of 8 U.S.C. Section 1226(a). [Emphasis Added.] As such, preliminarily enjoining the Secretary's as ordered by this Court on May 28th would seem to end the Petitioner's "detention" to the extent that this post-hoc charge— for his alleged 2024 failure to make certain disclosures in his lawful-permanent-resident application— does not trigger or sanction mandatory detention under 8 U.S.C. Section 1226(a).

7. A strict construction of 8 U.S.C. Section 1226(a) compels a reading that while Petitioner may be arrested and detained pending a decision on whether he is removable from the U.S. (which has already happened and Petitioner remains detained to date), the "and" between subsection (1) "may continue to detain") and (2) "may release the alien on bond… or conditional parole…" squarely defeats the mandatoriness of Petitioner's detention [Emphasis Added.] See (ECF 190) at 2. Also see 8 U.S.C. Section 1226(a) footnoted below.1

8. As such, despite the post-hoc charge, this only serves to give Respondents another charge of removability against Respondent but it doesn't sanction the Petitioner's continued "detention".

Dated: June 13, 2025

Respectfully submitted,

_____
IAN F. HINONANGAN, ESQ.
Attorney - Amicus: Immigration Lawyers,
Law Professors, and Scholars
Ian F. Hinonangan, P.C.
350 Warren Street, Suite #10
Jersey City, NJ 07302
iancorporate@yahoo.com

---

Footnote 1:
8 U.S. Code § 1226 - Apprehension and Detention of Aliens
(a) Arrest, detention, and release
    On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on—
        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
        (B) conditional parole; but
    (3) may not provide the alien with work authorization…

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing filing was served on counsel of record via the Court's CM/ECF system on June 13, 2025.

Dated: June 13, 2025

                                                IAN F. HINONANGAN, ESQ.
Attorney - Amicus: Immigration Lawyers, Law Professors, and Scholars