# Exhibit A

**From:** Acuna, Brian S ███████████████████
**Date:** Wednesday, June 4, 2025 at 10:21 AM
**To:** Nora Ahmed ████████████████
**Cc:** Marc Van Der Hout ███████████, Johnny Sinodis ███████████, Oona Cahil ██████████, Marc Van Der Hout ████████████████, Ladwig, Scott G ███████████ >
**Subject:** RE: ICE Response: Transfer Request to New Jersey: M. Khalil, ████████ (readnow)

Thank you for your message. As stated in my June 2, 2025 e-mail, I am declining your request that Mr. Khalil be transferred from the Central Louisiana ICE Processing Center in Jena, Louisiana to a detention center in New Jersey.

**Brian S. Acuna**

Acting Field Office Director

New Orleans Field Office

**Enforcement and Removal Operations**

**U.S. Immigration and Customs Enforcement**

c: ████████████

**From:** Nora Ahmed ████████████████
**Sent:** Tuesday, June 3, 2025 6:03 PM
**To:** Acuna, Brian S ██████████████████
**Cc:** Marc Van Der Hout ██████████; Johnny Sinodis ███████████; Oona Cahil ██████████; Marc Van Der Hout ████████████████; Ladwig, Scott G ███████████
**Subject:** Re: ICE Response: Transfer Request to New Jersey: M. Khalil, ████████ (readnow)

Many thanks for your response.

Best,

Nora Ahmed | Legal Director

Pronouns: she, her, hers

American Civil Liberties Union of Louisiana

P.O. Box 56157, New Orleans, LA 70156

Tel: ██████████ ██████████

*Admitted to the New York Bar, not admitted to the Louisiana Bar

---

**From:** Acuna, Brian S ███████████████████
**Sent:** Tuesday, June 3, 2025 6:01:30 PM
**To:** Nora Ahmed ████████████████
**Cc:** Marc Van Der Hout ███████████████; Johnny Sinodis ████████████; Oona Cahil ███████████████; Marc Van Der Hout ██████████████████████; Ladwig, Scott G ████████████████████

**Subject:** RE: ICE Response: Transfer Request to New Jersey: M. Khalil, ████████ (readnow)

Good evening. Yes, I am reviewing your message. Brian S. Acuna Acting Field Office Director New Orleans Field Office Enforcement and Removal Operations U.S. Immigration and Customs Enforcement c: ████████     From: Nora Ahmed < ████████████ >

Good evening.  Yes, I am reviewing your message.

**Brian S. Acuna**

Acting Field Office Director

New Orleans Field Office

 **Enforcement and Removal Operations**

**U.S. Immigration and Customs Enforcement**

c: ████████████

**From:** Nora Ahmed ████████████████

**Date:** Tuesday, Jun 03, 2025 at 17:50

**To:** Acuna, Brian S ██████████████████████

**Cc:** Marc Van Der Hout ██████████████, Johnny Sinodis ████████████ Oona Cahil ███████████████, Marc Van Der Hout ██████████████████████, Ladwig, Scott G █████████████████████ >

**Subject:** Re: ICE Response: Transfer Request to New Jersey: M. Khalil, ████████ (readnow)

Hi AFOD Acuna,

Any update from your office on the below follow-up email would be much appreciated.

Best,

**Nora Ahmed** | Legal Director

Pronouns: she, her, hers

**American Civil Liberties Union of Louisiana**

P.O. Box 56157, New Orleans, LA 70156

Tel: ██████████ ██████████

*Admitted to the New York Bar, not admitted to the Louisiana Bar*

**From:** Nora Ahmed ██████████████████████
**Date:** Tuesday, June 3, 2025 at 9:03 AM
**To:** Acuna, Brian S ████████████████████████
**Cc:** Marc Van Der Hout ██████████████████, Johnny Sinodis ██████████████████, Oona Cahil ██████████████████, Marc Van Der Hout ██████████████████████, Ladwig, Scott G ██████████████████████
**Subject:** Re: ICE Response: Transfer Request to New Jersey: M. Khalil, ██████████ (readnow)

Dear AFOD Acuna,

Thank you for your email. It would be helpful on our end to understand how your office came to the conclusion that Mr. Khalil is not covered by ICE Directive 11064.3 (the "Directive"). Section 3.1 of the Directive indicates that a "Covered Individual" is a noncitizen parent who either "ha[s] custody of a minor child" or is a "primary caretaker[]." In short, there are two independent grounds in the Directive that apply to Mr. Khalil. He undoubtedly satisfies both.

First, there is no question that Mr. Khalil has custody of his child. He is the father of his child (as his child's birth certificate, which can be produced upon request, proves). In fact, as far as Mr. Khalil knows, the parent/child relationship in this matter is not contested. Hence, there is no basis to claim he does not have custody of his child.  Custody alone is grounds enough for application of the ICE Directive to Mr. Khalil.

