VIA ECF                                                                                                                    June 18, 2025
Honorable Michael E. Farbiarz, U.S.D.J.
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, NJ 07101

      Re:    *Khalil v. Trump, et al.*, No. 25-cv-1963 (MEF) (MAH)

      First, Petitioner's letter, ECF 308, does not seek reconsideration of this Court's prior determination that his preliminary injunction motion did not present sufficient grounds to enjoin the misrepresentation charge. Instead, he seeks release pursuant to his still-pending motion for bail, ECF 93, 108, or, in the alternative, his return to New Jersey, ECF 96, in light of recent developments, including this Court's findings. Petitioner understands that the Court has not yet resolved the First Amendment claims before it, ECF 272 at 92 n.77, and, given Respondents' decision to continue his detention based solely on the misrepresentation charge, ECF 304, Petitioner intends to promptly file a new motion for a preliminary injunction directly challenging that basis for detention on First Amendment grounds. While the forthcoming motion could, if granted, lead to Petitioner's release, this Court may—and should—grant Petitioner bail or compel his return now, on the current record.

      Second, seeking release on bail through habeas is not a "circumvent[ion]" of immigration proceedings but an independent process rooted in a federal court's inherent authority. ECF 93; *see* ECF 308 at 2 (citing releases on bail under *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), or similar precedent, in *Mahdawi*, *Ozturk*, *Khan Suri*, and *Mohammed*). That is clear from the irrelevance of immigration bond to habeas release in those other cases: in *Mahdawi* and *Khan Suri*, the petitioners were released despite being ineligible for immigration bond; in *Ozturk*, an immigration judge ("IJ") denied bond before the district court granted bail, 2025 WL 1420540, at *8; and in *Mohammed*, DHS automatically stayed an IJ's grant of bond before habeas release on bail, 2025 WL 1334847, at *2.*

      Third, like the petitioners in those other cases, Petitioner has raised substantial claims and his detention presents extraordinary circumstances requiring release to ensure an effective habeas remedy. ECF 308 at 1-2. Further, he has submitted evidence showing he is neither a flight risk nor a danger— evidence Respondents have chosen not to even attempt to contest. ECF 308 at 2.

      Fourth, as the Second Circuit recently explained, 8 U.S.C. § 1226(e) does not bar release. *Ozturk v. Hyde*, 136 F.4th 382, 401 (2d Cir. 2025) (denying stay of transfer order); *see* ECF 108 at 7; ECF 175 at 12.

      Fifth and finally, the INA does not bar Petitioner's return to New Jersey, *see* ECF 214; ECF 96, where he would be eligible for contact visits (as the facility's own guidance—not Respondents' internally inconsistent website—demonstrates), ECF 258-2. *Accardi* applies to both ICE's directives and detention standards. ECF 308 at 4. And ICE's parental directive covers Mr. Khalil, who has custody of his son and is a primary caregiver. ECF 308-1 at 4-5.

---

* Regardless, after becoming eligible for immigration bond five days ago, Mr. Khalil has sought release administratively (which ICE summarily denied without explanation) and filed a motion for a bond hearing in front of the IJ (seeking a June 23 hearing). *See* Attachments. As in *Mohammed*, a grant of bond by the IJ would (if appealed within one day) be automatically stayed. ECF 308 at 2 n.2.

Respectfully submitted,

/s/ *Jeanne LoCicero*

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>Liza Weisberg<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>973-854-1715<br><br>NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher*<br>Robert Hodgson*<br>Veronica Salama*<br>Molly Biklen*<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar*<br>Sidra Mahfooz*<br>Michael K.T. Tan*<br>Brian Hauss*<br>Esha Bhandari*<br>Vera Eidelman*<br>Tyler Takemoto*<br>Brett Max Kaufman*<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem*<br>Naz Ahmad<br>Mudassar Hayat Toppa*<br>Shezza Abboushi Dallal*<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558<br><br>CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay*<br>Diala Shamas*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464<br><br>WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das*<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br>Fax: (212) 571-3792<br><br>VAN DER HOUT LLP<br>Marc Van Der Hout (CA Bar #80778)*<br>Johnny Sinodis (CA Bar #290402)*<br>Oona Cahill (CA Bar #354525)*<br>360 Post St., Suite 800<br>San Francisco, CA 94108<br>Tel: (415) 981-3000<br>Fax: (415) 981-3003 |
| *Appearing Pro hac vice* | *Counsel for Petitioner* |