July 1, 2025

VIA ECF
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    *Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz,

    In keeping with the Court's instruction during the oral argument held on June 20, 2025, regarding Petitioner Mahmoud Khalil's motion for release on bail, Oral Arg. Tr. 52:19-53:3, Petitioner respectfully submits the instant letter to update the Court on Respondents' interpretation of the Court's preliminary injunction, ECF 299.

    The relevant background is as follows: On June 11, this Court preliminarily enjoined Respondents "from seeking to remove the Petitioner from the United States based on the Secretary of State's determination" and from detaining him on that basis. ECF 299 at 12-13. On June 20, during oral argument on Petitioner's bail motion, Oral Arg. Tr. 51:4-6, the immigration judge denied Mr. Khalil a bond hearing in continued reliance on the Secretary of State's determination, Ex. A, IJ Bond Hearing Denial, and separately memorialized her finding that Mr. Khalil was removable based on the same determination, Ex. B, IJ Decision & Order at 4-5 (filed separately under seal).[1] The immigration judge also denied Mr. Khalil asylum based on the Secretary of State's determination and declined to find him eligible for—and set a hearing on—his request for a waiver of the misrepresentation charge pursuant to 8 USC § 1227(a)(1)(H), presumably also based on the Secretary of State's determination, which precludes the waiver.[2] *Id.* at 20-21.

---

[1] On April 11, the immigration judge had ruled from the bench that Mr. Khalil was removable based on the Secretary of State's determination. *See* ECF 214 at 4. On June 17, Mr. Khalil notified the immigration judge of this Court's June 11 order enjoining Respondents from seeking to remove Mr. Khalil based on the Secretary of State's determination and requested a bond hearing in light of Respondents' newly asserted discretionary detention premised on the second alleged ground of removability. *See* Oral Arg. Tr. 7:5-9 (June 20, 2025); ECF 304 at 1. In her June 20 order denying a bond hearing, the immigration judge stated that Mr. Khalil "remains subject to mandatory detention" based on the Secretary of State's determination. Ex. A. By separate order, the immigration judge reiterated that Mr. Khalil was removable "based on … the letter from the Secretary of State explaining his determination that [Mr. Khalil's] presence here has potentially serious adverse foreign policy consequences for the United States." Ex. B at 5. On June 27, the immigration judge also denied Mr. Khalil's motion for reconsideration of her oral decision deeming Mr. Khalil removable based on the Secretary of State's determination, which Mr. Khalil had filed in the wake of this Court's preliminary injunction. Ex C, IJ Reconsideration Denial. Barring further action by Respondents or this Court, the immigration judge will be divested of jurisdiction over her various decisions by July 18, and Mr. Khalil's removal case will proceed to the Board of Immigration Appeals with those decisions as they presently stand.

[2] The immigration judge did not directly address Mr. Khalil's waiver request in her decision, Ex. B, but during the April 11 hearing in which she found Mr. Khalil removable based on the Secretary of State's determination, the immigration judge stated that the waiver request was "irrelevant" due to that finding.

As directed, Petitioner's counsel conferred with Respondents' counsel following oral argument to ascertain Respondents' understanding of this Court's order. On June 27, Respondents' counsel wrote the undersigned that while "[t]he Court's order does preliminarily enjoin the Government from seeking to remove Petitioner from the United States based on the determination," Respondents "understand that to mean actual physical removal from the United States," and that nothing in the order prevents them from "continuing to litigate the removability charge [based on the Secretary of State's determination] through the normal course of removal proceedings." Ex. D, DOJ Email. Respondents also stated that "the Court's PI order is prospective." *Id.*

Petitioner respectfully submits that this interpretation cannot be squared with the plain terms of this Court's order. "Seeking to remove" does not mean the same thing as "remove." The former phrase encompasses any DHS pursuit of removal based on the Secretary of State's determination and the immigration judge's consideration of the determination, not just the final action of a removal based on the likely unconstitutional removal charge. *See, e.g.*, ECF 299 at 2 ("The Department of Homeland Security is seeking to remove him from the United States on two grounds."). It is Petitioner's position that both continued DHS reliance on the Secretary of State's determination in removal proceedings and the immigration judge's rulings based on that same determination impermissibly seek to remove Mr. Khalil based on the Secretary of State's determination and are therefore inconsistent with this Court's order. *See* Oral Arg. Tr. 36:22-23 (June 20, 2025) ("THE COURT: There are two charges here and one of them has been enjoined."); *id.* at 5:4-8 ("What happened a week ago [is]… I preliminarily enjoined … efforts to remove as to the Secretary of State's determination as to the petitioner here.").[3]

The Court's separate, earlier order enjoining removal also supports Petitioner's position. On March 19, the Court ordered that "Petitioner shall not be removed from the United States, unless and until the Court issues a contrary order." ECF 81. That order still holds today and needs no repetition. Were the effect of this Court's preliminary injunction as narrow as Respondents contend, it would be a redundant order.

In light of this update, Petitioner respectfully requests a status conference as soon as practicable to determine the appropriate next steps regarding the Court's order. Mr. Khalil is prepared to file a motion to enforce if necessary and in advance of the upcoming July 18 date when the immigration judge will otherwise be divested of jurisdiction over the immigration proceedings.

Respectfully submitted,

s/ *Liza Weisberg*

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION | CLEAR PROJECT MAIN STREET LEGAL SERVICES, INC. |
| Jeanne LoCicero | Ramzi Kassem* |

---

[3] The immigration judge is an employee of the Executive Office for Immigration Review, a component of the U.S. Department of Justice. She wields authority derived from—and answers to—Attorney General Pam Bondi, a respondent in this matter. Accordingly, the immigration judge is subject to this Court's orders in this matter, including its June 11 preliminary injunction.

Farrin R. Anello
Molly K.C. Linhorst
Liza Weisberg
570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Michael K.T. Tan*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

Naz Ahmad
Mudassar Toppa*
Shezza Abboushi Dallal*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805
Fax: (212) 571-3792

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003

*Counsel for Petitioner*

\* *Appearing Pro hac vice*