| | |
|---|---|
| **From:** | Sampat, Dhruman Y. (CIV) |
| **To:** | Baher Azmy |
| **Cc:** | Alina Das; Jeanne LoCicero; Liza Weisberg; Amy Greer; Duong, Alanna (CIV); McCroskey, Joshua C. (CIV); Browning, Rachel (CIV); edu", ███████████; Van Der Hout, Marc; Wilson, Sarah S. (CIV); Flentje, August (CIV) |
| **Subject:** | RE: [EXTERNAL] Khalil v. Joyce - Release Conditions |
| **Date:** | Friday, June 27, 2025 11:11:13 AM |
| **Attachments:** | image002.png |

-|external|-

Good morning, Baher,

Thank you for your patience.

The Government disagrees with Petitioner's proposed reading of the preliminary injunction. We do not think that the Court's order prohibits the Government from continuing to defend the charge as it pertains to Petitioner's removability. The Court's order does preliminarily enjoin the Government from seeking to remove Petitioner from the United States based on the determination, and we understand that to mean actual physical removal from the United States. Third Circuit law supports that reading. The Court's own footnote does as well because it does not prohibit the Government from continuing its efforts to remove Petitioner on the fraud charge. The Court did not preliminarily vacate the removability charge nor did it direct DHS to not defend the charge or the immigration judge to not rely on it.

Moreover, the Court's PI order is prospective. The immigration judge sustained the foreign policy charge in April, and the Court had notice of the immigration judge's decision. Nevertheless, the Court preliminarily enjoined the Government from seeking to remove Petitioner on that ground rather than vacate the IJ's findings.

The Government does not read the PI order as prohibiting the relevant Respondents to defend and affirm Petitioner's removability charge. That is particularly true while Petitioner does not have a final order of removal. Therefore, continuing to litigate the removability charge through the normal course of removal proceedings (that is, before the Board of Immigration Appeals) is necessary to ensure that the relevant parties can develop a full record for appellate review.

Additionally, the PI order does not require the Government to join Petitioner in his request to reopen proceedings. Nothing in the text of the order suggests it. Moreover, there is no need to revisit the immigration judge's June 20 decision, which afforded Petitioner a full merits determination on his asylum and relief claims. The immigration judge explicitly provided an alternative holding, assuming that Petitioner was not barred from relief or protection from removal as a national security risk. On the waiver issue, nothing foreclosed Petitioner from filing one during his removal proceedings. The Government's position does not foreclose Petitioner from moving to reopen his proceedings himself. And the Government will respond accordingly.

Finally, the Government notes that its position and reading of the PI does not prejudice Petitioner. Rather, it favors him by allowing a full appellate record to be made. Now that the Government has appealed the PI order, if it is indeed reversed and vacated, Petitioner and the Government will not be prejudiced in the immigration proceedings, because the parties will not have to bounce between the immigration judge and the BIA.

We hope that this resolves any issues/disputes as to this issue. If Petitioner is contemplating filing a motion, we ask that the parties meet and confer beforehand to propose a briefing schedule. Government counsel has leave scheduled for various weeks and have other litigation deadlines. Therefore, we would want to propose a reasonable schedule that allows the Government to properly defend against Petitioner's motion.

On the issue regarding the order of release, the Government will respond with its position in its

filing on Monday.

Best regards,
Dhru

Dhruman Y. Sampat
Senior Litigation Counsel
United States Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044

