

**U.S. Department of Justice**
Civil Division

---

July 2, 2025

**By ECF**

Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King, Jr., Courthouse
    and Federal Building
Newark, NJ  07102

      Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
             **Government's Response to ECF Nos. 324, 325**

Dear Judge Hammer:

    Respondents (the "Government") submit this letter in response to the Court's Order, ECF No. 325, and to Petitioner Mahmoud Khalil's letter regarding his release conditions, ECF No. 324.

    As a threshold matter, to the extent that there is any confusion, the Government did not act contrary to the Court's order issued on Friday, June 20. Nor has it "unilaterally imposed new conditions on release." ECF No. 324 at 1. The Court set forth multiple conditions for release in its text order, but the order does not memorialize its oral statement that it did not intend to require Khalil to report to U.S. Immigration and Customs Enforcement (ICE). *Compare* ECF No. 317 *with* Hearing Tr. at 22:12-15. The order was promptly sent to the relevant stakeholders so Khalil could be released on Friday, June 20, in compliance with the order and the Court's clear intention. *See* Hearing Tr. at 25:4-8; 28:25-29:6. At that time, in addition to addressing the specific requirements imposed by this court, namely of the return of Khalil's green card and a copy of his passport, ECF No. 317, ICE processed Khalil for release consistent with its regular practice for an alien who will be moving from one area of responsibility to another. Contrary to Khalil's contentions, nothing suggests that the Government attempted to impose any new conditions unilaterally or contrary to the orders of the Court.

    It is ICE's position that requiring Khalil to report under these circumstances is not contrary to the Court's order. To the extent that this Court intended otherwise, however, the Government requests that the Court reconsider and impose reporting requirements at this time. Of particular note, Khalil's counsel informed ICE that Khalil received a notice to vacate his student housing at Columbia University by June 30. Khalil, to date, has not provided ICE with a new address as to where he intends to stay after he vacates his student housing. This fact makes it particularly imperative that he be required to periodically report in person to ICE.

    As to Khalil's request on the email check-in, virtual check-ins are inconsistent with ICE practices and are not permitted except for where an alien is subject to electronic monitoring, which is not the case here.

Finally, the Government would also like to note that Khalil's request seeking clarity of the Court's release order seems to have created an avoidable emergency. The letter request explicitly acknowledges that Khalil received this Order of Release on Recognizance on the day that he was released, June 20, 2025, and was represented in person by two attorneys. *See* ECF No. 324. Nevertheless, Khalil's counsel waited until the day before the check-in to contact Government counsel and then filed the letter less than sixteen hours before the scheduled check-in asking this Court to clarify its prior order. Khalil had six days to communicate with counsel and seek a potential amicable resolution without judicial intervention but declined to do so. The Government will respond to and comply with the Court's deadlines, but Khalil and his team should not be permitted to make every alleged slight into an emergency.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General
        Civil Division

        YAAKOV M. ROTH
        Principal Deputy Assistant Attorney General

        DREW C. ENSIGN
        Deputy Assistant Attorney General

        ALANNA T. DUONG
        Senior Litigation Counsel

        *s/ Dhruman Y. Sampat*
        DHRUMAN Y. SAMPAT
        Senior Litigation Counsel
        Office of Immigration Litigation
        General Litigation and Appeals Section
        PO Box 878, Ben Franklin Station
        Washington, D.C. 20044
        dhruman.y.sampat@usdoj.gov