Marc Van Der Hout  
Johnny Sinodis  
Oona Cahill  
Van Der Hout LLP  
360 Post Street, Suite 800  
San Francisco, California 94108  
Telephone: (415) 981-3000  
Facsimile: (415) 981-3003  

**NOT DETAINED**

Attorneys for Respondent  
Mahmoud KHALIL  

UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

OFFICE OF THE IMMIGRATION JUDGE

JENA, LOUISIANA

| | |
|---|---|
| In the Matter of:<br><br>Mahmoud KHALIL,<br><br>Respondent,<br><br>In Removal Proceedings. | Hearing Date: N/A<br>Hearing Time: N/A<br>Before: Hon. Judge Jamee E. Comans |

**MR. KHALIL'S MOTION TO RECONSIDER THE COURT'S JUNE 20, 2025 ORDER (1) FINDING MR. KHALIL REMOVABLE UNDER INA § 237(a)(4)(C), AND THAT HE IS STATUTORILY BARRED FROM ELIGIBILITY FOR ASYLUM AND (2) FAILING TO SET AN EVIDENTIARY HEARING ON HIS REQUEST FOR A WAIVER OF INADMISSIBILITY UNDER INA § 237(a)(1)(H)**

**ON JUNE 11, 2025, A UNITED STATES DISTRICT COURT ENJOINED RELIANCE ON THE SECRETARY OF STATE'S DETERMINATION AS LIKELY UNCONSTITUTIONAL, THEREBY PRECLUDING USE OF THE SECRETARY OF STATE'S DETERMINATION IN MR. KHALIL'S REMOVAL PROCEEDINGS.**

Respondent, **Mr. Mahmoud KHALIL,** ▉ through undersigned Counsel, respectfully submits this Motion to Reconsider the Court's Order dated June 20, 2025, in which this Court found that the U.S. Department of Homeland Security (DHS) sustained its burden to establish removability under Immigration and Nationality Act (INA) § 237(a)(4)(C). However, the U.S. District Court for the District of New Jersey had previously, on June 11, 2025, enjoined the Respondents in Mr. Khalil's federal habeas corpus case, which includes this Court, from relying on the Secretary of State's Determination in seeking to remove Mr. Khalil, holding that it is likely unconstitutional under the Fifth Amendment. Accordingly, DHS and this Court are constitutionally prohibited from continuing to rely on the Determination in Mr. Khalil's removal proceedings, as well as on any and all legal consequences flowing from the Secretary of State's Determination. This includes this Court's rulings that Mr. Khalil is statutorily ineligible for asylum due to the Secretary of State's Determination and its impermissible failure to set a hearing on his request for a waiver under INA § 237(a)(1)(H) for the alleged misrepresentation contained in the post hoc second charge on the theory that such a waiver, even if granted, would be "irrelevant" due to the finding of removability on the § 237(a)(4)(C) charge for which there is no waiver as the Court stated at the April 11, 2025 hearing.

Throughout the course of the hearing Mr. Khalil stated, through counsel, numerous times that he intended to request the § 237(a)(1)(H) waiver if DHS's post hoc INA § 237(a)(1)(A) charge was sustained by the Court. Because the Court has now sustained the post hoc § 237(a)(1)(A) charge of removability, Mr. Khalil must be afforded an evidentiary hearing on his application for a waiver of inadmissibility under INA § 237(a)(1)(H) for which the previously submitted evidence of U.S. citizenship for his wife and son (*see* Exhibit 27, <u>Tabs A-C</u>) demonstrate his statutory

eligibility. The Court must, therefore, reconsider its June 20, 2025 decision and set an evidentiary hearing at which Mr. Khalil can present his case for the grant of such a waiver.

