# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mahmoud KHALIL,<br><br>    *Petitioner*,<br><br>v.<br><br>Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,<br><br>    *Respondents*. | Case No. 25-cv-01963 (MEF-MAH)<br><br>**DECLARATION OF JOHNNY SINODIS** |

## DECLARATION OF JOHNNY SINODIS

I, Johnny Sinodis, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner at Van Der Hout LLP, which is located at 360 Post Street, Suite 800, San Francisco, CA 94108. I have personal knowledge of the matters stated herein. I am one of Mr. Khalil's attorneys who is representing him in the above captioned-matter before this Court and also the Immigration Court. I have been practicing immigration law since December 2011.

2. Mr. Khalil's arrest by ICE on March 8, 2025, did not involve a judicial warrant, an administrative warrant, or any probable cause finding that would have permitted his warrantless arrest.

3. In fact, although ICE officials told Mr. Khalil on the night of his arrest that they had a warrant—while refusing to show him one (*see* ECF 284-1, June 4 Mahmoud Khalil Declaration ¶¶ 48-49)—evidence later submitted in his immigration proceedings confirmed that no such warrant existed.

4. DHS also initially claimed in Mr. Khalil's immigration proceedings—without citing any evidence or even offering to provide any testimony from the ICE agents involved in Mr. Khalil's arrest—that ICE agents believed "that it was likely he would escape before they could obtain a warrant" on the night of his arrest, thus alleviating them of the need to first obtain an administrative warrant. But surveillance video obtained by our team showed that Mr. Khalil remained cooperative, calm, and fully responsive to the agents' instructions even as he attempted to understand the grounds for his shocking and unexpected arrest.

5. One important point to note is that a DHS whistleblower later revealed that DHS's Office for Civil Rights and Civil Liberties (CRCL) had opened an investigation into the "due process concerns raised by" DHS' arrest and attempted removal of Mr. Khalil, just days before the CRCL office was dissolved. *See* https://www.cnn.com/2025/05/15/politics/homeland-security-mahmoud-khalil-investigation

6. At no point in Mr. Khalil's immigration proceedings was he afforded a probable cause hearing, as there does not exist such a process in civil immigration proceedings.

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my own personal knowledge. Executed this 9th day of July 2025 at San Francisco, California.

_____
Johnny Sinodis
Declarant