# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Mahmoud KHALIL, <br><br> *Petitioner*, <br><br> v. <br><br> Donald J. TRUMP, *et al.*, <br><br> *Respondents*. | No. 25 Civ. 1963 |

### DECLARATION OF KERRY E. DOYLE

I, KERRY E. DOYLE, hereby declare and state:

1.     The facts set forth in this declaration are based on my personal knowledge, unless otherwise indicated, and, if called as a witness, I could and would testify thereto. I am over eighteen years of age and of sound mind to declare to the facts stated herein.

2.     I am currently Of Counsel with Green and Spiegel, LLC, an immigration firm based in Philadelphia, Pennsylvania. I graduated *cum laude* from American University, Washington College of Law with a J.D. and The George Washington University with a B.A. in Political Science. I am a member of the Commonwealth of Massachusetts Bar, the Supreme Court Bar and the bars of Several Federal Courts of Appeals and U.S. District Courts.

3.     I served as Principal Legal Advisor (PLA), for Immigration Customs Enforcement (ICE) from September 2021 through September 2024. In that role, I oversaw the more than 1,500 attorneys and staff who work for the Office of the Principal Legal Advisor (OPLA) across the country. As PLA, I was responsible for establishing the direction and priorities of our office in alignment with the Office of General Counsel (OGC), ICE, and DHS leadership. During that time, I also served on detail as Acting Deputy General Counsel, Office of General Counsel (OGC), Department of Homeland Security (DHS) from February 2024 through May 2024 and in September 2024 and as Deputy General Counsel from October 2024 through December 2024. I

was appointed as an Immigration Judge and served in that position from mid-December 2024 through mid-February 2025.

4.      In private practice, I have represented many hundreds, if not thousands, of noncitizens in removal proceedings. I am a recognized expert in complex immigration issues, including immigration court removal proceedings. I have been a frequent speaker at immigration conferences and national lawyer trainings, including previously recurring trainings co-hosted by the Boston Immigration Court (part of the Executive Office for Immigration Review (EOIR)) and the New England Chapter of the American Immigration Lawyers Association, with a specific focus on training pro-bono attorneys volunteering to represent noncitizens in immigration bond hearings. I have been recognized as an expert witness on immigration law topics before both state and federal courts. In light of my expertise, while in private practice, I was selected by the Immigration Court to represent detained individuals who have been deemed incompetent through the National Qualified Representative Program. In the past, I worked closely with the Massachusetts Immigrant and Refugee Advocacy Coalition and the Massachusetts Law Reform Institute providing technical assistance and public testimony on various immigration-related policy issues before the state legislature and the Boston City Council. More recently, I have testified before the Federal Law Enforcement subcommittee of the Government Oversight Committee in the U.S. House of Representatives.

5.      I am providing this declaration in my personal capacity. The opinions herein should not be construed to represent the position of DHS or any components therein, the Department of Justice, or Green and Spiegel, LLC. Moreover, while the views I express herein are generally based on my over twenty-five years of immigration law practice, including extensive experience in both private practice and government service, no part of this declaration includes, references, reflects, draws upon, confirms, or denies privileged, confidential, deliberative, sensitive, or classified

2

information.

6.      As I have previously stated in my prior declaration, I have reviewed Mahmoud Khalil's Third Amended Petition for Writ of Habeas Corpus and Complaint, ECF 236 ("Petition"). I also reviewed the Decision and Order of the Immigration Judge dated June 20, 2025, ECF 333, the Declaration of Johnny Sinodis, ECF 284-3, and the transcript of the status conference held on July 7, 2025 before Judge Michael E. Farbiarz in the United States District Court for the District of New Jersey, ECF 340. While I do not represent Mr. Khalil and I have no first-hand knowledge of the facts from this case, I understand from the Petition that Mr. Khalil was confined at the Central Louisiana ICE Detention Facility in Jena, Louisiana. I also understand from the Petition that Mr. Khalil has never been convicted of a crime nor arrested (prior to his apprehension by ICE on March 8, 2025).

7.      I understand that Mr. Khalil was placed in removal proceedings and has been charged with two grounds of removability, one of which (8 U.S.C. § 1227(a)(4)(C)) has been enjoined by the federal district court. I understand that, a few hours after the federal district court's injunction went into effect, DHS informed Mr. Khalil's counsel and the federal district court that it was now detaining Mr. Khalil solely on the basis of the other charged ground of inadmissibility (8 U.S.C. § 1227(a)(1)(A), on the basis of 8 U.S.C. § 1182(a)(6)(C)(1)), specifically, willful misrepresentation of a material fact based on allegedly missing information from an immigration application.

