# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Mahmoud KHALIL,

        *Petitioner*,

v.

Donald J. TRUMP, *et al.*,

        *Respondents*.

No. 25 Civ. 1963

## DECLARATION OF DANA LEIGH MARKS

I, DANA LEIGH MARKS, hereby declare and state:

1. The facts set forth in this declaration are based on my personal knowledge, and if called as a witness, I would testify thereto. I am over eighteen years of age and of sound mind to declare the facts stated herein.

2. I am providing this declaration in my personal capacity. The opinions expressed should not be construed to represent the positions or opinions of any individual, governmental or organizational entity with whom I am currently or previously have been affiliated.

3. I served for 35 years as an immigration judge in San Francisco, California. In that capacity, I rendered oral and written decisions more than 24,000 cases, in non-detained and detained removal, deportation, exclusion and bond proceedings, from January 1987 until I retired on December 31, 2021. A few of these cases involved classified evidence requiring my security clearance to be upgraded to Secret and several involved material support of terrorist issues as well as issues involving allegations of persecution of others.

4. During my tenure as an immigration judge I was an active member of the National Association of Immigration Judges (NAIJ), a nationwide professional association of

1

immigration judges. Between 1999 to 2017 I was elected to two two-year terms as Vice President and seven two-year terms as President. In those capacities, spearheaded public outreach, education, and media/ lobbying campaigns, including authorship of scholarly professional articles and press opinion pieces. I testified before Congress on multiple occasions, as well as conducting dozens of television, radio, and press interviews to educate the public regarding immigration law and the immigration court system. I directed internal union business, organizing, and public outreach. I served as lead negotiator to obtain first collective bargaining agreement, represented union in grievances and informal meetings. I am currently President Emerita of NAIJ,

5. From 1987 to 1997, I also was an adjunct faculty member at accredited law schools teaching immigration law survey courses. Throughout my career I have taught dozens of continuing education and training classes to attorneys, including many to state court judges involving the intersection of immigration law with state law provisions.

6. Before becoming an immigration judge, I was in the private practice of immigration law from 1977 until December 1986. While in private practice I was lead counsel for the non-citizen in *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987), a landmark case before the U.S. Supreme Court which accepted our interpretation of the well-found fear standard implemented by the Refugee Act of 1980 and remains the governing law today. I also represented the prevailing party in three other reported decisions: *Internt'l Union of Bricklayers and Allied Craftsmen v. Meese*, 616 F.Supp. 1387 (N.D. Cal. 1985), *Shamsian v. Ilchert,* 534 F.Supp 178 (N.D. Cal 1982, and *Matter of Bonnette*, 17 I&N Dec. 584 (1980).

6. I am currently an inactive member of the California State bar having been admitted in 1977 and in active status until this year. During my career prior to taking the bench, I

2

was admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit and the United States District Court for the Northern District of California.

7.  I have carefully reviewed pertinent materials regarding Mr. Khalil's cases, including the Order and Opinion of this Court issued June 11, 2025, the Decision and Order of the Immigration Judge dated June 20, 2025, ECF 333, and the Declaration of Johnny Sinodis, ECF 284-3. In my expert professional opinion, the decision of the Immigration Judge finding him removable based on factual allegations 6 and 8 of the Additional Charges of Inadmissibility/Deportability and the charge of removability under Immigration and Nationality Act ("INA") § 237(a)(1)(A) asserting inadmissibility under INA § 212(a)(6)(C)(i) is not at all supported by the evidence and caselaw and should be reversed based on the facts as I understand them and the law when reviewed on appeal.

8.  It is blackletter immigration law that a misrepresentation must be material to provide a basis for inadmissibility and, thus, here removability. Dozens of cases in various tribunals ranging from the Board of Immigration Appeals, District Courts, Circuit Courts of Appeal and the Supreme Court discuss materiality in this context.  The consensus is clear: to be a material fact it is required that knowledge of the alleged true facts if disclosed would have led to a disqualifying fact actually existing.  If an item not disclosed would prompt further investigation, it is material only if that investigation would have reasonably, predictably or naturally tended to lead to the discovery of some legal disqualification. The grounds of inadmissibility most commonly raised in the context of asserted inadmissibility for allegedly false statements on prior applications involve criminality, terrorism, Nazism, totalitarianism, foreign military service or involvement in the persecution of others.  Based on my review of the

3

pertinent documents I was provided as specified above, none of those grounds appear to be relevant to Mr. Khalil's case. In fact, in my opinion, the record here is devoid of even a scintilla of evidence that would give rise to a fair inference that knowledge of the information contained in these allegations, even if construed as being factually accurate as to the alleged omission or misstatement, would have led to disqualifying evidence on any grounds.

9. Based on the evidence in the record and the publicly known facts regarding DHS's efforts to remove Mr. Khalil, these factual allegations and charges appear so baseless as to appear to be pretextual efforts to chill his First Amendment rights of speech and association rather than to provide a reasonable basis to assert an actionable misrepresentation.

10. The failure of DHS to provide any rebuttal evidence or even a closing argument on the charge and allegations discussed here signals to me a tacit acknowledgement that the charge cannot be sustained. The burden is on the DHS to produce clear and convincing evidence but no evidence except the favorable evidence presented by Mr. Khalil has been presented to address the issue of materiality (or even of willfulness which is also part of requirement to sustain the charge here; nothing in the record I have reviewed would merit sustaining the element of willfulness either).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:    July 9, 2025

                                                                    /s/ Dana Leigh Marks

                                                                     Dana Leigh Marks