UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAHMOUD KHALIL,

       *Petitioner*,

v.

DONALD TRUMP et al.,

       *Respondents*.

No. 25-cv-01963 (MEF)(MAH)

**ORDER**

Federal practice does not generally allow for multiple bites at the apple. See, e.g., Caraballo v. City of N.Y., 2025 WL 1430152, at *1 (2d Cir. May 19, 2025) ("[I]t may be an abuse of discretion to permit a second dispositive motion if the arguments in the second motion could have been brought into the first."); United States v. Alexander, 505 F. App'x 601, 602 (7th Cir. 2013) ("[s]uccessive motions cannot be used to obtain a chance to make a different or better argument"); Jing v. Ashcroft, 105 F. App'x 437, 440-41 (3d Cir. 2004) ("[T]he [petitioners'] arguments in their second motion to reopen . . . could have been raised in their first motion to reopen. The BIA was well within its discretion in denying the petitioners' second motion to reopen based on a failure to exercise due diligence."); Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); Lippe v. Bairnco Corp., 249 F. Supp. 2d 357, 386 (S.D.N.Y. 2003), aff'd, 99 F. App'x 274 (2d Cir. 2004) ("When a party loses . . . a summary judgment motion, it does not get to do it again."); see also, e.g., Tran v. Tran, 2024 WL 4710231, at *1 (M.D. Fla. Nov. 7, 2024); IQVIA, Inc. v. Veeva Sys., Inc., 2021 WL 12319550, at *7 (D.N.J. Jan. 15, 2021), rev'd and vacated, 2022 WL 17990836 (D.N.J. Dec. 29, 2022); cf. Gordon v. Monoson, 239 F. App'x 710, 714 (3d Cir. 2007) ("Because the District Court had already rejected

Monoson's arguments . . . , it was not required to consider those arguments anew[.]").

Against this backdrop, it is not clear that a party who has made a preliminary injunction motion, which was denied, can then simply file a new one. <u>See</u>, <u>e.g.</u>, <u>F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.</u>, 815 F.2d 426, 428-29 (6th Cir. 1987) (discussing this issue).

Here, the Petitioner made a preliminary injunction motion, and the Court denied it in part. <u>See</u> ECF 272. As to the denied part, the Petitioner yesterday filed a new preliminary injunction motion. <u>See</u> ECF 345.

The Petitioner shall explain in a letter brief why the Court should now consider his new motion. The Respondents shall respond in their own letter brief. Each letter brief shall be no more than five single-spaced pages. The Petitioner's is due on July 17, the Respondents' on July 24.

No further briefing as to ECF 345 shall be due unless and until the Court orders otherwise.

IT IS on this 10th day of July, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.