July 11, 2025

VIA ECF
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    ***Khalil v. Trump, et al.*, No. 25-cv-1963 (MEF) (MAH)**

Dear Judge Farbiarz,

    Petitioner Mahmoud Khalil respectfully submits this letter in response to the Court's July 9, 2025 Text Order, ECF 344, directing Petitioner to address two questions. First, the Court's preliminary injunction of June 11 requires the immigration judge ("IJ") to reverse, vacate, or amend her decision finding Petitioner removable based on the Secretary of State's determination (and any other orders that effectuate or further proceedings seeking to remove Petitioner on that basis). Second, the injunction bars the IJ from relying on that determination to deny Petitioner's requests for relief from removal. Finally, the injunction also requires Respondent DHS to formally withdraw (without prejudice) its reliance on the determination and the charge that this court enjoined.

    After holding that Respondents' application of INA § 237(a)(4)(C) to Petitioner was likely unconstitutional, causing Petitioner a range of irreparable harms, ECF 272 at 101, this Court ordered on June 11 that "Respondents are preliminarily enjoined from seeking to remove the Petitioner from the United States based on the Secretary of State's determination." ECF 299 at 12-13. Even though Petitioner's immigration counsel notified the IJ of that injunction, including by Motion to Reconsider, filed on June 17, ECF 312-3 at 20-24, the IJ nevertheless issued a written decision and order on June 20 finding Mr. Khalil removable based on the Secretary of State's determination.[1] ECF 333 at 4-5. The IJ also found Mr. Khalil "barred from asylum," relying on the enjoined determination, *id.* at 20-21, and, although the IJ sustained the alleged misrepresentation ground of removability, *id.* at 5-9, the IJ did not set an evidentiary hearing on his request for a waiver of that charge pursuant to INA § 237(a)(1)(H).[2] Having previously outlined the rest of the relevant background, *see* ECF 332, 341, Petitioner answers the Court's questions in turn.

    **I.**    **The Court's preliminary injunction requires the immigration judge to reverse or vacate her decision that Petitioner is removable under INA § 237(a)(4)(C).**

---

[1]    On June 27, Respondent DHS opposed Mr. Khalil's June 17 Motion to Reconsider, arguing that this Court's preliminary injunction "neither renders the Secretary of State's determination invalid or ineffective" and "does not materially impact the [Immigration] Court's removability determination." Ex. A, DHS Opp'n to Mot. to Recons. at 3. The IJ denied the motion on the same day, by order served on Mr. Khalil's immigration counsel days later, on June 30. ECF 332-2 at 1, 2. Also on June 27, Respondents communicated to Petitioner their view that the Court only preliminarily enjoined "actual physical removal from the United States" and that nothing in the order prevents them from "continuing to litigate the removability charge [based on the Secretary of State's determination]." ECF 332-3.

[2]    Petitioner's immigration counsel requested an evidentiary hearing to pursue the 237(a)(1)(H) waiver several times, orally and in writing, in the event that the IJ sustained the alleged misrepresentation charge. *See, e.g.,* Audio Recording of Immigration Hearing (Apr. 11, 2025); Application for Immigration Relief at 1 (Apr. 23, 2025). Nothing further is required for the IJ to schedule the evidentiary hearing on the waiver. *See* Decl. of Kerry E. Doyle, ECF 345-7 at ¶ 10 (July 9, 2025); ECF 343 at n.3.

When this Court preliminarily enjoined Respondents from detaining or seeking to deport Petitioner based on the Secretary of State's determination, it also held that "Respondents can have little or no interest in applying the relevant underlying statutes in what is likely an unconstitutional way." ECF 299 at 11. Any use of the likely unconstitutional determination by Respondents—be they DHS or the Attorney General—to establish Petitioner's removability is impermissible and would perpetuate the same irreparable injuries for which the preliminary injunction was sought and issued to remediate.

