# EXHIBIT A

Uploaded on: 06/27/2025 at 01:52:52 PM (Central Daylight Time) Base City: JNA

Alice Miller
Chief Counsel
Numa V. Metoyer  **DETAINED**
Deputy Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
830 Pinehill Rd.
Jena, Louisiana 71342

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JENA, LOUISIANA

|  |  |
|---|---|
| In the Matter of: ) |  |
| ) |  |
| Khalil, Mahmoud ) | File No.: A■■■■■ |
| ) |  |
| In Removal Proceedings ) |  |
| ) |  |

Immigration Judge:    Jamee E. Comans            Next Hearing: N/A

**DEPARTMENT OF HOMELAND SECURITY
OPPOSITION TO RESPONDENT'S MOTION TO RECONSIDER**

Uploaded on 06/27/2025 at 05:52:52 PM (Central Daylight Time) Base City: JNA

## INTRODUCTION

On April 11, 2025, this Court sustained the charge of removability under section 237(a)(4)(C)(i) of the Immigration and Nationality Act (INA) contained in the respondent's Notice to Appear (NTA). The Court reiterated its determination in a written decision issued on June 20, 2025. *See* I.J. at 5 (concluding that the Department of Homeland Security (DHS) "met its burden to establish removability by clear and convincing evidence, that the [r]espondent is removable under section 237(a)(4)(C)(i) of the [Immigration and Nationality Act (INA)] as charged in the [NTA]"). The Court reasoned that the U.S. Secretary of State's letter determining that the respondent's "presence in this country would have potentially serious adverse foreign policy consequences for the United States," was sufficient evidence to meet DHS's burden of proof. *Id.* at 4 (citing *Matter of Ruiz-Massieu*, 22 I&N Dec. 833, 843–46 (BIA 1999)).

More than two months later—and three days prior to the Court's written decision on the merits of the respondent's application for relief from removal—the respondent filed a motion to reconsider the removability determination. *See generally* Resp't's Mot. to Reconsider Order Finding DHS Sustained Its Burden to Establish Removability Under INA § 237(a)(4)(C) (June 17, 2025) (Mot.). DHS respectfully requests the Court to deny the respondent's motion for the reasons stated below.

## ARGUMENT

A motion to reconsider must specify errors of fact or law in the Court's decision and be supported with pertinent authority. *See* INA § 240(c)(6)(C); 8 C.F.R. § 1003.23(b)(2). A motion to reconsider is a "request that the [agency] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of O-S-G-*, 24 I&N Dec. 56, 57 (BIA 2006) (quoting *Matter of Ramos*, 23 I&N Dec. 336, 338 (2002)). "A motion to reconsider contests the correctness of the original decision *based on*

Uploaded on: 06/27/2025 at 05:52:52 PM (Central Daylight Time) Base City: JNA

*the previous factual record*, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *Id.* at 57–58 (emphasis added).

The respondent's motion does not point to any overlooked law, fact, or argument. *See* Mot. at 3–4. In other words, the respondent does not assert that the Court's removability determination is erroneous "based on the . . . factual record" available to the Court on April 11, 2025. *See O-S-G-*, 24 I&N Dec. at 57. Rather, he argues that *after* the Court sustained the charge of removability, a U.S. District Court Judge in the District Court of New Jersey issued a preliminary injunction in the respondent's habeas litigation. *See* Mot. at 4 (citing *Khalil v. Trump*, 2025 WL 1649197, No. 25-cv-01963 (D.N.J. June 11, 2025)).

But a preliminary injunction is not "a change in law." *Cf. OSG-*, 24 I&N Dec. at 58 (explaining that the moving party "must show how a change in law materially affects [the agency's] prior decision"). It is "meant to keep the status quo for a merits decision, not to replace it." *Vital Pharmaceuticals, Inc. v. Alfieri*, 23 F.4th 1282, 1290 (11th Cir. 2022) (citation omitted); *see Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1101 n.13 (11th Cir. 2004) (noting that a preliminary injunction is issued "to preserve the status quo and prevent allegedly irreparable injury until the court had the opportunity to decide whether to issue a permanent injunction").

A motion to reconsider is not the proper mechanism for asking the Court to reassess its prior decision in light of a subsequent grant of a preliminary injunction. Rather, the preliminary injunction is new "evidence" of a procedural development in a separate case. *Cf. David Vincent, Inc. v. Broward Cty*, 200 F.3d 1325, 1331 (11th Cir. 2000) ("By definition, preliminary injunction proceedings do not provide an opportunity to litigate permanent injunction claims."). Accordingly, based on the substance of the respondent's motion, he seeks to *reopen* his proceedings for a new determination on his removability. *See* 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen proceedings shall state the new facts . . . ."); *OSG-*, 24 I&N Dec. at 57–58

Uploaded on 06/27/2025 at 05:52:52 PM (Central Daylight Time) Base City, IN

(explaining that a motion to reopen "seeks a new hearing based on new or previously unavailable evidence").

"[T]he regulations 'plainly disfavor' motions to reopen." *Matter of Coelho*, 20 I&N Dec. 464, 471 (BIA 1992) (quoting *INS v. Abudu*, 485 U.S. 94, 110 (1988)). The respondent must show, inter alia, that the preliminary injunction is "material" to the Court's removability determination. *See* 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material").

He has not met his burden. As stated above, the preliminary injunction merely "keep[s] the status quo." *See Vital Pharmaceuticals, Inc.*, 23 F.4th at 1290. It neither renders the Secretary of State's determination invalid or ineffective, nor overrules *Ruiz-Massieu*, 22 I&N Dec. at 833. *Cf. Robinson v. Att'y Gen.*, 957 F.3d 1171, 1177 (11th Cir. 2020) ("The district court, in granting a preliminary injunction, did not definitively rule on the merits of the case."). Accordingly, the preliminary injunction does not materially impact the Court's removability determination, which correctly applied the "long-standing, published case law" to the evidence in the respondent's case. *See* I.J. at 4. Thus, the Court should deny the respondent's motion.

## CONCLUSION

The respondent's motion does not point to any errors of fact or law; neither does the preliminary injunction permanently invalidate the evidence submitted by DHS. Therefore, DHS respectfully requests this Court deny the respondent's motion.

Respectfully submitted on this 27th day of June 2025,

NUMA V METOYER III
Digitally signed by NUMA V METOYER III
Date: 2025.06.27 10:25:34 -05'00'

Numa V. Metoyer
Deputy Chief Counsel

Uploaded on: 06/27/2025 at 05:52:52 PM (Central Daylight Time) Base City: NA

## CERTIFICATE OF SERVICE

      On June 27, 2025, I, Numa Metoyer, Deputy Chief Counsel, served a copy of the Department of Homeland Security Opposition to Respondent's Motion to Reconsider on the respondent's counsel via the Executive Office for Immigration Review (EOIR) Court & Appeals System (ECAS), in accordance with 8 C.F.R. § 1003.31. The electronic case record in ECAS includes a Form EOIR-28, Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court, which indicates the respondent is represented by counsel for this proceeding. Pursuant to 8 C.F.R. § 1003.32, filing the foregoing via ECAS will effectuate service of the motion upon the respondent. *See* 8 C.F.R. 1003.3(g)(6)(i).

NUMA V METOYER III
Digitally signed by NUMA V METOYER III
Date: 2025.06.27 10:26:47 -05'00'

Numa Metoyer
Deputy Chief Counsel