

**U.S. Department of Justice**

Civil Division

---

July 16, 2025

**By ECF**
Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse
    Federal Square
Newark, New Jersey 07101

      Re:    *Khalil v. Joyce, et al.*, **Civ. Act. No. 25-1963 (MEF) (MAH)**
             <u>**Government's Response to ECF No. 350**</u>

Dear Judge Farbiarz:

      Respondents ("the Government") respectfully submit this letter in response to the Court's Order, ECF No. 350. The order permits the parties to supplement the record with factual information in the form of affidavits, and to make any legal arguments they may wish to regarding the underlying equities and a need for flexibility to inform how the preliminary injunction is to be read and enforced.

      Petitioner falls short of establishing that irreparable injury is likely in the absence of an injunction barring the Government from—in any shape or form—relying on the removability charge under 8 U.S.C. § 1227(a)(4)(C)(i) (the "foreign policy charge") in order to perfect a complete record in administrative removal proceedings. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). This injunction is not the "only way of protecting [him] from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).

      First and foremost, because of this Court's preliminary injunction, Petitioner cannot be (physically) removed based on the foreign policy charge unless the preliminary injunction is reversed or dissolved. *See* ECF 349 at 2. Thus, there is no irreparable harm caused by permitting the immigration proceedings to address all possible charges in the alternative in the event this Court's injunction is reversed or dissolved.[1] This fact alone requires denial of the additional relief that Petitioner seeks. Simply put, Petitioner faces no irreparable harm from the exercise of the Government's right to litigate issues before the Immigration Court or the Board of Immigration Appeals. Especially now that he has been released from detention, the only real harm he faces is physical removal at the conclusion of the removal proceedings, and everyone agrees that removal based on the foreign policy charge is already barred by the Court's injunction. Whether the Immigration Judge sustains or rejects a charge, or grants or denies a waiver, is all entirely academic

---

[1] The Government notes that, even were this Court's injunction reversed or dissolved, Petitioner would be able to challenge the constitutionally of the foreign policy charge in a petition for review in the appropriate Court of Appeals (and that Court could stay removal to permit consideration of that claim).

unless and until the injunction is reversed or dissolved. There is therefore no legitimate reason to enjoin anything else. Removal has been enjoined, and now the rest of the process should be allowed to play out in the ordinary course, without further judicial interference.

Second, there is no irreparable harm relating to the waiver issue, which Petitioner declined to seek a waiver or submit evidence supporting a waiver in immigration court. Petitioner created his own alleged harm regarding the waiver and should not benefit from it. *See, e.g.*, *Stenson Tamaddon, LLC v. IRS*, 742 F.Supp.3d 966, 1001 (D. Ariz. 2024) (denying injunction when "Plaintiff bears at least some responsibility for the harm now facing them"); *New York v. U.S. Dep't of Commerce*, 345 F.Supp.3d 444, 448 n.2 (S.D.N.Y. 2018) ("a party should not be heard to complain about harms of its own creation [in requesting injunctive relief]"). As this Court noted, Petitioner suggests that, based on the Secretary of State's determination, he has been denied (a) a waiver of removability as to the fraud charge and/or (b) the possibility of making a meaningful argument at an evidentiary hearing as to the waiver, though affording such a hearing would be routine. ECF 347 at 3-4, 350 at 4. But Petitioner placed himself in this predicament by his own actions and thus created his own harm. *See, e.g.*, *Park West Radiology v. Carecore Nat. LLC*, 240 F.R.D. 109, 112 (S.D.N.Y. 2007) ("Park West cannot rely on its own actions to create the risk of irreparable injury which it then seeks to avoid by the issuance of a preliminary injunction"); *Vantico Holdings S.A. v. Apollo Mgm't, LP*, 247 F.Supp.2d 437, 453-54 (S.D.N.Y. 2003) (same and citing several decisions).

Aside from Petitioner "request[ing] an evidentiary hearing to pursue a [8 U.S.C. § 1227(a)(1)(H)] waiver," ECF 347 at 1 n.2, Petitioner has failed to file any motion arguing his eligibility for such a waiver or any evidence to meet his burden of proof.[2] *See* 8 U.S.C. § 1229a(c)(4)(A) (providing that an alien applying for relief or protection from removal has the burden of proof to establish that he satisfies the applicable eligibility requirements; and with respect to any form of relief that is granted in the exercise of discretion, that he merits a favorable exercise of discretion); 8 C.F.R. § 245.1(f) ("Except as provided in 7 CFR parts 235 and 249, an application under this part shall be the sole method of requesting the exercise of discretion under sections 212(g), (h), (i), and (k) of the Act, as they relate to the inadmissibility of an alien in the United States."); *Maric v. Sessions*, 854 F.3d 520, 522 (8th Cir. 2017) ("[A]n alien applying for a waiver of removal under § 1227(a)(1)(H) 'has the burden of proof to establish that … [he] satisfies the applicable eligibility requirements.' [] 'If the evidence indicates that one or more of the grounds for mandatory denial of the application … may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.'" (quoting 8 U.S.C. § 1229a(c)(4)(A) and 8 C.F.R. § 1240.8(d)). Nothing prevented Petitioner from filing the necessary documents to support his claim that he is eligible for a § 1227(a)(1)(H) waiver. Indeed, as far as the record reveals, the only application put forth before the Immigration Court was an application for asylum. *See* ECF 347 at 3. Petitioner's filing of such an application is notable: Petitioner has contested his removability under the foreign policy charge but that charge, if sustained, barred him from asylum. *See* 8 U.S.C. § 1158(b)(2). Petitioner knew this information, yet he nonetheless applied for asylum. Petitioner could have pursued the exact same strategy regarding the waiver. Yet, he chose not to do so. Any harm Petitioner suffers due to being unable to pursue a waiver is self-inflicted and is *per se* not irreparable harm. *See* ECF 349 at 2; *Instant*

