July 17, 2025

VIA ECF
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Khalil v. Trump, et al.*, No. 25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz,

      Petitioner Mahmoud Khalil respectfully submits this letter in reply to Respondents' letter, filed earlier this morning. ECF 353. Respondents have not yet introduced any evidence to contest the evidence put forward by Petitioner. Instead, they largely recycle arguments that are unpersuasive or that this Court has already resolved against them.

      Respondents contend that, with Petitioner no longer detained, the only other possible injury would be removal, which, for now at least, has been barred by this Court, whether by operation of its preliminary injunction, ECF 299, or its earlier order, ECF 81. To the contrary, Petitioner's filings at ECF 352 and ECF 352-1 through ECF 352-8 detail the manifold irreparable injuries he will suffer absent an order from this Court compelling full and immediate compliance with its June 11 preliminary injunction. Once again, Respondents have not yet disputed this record factually and it requires no repetition here.

      Respondents claim that Petitioner can challenge the constitutionality of the foreign policy charge on a petition for review to the Fifth Circuit. But, as this Court has already found, neither the immigration judge nor the Board of Immigration Appeals is empowered to develop a record on or decide this and other constitutional questions presently before this Court. ECF 214 at 54-78; *see also* ECF 175-1, Kurzban Decl. at ¶¶ 25-27 (discussing inability of IJ and BIA to develop or address constitutional claims). Nor could the Fifth Circuit do so, limited as it is on petition for review to the administrative record. ECF 183 at 3; ECF 189 at 3.[1]

      Respondents again misrepresent the process for the waiver in question and elide Petitioner's attempts to seek the waiver. Contrary to Respondents' assertions, Petitioner made clear to the immigration court both his intention to seek the 1227(a)(1)(H) waiver if the 1227(a)(1)(A) (alleged misrepresentation) charge were sustained and he submitted evidence demonstrating his prima facie eligibility for that waiver. *See* ECF 211; ECF 352-1 at 2; *see also* ECF 298.[2] The immigration judge did not sustain the 1227(a)(1)(A) charge until June 20. ECF No. 333. Petitioner did all that was required

---

[1] Respondents argue that even if this Court's orders were reversed, Petitioner could seek a stay of removal pending adjudication of his petitioner for review. But that argument ignores the reality that the Fifth Circuit almost never issues stays of removal. *See* ECF 352-3 at ¶ 39; ECF 352-4 at ¶ 19; ECF 352-8 at ¶ 8.

[2] Petitioner separately provided this Court and opposing counsel with a copy of the evidence he filed with the immigration court, demonstrating his prima facie eligibility for the waiver. This was filed with the immigration court on May 19, 2025, Tab A.

and did not have to do anything else. After all, one applies for a waiver once there is something to be waived—here, once the misrepresentation charge has been sustained. It was highly unusual and prejudicial for the immigration judge to deny Petitioner both the hearing and the waiver. As other declarants have noted, the normal course of action, after such a charge is sustained, would be for the immigration judge to set a deadline and hearing date for consideration of the waiver request. ECF 352-3 at ¶ 23; ECF 352-4 at ¶ 10; ECF 352-5 at ¶¶ 15-18. Twice since June 20, the immigration judge has refused to reconsider the finding of removability on the 1227(a)(4)(C) foreign policy ground, ECF 352-1 at 113-114; ECF 332-2, and the immigration judge has, as of yesterday, refused to set a hearing for the waiver. ECF 352-1 at 113-14. The immigration judge has also failed to provide specific reasoning for the refusal to set a hearing for the waiver, effectively denying the waiver.

Respondents attempt to make hay of the fact that Petitioner submitted an application for asylum, but did not submit a "motion arguing his eligibility for the waiver." ECF 353 at 2. Petitioner has already made clear that he filed the asylum application because the immigration judge issued an interim ruling sustaining the finding of removability on the 1227(a)(4)(C) foreign policy ground at the April 11 hearing, the same hearing in which the immigration judge held the 1227(a)(1)(A) misrepresentation charge in abeyance. ECF 352-1 at 101-02.

Instead of addressing the fact that the immigration judge has provided no reasoning for the decision to maintain the interim ruling sustaining the foreign policy charge based on the preliminarily enjoined Secretary of State's determination and her denial of a request for a hearing on the 1227(a)(1)(H) waiver, Respondents spend ink noting that the burden is on Petitioner to demonstrate eligibility for the waiver. Petitioner very clearly demonstrated his prima facie eligibility for the waiver to the immigration judge, *see* ECF 211; *see also* ECF 298 (referencing evidence of eligibility filed with the immigration court and shared with this Court). The immigration judge did not make any findings that Petitioner was either ineligible for the waiver or did not merit the waiver as a matter of discretion. Rather, the immigration judge has cut off *sub silencio* Petitioner's access to a process by which he can seek the waiver.

