July 17, 2025

Honorable Michael E. Farbiarz, United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

      Re:    *Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Farbiarz,

    We write in response to this Court's Order directing Petitioner Mahmoud Khalil "to explain why the Court should now consider" his new motion for a preliminary injunction, which challenges the government's decision to add a second removal charge (the "Post-Hoc Charge") and detain him under that charge (the "Post-Hoc Charge Motion"). ECF 346. First, this Court should consider the Post-Hoc Charge Motion because it raises claims and new facts not presented in his first motion, which itself was filed while the then-operative petition had not alleged a direct claim against the Post-Hoc Charge. While courts may deny motions for relief raising identical legal and factual grounds as prior motions, Mr. Khalil's Post-Hoc Charge Motion does neither. Specifically, in this motion, Mr. Khalil seeks preliminary relief on: First and Fifth Amendment claims that his detention justified solely by the Post-Hoc Charge violates his constitutional rights (addressing developments arising after his first motion was granted in part) and a First Amendment claim that the March 17 addition of the Post-Hoc Charge was retaliatory (a claim he expressly excluded from his first motion for preliminary relief). Second, to the extent there is overlap between issues fairly presented in both motions, this Court should consider Mr. Khalil's new motion regarding the Post-Hoc Charge because the facts in this case have rapidly developed, neither motion has sought dispositive relief, no dispositive ruling has been reached as to the ultimate merits of the underlying claims in either motion, and preliminary relief remains necessary to address the irreparable harm Mr. Khalil is facing. This Court can—and for all of the reasons stated in that motion, should—grant Mr. Khalil the distinct preliminary relief he now seeks against the Post-Hoc Charge.

    **I.**    **Mr. Khalil's New Motion for Preliminary Relief is Not a "Successive Motion"**

    Where "[t]he factual and legal bases offered in support" of a motion for preliminary relief "[are] . . . indistinguishable" from prior motions, a court may deny the "successive" motion for the same reasons it denied the prior motion. *F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987).[1] By contrast, parties are routinely permitted to seek further preliminary relief on factual and legal bases they have not yet raised or where further factual developments warrant it. *See Conteers LLC v. Akron*, No. 5:20-CV-00542, 2021 WL 252540, at *6 (N.D. Ohio 2021) (evaluating the merits of a second motion for a preliminary injunction where it addressed new facts such that the successive motions were not "virtually identical" (quoting *F.W. Kerr Chem. Co.*, 815 F.2d at 429)); *Zepeda Rivas v. Jennings*, 504 F. Supp. 3d 1060, 1069-1071 (N.D. Cal. 2020) (finding second preliminary injunction warranted based in part on failure of first injunction to provide plaintiffs full relief noting "that any

---

[1] The court in *Kerr* did not hold that district courts had no authority to resolve successive motions for preliminary relief on the merits—rather, it held that the narrow circumstances in which interlocutory appeal is appropriate do not extend to such "successive" motions. 815 F.2d at 429; *see also S.E.C. v. Young*, 121 F.4th 70, 76 (10th Cir. 2024) (limiting review on interlocutory appeal of third motion to modify preliminary injunction); *Kossman Contracting Co. v. City of Houston, Tx.*, 128 F. App'x 376, 378 (5th Cir. 2005) (limiting review on interlocutory appeal of successive motions "for Summary Judgment and Preliminary Injunction").

1

injunctive relief must be tailored to present circumstances"). This case presents the second scenario, not the first.

Mr. Khalil's new motion is not "successive"—he seeks preliminary relief on claims and factual bases he has not previously raised. ECF 345-1 at 9. Mr. Khalil first moved for preliminary relief on March 17, 2025, shortly after his initial detention and the same day the government added the Post-Hoc Charge.[2] ECF 66. Of relevance here, in that motion, Mr. Khalil moved on claims alleging that his detention was retaliatory in violation of the First Amendment and punitive in violation of the Fifth Amendment. *See* ECF 124 at 31-35; *see also* ECF 214 at 6–8 (describing Petitioner's March 17 motion as challenging his detention, the Policy, and the Rubio Determination). These factual and legal arguments were necessarily focused on the government's only proffered justification for his detention at that time—the Foreign Policy Charge. *See* ECF 156 at 27.

