# EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JENA, LOUSIANA

| | |
|---|---|
| IN THE MATTER OF ) | IN REMOVAL PROCEEDINGS |
| ) | |
| Mahmoud KHALIL ) | ile No.: A███████ |
| ) | |
| Respondent ) | |
| _____ ) | |

### DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the order of the District Court for New Jersey (District Court), *Khalil v. Trump*, No. 25-CV-01963 (MEF)(MAH), 2025 WL 1983755 (D.N.J. July 17, 2025), the Court, hereby vacates, its decision of April 11, 2025 [1], finding the Respondent removable as charged pursuant to INA § 237(a)(4)(C)(i). [2] [3] [4]

July 31, 2025
Date

JAMEE COMANS
Digitally signed by JAMEE COMANS
Date: 2025.07.31 15:54:46 -05'00'

_____
Jamee E. Comans
United States Immigration Judge

---

[1] The District Court for New Jersey erroneously found that this Court's determination on removability under INA § 237(a)(4)(C)(i) was decided on June 20, 2025 in its written decision. This is wholly untrue. This Court issued an oral decision on April 11, 2025 at the contested removability hearing to specifically address the sustainability of the charge pursuant to INA § 237(a)(4)(C)(i). The Court's oral decision of April 11, 2025 is documented in the procedural history of the Court's written decision on the Respondent's (Mr. Khalil) application for relief from removal dated June 20, 2025.

[2] The District Court for New Jersey acknowledges that Mr. Khalil "persuasively argues that if the Section 1227 [237(a)(4)(C)(i)] finding remains in the immigration judge's June 20 decision, the Board of Immigration Appeals would simply have no choice under existing case law but to affirm it. *See Khalil v. Joyce*, 2025 WL 1232369, at *41–42 (D.N.J. Apr. 29, 2025); Petitioner's Brief (July 17, 2025) at 4 (citing declarations)." *Khalil v. Trump*, No. 25-CV-01963 (MEF)(MAH), 2025 WL 1983755 (D.N.J. July 17, 2025).

[3] The District Court of New Jersey also acknowledged that "district courts such as this do not have appellate jurisdiction over the Executive's immigration tribunals." However, despite the District Court's acknowledgement, in dicta, that it does not intend to interfere with the important work of immigration tribunals, the orders issued by the District Court of New Jersey have departed from providing remedies in a habeas petition and embarked on interfering with the legal process and the authority of the immigration court bestowed upon it by Congress—based largely on unreliable affidavits from nonparties.

[4] This Court out of respect for the judiciary, the rule of law, and in compliance with the District Court of New Jersey's order in Mr. Khalil's habeas case, vacates its decision of April 11, 2025, sustaining removability pursuant to INA § 237(a)(4)(C)(i), but respectfully notes the following: (1) the District's Court's June 11, 2025 order was issued two months after this Court's April 11, 2025 decision on removability under INA § 237(a)(4)(C)(i); (2) the undisputed fact (*see supra,* footnote 2) that the immigration court's April 11, 2025 decision was based on the law established by Congress that currently exists and is binding on the immigration court; and (3) the District Court's acknowledged lack of appellate jurisdiction over the immigration courts' decisions, and the disregard for the appropriate appeals process through the Board of Immigration Appeals, the Fifth Circuit Court of Appeals (in which this Court sits), and the Supreme Court of the United States.

## Order of the Immigration Judge

Immigration Judge: COMANS, JAMEE  07/31/2025

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [  ] Noncitizen | [  ] Noncitizen c/o custodial officer | [ E ] Noncitizen atty/rep. | [ E ] DHS

Riders:

Date: 07/31/2025  By: KESSLER, BRYAN, Court Staff