UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mahmoud KHALIL,<br><br>*Petitioner,*<br><br>v.<br><br>Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,<br><br>*Respondents.* | Case No. 25-cv-01963 (MEF-MAH) |

## ~~[REDACTED]~~ ORDER

Petitioner having moved to seal his July 1, 2025 filings at ECF 332-1, ECF 332-2, ECF 332-3, and ECF 333, his July 7, 2025 filing at ECF 341-1, and his July 11, 2025 filing at ECF 347-1, the Court makes the following findings of fact and conclusions of law pursuant to Local Civil Rule 5.3(c):

1. Motions to seal are governed by Local Civil Rule R.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the

1

same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

2. On July 1, 2025, Mr. Khalil filed a letter (ECF 332) and attached exhibits containing redactions placed over the email addresses of attorneys and Mr. Khalil's A-number. ECF 332-1, ECF 332-2, ECF 332-3. He separately filed an additional exhibit under complete seal. ECF 333.

3. On July 7, 2025, Mr. Khalil filed a letter (ECF 341) and attached an exhibit containing redactions placed over Mr. Khalil's A-Number. ECF 341-1.

4. On July 11, 2025, Mr. Khalil filed a letter (ECF 347) and attached an exhibit containing redactions placed over Mr. Khalil's A-Number. ECF 347-1.

5. Public disclosure of the redacted information would cause serious injury to Mr. Khalil. Public disclosure of the email addresses of attorneys involved in this matter would similarly compromise their safety and privacy and subject them to potential harassment.

6. A less restrictive alternative to sealing the records is not available.

7. Federal Rule of Civil Procedure 5.2(d) permits a court to order a filing be made under seal or in redacted form. Such an order is appropriate when a moving party demonstrates "good cause" for restricting public access through "a particularized showing that disclosure will cause a 'clearly defined and serious injury.'" *Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 203 (D.N.J. 2021); *see also In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

8. The Court finds that good cause exists to seal the documents at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and

Local Civil Rule 5.3(c). The Court therefore permits the relevant documents to be maintained in redacted form or under seal.

IT IS SO ORDERED, this _____ day of _____, 2025.

                                                                                      _____
                                                                                      Hon. Michael A. Hammer, U.S.M.J.

**SO ORDERED**
*s/Michael A. Hammer*
**Michael A. Hammer, U.S.M.J.**
**Date: 8/5/25**