UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mahmoud KHALIL,<br><br>    *Petitioner*,<br><br>v.<br><br>Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,<br><br>    *Respondents*. | Case No. 25-cv-01963<br>(MEF-MAH) |

## ~~PROPOSED~~ ORDER

Petitioner having moved to seal redacted information in his July 17, 2025 filing at ECF 352-1, the Court makes the following findings of fact and conclusions of law pursuant to Local Civil Rule 5.3(c):

1.  Motions to seal are governed by Local Civil Rule R.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the

1

same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

2. On July 17, 2025, Mr. Khalil filed a letter (ECF 352) and attached multiple exhibits. Exhibit 1 contained redactions placed over Mr. Khalil's A-number. ECF 352-1.

3. Public disclosure of the redacted information would cause serious injury to Mr. Khalil.

4. A less restrictive alternative to sealing the redacted inormation is not available.

5. Federal Rule of Civil Procedure 5.2(d) permits a court to order a filing be made under seal or in redacted form. Such an order is appropriate when a moving party demonstrates "good cause" for restricting public access through "a particularized showing that disclosure will cause a 'clearly defined and serious injury.'" *Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 203 (D.N.J. 2021); *see also In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

6. The Court finds that good cause exists to seal the redacted information at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and Local Civil Rule 5.3(c). The Court therefore permits ECF 352-1 to be maintained in redacted form.

IT IS SO ORDERED, this __20th__ day of __August_____, 2025.

SO ORDERED
*s/Michael A. Hammer*
Michael A. Hammer, U.S.M.J.
Date: 8/20/25