September 17, 2025

<u>VIA ECF</u>
Honorable Michael E. Farbiarz
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

> **Re:**   ***Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)**

Dear Judge Farbiarz:

Petitioner respectfully writes to provide a significant update regarding his immigration proceedings and to advise the Court of the corresponding steps Petitioner intends to pursue in this Court.

### IJ Order Denying §237(a)(1)(H) Waiver and Motion to Change Venue

At the time of Petitioner's last update to the Court, ECF 375, he had several motions pending before the Immigration Judge (IJ): (1) a motion to change venue of his removal proceedings to New York City where he resides (such motions are routinely granted—or venue is changed automatically—when released noncitizens reside outside the original immigration court's jurisdiction, *see* ECF 375 n.1); (2) an application for a waiver of the post-hoc documents charge (the "Post-Hoc Charge") pursuant to Immigration and Nationality Act (INA) § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H), along with a request for the normal evidentiary hearing that is conducted in deciding the waiver request;[1] and (3) a routine motion for a short extension of time to extend the unusually short deadline the IJ set, which provided Petitioner only twelve (12) days, to August 11, to submit evidence in support of the waiver application.[2]

On September 12, the IJ issued three separate orders denying Petitioner's (1) motion for an extension of time, (2) motion to change venue, and (3) application for a waiver, without conducting an evidentiary hearing. (Copies of each order are attached as Exhibits A, B, and C.) As to Petitioner's waiver application, the IJ found that: (1) contrary to current law, Petitioner was statutorily ineligible for a waiver because the alleged misrepresentation occurred as part of an application for an adjustment of status, rather than upon physical admission to the United States

---

[1]    After reopening proceedings on July 18, the IJ elected to move forward with the waiver process, in a manner seemingly contrary to the positions Respondents took in this Court and in the Third Circuit in seeking and obtaining a stay of the Court's July 17 Clarification Order on the ground that compliance with that part of the Order would cause Respondents irreparable harm.

[2]    Petitioner nevertheless complied with this unusually short deadline, *see* ECF 375 at 2, while reserving the right to supplement the evidence upon the IJ's scheduling of an evidentiary hearing, where Petitioner, his wife, and other witnesses could testify regarding factors relevant to his waiver application.

as an immigrant; (2) the existence of the Secretary of State's determination "alone outweighs the positive equities in the Respondent's case, and the Court denies the waiver as a matter of discretion on that basis;"[3] (3) in light of this Court's Order prohibiting reliance on the likely unconstitutional Secretary of State's determination, "the Court is compelled to make alternative findings" to support the denial of a waiver; (4) the alternative grounds include the very same misrepresentation allegations which petitioner sought to waive; (5) Petitioner's misrepresentations are not otherwise excusable; and (6) the hardship suffered by Petitioner's U.S. citizen wife and minor U.S. citizen son "is consistent with that which would ordinarily be expected to result from a family member's removal." The IJ made this last finding without permitting Petitioner's wife, Dr. Noor Abdalla, to present any testimony, nor did the IJ consider the forthcoming psychological evaluations of Mr. Khalil and his wife, which could not be completed within the short deadline but that the IJ knew could be filed in the near future.

Accordingly, in denying Petitioner's request for a waiver absent a hearing, as well as his motions for extension of time and for change of venue, the IJ ordered Petitioner removed to Algeria or Syria on the Post-Hoc Charge, while reaffirming her decisions denying Petitioner any form of relief from removal.

## <u>Petitioner's Planned Filings in this Court</u>

Respondents' continued pursuit of Petitioner's removal on the Post-Hoc Charge and these latest, highly unusual developments—including Respondents' decisions to move forward with the waiver process on a compressed schedule despite seeking and obtaining a partial stay of that court-ordered requirement and to deny an ordinarily granted waiver without the normal hearing—is part and parcel of Respondents broader effort to retaliate against Petitioner for his constitutionally protected expression in support of Palestinian rights. It represents a substantial threat to Petitioner's liberty, family integrity and if ultimately removed, his physical safety.

