October 14, 2025

<u>VIA ECF</u>
Honorable Michael A. Hammer
United States Magistrate Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, New Jersey 07101

      Re:    *Khalil v. Trump, et al.*, No. 2:25-cv-1963 (MEF) (MAH)

Dear Judge Hammer:

    Petitioner Mahmoud Khalil hereby respectfully requests that the Court lift the restrictions on his travel within the United States that are presently imposed among the conditions of his release provided in the Court's June 20, 2025, Order (ECF 317) ("the Order"). He seeks this modification of those conditions so that he may attend the upcoming oral argument in his case, before the U.S. Court of Appeals for the Third Circuit, in Philadelphia, Pennsylvania, occurring the morning of October 21, 2025; attend conferences and events nationwide to which he has been invited to speak; travel with family as needed or desired; and attend dental appointments (he had been receiving his dental care from a dentist in New Jersey since 2023). This modification of his bail order is consistent with the Court's findings of his lack of flight risk and dangerousness and, by avoiding piecemeal modification requests, conserves judicial resources and aligns with similar orders issued in similar cases.

    Counsel for Respondents consent to lifting Mr. Khalil's travel restrictions for the sole purpose of permitting Mr. Khalil to attend the oral argument in his case in Philadelphia but oppose his request to lift any other aspects of his travel restrictions; Respondents request at least 10 days to respond, per local rules, to this aspect of Petitioner's motion. Petitioner therefore respectfully requests that the Court, at least in the interim, issue an order authorizing Mr. Khalil's travel to Philadelphia on October 20-21, to attend the Third Circuit oral argument in his case. Petitioner takes no position on Respondents' request for 10 days to respond to other aspects of Petitioner's motion, while explaining his entitlement to such broader modifications below.

    Three months have passed since Mr. Khalil was released. Pursuant to the Order, Mr. Khalil has maintained residence in New York and his travel has been "restricted to New York and Michigan, as well as New Jersey and Louisiana for court appearances and attorney visits only, and Washington D.C. for lobbying/legislative purposes only." (ECF 317). Since June 20, Mr. Khalil has continued to reside in New York City with his U.S. citizen wife and infant son. Consistent with the Court's June 20 and July 7 orders, he updated his residential address with the U.S. Department of Homeland Security when he moved in August from their Columbia University housing to another residence in New York City.

    While lifting restrictions on travel to Philadelphia and New Jersey is most pressing in light of his upcoming oral argument and medical appointments, Mr. Khalil has also been invited to travel to various other states for personal and professional reasons, which he has declined due to the bail conditions. For example, he has been invited by Yale Law School students to participate in a forum in early November, as his experiences and perspective have generated strong interest on issues of serious public concern. Rather than require Mr. Khalil to petition the Court each time he seeks to enter a different state, this Court could obviate the need for piecemeal modifications entirely by

allowing Mr. Khalil to travel freely within the United States, restoring him to the status quo ante preceding his detention, and putting him in the same position as the vast majority of other non-detained Lawful Permanent Resident in removal proceedings.

Granting the instant request would be consistent with the conditions of release imposed upon similarly-situated petitioners. For example, Rümeysa Öztürk, a Massachusetts-based graduate student detained by ICE based on her lawful speech, was released by order of the U.S. District Court for the District of Vermont on bail, pending adjudication of her habeas petition, without travel restrictions. *Öztürk v. Trump*, 2:25-cv-00374-wks, ECF 131 (D. Vt. May 9, 2025) ("Petitioner is not subject to any travel restrictions.").[1] Similarly, a district court ordered the release of Dr. Khan Suri subject only to the following conditions: "(1) Petitioner will reside in Virginia; (2) Petitioner will attend all court hearings in person unless excused by the Court; and (3) Petitioner will participate in his removal proceedings. Petitioner is **not** required to submit to any GPS monitoring." *Khan Suri v. Trump*, No. 1:25-cv-480 (E.D. Va. May 14, 2025) (ECF 65) (emphasis in original). In Mohsen Mahdawi's case, the district court lifted its initial travel restrictions after Mr. Mahdawi complied with its orders in the three months following his release, finding that "[i]n the absence of any information indicating that Mr. Mahdawi presents a risk of flight or a danger to the community, the removal of unnecessary restrictions on his movement within the United States is appropriate." *Mahdawi v. Trump*, 2:25-cv-00389-gwc (D. Vt. July 17, 2025) (ECF 86). Yunseo Chung's case provides further support for Mr. Khalil's request. The government targeted Ms. Chung under the same statutory provision used to target Mr. Khalil, alleging the same purported foreign policy concerns, and based on the same Rubio Determination. A federal judge barred the government from detaining Ms. Chung nationwide, and imposed no limitations on her ability to travel. *See Yunseo Chung v. Trump*, 25 Civ. 2412 (NRB) (S.D.N.Y. June 5, 2025) (ECF 57); Tr. of Hr'g 29:12-30:5, *Chung v. Trump*, 25 Civ. 2412 (NRB) (S.D.N.Y. June 5, 2025).[2] Like each of these other habeas petitioners, and as this Court previously found, Mr. Khalil does not pose a risk of flight or danger and therefore should not be subject to restrictions on domestic travel.

Given that the Court's finding that Mr. Khalil poses neither danger nor flight risk has repeatedly borne out since his release, Mr. Khalil respectfully requests that travel restrictions be removed, enabling him to travel throughout the United States without having to seek piecemeal modifications. This would allow Mr. Khalil to more fully participate in his legal case and attend medical appointments and conferences across the United States, as a Lawful Permanent Resident living in the United States would normally be able to do even while removal proceedings are pending.

We thank the Court for its consideration of this request.

---

[1] The Court required only that Ms. Öztürk, notify the Burlington Community Justice Center ("CJC") in advance of any overnight travel outside of New England, following which the CJC would notify a government contact. ECF 141 (D. Vt. May 16, 2025). While Mr. Khalil does not believe any such condition is necessary in his case, he would, of course, willingly comply with a similar condition, should the Court wish to impose it.

[2] Although Ms. Chung was neither detained nor in removal proceedings prior to the district court's issuance of a temporary restraining order, followed by a preliminary injunction, her ability to travel across the country without restriction despite the Secretary of State's determination that her presence in the United States is purportedly contrary to foreign policy interests supports Mr. Khalil's request here.

Respectfully submitted,

/s/ *Baher Azmy*

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>973-854-1715 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay*<br>Diala Shamas*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464 |
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher*<br>Robert Hodgson*<br>Veronica Salama*<br>Molly Biklen*<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300 | CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem*<br>Naz Ahmad<br>Shezza Abboushi Dallal*<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar*<br>Sidra Mahfooz*<br>Brian Hauss*<br>Esha Bhandari*<br>Vera Eidelman*<br>Brett Max Kaufman*<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das*<br>Kyle Barron<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br>Fax: (212) 571-3792<br><br>VAN DER HOUT LLP<br>Marc Van Der Hout (CA Bar #80778)*<br>Johnny Sinodis (CA Bar #290402)*<br>Oona Cahill (CA Bar #354525)*<br>360 Post St., Suite 800<br>San Francisco, CA 94108<br>Tel: (415) 981-3000<br>Fax: (415) 981-3003 |

\* *Appearing Pro hac vice*

3

*Counsel for Petitioner*