

**U.S. Department of Justice**

Civil Division

October 16, 2025

**By ECF**

Honorable Michael A. Hammer
United States Magistrate Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

    Re:    ***Khalil v. Joyce, et al.*, Civ. Act. No. 25-1963 (MEF) (MAH)**
              **Government's Response to Petitioner's Motion to Lift Travel Restrictions (ECF 390)**

Dear Judge Hammer:

    Respondents ("the Government") submits this letter in response to Petitioner's motion to lift the restrictions on his travel within the United States (ECF 390).

    The Government does not oppose lifting Petitioner's restrictions to travel to Philadelphia, Pennsylvania, for the sole purpose of permitting Petitioner to attend oral argument in the matter *Khalil v. Trump*, Nos. 25-2162 & 25-2357, before the Third Circuit on October 21, 2025.

    The Government, however, opposes Petitioner's remaining requests to lift the restrictions on his travel within the United States generally. ECF 390 at 1. After considering the reasons provided by Petitioner and the Government's objections, this Court imposed the travel restrictions that are currently in place. *See* ECF 317. The Court considered several factors when implementing its travel restrictions, *see* ECF 329 at 22, 330 at 63-73, and Petitioner's counsel "agree[d] to reasonable conditions in terms of travel[,]" ECF 330 at 65-66. Accordingly, the travel restrictions, and the conditions placed on them, were previously considered by this Court and found to be reasonable. Petitioner has not presented any reasons to justify departing from that judgment.

    If the Court grants Petitioner's motion, the Government requests that the Court consider alternative conditions on Petitioner's travel. The Government requests that Petitioner wear an ankle monitor and be subject to a reporting requirement. For the former, Petitioner is still in removal proceedings, and the Government has an interest in ensuring that individuals who may be issued a final order of removal be easily located. Specifically regarding conferences and professional engagements outside of New York and Michigan, the Government requests that Petitioner must notify ICE of the event details, including the host location, hotel, travel itinerary, and the general purpose of the travel.[1] At a minimum, the Court should impose a reporting requirement, similar to that which Ms. Ozturk is subject to. Of note, Petitioner indicated that he would "willingly comply" with such a condition. ECF 390 at 2 n.1.

---

[1] As a note, Petitioner does not have work authorization.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ALANNA T. DUONG
Senior Litigation Counsel

/s/ Aniello Desimone
ANIELLO DESIMONE
Trial Attorney
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-5239
aniello.desimone@usdoj.gov

ERIKA ARCE-ROMERO
RACHEL L. BROWNING
JOHN F. STANTON
Trial Attorneys