Second, Mr. Khalil is one of his son's two primary caretakers. He neither voluntarily nor involuntarily ever surrendered his legal rights as a father. Indeed, under New York law, Mr. Khalil assumed affirmative obligations upon the birth of his son, including responsibilities for the care and raising of his child, which Mr. Khalil enthusiastically embraces. *See, e.g.,* . N.Y. Fam. Ct. Act § 413 (McKinney) ("the <u>parents</u> of a child under the age of twenty-one years are chargeable with the support of such child . . . .") (emphasis added).  The primary caretaker designation applies not to a single parent, but to both "parents," of which Mr. Khalil is one. *Id.*

The ICE Directive is an attempt to shed an iota of humanity into a system that rips families apart. Mr. Khalil deserves to be with his child every day, including on Father's Day, which is just around the corner. Luckily, this situation is easily rectifiable. In fact, it requires rectification because Mr. Khalil is a Covered Individual who has both custody of his child and is one of his child's two primary caretakers.

To the extent your office has a reason to disclaim the applicable Covered Individual provisions that clearly apply to Mr. Khalil, it would be helpful to understand that analysis more fully. Even to the extent there is disagreement as to one of the two provisions discussed above, that disagreement cannot extend to both—as Mr. Khalil is the legal guardian of his minor child.

We look forward to hearing from you.

**Nora Ahmed** | Legal Director

Pronouns: she, her, hers

**American Civil Liberties Union of Louisiana**

P.O. Box 56157, New Orleans, LA 70156

Tel: ███████████████████

*Admitted to the New York Bar, not admitted to the Louisiana Bar*

**From:** Acuna, Brian S ████████████████
**Date:** Monday, June 2, 2025 at 4:21 PM
**To:** Nora Ahmed ████████████████
**Cc:** Marc Van Der Hout ████████████, Johnny Sinodis ████████████, Oona Cahil ████████████, Marc Van Der Hout ████████████, Ladwig, Scott G ████████████
**Subject:** ICE Response: Transfer Request to New Jersey: M. Khalil, ████████ (readnow)

Ms. Ahmed, thank you for your email to the New Orleans Field Office. After considering your information below and a review of your client's case, your request for a transfer is denied. He is not a covered individual under the 11064.3 policy

Ms. Ahmed, thank you for your email to the New Orleans Field Office. After considering your information below and a review of your client's case, your request for a transfer is denied. He is not a covered individual under the 11064.3 policy you mentioned. Thank you.

**Brian S. Acuna**

Acting Field Office Director

New Orleans Field Office

**Enforcement and Removal Operations**

**U.S. Immigration and Customs Enforcement**

c: ▇▇▇▇▇▇▇▇▇


**From:** Nora Ahmed ▇▇▇▇▇▇▇▇▇▇▇▇▇

**Date:** Monday, Jun 02, 2025 at 3:03 PM

**To:** Ladwig, Scott G ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Cc:** Marc Van Der Hout ▇▇▇▇▇▇▇▇     Johnny Sinodis ▇▇▇▇▇▇▇▇▇, Oona Cahil ▇▇▇▇▇▇▇▇▇, Marc Van Der Hout ▇▇▇▇▇▇▇▇▇▇

**Subject:** Re: Transfer Request to New Jersey: M. Khalil, ▇▇▇▇▇▇ (readnow)

Hi Scott,

I am reaching out about the status of the below transfer request. Any update would be much appreciated.

Best,

**Nora Ahmed** | Legal Director

Pronouns: she, her, hers

**American Civil Liberties Union of Louisiana**

P.O. Box 56157, New Orleans, LA 70156

Tel: ▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇

*Admitted to the New York Bar, not admitted to the Louisiana Bar*


**From:** Nora Ahmed ▇▇▇▇▇▇▇▇▇▇▇▇ >
**Date:** Friday, May 30, 2025 at 10:24 PM
**To:** Ladwig, Scott G ▇▇▇▇▇▇▇▇▇▇▇▇▇
**Cc:** Marc Van Der Hout ▇▇▇▇▇▇▇▇▇▇, Johnny Sinodis ▇▇▇▇▇▇▇▇▇▇, Oona Cahil ▇▇▇▇▇▇▇▇▇, Marc Van Der Hout ▇▇▇▇▇▇▇▇▇▇
**Subject:** Transfer Request to New Jersey: M. Khalil, ▇▇▇▇▇▇▇ (readnow)

Dear Scott,

We write as counsel for Mahmoud Khalil (A#: ▇▇▇▇▇▇▇) to request that he be transferred from the Central Louisiana ICE Processing Center in Jena, Louisiana to a detention center in

New Jersey—in accordance with ICE's own policy to detain noncitizens as close as practicable to their minor children, and to permit regular visitation by his U.S. citizen wife and newborn U.S. citizen son, who is only one-month old.

Mr. Khalil's wife gave birth to the couple's first child on April 21, 2025. As the parent of a minor child in the United States, ICE's standards require that the agency detain Mr. Khalil near his infant child and facilitate regular visitation between Mr. Khalil and his newborn son. In this case, due to Mr. Khalil's son's young age, ICE's standards require that Mr. Khalil be transferred to a facility in New Jersey where his wife and infant child are able to regularly visit him, without incurring significant financial expense and undue hardship.