## INTRODUCTION

On June 11, 2025, the Honorable Judge Michael Farbiarz of the U.S. District Court for the District of New Jersey enjoined the government from "seeking to remove [Mr. Khalil] from the United States based on the Secretary of State's determination, as reflected in the Secretary's memorandum to the Secretary of Homeland Security." *Khalil v. Joyce*, 2:25-cv-01963-MEF-MAH, Dkt. 299 (D.N.J. June 11, 2025). This Court and the Executive Office for Immigration Review (EOIR) as agents of the Department of Justice under Attorney General Pamela Bondi – a named Respondent in the federal habeas case – are bound by the District Court's order. A copy of the District Court order is attached as Tab A.

One week after the federal court's preliminary injunction went into effect, on June 20, 2025, and mid-way through a bail hearing in federal court that would culminate in an order requiring Mr. Khalil's release from ICE custody, this Court issued a written decision which, as relevant here, found that, based on "the letter from the Secretary of State explaining his determination that the Respondent's presence here has potentially serious adverse foreign policy consequences for the United States … the Department has met its burden to establish removability by clear and convincing evidence, that the Respondent is removable under section 237(a)(4)(C)(i) of the Act as charged in the Notice to Appear and the Court sustains this charge of removability." Order dated June 20, 2025, at 5. The Court further held that Mr. Khalil is statutorily barred from asylum because "the United States Secretary of State's determination that the Respondent's presence and activities compromise the foreign policy of the United States is sufficient for a

reasonable person to deem him a 'non-trivial danger' to the national security of the United States." *Id.* at 20.

The sole basis the Court relied on to sustain the charge of removability under INA § 237(a)(4)(C) is the Secretary of State's determination regarding Mr. Khalil. Exhibit 7. In doing so, this Court attempts to authorize Mr. Khalil's removal based on that Determination – an authorization that is legally nullified now and into the future by the District Court's order enjoining use and reliance upon the Rubio Determination. As this Court has been enjoined from seeking to remove Mr. Khalil based on the Secretary of State's determination, the Court must reconsider its decision sustaining the charge of removability under INA § 237(a)(4)(C) and issue a new ruling finding that DHS cannot and thus, has not, sustained its burden to establish Mr. Khalil's removability under INA § 237(a)(4)(C). Further, the Court must reconsider its decision finding Mr. Khalil statutorily barred from asylum, as that finding similarly relied exclusively on the Secretary of State's enjoined Determination. That the government may disagree with the federal District Court's injunction is inconsequential. This Court must abide by that binding court order unless and until it is stayed or ultimately reversed by the federal court of appeals or the Supreme Court.

Additionally, in its order, this Court failed to address Mr. Khalil's previously stated intention to apply for a waiver of inadmissibility under INA § 237(a)(1)(H) should the Court, despite the overwhelming evidence to the contrary, find Mr. Khalil removable on the INA § 237(a)(1)(A) post-hoc charge. Now that the Court has sustained the post-hoc charge of removability under INA § 237(a)(1)(A)—for the first time in its June 20 order—Mr. Khalil is statutorily eligible to apply for a waiver under § 237(a)(1)(H) and must be provided an evidentiary hearing on that application.

## RELEVANT PROCEDURAL HISTORY

On June 11, 2025, U.S. District Judge Farbiarz issued a preliminary injunction enjoining the government, including this Court, from "seeking to remove [Mr. Khalil] from the United States based on the Secretary of State's determination, as reflected in the Secretary's memorandum to the Secretary of Homeland Security." <u>Tab A</u>, District Court Order at 12. The District Court's order went into effect on June 13, 2025, at 8:30 a.m. Central Time. *Id.* That order remains in full effect and binding on DHS *as well as* this Court today, as no stay has been entered by the federal court of appeals. As such, DHS and EOIR have been and continue to be enjoined from relying on the Secretary of State's presumptively unconstitutional Determination in proceedings to remove Mr. Khalil from the United States.