8.      As I stated in my prior declaration, it is unusual that DHS added the second charge based upon the facts of this case. It is even more unusual that DHS relied on the second charge to detain Mr. Khalil. Lawful permanent residents of the United States are not typically placed in removal proceedings, and certainly not detained, based solely on the types of allegedly missing information described in the misrepresentation charge (as detailed in the Petition). Moreover, the

timing of the second charge, added by DHS a few days after he filed a habeas petition challenging the original charge, suggests a desire on behalf of DHS to keep Mr. Khalil detained and to remove him at all costs. DHS's decision in June 2025 to continue to detain Mr. Khalil even after the original charge was enjoined, only underscores the likelihood of their possible motivations. Such a decision is particularly uncommon because DHS chose not to rely on the charge as the basis for Mr. Khalil's detention until this point, several months after it detained him and in light of the robust legal challenge to the original charge of removability that has now been enjoined.

9.      The Immigration Judge's Decision and Order sustaining two counts of the misrepresentation charge under 8 U.S.C. § 1227(a)(1)(A), INA § 237(a)(1)  against Mr. Khalil also appears highly unusual, particularly given the scant nature of the evidence presented against him to support the charge, that DHS neither cross examined Mr. Khalil's testimony addressing these allegations during his hearing before the Immigration Judge, nor raised any argument in support of those allegations in their closing written brief.  Additionally, Mr. Khalil was not put under oath and interviewed by the United States Citizenship and Immigration Services before his application for lawful permanent resident status was granted, which significantly weakens the argument that any information on the I-485 Application to Register Permanent Residence or Adjust Status can be the basis for a fraud or removability finding. This is particularly true as the form is complicated and confusing to the noncitizens completing the form.

10.     Ordinarily, where, as here, an immigration judge sustains a charge of removability under 8 U.S.C. § 1227(a)(1)(A), INA § 237(a)(1)(A), a non-citizen may be eligible for a waiver of removability under 8 U.S.C. § 1227(a)(1)(H), INA § 237(a)(1)(H), if they meet the eligibility criteria. Contrary to assertions by counsel for the Department of Justice during a status conference before the U.S. District Court for the District of New Jersey on July 7, 2025, suggesting that Mr. Khalil would be required to file a Form I-601 or another application form in order to apply for a

waiver under this provision, the process for application for this particular waiver does not involve the filing of any form or the paying of a fee. Although (a)(1)(H) fraud waivers are relatively uncommon in immigration court, I have personally and successfully represented a number of individuals requesting a waiver under this section of the immigration law before the immigration court. There is no form associated with a waiver pursuant to 8 U.S.C. § 1227(a)(1)(H), INA § 237(a)(1)(H), as opposed to any number of other waivers in immigration law that do require either a Form I-601 or another specific form. Instead, a person indicates their eligibility to apply for an (a)(1)(H) fraud waiver by noting eligibility for the waiver to the immigration court if DHS has included the requisite fraud charge in the Notice to Appear making an (a)(1)(H) fraud waiver necessary to challenge removability. Once the immigration court finds that the charge of 8 U.S.C. § 1227(a)(1)(A), INA § 237(a)(1)(A) is sustained, the immigration court typically schedules an evidentiary hearing and a call-up date to file supportive documentation in relation to any applications or eligibility for relief including for an (a)(1)(H) fraud waiver. The immigration court then decides, after an individual or merits hearing on the requested relief, whether to grant the (a)(1)(H) fraud waiver, thus cancelling the noncitizen's removal and returning them to lawful permanent resident status. Given the injunction of the original foreign policy charge of removability, Mr. Khalil appears eligible for a waiver under 8 U.S.C. § 1227(a)(1)(H), INA § 237(a)(1)(H), but I understand that the Immigration Judge has not scheduled an evidentiary hearing or otherwise extended to Mr. Khalil the opportunity to present evidence of his eligibility for this waiver.

11.    In my view, the government's reliance on the misrepresentation charge to keep Mr. Khalil in removal proceedings compounded the chilling effect of its other aggressive and unusual stances in this case. This chilling effect impacts both citizens and noncitizens, who will fear that immigration applications will be used as a pretext for their detention and removal if they engage in

disfavored political speech or other protected First Amendment activity.

12.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:    July 9, 2025                              _____/s/ Kerry E. Doyle_____

                                                                    KERRY E. DOYLE