The text of the Court's order supports this plain understanding of its thrust. By finding Petitioner removable based on the Secretary of State's determination, the IJ is "seeking to remove the Petitioner" based on that same determination, in violation of this Court's preliminary injunction. The IJ must, therefore, reverse, vacate, or amend her decision, in keeping with this Court's order. There is no question that the IJ is subject to the order. The IJ wields authority derived from—and answers to—Attorney General Pam Bondi, a respondent in this matter. *See* Third Am. Pet. § 15, ECF 236 (naming Attorney General as respondent and citing 8 U.S.C. § 1103(g), vesting Attorney General with immigration-related authorities and functions and empowering them to "delegate such authority"); 8 U.S.C. § 1101(b)(4) (defining "immigration judge" as an employee of the Executive Office for Immigration Review, or EOIR, a component of the Justice Department, appointed by—and subject to the supervision and direction of—the Attorney General). The plain terms of the order prohibit Respondents from attempting or endeavoring to effect Petitioner's removal. Notwithstanding Respondents' argument, "seeking to remove" does not mean the same thing as "remove." This phrase encompasses the full spectrum of efforts that precede and are distinct from the final action or outcome of removal itself. It precludes any DHS pursuit of removal based on the Secretary of State's determination as well as the IJ's consideration of the determination. *See, e.g.*, ECF 299 at 2 ("The Department of Homeland Security is seeking to remove him from the United States on two grounds."); Oral Arg. Tr. at 5:4-8 (June 20, 2025) ("What happened a week ago [is] . . . I preliminarily enjoined . . . efforts to remove as to the Secretary of State's determination as to the petitioner here.").

This Court's separate, earlier order enjoining removal also contradicts Respondents' position. On March 19, the Court ordered that "Petitioner shall not be removed from the United States, unless and until the Court issues a contrary order." ECF 81. That order still holds today and needs no repetition. Were this Court's preliminary injunction as narrow as Respondents contend, it would be a redundant order and would not remedy the ongoing irreparable harms flowing from the Secretary of State's determination. Equally unavailing is Respondents' contention that the Court's preliminary injunction "is prospective" only. ECF 332-3. The Court issued its preliminary injunction on June 11, *before* the immigration judge rendered her final, administratively appealable June 20 decision and order finding Petitioner removable and denying him relief based on the Secretary of State's determination. And even if the operative removability finding relying on the enjoined charge somehow were the one that the IJ made from the bench in April, as Respondents seem to intimate, *id.*, the IJ was bound to revisit that interim ruling, consistent with this Court's preliminary injunction, before issuing a final order.[3] Giving the IJ's decision any continuing effect amounts to Respondents unlawfully seeking to remove Petitioner based on the Secretary of State's determination, and applying INA § 237(a)(4)(C) in a likely-unconstitutional and enjoined manner.

---

[3] The immigration judge retains broad discretion to reconsider her prior rulings, *sua sponte* or by motion of either party. INA § 240(c)(6)(C); 8 C.F.R. § 1003.23(b)(2).

2

Requiring the IJ's full and immediate compliance with this Court's preliminary injunction is appropriate and necessary to remedy the irreparable harms flowing from the Secretary of State's determination. Federal district courts exercising habeas jurisdiction enjoy broad authority over immigration judges. *See, e.g.*, *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020) (remanding habeas suit with instructions for district court to order immigration judges to redo bond hearing and place burden of proof on government); *Smith v. Ogle*, 21-CV-1129, 2023 WL 3369154, at *7 (M.D. Pa. Jan. 3, 2023) (ordering that "immigration judge conduct a bond hearing in accordance with *Santos*"), *report and recommendation adopted,* 21-CV-1129, 2023 WL 3362597 (M.D. Pa. May 10, 2023); *Angel A.A. v. Edwards*, 19-CV-9135, 2022 WL 4001247, at *1 (D.N.J. Mar. 22, 2022) (ordering "that an Immigration Judge shall provide Petitioner with an individualized bond hearing" in accordance with district court's opinion); *Onosamba-Ohindo v. Barr*, 483 F. Supp. 3d 159, 178 (W.D.N.Y. 2020) (ordering immigration judges in Buffalo to reconsider class members' bond hearings with several additional procedural protections after district court dismissed all defendants other than immediate custodian); *Franco-Gonzalez v. Holder*, 10-CV-02211, 2014 WL 5475097, at *6 (C.D. Cal. Oct. 29, 2014) (ordering among other things that immigration judges conduct competency inquiries to determine if class members are competent to represent themselves in removal proceedings).