---

[2] Petitioner cited to an "Application for Immigration Relief at 1 (Apr. 23, 2025)," ECF 347 at 1 n.2, to support his contention that he has made this request in writing, but that citation is to the application for asylum, which does not include a waiver request, and the introduction to that filing indicates that he intends to pursue a waiver, depending on the outcome of the § 1227(a)(1)(A) charge.

2

*Airfreight Co. v. C.F. Airfreight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) ("A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.").

In stark contrast, the Government will suffer irreparable harm should the Court enjoin it from relying on the foreign policy charge as part of the ongoing removal proceedings, so long as no actual removal pursuant to that charge is effectuated.

First, the Government will be harmed because it will be forced to abandon positions and will risk waiver of arguments relating to Petitioner's removability and his bar to relief before the Immigration Court, the Board of Immigration Appeals, and the Court of Appeals. By enjoining the foreign policy charge, this Court will prevent DHS from defending its position that Petitioner is removable under that charge and that he is barred from relief because of that charge in the event this Court's decisions are reversed on appeal.

Second, an expanded injunction from this Court risks Petitioner's immigration proceedings being flawed and the Government's harm by having to redo these removal proceedings, further straining an already strained immigration system. *See Securing the Border*, 89 Fed. Reg. 81,158 (Oct. 7, 2024) (discussing the United States's strained immigration system). Congress recognized the inefficiencies inherent in parallel proceedings and wanted to prevent this "deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486–87 (1999); *see also Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 9 (1st Cir. 2007) ("Congress plainly intended to put an end to the scattershot and piecemeal nature of the review process that previously had held sway in regard to removal proceedings."). That is one reason the Government has argued that the issues pertaining to the validity of the removal charges be resolved in immigration court, with review by the federal court of appeals. Further, "the continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings IIRIRA established, and permits and prolongs a continuing violation of United States law." *Nken v. Holder*, 556 U.S. 418, 435–36 (2009) (citation modified); *see also Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 205–06 (3d Cir. 2024) ("There is always a public interest in prompt execution of the laws." (citation modified)), *cert. denied sub nom. Gray v. Jennings*, 145 S. Ct. 1049 (2025).

Instead, this Court should permit Petitioner's removal proceedings to continue through the administrative process as Congress provided in the INA. At bottom, Petitioner suffers no irreparable harm because this Court has enjoined his removal from the United States, and any harm related to the waiver is self-inflicted. However, the Government suffers irreparable harm by this Court's directives. The INA permits aliens to be charged as removable under § 1227(a)(4)(C)(i), and prevents aliens from being granted relief because of that ground of removability. Stated differently, this Court directing DHS's actions in immigration proceedings is exactly what Congress sought to prevent in the INA. "Of course *many* provisions of IIRIRA are aimed at protecting the Executive's discretion from the courts—indeed, that can fairly be said to be the theme of the legislation." *Am.-Arab Anti-Discrimination Comm.*, 525 U.S. at 486-87. By contravening the statutory scheme and directing the exercise of the Executive's discretion, an injunction here would create irreparable injury. *See Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *15 (U.S. June 27, 2025); *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C. J., in chambers) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (citation modified)).

The traditional prerequisite for any exercise of a court's injunctive power—irreparable injury—is compounded in this context by the principle of comity, so that a federal court should not enjoin an administrative proceeding except upon proof that irreparable harm, "both great and

immediate," will result. *See Younger v. Harris*, 401 U.S. 37, 46 (1971). "For reasons long recognized as valid, the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government." *Mathews v. Diaz*, 426 U.S. 67, 81 (1976). Respect for the political Branches' authority over immigration policy dictates a narrow standard of judicial review over executive and legislative decisions in the realm of immigration. *Fiallo v. Bell*, 430 U.S. 787, 792 (1977).

                                              Respectfully submitted,

                                              */s/ Alanna T. Duong*

BRETT A. SHUMATE                     ALANNA T. DUONG
Assistant Attorney General              Senior Litigation Counsel
Civil Division                                Office of Immigration Litigation
                                                Civil Division, U.S Dept. of Justice
DREW C. ENSIGN                       PO Box 878, Ben Franklin Station
Deputy Assistant Attorney General      Washington, D.C. 20044
                                                alanna.duong@usdoj.gov
DHRUMAN Y. SAMPAT
Senior Litigation Counsel