Respondents then state that "[b]y enjoining the foreign policy charge," the Court would be inflicting irreparable harm on the government. Setting aside that Respondents seem to wish to relitigate a removability charge that this Court has already enjoined, ECF 299, the purported injuries they paint are illusory. As noted previously, ECF 347 at 4 n.4, should the Third Circuit reverse this Court's preliminary injunction, then that would be no different from countless removal cases. The immigration judge would reopen proceedings or the Board of Immigration Appeals would either remand to the immigration judge for further proceedings in line with the Third Circuit decision, or reinstate the enjoined ground, depending on where proceedings stand at that point, and effectively restoring Respondents' position. Far from constituting irreparable injury or "fragmentation" of removal proceedings, that is the ordinary and common course of events when a federal court with jurisdiction has enjoined administrative proceedings. By contrast, it is the approach Respondents urge that would saddle Petitioner with harsh and irreparable injuries.

Respondents' remaining points about the harms that purportedly flow from the continued presence in the United States of a noncitizen who has been deemed removable, the scope of Executive discretion, and the public interest in the prompt execution of laws fare no better. As this Court has already observed, "Respondents can have little or no interest in applying the relevant underlying statutes in what is likely an unconstitutional way"—and neither does the public. ECF 299 at 11-12. The Executive enjoys no discretion to violate the Constitution.

In fact, the equities weigh in Petitioner's favor for substantially the reasons that this Court already recognized. ECF 299 at 11 ("When a plaintiff is claiming the loss of a First Amendment right, courts commonly rule that even a temporary loss outweighs any harm to defendant and that a preliminary injunction should issue." (cleaned up)). The public's interest is likewise, as this Court also noted, in favor of upholding the First Amendment. ECF 299 at 12 ("There is a strong public interest in upholding the requirements of the First Amendment. And, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." (cleaned up)).

As the record here shows, Respondents' retaliatory actions have had an enormous chilling effect not just on Petitioner, but on many other noncitizens and citizens nationwide, including his family and people in his surrounding academic community, who are refraining from speaking on a matter of political import. *See* ECF No. 284-2, Abdalla Decl. ¶¶ 25-27; ECF 284-4 (AAUP declarations describing chill); ECF 284-6, Ex. F-2 ¶¶ 8-9 (same with respect to legal organization Muslim Advocates); ECF 284-10, Ex. J ¶¶ 5-10 (Jewish activists and students); 284-6, Ex. F-3 ¶¶ 5-10 (legal intakes to the law firm Dratel & Lewis); *see generally* ECF 284-9 (organization Human Rights Watch); ECF 284-8, Exs. H-1-12 (students); ECF 284-7 Exs. G-1-11 (professors).[3]

Furthermore, through imposing such a chilling effect on third party speakers, the government is able to manipulate public discourse and distort debate on an issue of public concern during a period of time when such issues are of greatest salience and are the subject of political decision-making. The ability to censor debate for any period of time is a loss to the public that cannot be remedied. These considerations weigh heavily in Petitioner's favor. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–77 (3d Cir. 2017) (requiring courts to consider impact of preliminary injunction on "other interested persons and the public interest").

Respectfully submitted,

s/ *Naz Ahmad*

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION | CLEAR PROJECT |
| | MAIN STREET LEGAL SERVICES, INC. |
| Jeanne LoCicero | Ramzi Kassem* |
| Farrin R. Anello | Naz Ahmad |
| Molly K.C. Linhorst | Mudassar Toppa* |
| Liza Weisberg | Shezza Abboushi Dallal* |

---

[3] Mr. Khalil has also submitted evidence that Respondents' policy undermines the public's interest in upholding democratic and First Amendment principles domestically and abroad. *See generally* ECF 284-14 (Declaration of Christopher J Le Mon); *id.* ¶ 22 (former State Department official stating "allowing the Federal government to carry out reprisals against individuals as a response to dissent, protest, or critical speech that the current administration dislikes would strike a serious blow against the health and stability of American democracy, would deal a serious blow to U.S. credibility worldwide on human rights issues, and would make every person in the United States—noncitizens and citizens alike—far less safe and far less free").

570 Broad Street, 11th Floor
Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Michael K.T. Tan*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805
Fax: (212) 571-3792

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003

*Counsel for Petitioner*

\* *Appearing Pro hac vice*