The detention claims raised in Mr. Khalil's new motion for preliminary relief—that his detention under the Post-Hoc Charge violates his First Amendment and substantive due process rights—rely on distinct legal and factual arguments grounded in recent events. ECF 345-1 at 21-25. After this Court partially granted Mr. Khalil's first motion for preliminary relief, enjoining efforts to seek to remove and detain him based on the Foreign Policy Charge, the government continued punishing and retaliating against Mr. Khalil, first and foremost by making the "extraordinary" decision to detain him under the Post-Hoc Charge, among other adverse acts. ECF 345-1 at 7-8. The government's decision to detain Mr. Khalil based solely on the Post-Hoc Charge occurred only *after* this Court ruled on the first motion, enjoining his detention under the Foreign Policy Charge. ECF 304 at 1 (noting for the first time that Mr. Khalil was "now detained based on" the Post-Hoc Charge). And where relevant facts change, parties are routinely permitted to bring additional motions for preliminary relief. *See, e.g., Zepeda Rivas*, 504 F. Supp. 3d at 1077; *Libertarian Party of Ohio v. Husted,* 751 F.3d 403, 412 (6th Cir. 2014) (considering appeal of plaintiff's third motion for preliminary relief); *cf. QVIA, Inc. v. Veeva Sys., Inc.,* 2021 WL 12319550, 2022 WL 17990836, *12-13 (D.N.J. Dec. 29, 2022) (permitting second motion to compel discovery where renewed motion sought narrower relief related to later-amended counterclaims).

The First Amendment retaliation claim against the Post-Hoc Charge raised in his new motion is also distinct from the "factual and legal bases offered" in his first motion. *F.W. Kerr Chem. Co.,* 815 F.2d at 429. As relevant here, in his first motion, Mr. Khalil moved on his First and Fifth Amendment claims challenging the government's Policy of targeting noncitizens as viewpoint discriminatory and unconstitutionally vague. *See* ECF 124 at 18-31; *see also* ECF 214 at 7-8. In briefing in support of that motion, Mr. Khalil's discussion of the Post-Hoc Charge was limited to the factual point that its addition to his removal case was further evidence of the government's unlawful Policy of targeting certain noncitizens for removal. *See* ECF 124 at 8; *id.* at 18 n.20. Accordingly, he argued that, were the Court to find the Policy likely unconstitutional, it could set aside, as a matter of *relief*, all applications of the Policy to Mr. Khalil, including the Post-Hoc Charge. ECF 280 at 2; *see also* ECF 236 ("Th. Am. Pet.") ¶¶ 88-91.

Nor could Mr. Khalil have directly challenged the Post-Hoc Charge in that motion as it was filed the same day the government lodged the Post-Hoc Charge and was based on the then-operative

---

[2] Mr. Khalil filed an amended memorandum in support of that motion after his case was transferred to this Court. ECF 124.

Petition, which did not include any factual allegations or claims related to the newly added charge.[3] ECF 345-1 at 3-4; *see Hines v. Lanigan*, No. 17-CV-02864, 2020 WL 6613213, at *2 (D.N.J. Nov. 10, 2020) (holding that a motion for preliminary injunction "must relate to the allegations and relief sought" in the legally operative complaint at the time the motion was filed). At that stage, amending the petition and refiling an entirely new, omnibus preliminary injunction motion supported by a new evidentiary record, would have necessarily delayed relief from the ongoing irreparable harm resulting from the Foreign Policy Charge—then, the government's sole basis for detaining him. ECF 304 at 1. Mr. Khalil's decision to pursue relief on his first motion under the expedited schedule set by this Court does not preclude him from seeking further relief now based on new facts.

Moreover, when Mr. Khalil did later seek leave to file an amended petition (the Third Amended Petition), he confirmed in that filing that, "as noted in the Court's recent Opinion, ECF 214, at 7 n.7, Mr. Khalil does not move for preliminary relief on an independent claim directly challenging the new charge separate and apart from his challenges to the Policy[.]" *See* ECF 223 at 1 n.3. Mr. Khalil further explained that, while he did not yet move on any claim directly against the Post-Hoc Charge, the then-proposed Third Amended Petition would "add such a claim" to the case as a whole. *Id.*; Th. Am. Pet. ¶¶ 89, 91 ("The Post-Hoc Charge is retaliation for Mr. Khalil's speech and initiation of this lawsuit," and it "violate[s] the First Amendment."). The government agreed, observing that Mr. "Khalil did not challenge that [Post-Hoc] charge in his motion for a preliminary injunction." ECF 288 at 2 (Respondents' letter brief, stating "the Court should not consider the failure-to-disclose claim at all" and citing ECF Nos. 66, 67); ECF 214 at 7 n.7 (noting Mr. Khalil had not included a claim against the Post-Hoc Charge in his Petition and that "no challenge to the second charge is before the Court"). Thus, the parties did not "battle[] for the court's decision," on that claim. *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).