Petitioner now has thirty days from September 12 to notice an appeal to the Board of Immigration Appeals (BIA). In light of the above, and given statements targeting Petitioner by name for retaliation and deportation made by the President and several senior U.S. government officials, undersigned counsel have ample reason to expect that the BIA process—and an affirmance of the IJ's determination—will be swift. Upon affirmance by the BIA, Petitioner will lose his lawful permanent resident status, including his right to reside and work in the United States, and have a final order of removal against him. Compared to other courts of appeals, including those in the Third and Second Circuits, the Fifth Circuit almost never grants stays of

---

[3] `    The IJ's September 12 decision elsewhere appears to continue to rely upon and incorporate the Rubio Determination in its final decision-making, by referencing the June 20 decision and its findings "in its entirety." *Compare* ECF 355 at 9, n5 ("[T]he June 20 decision must be vacated or amended") *with* IJ September 12 Decision ("The Court's June 20th decision and its findings, in its entirety, are hereby incorporated by reference"); *see also* ECF 341-1 (IJ June 20 Decision) ("Based on exhibit [Rubio determination]... the court sustains this charge of removability.").

removal to noncitizens pursuing petitions for review of BIA decisions.[4] As a result, the only meaningful impediment to Petitioner's physical removal from the United States would be this Court's important order prohibiting removal during the pendency of his federal habeas case. *See* ECF 81 (ordering pursuant to the All Writs Act that, "Petitioner shall not be removed from the United States, unless and until this Court issues a contrary order … to preserve the Court's jurisdiction, so that the Petition can be reviewed and ruled on"). And nothing would preserve his lawful permanent resident status.

Accordingly, in light of these recent developments, and others that have occurred since Petitioner filed his Third Amended Complaint, such as the discovery produced and testimony given by DHS and State Department officials involved in the decision to take retaliatory action against Mr. Khalil in *American Association of University Professors v. Rubio*, No. 1:25-cv-10685 (D. Mass.), Petitioner intends promptly to:

(1) Seek leave to amend his habeas corpus petition and complaint, revising claims relevant to Respondents' ongoing and accelerated detention and removal efforts on the Post-Hoc Charge, and developing facts, based on recent events and information that has surfaced since Petitioner filed his Third Amended Complaint, to further substantiate his claim of pretextual First Amendment retaliation (and to clarify Petitioner's operative pleading and his legal theories with respect to "the documents charge," *cf.* ECF 374 at 13 & n.10).

(2) Consistent with our meet and confer obligations, seek leave to conduct expedited discovery of Respondents to further support Petitioner's claims for relief.

Should the Court have any questions or concerns about the above, Petitioner of course would welcome any conference that the Court wished to convene.

Respectfully submitted,

/s/ Baher Azmy

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
Liza Weisberg
570 Broad Street, 11th Floor

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay*
Diala Shamas*
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

---

[4]    Fatma Marouf, Michael Kagan & Rebecca Gill, *Justice on the Fly: The Danger of Errant Deportations*, 75 Ohio St. L.J. 337, 364 (2014) (conducting empirical analysis of motions to stay removal orders by circuit and finding that Fifth Circuit ranked lowest, granting only four percent of stay motions).

Newark, New Jersey 07102
973-854-1715

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher*
Robert Hodgson*
Veronica Salama*
Molly Biklen*
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Omar Jadwat
Noor Zafar*
Sidra Mahfooz*
Brian Hauss*
Esha Bhandari*
Vera Eidelman*
Tyler Takemoto*
Brett Max Kaufman*
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem*
Naz Ahmad
Shezza Abboushi Dallal*
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das*
Kyle Barron
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805
Fax: (212) 571-3792

VAN DER HOUT LLP
Marc Van Der Hout (CA Bar #80778)*
Johnny Sinodis (CA Bar #290402)*
Oona Cahill (CA Bar #354525)*
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000
Fax: (415) 981-3003

*Appearing Pro hac vice

Counsel for Petitioner

# Exhibit A



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**LASALLE IMMIGRATION COURT**

Respondent Name:

    KHALIL, MAHMOUD

To:

    Van Der Hout, Marc
    360 Post Street
    Suite 800
    San Francisco, CA 94108

A-Number:

    ██████████

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
09/12/2025

## ORDER OF THE IMMIGRATION JUDGE

The immigration court has considered the request for an extension of time filed by the
☑ Respondent ☐ the Department of Homeland Security and orders that the request is:

☐ GRANTED, because:


This is the final extension of time that will be granted. The application / documents / brief is/are
now due on

☐ The reply is now due on
☑ DENIED, because:
  Moot

Immigration Judge: COMANS, JAMEE 09/12/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : KHALIL, MAHMOUD | A-Number :

Riders:

Date: 09/12/2025 By: KESSLER, BRYAN, Court Staff

# Exhibit B



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**LASALLE IMMIGRATION COURT**

Respondent Name:

    KHALIL, MAHMOUD

To:

    Van Der Hout, Marc
    360 Post Street
    Suite 800
    San Francisco, CA 94108

A-Number:

    ▮▮▮▮▮▮▮

Riders:
In Removal Proceedings
Date:
09/12/2025

## ORDER OF THE IMMIGRATION JUDGE

Upon due consideration of ☑ Respondent's ☐ The Department of Homeland Security's motion for change of venue filed in this matter, and having been satisfied that the non-moving party was accorded notice and an opportunity to respond, for the following reason(s) the immigration court hereby orders that the motion for CHANGE OF VENUE is:

☐    GRANTED, as the requirements of 8 C.F.R. § 1003.20(b) have been met.
        Venue is changed to

        Respondent's new address is:

        Respondent's new attorney/representative (if any) is

☐    DENIED, as no good cause shown has been shown. *See* 8 C.F.R. § 1003.20(b).
☐    DENIED, as no fixed address including city, state, and zip code, where Respondent may be
        reached for further hearing notification was provided. *See* 8 C.F.R. § 1003.20(c).
☑    Other / Further explanation
    Denied. Moot.

Immigration Judge: COMANS, JAMEE 09/12/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : KHALIL, MAHMOUD | A-Number :

Riders:

Date: 09/12/2025 By: KESSLER, BRYAN, Court Staff

Exhibit C

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**LASALLE IMMIGRATION COURT**

Respondent Name:

KHALIL, MAHMOUD

To:

Van Der Hout, Marc
360 Post Street
Suite 800
San Francisco, CA 94108

A-Number:

████████

Riders:

In Removal Proceedings
Initiated by the Department of Homeland Security
Date:

09/12/2025

☐   Unable to fo w rd  n  ad ress pro id d.

☑   A tached is a copy of the **d cisi n o  the  mm gration Jud e**. This decisi n s final  nles  a
ap eal s ile  with t e  oard of Immi ration Ap eal wi hin 30 c lenda  da s of the dat  of the
mail ng of thi  wri ten dec sion  See t e  nclosed forms an  instructi ns  or  ro erl  prepa ing
you  app al  Your  oti e of  pp al, attache  docume ts, an  f e o  fee  aive re uest must  e
maile  t :

Boa d of Imm gr t on A pe ls
ffice of th  Cl rk
P.O. Box 8530
al s C urch,  A  2041

☐   Attach d  s a cop  of the  ecis on of th  i migra ion ju g  as th  r sult o  y ur Fa lu e to
Appea  at  our sch  duled depo ta ion or removal  ear ng. This de isio  s fina  nless a Mot on
to Reopen i  filed in a co ordance w th Section 24 B c)(3)  f the Immigratio  a d Natio ality
Act, 8 U. .C. § 12 2  (c)(3) in deporta ion  roceed ngs  r ectio  240 b)(5 (c), 8 U.S.C. §
1 29a(b)(5)(c)  n e  oval pr cee ings. If yo  fi e a motion  o reo en, your mo i n must be
iled with th s co  rt

I  migra ion Co rt

☐   Attached is   copy  f  he decisio  of the  mmi rat on j d e relati g t  a Rea onable Fe r
Re iew. Thi  is a final order.  ursua  t o 8 C.F.R. § 1208 31(g (1), no  dministr ti e appeal
i  avai abl . However, you may file a petition for review within 30 days with the appropriate
Circuit Court of Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA § 242.

☐     ttached is   copy of the d ci i n of the imm ration  udge re a ing t   a **Cre ib e Fear Re iew**. This  s a final order. No a  peal is avail ble.

☐     Other   [                                                            ]

Dat

Immigra ion  u g :   OMAN  , J  M  E   9/12/202

### Certifi a e o   ervice

Thi  docume t w s  e ved:

Via:     M il | [ P ] Per onal Serv ce | [       e tronic Servi e

To: [     o c t zen | [  ] Non itiz n c o custod a  office  | [ E ]  oncitizen's atty/rep. | [    ] DHS

Respon ent N me : KHALIL, MAHMOUD | A-Number : ███████

Riders:

Date: 09/12/2025 By: KESSLER, BRYAN, Court Staff

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JENA, LOUSIANA

| IN THE MATTER OF | ) | IN REMOVAL PROCEEDINGS |
| | ) | |
| Mahmoud KHALIL | ) | File No.: ▓▓▓▓▓▓▓ |
| | ) | |
| Respondent | ) | |
| _____ | ) | |

CHARGES:        Section 237(a)(4)(C)(i) of the Immigration and Nationality Act
                Section 237(a)(1)(A) of the Immigration and Nationality Act

APPLICATIONS:   Asylum, pursuant to INA § 208; Withholding of Removal, pursuant to INA §
                241(b)(3); Withholding of Removal under the Convention Against Torture,
                pursuant to 8 C.F.R. § 208.16(c); Waiver, pursuant to INA § 237(a)(1)(H)