ICE Directive 11064.3 (Interests of Noncitizen Parents and Legal Guardians of Minor Children or Incapacitated Adults) states that: "*It is the policy of ICE to ensure that the agency's civil immigration enforcement activities do not unnecessarily disrupt or infringe upon the parental or guardianship rights of noncitizen parents or legal guardians of minor children or incapacitated adults, consistent with all legal obligations and applicable court orders.*" ICE Directive 11064.3 Section 2. This directive requires ICE personnel to continually inquire about a detainee's parental status, noting that this status "may be readily subject to change (e.g., birth of a new child[.]"

When ICE detains a noncitizen who is the parent of a minor child, the Field Office Director of the Area of Responsibility (AOR) **must** "refrain from making an initial placement or subsequently transferring the noncitizen outside of the AOR of apprehension, unless maintaining custody within the AOR is impracticable or doing so is dictated by exceptional circumstances or otherwise legally required." *Id.* at 5.3(1). For parents of minor children in the United States, "[i]n the limited circumstances in which detention is appropriate," ICE "must place the Covered Individual as *close as practicable to the noncitizen's minor child(ren)*[.]" *Id.* at 5.3(2). "If the …detention facility is not the closest location to the Covered Individual's minor child(ren)…, the FODs **must** consider transfers . . . to a facility within the AOR that is closer to the location of the minor child(ren), unless doing so is otherwise inconsistent with the express wishes of the detained Covered Individual." *Id.* at 5.3(3).

At the time of his detention on March 8, 2025, in New York, New York, Mr. Khalil's U.S. wife was eight months pregnant. Despite being aware of his wife's pregnancy and the fact that she would imminently give birth, ICE transferred Mr. Khalil hundreds of miles away from the New York AOR where he was initially detained. Mr. Khalil's wife gave birth to the couple's first child on April 21, 2025, making Mr. Khalil the father of a minor U.S. citizen and a Covered Individual under ICE Directive 11064.3.

Mr. Khalil's wife and minor child are facing significant emotional and psychological harm as a result of Mr. Khalil's detention far away from his family and loved ones. The detention center in Jena, Louisiana is not "as close as practicable" to Mr. Khalil's son. There is no possible justification to detain Mr. Khalil at such a great distance from his minor child, in violation of ICE's own policy, when ICE maintains numerous detention facilities within driving distance of where Mr. Khalil's wife and infant son reside in New York City.

Additionally, ICE must facilitate visitation for detained noncitizen parents like Mr. Khalil, including by "accommodate[ing] regular visitation between the Covered Individual and their minor child(ren)." ICE Directive 11064.3 Section 5.5(1). Furthermore, "*Pursuant to ICE detention standards, at facilities where there is no provision for contact visits by minors, FODs must arrange, upon request, for a contact visit by minor child(ren) within the first 30 days of detention. After that time, upon request and consistent with Section 5.3, ICE personnel must consider a request for transfer, when practicable, to a facility that would allow such visitation. Upon request, FODs must continue to allow monthly visits if a transfer is not approved, or until an approved transfer can be completed.*" *Id.*; *see also* U.S. Immigration and Customs Enforcement, National Detention Standards for Non-Dedicated Facilities §5.5.II.F.1 (2019); U.S. Immigration and Customs Enforcement, Performance-Based National Detention Standards 2011 § 5.7.V.I.2 (2011, rev. 2016); U.S. Immigration and Customs Enforcement, Performance-Based National Detention Standards 2008 § 5.32.V.I.2 (2008); U.S. Immigration and Customs Enforcement, 2000 National Detention Standards, Visitation § III.H.2.d (2000).

Mr. Khalil has been detained for 83 days, since March 8, 2025. Under ICE's PBNDS and ICE Directive 11064.3, ICE **must** facilitate visitation between Mr. Khalil and his infant U.S. citizen son. Mr. Khalil's U.S. citizen wife and son live in New York and are unable to regularly travel to Jena, Louisiana as his son is only one-month old and his wife has just recently given birth. There is no indication that transfer to New Jersey would be impracticable in these circumstances, as ICE maintains significant detention space in New Jersey and in fact has expanded its detention capacity there.

On May 1, ICE confirmed to the New Jersey Globe that it had opened for operation a 1,000-bed detention facility in Newark, that a spokesperson for GEO Group said would create hundreds of jobs. As of May 12, the newly opened facility—Delaney Hall—was only at 15% capacity of its 1000-bed capacity. There is evidently ample space for Mr. Khalil to be detained in New Jersey, particularly given this facility has just opened and cannot be at capacity.

Additionally, Mr. Khalil has now completed his immigration court proceedings in Louisiana, and has no scheduled hearings before the court. This is yet another reason why no justification exists to keep him detained in Louisiana, rather than transferring him to New Jersey.

We therefore request that Mr. Khalil be transferred to a detention center in New Jersey as expeditiously as possible to ensure ICE complies with its own stated policies.

Best,

**Nora Ahmed** | Legal Director

Pronouns: she, her, hers

**American Civil Liberties Union of Louisiana**

P.O. Box 56157, New Orleans, LA 70156

Tel: ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