On June 17, 2025, in light of the June 11, 2025 District Court Order, Mr. Khalil submitted a Motion to Reconsider the Court's oral decision of April 11, 2025, which found that DHS had met its burden to sustain the charge of removability under INA § 237(a)(4)(C)(i) against him. Mr. Khalil provided the Court a copy of the District Court Order enjoining the Attorney General (and, thus, EOIR) from seeking to remove him based on the Secretary of State's Determination. The Motion was not adjudicated by this Court prior to its June 20 ruling, which completely ignored the District Court's June 11, 2025 Order and the pending June 17 Motion to Reconsider.[1]

On June 20, 2025, this Court issued a written decision finding, *inter alia*, that DHS had met its burden to sustain the charge of removability under INA § 237(a)(4)(C). Specifically, the Court's finding was "based on Exhibit 7, the letter from the Secretary of State explaining his

---

[1] DHS submitted an opposition to the Motion to Reconsider on June 27, 2025. ECAS did not generate an email notification for this filing, so Mr. Khalil did not have an opportunity to reply. Mr. Khalil submits that DHS's arguments in opposition to his Motion to Reconsider on June 17, 2025 are irrelevant. Mr. Khalil was not required to file a motion to reopen on June 17, 2025 as no final administrative order existed at that time. *See* INA § 240(c)(7)(C)(i) ("Except as provided in this subparagraph, the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal.").

determination that the Respondent's presence here has potentially serious adverse foreign policy consequences for the United States, and setting forth the reasons for those conclusions, (and) is facially reasonable and gives bona fide reasons for that determination." Order dated June 20, 2025, at 5. Based exclusively on the Secretary of State's Determination, this Court found that "the Department has met its burden to establish removability by clear and convincing evidence, that the Respondent is removable under section 237(a)(4)(C)(i) of the Act as charged in the Notice to Appear and the Court sustains this charge of removability." *Id.*[2]

This Court further sustained the charge of removal under INA § 237(a)(1)(A), yet failed to schedule an evidentiary hearing on the § 237(a)(1)(H) waiver, which Mr. Khalil had repeatedly stated he reserved the right to seek in the event the Court sustained that post-hoc charge of removability. *See, e.g.*, Exhibit 15; Respondent's Written Closing, submitted June 2, 2025; Transcript of Hearing on May 22, 2025.

That same day, Judge Farbiarz issued an order granting Mr. Khalil's motion for release from immigration custody. *Khalil v. Joyce*, No. 2:25-cv-01963, Dkt. 316 (D.N.J. June 20, 2025). Mr. Khalil was released from custody that day. He subsequently filed a change of address with the Court on June 22, 2025, reflecting his residential address in New York City where he resides with his family.

On June 30, 2025, this Court issued an order denying Mr. Khalil's Motion to Reconsider this Court's oral decision of April 11, 2025. The order stated, in its entirety: "The motion does not specify errors of law or fact in the previous order or is not supported by pertinent authority. *See*

---

[2] That same day, this Court issued a decision denying Mr. Khalil's motion to schedule a bond hearing and finding him ineligible for bond because this Court had sustained the charge of removability under INA § 237(a)(4)(C)(i). Although Mr. Khalil does not currently seek bond because he was released from custody pursuant to the District Court Order on June 20, 2025, this Court must also reconsider its order denying Mr. Khalil's motion for a bond hearing in the event it becomes relevant, as the order similarly relies exclusively and impermissibly on the Secretary's enjoined determination.

5
Motion to Reconsider
Mahmoud KHALIL,

INA § 240(c)(6)(C); 8 C.F.R. § 1003.23(b)(2)." The Court did not offer further explanation of its decision to ignore the District Court Order.

Pursuant to 8 C.F.R. § 1003.23(b)(1)(iv), Mr. Khalil states that the validity of this Court's June 20, 2025 order has not yet been the subject of any judicial proceeding. However, during argument before Judge Farbiarz in the District of New Jersey on June 20, 2025, on Mr. Khalil's motion for release on bail, this Court's order of that day was raised and Judge Farbiarz requested to be updated regarding it. Mr. Khalil submitted through counsel a brief letter to the Court on July 1 pursuant to the Court's request.