In sum, because her decision impermissibly seeks to remove Mr. Khalil based on the Secretary of State's determination, which this Court foreclosed as presumptively unconstitutional, the IJ must reverse, vacate, or amend her decision.

## II. The immigration judge may not rely on the Secretary of State's determination to deny Petitioner asylum and a hearing for a waiver per INA § 237(a)(1)(H).

The Court's preliminary injunction also necessarily bars the IJ from relying on the Secretary of State's determination to deny Petitioner's requests for relief from removal. It cannot logically follow that Respondents would be preliminarily enjoined from "seeking to remove" Petitioner based on the Secretary of State's determination yet would be allowed to deny Petitioner relief from removal on that same basis. A noncitizen in removal proceedings is not subject to an administrative order of removal until they are found removable *and* deemed ineligible for, or denied, any form of claimed relief from removal. INA § 240(c)(4). Both conditions must be met when "seeking to remove" a noncitizen from the United States. Therefore, this Court's preliminary injunction bars the Attorney General—and, by extension, the IJ—both from finding Petitioner removable based on the Secretary of State's determination and from denying Petitioner relief from removal on that same basis.

It is irrelevant that the IJ offered an alternative ground for asylum denial, ECF 333 at 21-33—the upshot of this Court's order is that the preliminarily enjoined Secretary of State's determination cannot form any part of the decision to deny Petitioner's asylum claim at all. The IJ is free to base the asylum decision on an alternative ground, so long as the IJ complies with this Court's preliminary injunction. Similarly, since the IJ has refrained from scheduling the evidentiary hearing Petitioner is entitled to on the 237(a)(1)(H) waiver of the misrepresentation charge because she has found him removable based on the Secretary of State's determination, her decision regarding the waiver hearing also runs afoul of this Court's order.

Respondents' misinterpretation of this Court's order renders this Court's clear injunction ineffectual or, at best, redundant. They strain the plain meaning of the Court's words so that their removal case can move forward as they see fit, to finality before the Board of Immigration Appeals ("BIA"), with the enjoined charge intact. *See* Oral Arg. Tr. 36:22-23 (June 20, 2025) ("THE COURT:

3

There are two charges here and one of them has been enjoined."); ECF 332-3 (noting Respondents' intention to "continu[e] to litigate the [enjoined] removability charge through the normal course of removal proceedings (that is, before the Board of Immigration Appeals)").

Adopting Respondents' reading of the Court's preliminary injunction would deprive Mr. Khalil of the opportunity to seek a waiver of the remaining misrepresentation charge and unfairly force him to continue to litigate and defend against the charge that this Court enjoined in removal proceedings, including before the BIA. This Court reasoned it had jurisdiction to consider Petitioner's motion for preliminary relief because "claimants 'will lose their rights not to undergo the complained-of agency proceedings if they cannot assert those rights until the proceedings are over.' . . . So too here." ECF 214 at 99 (quoting *Axon Enter v. FTC*, 598 U.S. 175, 192 (2023)). Respondents' interpretation of the order also saddles Petitioner with the very same continuing irreparable harms that this Court recognized and remedied by preliminarily enjoining Respondents from seeking to remove Petitioner based on the Secretary of State's determination. Indeed, Petitioner continues to suffer damaged career prospects, reputational injury, and chilled speech, all flowing from the Secretary of State's determination, as long as it remains in play in ongoing removal proceedings, ECF 299 at 4-10, and "even if the Petitioner [is] not detained," *id.* at 10 n.11. The only remedy for these ongoing injuries would be for Respondents to give this Court's preliminary injunction the full and immediate effect it is owed (as they continue to seek its reversal on appeal).[4]