And the Court did not decide Mr. Khalil's March 17 motion with respect to his claims against the Policy. *See* ECF 214 at 7 ("Petitioner asks the Court to order that the policy be stopped"); ECF 272 at 99-100 n.87 (noting that "the Court has not resolved the Petitioner's First Amendment claim"); ECF 299 (granting Mr. Khalil preliminary relief only with respect to the Foreign Policy Charge).

In its partial ruling on Mr. Khalil's March 17 motion, the Court, on the record then before it, denied that motion "to the extent" that he sought to enjoin the Post-Hoc Charge on the basis of a First Amendment retaliation claim. ECF 272 at 99; *id.* at 97. Because Mr. Khalil did not in fact move on that claim, this finding should have no preclusive effect on his ability to so move now. *See Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) (noting that, pursuant to the touchstone principle of party presentation, courts must rely on the parties to "frame the issues for decision" and "decide only questions presented by the parties").

Accordingly, there is no barrier to this Court deciding, as courts routinely and uncontroversially do, a subsequent motion for preliminary relief. *See, e.g., NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 154 n.5 (3d Cir. 1999) (vacating original preliminary injunction but noting "[t]he District Court is obviously not precluded from entering another preliminary injunction if it develops the record and makes adequate findings of fact that satisfy the requirements for a preliminary injunction); *Does 1-11 v. Bd. of Regents of Univ. of Colorado*, 100 F.4th 1251, 1279 (10th Cir. 2024) (reversing denial of second motion for preliminary relief filed after denial of first motion and

---

[3] In fact, Mr. Khalil's Third Amended Petition alleges that the Post-Hoc Charge was also a retaliatory response to his filing of the initial petition. ECF 236 at 88-89.

subsequent amendment of the complaint); *Enyart v. Nat'l Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1167 (9th Cir. 2011) (affirming multiple preliminary injunctions issued by district court); *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313 (7th Cir. 1994) (affirming where district court granted two preliminary injunction motions based on overlapping but changed facts, then denied a third based on shifting harm analysis); *Red Star Yeast & Products Co. v. La Budde*, 83 F.2d 394, 396 (7th Cir. 1936) ("Denial of an application for a temporary injunction does not prevent another application by the same party in the same suit, if new facts warrant it."); *Boehringer Ingelheim Animal Health, Inc. v. Schering-Plough Corp.*, 6 F. Supp. 2d 324, 339 (D.N.J. 1998) (considering "renewed" preliminary injunction motion on the merits).

### II. This Court Should Entertain Mr. Khalil's Post-Hoc Charge Motion Even If It Finds The New Motion Raises Legal or Factual Arguments He Did or Could Have Previously Raised Given Subsequent Factual Developments, the Limited Relief Sought, and Ongoing Irreparable Harm.

Nonetheless, should this Court find that Mr. Khalil's new motion for preliminary relief raises legal or factual arguments that were or could have been brought in his earlier motion, the Court still may and should entertain it on the merits. Where an initial preliminary injunction request does not support preliminary relief, but a later-filed preliminary injunction motion allows the court to "develop[] the record and make[] adequate findings of fact that satisfy the requirements for a preliminary injunction," ordering that injunction is appropriate. *NutraSweet Co.*, 176 F.3d at 154 n.5. Where district courts have declined to even entertain successive motions, the motions at issue have been *dispositive*. *See, e.g., Caraballo v. City of New York*, No. 24-CV-2051, 2025 WL 1430152, at *1 (2d Cir. May 19, 2025) (noting it "may be an abuse of discretion to permit a second *dispositive* motion if the arguments in the second motion could have been brought into the first" (emphasis added)); *but see Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) ("[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions.").[4] This makes sense given the resolution of such motions is intended to be the final word on the merits of the case. *See Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 386 (S.D.N.Y. 2003) ("When a party loses . . . a summary judgment motion, it does not get to do it again."), *aff'd*, 99 F. App'x 274 (2d Cir. 2004); *Off. Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 167 (noting, in context of a motion to reconsider, that prior rulings on a dispositive motion are law of the case). Here, Mr. Khalil seeks only *preliminary* relief, and this Court has issued no dispositive ruling on the merits of Mr. Khalil's claims. *See* ECF 350 at 3 (explaining that preliminary injunctions "are necessarily somewhat tentative").