ON BEHALF OF THE RESPONDENT:                ON BEHALF OF THE DEPARTMENT:
Marc Van Der Hout, Esq.                     Numa Metoyer, Deputy Chief Counsel
Van Der Hout, LLP                           DHS/ICE/Litigation Unit
360 Post Street, Suite 800                  830 Pinehill Road
San Francisco, California 94108             Jena, Louisiana 71342

<u>**AMENDED DECISION AND ORDER OF THE IMMIGRATION JUDGE**</u>

## I. PROCEDURAL & FACTUAL HISTORY

On June 20, 2025, the Court issued a written decision, denying the Respondent's application for asylum, withholding of removal under the Act, and relief under the Convention Against Torture, and ordering the Respondent removed to Algeria, and Syria, in the alternative.  The Court's June 20th decision and its findings, in its entirety, are hereby incorporated by reference.

On July 3, 2025, the Respondent's counsel filed a second Motion to Reconsider.  The Department filed an Opposition to Respondent's Second Motion to Reconsider on July 14, 2025.  The Respondent's counsel filed a Reply to the Department's Opposition to the Motion to Reconsider.  The Court denied this motion on July 16, 2025.

On July 17, 2025, the District Court for New Jersey (District Court), issued an order clarifying the meaning of its June 11, 2025 preliminary injunction order.[1]  The District Court found portions of this Court's June 20th decision at odds with the District Court's June 11th preliminary injunction and ordered

_____

[1] On June 11, 2025, the District Court preliminarily enjoined the federal government "from seeking to remove the Petitioner from the United States based on the Secretary of State's determination." *Khalil v. Trump*, 2025 WL 1649197, at *6 (D.N.J. June 11, 2025).

the respondent to cause this Court to vacate or amend its June 20th decision. *Khalil v. Trump*, No. 25-CV-01963 (MEF)(MAH), 2025 WL 1983755 (D.N.J. July 17, 2025). The District Court ordered this Court to consider in an appropriately full and thorough manner, and then determine: (i) whether the Respondent should be granted a waiver of removability pursuant to INA § 237(a)(1)(H), in connection with the charge of removability pursuant to INA § 237(a)(1)(A) and (ii) whether the Respondent should be afforded an evidentiary hearing on the waiver. *Khalil v. Trump*, No. 25-CV-01963 (MEF)(MAH), 2025 WL 1983755, at *3 (D.N.J. July 17, 2025).

In compliance with the District Court's order, this Court reopened the removal proceedings on July 18, 2025. Exh. 45. On that same day, the Respondent, through counsel, filed a Motion to Change Venue. Exh. 46. On July 28, 2025, the Department filed an Opposition to the Respondent's Motion to Change Venue. The Respondent's counsel filed a Reply to the Department's Opposition to the Motion to Change Venue on July 29, 2025. Exh. 49.

On July 30, 2025, this Court issued a scheduling order, requiring evidence regarding the Respondent's request for a waiver pursuant to INA § 237(a)(1)(H), to be filed by the parties no later than August 11, 2025. Exh. 50. On July 31, 2025, pursuant to the District Court's order, this Court issued an order vacating its decision of April 11, 2025 finding the Respondent removable as charged pursuant to INA § 237(a)(4)(C)(i). Exh. 51. This Court's Order dated July 31, 2025, is hereby incorporated by reference into this Order in its entirety.

The Respondent submitted additional evidence on August 11, 2025 in support of his request for a waiver pursuant to INA § 237(a)(1)(H). Exh. 54-56.

The Court now issues this written decision addressing the Respondent's eligibility for the waiver pursuant to INA § 237(a)(1)(H). As an initial matter, this Court finds that based on the voluminous evidentiary record, which includes evidence submissions specifically in support of the waiver request, an evidentiary hearing is not required for reasons set forth below.[2, 3]

---

[2] As the Respondent is seeking discretionary relief, in the form of a waiver pursuant to INA § 237(a)(1)(H), the Court has the discretion to determine whether an evidentiary hearing is required based on the record. Unlike, an asylum claim, which requires the opportunity to be heard at a meaningful time and in a meaningful manner, discretionary relief has no such requirement due to the nature of the relief as created by Congress. *Matter of Andrade*, 27 I&N 557, 559 (BIA 2019*), citing Mendez-Garcia v. Lynch*, 840 F.3d 655, 666 (9th Cir. 2016) (No statute or regulation requires the government to take action on [the petitioners] applications within a set period, nor does cancellation of removal give rise to a substantive interest protected by the Due Process Clause. (citations omitted)). *See also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

[3] An Immigration Judge may decline to hear testimony from any witness if the Immigration Judge determines that the testimony is, among other things, duplicative or unnecessary. *See Matter of J-G-T-*, 28 I&N Dec. 97, 102 (BIA 2020); *see also H-A-A-V-*, 29 I&N Dec. 233 (BIA 2025).