## ARGUMENT

**A. The Court must reconsider its finding that, based on the enjoined Determination of the Secretary of State, DHS met its burden to sustain the charge of removability under INA § 237(a)(4)(C)(i).**

Pursuant to 8 C.F.R. § 1003.23(b), the Court may, upon written motion, reopen or reconsider a matter in which a final administrative order has been issued. *See also* INA § 240(c)(6)(A). A motion to reconsider must be filed within thirty days of the date of entry of a final administrative order, while a motion to reopen must be filed within ninety days of a final administrative order. 8 C.F.R. § 1003.23(b)(1). This motion is timely filed, as this Court's final order finding Mr. Khalil removable under INA § 237(a)(4)(C)(i), finding him barred from asylum and declining to provide him a hearing in which he could apply for the § 237(a)(1)(H) waiver was entered on June 20, 2025. This is Mr. Khalil's first motion to reconsider this Court's written decision sustaining the charge of removability under INA § 237(a)(4)(C)(i),[3] and is filed within 30 days of that decision as required by § 240(c)(6)(B). This Court's failure to abide by the District Court's injunction was both an error of law and an error of fact. *See* INA § 240(c)(6)(C).

---

[3] The Court's April 11, 2025 oral decision, which was not accompanied by a written decision, was not a final administrative order.

Judge Farbiarz's June 11 Order enjoined DHS, ICE, and the Attorney General (including EOIR) from "seeking to remove [Mr. Khalil] from the United States based on the Secretary of State's Determination, as reflected in the Secretary's memorandum to the Secretary of Homeland Security." *See* Tab A, District Court Order at 12. That injunction is based on the conclusion that Mr. Khalil is likely to succeed on his argument that INA § 237(a)(4)(C)(i) is unconstitutional as applied to him based on the Secretary of State's Determination—the only document before this Court that DHS has introduced to sustain its burden. *See id.* at 4 (citing *Khalil v. Trump*, 2025 WL 1514713, *56 (D.N.J. May 28, 2025)). That preliminary injunction went into effect at 8:30 a.m. Central Time on June 13, 2025, and remains in full effect and is binding on this Court.

The government—including this Court, as a component of the U.S. Department of Justice answerable to the Attorney General, a Defendant-Respondent in Mr. Khalil's federal case—is enjoined from seeking to remove Mr. Khalil based on the Secretary of State's Determination, as reflected in the Secretary of State's memorandum to the Secretary of Homeland Security. Exhibit 7. As this Court's written decision acknowledges, that Determination is the sole piece of evidence that DHS provided to sustain the INA § 237(a)(4)(C) charge against Mr. Khalil, and it is the sole piece of evidence this Court relied on to find the charge had been sustained. *See* Order dated June 20, 2025, at 5. As such, this Court is exclusively relying upon that Determination in ordering Mr. Khalil's removal on the foreign policy ground– a reliance the federal District Court enjoined on June 11 as presumptively unconstitutional. The government may seek to appeal and stay that injunction (indeed, it already has), but unless and until the federal court of appeals or the Supreme Court issues a stay or reverses the injunction, the government, including this Court, must comply with the injunction. To state what should be obvious, this Court is not at liberty to ignore a binding federal court order.

Precedent from the Supreme Court of the United States is clear that this Court is bound to follow injunctions issued by a federal district court. *See, e.g., United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[W]e find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."). "The Constitution does not tolerate willful disobedience of judicial orders — especially by officials of a coordinate branch who have sworn an oath to uphold it." *J.G.G. v. Trump*, No. CV 25-766 (JEB), 2025 WL 1119481, at *1 (D.D.C. Apr. 16, 2025), appeal filed by *J.G.G., et al v. Donald Trump, et al.*, No. 25-5124 (D.C.Cir., Apr. 17, 2025).