To that end, the Court should enter an order compelling Respondents to comply with its preliminary injunction as follows: (1) By July 18, the IJ must reverse, vacate, or remand her decision, or issue a superseding decision, consistent with the preliminary injunction, such that the decision neither considers nor bases any findings on the Secretary of State's determination;[5] (2) the IJ may not deny Petitioner relief from removal based on the Secretary of State's determination and must permit Petitioner to seek all forms of relief that would have been available to him had he not been found removable based on the Secretary of State's determination, including by scheduling the evidentiary hearing Petitioner has requested in connection with the waiver under INA § 237(a)(1)(H);[6] and (3) DHS must formally notify the IJ in writing that it no longer seeks to remove Petitioner based on the Secretary of State's determination under INA § 237(a)(4)(C)(i) and that it withdraws the memorandum reflecting the Secretary of State's determination as an exhibit in support of its removal case.[7] The Court has the inherent power to enforce its own orders. *See, e.g., E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 194 (3d Cir. 2020); *see also Gregris v. Edberg*, 645 F. Supp. 1153, 1157 (W.D. Pa. 1986), *aff'd*, 826 F.2d 1055 (3d Cir. 1987); Fed. R. Civ. P. 62(c), (d).

---

[4] Should the Third Circuit reverse this Court's preliminary injunction, then that would be no different from countless removal cases. The IJ would reopen proceedings or the BIA would either remand to the IJ for further proceedings in line with the Third Circuit decision, or reinstate the enjoined ground, depending on where proceedings stand at that point.

[5] If the June 20 IJ decision is not corrected by July 18, Petitioner's timely notice of appeal to the BIA would divest the IJ of jurisdiction. *See* ECF 343 at 2. Petitioner intends to notice his appeal by Sunday, July 20, to not risk filing on the very last day, Monday, July 21. Should the IJ require more time to rewrite her decision, all she must do by July 18 is vacate her decision and schedule the waiver hearing on a later date. No administrative appeal would then be necessary.

[6] If the evidentiary hearing results in the IJ granting the waiver, then, between that decision and this Court's preliminary injunction barring reliance on the Secretary of State's determination, there would be no removal order against Mr. Khalil. On the other hand, if the IJ denies the waiver, then Mr. Khalil would appeal the sustained misrepresentation charge to the BIA (unless it was separately enjoined by this Court, of course). Either way, the enjoined foreign policy charge under INA § 237(a)(4)(C) and the Secretary of State's determination should not be in the picture, in keeping with this Court's binding order.

[7] Respondent DHS is equally bound by this Court's preliminary injunction.

4

Respectfully submitted,

s/ *Naz Ahmad*

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>Liza Weisberg<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>973-854-1715 | CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem*<br>Naz Ahmad<br>Mudassar Toppa*<br>Shezza Abboushi Dallal*<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558 |
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher*<br>Robert Hodgson*<br>Veronica Salama*<br>Molly Biklen*<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay*<br>Diala Shamas*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar*<br>Sidra Mahfooz*<br>Michael K.T. Tan*<br>Brian Hauss*<br>Esha Bhandari*<br>Vera Eidelman*<br>Tyler Takemoto*<br>Brett Max Kaufman*<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das*<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br>Fax: (212) 571-3792<br><br>VAN DER HOUT LLP<br>Marc Van Der Hout (CA Bar #80778)*<br>Johnny Sinodis (CA Bar #290402)*<br>Oona Cahill (CA Bar #354525)*<br>360 Post St., Suite 800<br>San Francisco, CA 94108<br>Tel: (415) 981-3000<br>Fax: (415) 981-3003 |

*Counsel for Petitioner*

5

*Appearing Pro hac vice*