Moreover, recent factual developments warrant renewed consideration of those legal arguments. *See supra; see also Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. 10-CV-861, 2011 WL 13100746, at *1 (W.D. Wash. May 19, 2011) (finding plaintiff could amend complaint after Court denied preliminary relief due to an inadequate record and that "the possibility of facing another preliminary injunction motion [would not] constitute prejudice" to the defendant); *cf. Tran v. Tran*, No. 6:23-CV-1528, 2024 WL 4710231, at *1 (M.D. Fla. Nov. 7, 2024) (finding second motion seeking to extend discovery deadlines after first motion seeking same was denied did not meet the substantive legal standard or suggest any changed circumstances warranting reconsideration). The Post-Hoc Charge Motion is grounded in recent events that further demonstrate the government's retaliatory and

---

[4] *Jing v. Ashcroft*, cited by this Court, ECF 346 at 1, is distinguishable on other grounds, *see* 105 F. App'x 437 (3d Cir. 2004). There, the Third Circuit considered, on a petition for review, the Board of Immigration Appeals' discretionary decision not to consider a second motion to reopen removal proceedings. *Id.* at 440-41.

punitive motive in pursuing removal and detention on the basis of the Post-Hoc Charge. ECF 345-1 at 5-8 (describing the government's recent public statements and decisions to (1) continue detaining Mr. Khalil; (2) deny Mr. Khalil a contact visit with his wife and newborn son; and (3) deny him a transfer so that he could be closer to his family). The government's continued ability to rely on the Post-Hoc Charge is causing Mr. Khalil irreparable harm. *Id.* at 4-8, 24-28 (describing and citing evidence of irreparable harm). Thus, Mr. Khalil brings his new motion based on "new considerations," *Peterson Novelties, Inc. v. Clinton Twp.*, 225 F.3d 659 (Table), 2000 WL 1091487, at *5 (6th Cir. 2000)— new legal arguments and record evidence—to seek preliminary relief against the irreparable harm resulting from the government's ongoing retaliatory pursuit of his removal and detention under the Post-Hoc Charge while this case proceeds to full judgment.

Respectfully submitted,

  /s/ Liza Weisberg

**DRATEL & LEWIS**
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel.: (212)732-8805
agreer@dratellewis.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel.: (212) 614-6464
bazmy@ccrjustice.org
ssisay@ccrjustice.org
dshamas@ccrjustice.org

**VAN DER HOUT LLP**
Marc Van Der Hout*
Johnny Sinodis*
Oona Cahill*
360 Post Street, Suite 800
San Francisco, CA 94108
Tel.: (415) 981-3000
Fax: (415) 981-3003
ndca@vblaw.com

**CLEAR PROJECT**
**MAIN STREET LEGAL SERVICES, INC.**
Ramzi Kassem*
Naz Ahmad

**AMERICAN CIVIL LIBERTIES UNION**
  **OF NEW JERSEY FOUNDATION**
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
Liza Weisberg
570 Broad Street, 11th Floor
Newark, NJ 0710
Tel.: (973) 854-1715

**NEW YORK CIVIL LIBERTIES UNION**
  **FOUNDATION**
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, NY 10004
Tel.: (212) 607-3300

**AMERICAN CIVIL LIBERTIES UNION**
  **FOUNDATION**
Omar Jadwat*
Noor Zafar*
Sidra Mahfooz*
Michael K.T. Tan*
Brian Hauss*
Brett Max Kaufman*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
125 Broad Street, 18th Floor

5

Mudassar Hayat Toppa*
Shezza Abboushi Dallal*
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4558

New York, NY 10004
Tel.: (212) 549-2500

**WASHINGTON SQUARE LEGAL SERVICES, INC.**
Alina Das*
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel.: (212) 998-6430
alina.das@nyu.edu

\**Admitted* pro hac vice          *Counsel for Petitioner*

6