## II.    EVIDENCE PRESENTED

The record now contains additional exhibits numbered thirty-six through fifty-six.  This Court has familiarized itself with the entire record of proceedings and considered all submitted evidence regardless of whether mentioned in this decision.  *See* 8 C.F.R. § 1240.1(b).

Exhibit 36:    IJ's Written Decision (issued June 20, 2025)

Exhibit 37:    EOIR-33 (filed June 22, 2025)

Exhibit 38:    DHS's Opposition to Respondent's Motion to Reconsider (filed June 27, 2025)

Exhibit 39:    Court's Order Denying Respondent's Motion to Reconsider (issued June 30, 2025)

Exhibit 40:    Respondent's Motion to Reconsider the Court's June 20, 2025 Order (filed July 3, 2025)

Exhibit 41:    Rejection Notice (filed July 8, 2025)

Exhibit 42:    DHS's Opposition to Respondent's Second Motion to Reconsider (filed July 14, 2025)

Exhibit 43:    Respondent's Reply in Support of Motion to Reconsider Filed on July 3, 2025 (filed July 15, 2025)

Exhibit 44:    Court's Order Denying Respondent's Second Motion to Reconsider (issued July 16, 2025)

Exhibit 45:    Court's Order Reopening Proceedings Pursuant to the District Court Order of July 17, 2025, (issued July 18, 2025)

Exhibit 46:    Respondent's Motion to Change Venue (filed July 18, 2025)

Exhibit 47:    Respondent's Supplemental Preliminary Statement of Eligibility and Documents in Support of His Application for A Waiver Under Immigration and Nationality Act § 237(A)(1)(H) (filed July 18, 2025)

Exhibit 48:    DHS's Opposition to Respondent's Motion to Change Venue (filed July 28, 2025)

Exhibit 49:    Respondent's Reply in Support of Motion to Change Venue (filed July 29, 2025)

Exhibit 50:    Court's Scheduling Order (issued July 30, 2025)

Exhibit 51:    Court's Order Vacating its June 20, 2025 decision (July 31, 2025)

Exhibit 52:    EOIR-33 (filed August 4, 2025)

Exhibit 53:    Respondent's Motion for Thirty-Day Extension of Time of Submission Deadline for Additional Evidence on 237(A)(1)(H) Waiver (August 5, 2025)

Exhibit 54:    Respondent's Document List and Additional Documentary Evidence in Support of Mr. Khalil's Request for a Waiver Under INA § 237(A)(1)(H) and Renewed Motion for 30 Day Extension of Time to Submit Preliminary Evidence in Support of INA § 237(A)(1)(H) Waiver, Tabs A-Q (455 pages) (filed August 11, 2025)

Exhibit 55:    Respondent's Document List and Additional Documentary Evidence in Support of Mr. Khalil's Request for a Waiver Under INA § 237(A)(1)(H) Part 2, Tabs R-X (274 pages) (filed August 11, 2025)

Exhibit 56:    Respondent's Document List and Additional Documentary Evidence in Support of Mr. Khalil's Request for a Waiver Under INA § 237(A)(1)(H) Part 3, Tabs Z-CC (333 pages) (filed August 11, 2025)

### III. WAIVER PURSUANT TO INA § 237(a)(1)(H)

#### A. Eligibility

Section 237(a)(1)(H) is a discretionary waiver of removability under INA § 237(a)(1)(A) based on charges of inadmissibility at the time of admission under INA § 212(a)(6)(C)(i), for fraud or willful misrepresentation of a material fact. *See Matter of Fu*, 23 I&N Dec. 985, 988 (BIA 2006). An applicant bears the burden of establishing that he is statutorily eligible for relief and that he merits a favorable exercise of the court's discretion. *See* INA § 240(c)(4)(A); 8 C.F.R. 1240.8(d).