This Court's June 20, 2025, order finding that DHS has met its burden to sustain the charge of removability under INA § 237(a)(4)(C) based on the Secretary of State's Determination is in direct contravention to the District Court order enjoining the government, including EOIR and DHS, from seeking to remove Mr. Khalil based on that Determination. Accordingly, the Court must reconsider its decision of June 20, 2025, and find that the charge of removability under INA § 237(a)(4)(C) has not been and cannot be sustained. The Court must also therefore reconsider – and reverse – its decision that Mr. Khalil is statutorily barred from asylum based on the Secretary's Determination.

**B. Now that the Court has sustained the charge of removability under INA 237(a)(1)(A), the Court must set a hearing on Mr. Khalil's INA § 237(a)(1)(H) waiver.**

As Mr. Khalil has previously stated multiple times in written filings and in Court, "in the event that the Court does sustain the charge under INA § 237(a)(1)(A) and an INA § 237(a)(1)(H) waiver becomes relevant, Mr. Khalil reserves the right to submit evidence in support of that waiver and have a full evidentiary hearing on the waiver request at a subsequent hearing." *See, e.g.*, Mr. Khalil's Written Closing Argument submitted June 2, 2025.

In its June 20, 2025 Order, the Court—for the first time—sustained the charge of removability under INA § 237(a)(1)(A) yet failed to schedule an evidentiary hearing at which Mr. Khalil could apply for and submit evidence on his request for an INA § 237(a)(1)(H) waiver, despite agreeing at the May 22 hearing that he had preserved the right to seek a § 237(a)(1)(H) waiver should the Court sustain that charge.[4]

Mr. Khalil is statutorily eligible for an INA § 237(a)(1)(H) waiver because he has a U.S. citizen wife and child, and because he was not inadmissible[5] on any other ground besides, allegedly, INA § 212(a)(6)(C)(i) in November 2024 when he became a Lawful Permanent Resident of the United States. *See* INA § 237(a)(1)(H) (stating that certain noncitizens who were inadmissible at the time of admission due to fraud or misrepresentation are eligible for a waiver if they were "otherwise admissible to the United States at the time of such admission."). The Secretary of State's now-enjoined determination was not issued until March 2025, so Mr. Khalil could not possibly have been inadmissible on that basis in November 2024. This Court's erroneous (and constitutionally proscribed) June 20 decision to sustain the charge of removability under INA § 237(a)(4)(C) does not affect Mr. Khalil's eligibility for a waiver under INA § 237 (a)(1)(H), because he was otherwise admissible *at the time of admission*, and thus entitled to seek the waiver.

The Court must therefore reconsider its June 20, 2025 decision and order that Mr. Khalil be provided a hearing and an opportunity to submit evidence and present witnesses in support of his application for a waiver of inadmissibility pursuant to INA § 237(a)(1)(H). As set out in Mr. Khalil's concurrently filed motion to change venue, that future evidentiary hearing should take place before the New York Immigration Court, as the forum nearest his place of residence.

---

[4] No certified transcript has yet been prepared of this proceeding from which to cite.
[5] As the record makes clear, Mr. Khalil vehemently rejects the finding that he committed fraud or misrepresentation when he completed his Form I-485. The evidence simply does not support such a ruling.

## CONCLUSION

For all the aforementioned reasons, the Court must grant this Motion, reconsider its decision dated June 20, 2025, and find that the charge of removability under INA § 237(a)(4)(C) has not been and cannot be sustained. The Court must also reconsider its decision finding that Mr. Khalil is barred from asylum as a result of the Secretary's Determination. Finally, the Court must find that Mr. Khalil is statutorily eligible for an INA § 237(a)(1)(H) waiver in continued removal proceedings.

Dated: July 3, 2025

Respectfully submitted,

Marc Van Der Hout
Johnny Sinodis
Oona Cahill
Van Der Hout LLP

Attorneys for Mr. Khalil