In order for an applicant to demonstrate that he merits a waiver under INA § 237(a)(1)(H), he must first establish that he is statutorily eligible. *See Matter of Tijam*, 22 I&N Dec. 408, 412 (BIA 1998). To establish statutory eligibility, an applicant must: (1) be the spouse, parent, son, or daughter of a living USC or LPR; (2) have been in possession of an immigrant visa or "equivalent document" at the time of admission; and (3) have been otherwise admissible at the time of such admission except for those grounds of inadmissibility specified under INA §§ 212(a)(5)(A), (7)(A). *See* INA §§ 237(a)(1)(H); 240(c)(4)(A)(i). If found eligible, the applicant must then demonstrate that he merits a favorable exercise of discretion. *See Alhuay v. U.S. Att'y Gen.*, 661 F.3d 524, 549 (11th Cir. 2011); *see Tijam*, 22 I&N Dec. at 412.

The Court identifies two issues concerning the Respondent's eligibility for the INA § 237(a)(1)(H) waiver. The Court will address each issue below.

First, the Respondent would not be eligible for the waiver based on his removability pursuant to INA § 237(a)(4)(C), as this charge is not waivable. As such, Respondent's removability under INA § 237(a)(4)(C), would render the request for a waiver on the INA § 237(a)(1)(A) charge moot. *See, Exhibit 36*. However, the New Jersey District Court directed this Court not to consider the charge of removability pursuant to INA § 237(a)(4)(C), in assessing the Respondent's eligibility for the INA § 237(a)(1)(H) waiver. This Court would deny the Respondent's waiver but for the Order issued by the New Jersey District Court. Therefore, the Court is compelled to make alternative findings consistent with the Order issued by the New Jersey District Court.

Second, this Court finds a conflict in the case law as it relates to the Respondent's statutory eligibility for the waiver. At its inception, INA § 237(a)(1)(H) namely, former section 241(f) of the Act, 8 U.S.C. § 1251(f) (1964), did not allow a waiver for fraud committed during adjustment of status but only applied to fraud at the time of entry. *E.g., Khadjenouri v. INS,* 460 F.2d 461 (9th Cir. 1972); *Pereira-Barbeira v. U.S. Dep't of Justice, INS,* 523 F.2d 503 (2d Cir. 1975); *Matter of Connelly*, 19 I&N Dec. 156 (BIA 1984). Notably, in 2015, in *Matter of Agour*, 26 I&N Dec. 566 (BIA 2015), the Board deviated from the caselaw that followed Congress's original intent for the waiver to apply only to those who commit fraud at the time of entry to also include those who commit fraud at the time of admission, and held that a post entry adjustment of status counted as an admission for purposes of the waiver. This Court notes that the Board in *Agour* did not expressly overrule *Connelly* but rather sought to distinguish its holding

based on the definition of admission under the current statutory framework.  This Court further notes *Agour* was not a unanimous panel decision.[4]

When contending with the definition of admission or what constitutes admission, the ambiguity is apparent, and the Board, as well as circuit courts, have wrestled with the definitions.  Prior to *Agour*, __nine__ of the Circuit Courts issued precedential decisions holding the definition of admission, for purposes of eligibility for a similar waiver under INA § 212(h), does not include post-entry adjustment of status; and all discuss in detail the statutory language in varying sections of the INA.  *See  Medina-Rosales v. Holder*, 778 F.3d 1140 (10th Cir. 2015); *Husic v. Holder*, 776 F.3d 59 (2d Cir. 2015); *Stanovsek v. Holder*, 768 F.3d 515 (6th Cir. 2014); *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014); *Papazoglou v. Holder*, 725 F.3d 790 (7th Cir. 2013); *Leiba v. Holder*, 699 F.3d 346 (4th Cir. 2012); *Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479 (3d Cir. 2012); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363 (11th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008).

Each of these Circuit Court cases considered Congressional intent for the language used in the specific sections of the INA.  The Fifth Circuit, __where this Court sits__, determined that plain statutory language is the most instructive and reliable indicator of Congressional intent.  *Martinez v. Mukasey*, 519 F.3d 532, 543 (5th Cir. 2008).  The Fifth Circuit further stated in *Marques v. Lynch*, ""[W]e 'generally presume' that, '[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, . . . Congress acts intentionally and purposely in the disparate inclusion or exclusion.'"" *Marques v. Lynch,* 834 F.3d 549, 561 (5th Cir. 2016).  Moreover, " . . . the starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Kaluom v. Stolt Offshore, Inc.,* 504 F.3d 511, 515 (5th Cir. 2007) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania*, Inc., 447 U.S. 102, 108 (1980)).

Following this line of reasoning, the omission of adjustment of status within the language of section INA § 237(a)(1)(H) supports a finding that Congress never intended the waiver to apply to aliens seeking post entry adjustment of status, because the plain language limits the waiver to those who are inadmissible at the time of admission.  If Congress had intended the waiver to apply to those seeking adjustment of status, it could have included adjustment of status in the statutory construction but did not.  Therefore, this Court following *Matter of Connelly*, 19 I&N Dec. 156 (BIA 1984), and Fifth Circuit precedent *supra*, finds the Respondent's post entry adjustment of status would not be considered an admission under the plain language of the INA.  The Court finds the Respondent is statutorily ineligible for the waiver, as the willful misrepresentation or fraud he committed occurred after his entry into the United States.  Nevertheless, the Court will continue its analysis and make additional alternative findings in the event a higher Court finds the Respondent is statutorily eligible to seek a waiver under section 237(a)(1)(H).

## B.  Discretion

Assuming, *arguendo,* the Respondent is statutorily eligible for the wavier, the Respondent must also demonstrate that he warrants a waiver under INA § 237(a)(1)(H) as a matter of discretion.  The Court

---

[4] The decision in *Agour* was 2-1 in a 3-member panel of the Board and included a dissenting opinion.

must balance an applicant's undesirability as an LPR with the social and humane considerations present. *See Matter of Tijam*, 22 I&N Dec. 408, 412 (BIA 1998); *Matter of Mendez-Moralez,* 21 I&N Dec. 296, 300 (BIA 1996) (citing *Matter of Marin,* 16 I&N Dec. 581 (BIA 1978)).  Favorable considerations include family ties in the United States; residence of a long duration in this country, particularly where it commenced when the applicant was young; evidence of hardship to the applicant or his family if deportation occurs; a stable employment history; the existence of property or business ties; evidence of value and service to the community; and other evidence of the applicant's good character. *See id.* at 412–13.  Adverse factors include the nature and underlying circumstances of the fraud or misrepresentation involved; the nature, seriousness, and recency of any criminal record; and any other additional evidence of the applicant's bad character or undesirability as an LPR.  *See Tijam*, 22 I&N Dec. at 412; *see also Matter of Cervantes*, 22 I&N Dec. 560, 569 (BIA 1999).

The Court acknowledges the positive equities in the Respondent's case.  The Respondent has established family ties during his relatively short tenure in the United States, including his United States citizen wife, and United States citizen infant son. Exh. 54, Tabs B-D.  Although not the exclusive factor, the Court may consider the degree of hardship an applicant's family member may suffer if the applicant is removed.  The Court considers that the Respondent's wife is gainfully employed. Exh. 54, Tabs F and G.  The Court considered the evidence in the record, in the form of declarations from immediate family and friends proffered to support the Respondent's position of the mental and emotional hardship the Respondent's wife may suffer if the Respondent is removed.  The Court finds the hardship here is consistent with that which would ordinarily be expected to result from a family member's removal.  The Court has also considered the evidence submitted in support of his character and value to the community. Exh. 55, Tabs X and Y.  The Court also considered the evidence submitted in support of the Respondent's lack of criminal history.

The most obvious negative factor here is the letter from the United States (U.S.) Secretary of State finding that the Respondent's presence in the United States has potentially serious adverse foreign policy consequences for the United States.  As previously found by this Court, the Immigration Judge lacks authority to question foreign policy determinations made by the U.S. Secretary of State.  The Court finds this factor alone outweighs the positive equities in the Respondent's case, and the Court denies the waiver as a matter of discretion on that basis.  However, this Court will make alternative findings as to discretion independent and apart from the assessment of the U.S. Secretary of State pursuant to the order issued by the New Jersey District Court.

Wholly independent from consideration of the foreign policy determination by the U.S. Secretary of State, the Court considers other negative equities in the Respondent's case.  The Respondent lacks long-time residence in this country and has only been in the United States since December 2022, just shy of three years.  The Respondent entered as a student to complete his graduate studies at an Ivy League University, which he completed in May 2025. Exh. 54, Tab E.  The Respondent's employment is limited to internships through the university while enrolled in school and he has not presented any evidence he was employed in any other capacity. Exh. 54, Tab F.  There is no evidence of property or business ties. More importantly, the Respondent is a *conditional* lawful permanent resident and has not yet reached the pivotal point of adjusting status permanently.

The Court also takes into consideration, as a negative factor, the Respondent's underlying fraud in the course of applying for adjustment of status. The Respondent failed to disclose his involvement, association and participation with United Nations Relief and Works Agency for Palestinian Refugees (UNRWA) and Columbia University Apartheid Divest (CUAD), on his Form I-485. Candid disclosures by the Respondent may have triggered the need for additional information and further processing, involving some degree of discretionary decision-making on the part of the USCIS adjudicator. The evidence shows the Respondent knew of the potential immigration consequences for his involvement in protests organized by varying organizations on campus, including CUAD. The Respondent was quoted in the news stating that he did not participate in the protests during this time because he was worried about the immigration consequences of his participation, specifically that he would lose his student visa. Exh. 7a, Tab E. The Court finds the Respondent's lack of candor and purposeful failure to disclose complete information on the Form I-485 to be significant negative factors. His involvement, association, and participation with CUAD and UNRWA were such that the truth would predictably have disclosed other facts relevant to his qualifications.

Finally, there is no indication Congress ever intended an applicant to benefit from a waiver when the applicant willfully and intentionally fails to accurately report information in the post entry process of adjustment of status. Rather, Congress intended the waiver to benefit applicants who, due to no fault of their own, find themselves removable from the United States. For example, respondents who entered the United States as children and later become removable because of the misrepresentations of their parents, or those intending to be reunited with their family after being abroad. The waiver was not designed to reward a lack of candor by applicants admitted as immigrant visa holders who then intentionally engage in dishonesty by misrepresenting facts in the application process to adjust status, post entry. A waiver under these conditions would render the application process meaningless and improperly shift the burden to demonstrate integrity of the information provided by the alien onto the United States government.

This Court finds that the Respondent is an intelligent, ivy-league educated individual that understood the bold, capitalized letters at part 8, page 9 on the I-485 required the disclosure of his affiliations with UNRWA and CUAD. This Court further finds that the Respondent understood the consequences and that the candid disclosure of his affiliations might lead to an additional line of questioning and the ultimate denial of his application for conditional permanent residency. This Court finds that Respondent's lack of candor on his I-485 was not an oversight by an uninformed, uneducated applicant. This Court finds that the Respondent's purposeful, non-disclosure was not a misrepresentation by another which imputed consequences to the Respondent. Rather, this Court finds that Respondent willfully misrepresented material fact(s) for the sole purpose of circumventing the immigration process and reducing the likelihood his application would be denied. This Court cannot and will not condone such an action by granting a discretionary waiver. To do so, would encourage future applicants to take the gamble of materially misrepresenting facts and then seeking a waiver if it is somehow discovered by the U.S. government.

In balancing the equities of the Respondent's case, including limited family ties, relatively brief time in the United States, the gravity of his conduct, and the interests of this country, the Court finds that he has not shown the existence of truly compelling countervailing equities that merit a favorable exercise of discretion. As such, the Court denies the Respondent's request for a waiver under INA § 237(a)(1)(H) as a matter of discretion.

## IV.  CONCLUSION

The Respondent has failed to meet his burden of proof to establish he is eligible for the waiver, and in the alternative, the Respondent failed to meet his burden of proof to establish that he warrants a favorable exercise of discretion for a waiver under INA § 237(a)(1)(H).  Therefore, the request for relief will be denied.  Based upon the above and foregoing, the Court re-enters its previous orders, in addition to its finding today:

**ORDERS:**    **IT IS HEREBY ORDERED that Respondent's application for asylum regarding Algeria is DENIED.**

**IT IS FURTHER ORDERED that Respondent's applications for asylum regarding Syria is DENIED.**

**IT IS FURTHER ORDERED that Respondent's application for withholding of removal pursuant to INA § 241(b)(3) regarding Algeria is DENIED.**

**IT IS FURTHER ORDERED that Respondent's application for withholding of removal pursuant to INA § 241(b)(3) regarding Syria is DENIED.**

**IT IS FURTHER ORDERED that Respondent's application for relief pursuant to the Convention Against Torture regarding Algeria is DENIED.**

**IT IS FURTHER ORDERED that Respondent's application for relief pursuant to the Convention Against Torture regarding Syria is DENIED.**

**IT IS FURTHER ORDERED that Respondent's application for a waiver under INA § 237(a)(1)(H) is DENIED.**

**IT IS HEREBY FURTHER ORDERED that Respondent be REMOVED from the United States to Algeria, or in the alternative to Syria.**

JAMEE COMANS    Digitally signed by JAMEE COMANS
Date: 2025.09.12 10:09:59 -05'00'

Date: September 12, 2025    _____
Jamee E. Comans
United States Immigration Judge

**Order of the Immigration Judge**

Immigration Judge: COMANS, JAMEE  09/12/2025

**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [  ] Noncitizen | [  ] Noncitizen c/o custodial officer | [ E ] Noncitizen atty/rep. | [ E ] DHS
Respondent Name : KHALIL, MAHMOUD | A-Number :█████
Riders:

Date:  09/12/2025  By:  KESSLER, BRYAN, Court Staff