# ATTACHMENT 2

Marc Van Der Hout                                                              __NOT DETAINED__
Johnny Sinodis
Oona Cahill
Van Der Hout LLP
360 Post Street, Suite 800
San Francisco, California 94108
Telephone: (415) 981-3000
Facsimile: (415) 981-3003

Attorneys for Respondent
Mahmoud KHALIL

## UNITED STATES DEPARTMENT OF JUSTICE

## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

## BOARD OF IMMIGRATION APPEALS

## FALLS CHURCH, VIRGINIA

| In the Matter of: | ██████████████ |
|---|---|
| Mahmoud KHALIL, | |
| Respondent, | |
| In Removal Proceedings. | |

**BRIEFING EXTENSION REQUEST: MR. KHALIL'S REQUEST FOR 21-DAY EXTENSION OF TIME FOR SUBMISSION OF OPENING BRIEF**

**Mr. Khalil's opening brief is currently due November 12, 2025. He requests a 21-day extension to December 3, 2025.**

Filed at BIA on 10/25/2025 at 6:43 AM ET RW (Eastern Daylight Time)

Respondent, **Mr. Mahmoud KHALIL,** ▮▮▮▮▮▮ through undersigned Counsel, respectfully submits this Request for a Twenty-One-Day Extension of Time for his opening brief in support of his appeal. On October 14, 2025, the Board accepted Mr. Khalil's Notice of Appeal. On October 22, 2025, the Board issued a briefing schedule for his case, ordering that his opening brief be filed on November 12, 2025. If this Request is granted, the new deadline would be December 3, 2025.

## SUMMARY OF ARGUMENT

Good cause exists for the Board to extend the November 12 submission deadline for a period of 21 days. BIA Practice Manual § 4.7(c). Undersigned counsel require this extension of time for several reasons.

As described further below, undersigned counsel have had and continue to have multiple conflicting scheduling obligations between October 22, 2025, when the Board issued its scheduling order, and November 12, 2025 when the Board set the deadline for submission of Mr. Khalil's opening brief, and have several additional conflicts through December 3, 2025, that necessitate the full amount of time in order to brief Mr. Khalil's appeal.

Under these circumstances, a twenty-one-day extension is necessary, and the request is reasonable. Mr. Khalil is not detained. As the Board is well aware, historically appeals of non-detained cases typically have not been set for briefing for well over a year after a notice of appeal is filed. Here, the briefing schedule was issued eight days after Mr. Khalil's Notice was accepted by the Board. Accordingly, Mr. Khalil's counsel did not anticipate needing to devote time to briefing his appeal during this three-week period and have pre-scheduled hearings, briefing deadlines, commitments, and time out of the office for medical appointments and vacation. Mr. Khalil will be highly prejudiced if an extension is denied, as undersigned counsel will be unable

to adequately brief the issues in his appeal in the time permitted given their previously schedule commitments The Board should therefore grant the requested twenty-one-day extension of time in order to ensure that Mr. Khalil's statutory, regulatory, and constitutional due process rights are fulfilled.

Mr. Khalil is not detained, the briefing schedule for non-detained cases is typically issued more than a year after a Notice of Appeal is filed, good cause exists to grant the extension, and DHS will suffer no prejudice if an extension is granted. Denial of a reasonable extension request under the circumstances would be an abuse of discretion and violate Mr. Khalil's rights.

For these reasons, as well as those more fully explained below, Mr. Khalil asks the Board to grant this Motion and reset the November 12, 2025, deadline to December 3, 2025. Mr. Khalil does not oppose the Board providing DHS an additional 21 days, until January 14, 2026, to file their opposition.

## RELEVANT PROCEDURAL HISTORY

On March 8, 2025, DHS arrested and detained Mr. Khalil. On March 9, 2025, DHS presented Mr. Khalil with a Notice to Appear (NTA) and initiated removal proceedings against him, scheduling him to appear for a Master Calendar Hearing before an immigration judge at the LaSalle Detention Facility on March 27, 2025. The NTA claimed Mr. Khalil is subject to removal under Immigration and Nationality Act (INA) § 237(a)(4)(C)(i), in that "the Secretary of State has reasonable ground to believe that your presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States."

On March 17, 2025, DHS issued Mr. Khalil a Form I-261, Additional Charges of Inadmissibility/Deportability, which asserted a charge of removability under INA § 237(a)(1)(A)

(inadmissibility at the time of adjustment of status due to alleged fraud or misrepresentation).

On June 11, 2025, the Honorable Judge Michael Farbiarz of the U.S. District Court for the District of New Jersey found the determination of Secretary of State Marco Rubio, which formed the basis for the charge of removability under INA 237(a)(4)(C), unconstitutionally vague and enjoined the government from "seeking to remove [Mr. Khalil] from the United States based on the Secretary of State's determination, as reflected in the Secretary's memorandum to the Secretary of Homeland Security." *Khalil v. Joyce*, 2:25-cv-01963-MEF-MAH, Dkt. 299 (D.N.J. June 11, 2025). Since June 11, 2025 and continuing today, the Immigration Court and the Executive Office for Immigration Review (EOIR) as agents of the Department of Justice under Attorney General Pamela Bondi – a named Respondent in the federal habeas case – are bound by the District Court's order.   Nonetheless,    on June 20, 2025, the Immigration Judge (IJ) sustained the charge of removability under INA § 237(a)(4)(C) and the charge under INA § 237(a)(1)(A) and denied Mr. Khalil's applications for asylum, Withholding of Removal, and protection under the Convention Against Torture, but failed to set a hearing on his request for a waiver under INA § 237(a)(1)(H).

On July 18, 2025, the Court issued an order reopening proceedings pursuant to the District Court's order in *Khalil v. Trump*, No. 2:25-cv-01963, Dkt. 355 (D.N.J. July 17, 2025) which clarified the District Court's June 11th Order and ordered the Immigration Court to follow his injunction and vacate her order of removability under INA § 237(a)(4)(C) because it relied on the enjoined Rubio Determination.[1] That same day, Mr. Khalil submitted a preliminary brief outlining his eligibility for a waiver under INA § 237(a)(1)(H) and summarizing previously-submitted evidence relevant to his waiver request. Mr. Khalil also submitted a motion for change of venue to the New York Immigration Court, explaining that he and his witnesses for the waiver hearing

---

[1] The District Court case has been captioned both *Khalil v. Joyce* and *Khalil v. Trump*.

3
Request for 21-Day Extension of Time to file Opening Brief
Mahmoud KHALIL, ███████

reside there and New York was the appropriate venue for his waiver hearing.

On July 30, 2025, the IJ issued a scheduling order setting a deadline for August 11, 2025 at 5:00 p.m. for the submission of evidence regarding Mr. Khalil's request for a waiver pursuant to INA § 237(a)(1)(H). The next day, the IJ issued a decision vacating the finding of removability under INA § 237(a)(4)(C). Mr. Khalil complied with the August 11 deadline to the extent possible, but requested a thirty-day extension of time, explaining that he would be prejudiced by this abnormally short timeline for a non-detained case. Mr. Khalil also requested (for the second time) that his case be transferred to the non-detained docket in New York where he has resided with his family since his release from detention on June 20, 2025. Nevertheless, on September 12, 2025, the IJ denied Mr. Khalil's request for a waiver without holding a hearing and denied his motion for extension of time and motion for change of venue as moot.

On October 9, 2025, Mr. Khalil submitted his notice of appeal to the Board within the 30 days provided by regulation. 8 CFR § 1003.38(b). The Board processed his notice and accepted it into the record on October 14, 2025. Eight days later, on October 22, 2025, the Board issued a briefing schedule for Mr. Khalil's appeal, setting a deadline of November 12 for his opening brief and December 3, 2025 for DHS's opposition. Later that day, the Board issued transcripts of Mr. Khalil's underlying proceedings.

## LAW AND ARGUMENT

The Board has the authority to set briefing deadlines and extend them. *See* BIA Practice Manual, § 4.7(c). The Board should, and in fact must, do so here.

Significant due process issues would arise if the Board were to deny the motion. Noncitizens in removal proceedings are protected by the Fifth Amendment guarantee of due process. *Reno v. Flores*, 507 U.S. 292, 306 (1993). Noncitizens in removal proceedings are also

entitled to representation by counsel of their choosing. 8 U.S.C. § 1362.

The Board must grant the requested extension to allow undersigned counsel and Mr. Khalil to adequately brief the numerous issues in his case outlined in his Notice of Appeal. Given the previously scheduled conflicting obligations of Mr. Khalil and his counsel set forth below, and in light of the highly abnormal and expedited timeline on which the Board issued the briefing schedule in this case, the current deadline is impracticable and would prevent Mr. Khalil from adequately presenting his arguments.

Second, undersigned Counsel have pre-existing scheduling conflicts that make the November 12 deadline impossible to meet. As set forth in the accompanying declaration of lead counsel in this matter, Marc Van Der Hout, <u>Tab D</u>, Mr. Van Der Hout was out of town on a pre-planned vacation October 22, 2025, when the briefing schedule was issued and will not return until November 3, 2025. He will be largely unavailable during this time and unable to work on briefing in this matter. He will also be out of town on an already scheduled and pre-planned vacation from November 13-17, 2025 and will be out Thanksgiving week (November 24-30) with family on pre-planned vacation. All of these planned vacations were made with the reasonable expectation based on past experience and knowledge that the briefing in this case would be months, if not, years, away. Additionally, Mr. Van Der Hout has a heavy schedule of deadlines in the next three (and six) weeks, including:

- Briefing on expedited discovery in *Khalil v. Trump*, 2:25-cv-01963 before the District of New Jersey on October 31, 2025;

- An expedited briefing and hearing schedule in a class action lawsuit in the Southern District of New York in Case No. 1:25-cv-08686-KPF (*Doe et al. v. Noem*) including a status conference on October 24, 2025, briefing on a motion for class

certification, and a reply brief in support of Plaintiffs' motion for preliminary injunction due November 5, 2025 and oral argument on the motion on November 14, 2025;

- A case management conference in *Aleman Gonzalez et al. v. Whitaker*, 3:18-cv-01869-JSC before the Northern District of California on November 5, 2025, with a case management statement due on October 29, 2025;

- A hearing on Plaintiffs' motion for a preliminary injunction in *Stanford Daily Publishing Corp v. Rubio*, 5:25-cv-06618-NW, before the Northern District of California on November 19, 2025

In addition to the above deadlines, all of which Mr. Sinodis is also co-counsel on and responsible for, as set forth in his accompanying declaration, <u>Tab E</u>, Mr. Sinodis has numerous additional pre-scheduled deadlines and hearings that cannot be moved including:

- An Individual Calendar Hearing in a complex asylum case on October 24, 2025;

- An ICE check-in for two clients in Orange County on October 31, 2025, that may necessitate Mr. Sinodis to travel to and from Orange County;

- An opposition to a motion to dismiss in a long pending, involved habeas case before the Eastern District of California due November 3, 2025;

- A medical operation that requires him to be out of the office on November 7, 2025;

- Briefing on a preliminary injunction in a habeas matter before the Eastern District of California due on November 7, 2025, with a hearing on November 20, 2025;

- Preplanned time out of the office on November 14, 2025;

- Briefing on the merits of a habeas petition and complaint before the Eastern District of California due on November 16, 2025;

- An Individual Calendar Hearing before the Adelanto Immigration Court on November 20, 2025; and

- Time out of the office due to Thanksgiving from November 26 to November 28, 2025.

In light of the circumstances, a twenty-one-day extension is necessary for undersigned counsel to devote adequate time to Mr. Khalil's appeal.

Second, the extremely short time from the filing of the notice of appeal to the setting of the briefing schedule in this case is highly unusual for a non-detained case like Mr. Khalil's, as attested to by multiple practitioners with extensive experience before the Board. *See, e.g.*, Tab A (Declaration of Stacy Tolchin) (explaining the Board typically takes approximately 16 months to issue a notice of appeal in non-detained cases); Tab B (Declaration of Kerry Doyle) ("The speed of the briefing schedule in Mr. Khalil's cases is unprecedented in my experience and to my knowledge and does not comport with standard BIA procedure."); Tab C (Declaration of Ira Kurzban) ("In my over forty years of practice, I have never seen a briefing schedule for a non-detained case be issued this quickly— less than two weeks after filing of the Notice of Appeal.").

Third, DHS will suffer no prejudice by the grant of a short extension of time for Mr. Khalil to file his opening brief, particularly given that Mr. Khalil is no longer detained. DHS, like Mr. Khalil, is supposed to have an interest in due process and a fair adjudication of his claims. *See In re S-M-J*, 21 I. & N. Dec. 722, 727 (BIA 1997) ("[I]mmigration enforcement obligations do not consist only of initiating and conducting prompt proceedings that lead to removals at any cost. Rather, as has been said, the government wins when justice is done.").

A brief twenty-one-day extension would allow undersigned counsel and Mr. Khalil to adequately brief his appeal of the IJ's September 12, 2025 Order. Denying a brief extension of

time would constitute an abuse of discretion and, under the circumstances, would violate due

process.

As Mr. Khalil has previously noted, the pace at which his removal proceedings before

EOIR have been scheduled is highly unusual, as attested to by practitioners who frequently appear

before the LaSalle Immigration Court and practitioners who regularly practice before the Board.

*See*, *e.g.*, Exhibit 25 (Motion for Continuance, submitted May 16); Tab A (Declaration of Stacy

Tolchin); Tab B (Declaration of Kerry Doyle); Tab C (Declaration of Ira Kurzban). Denying this

extension request would serve solely to further violate Mr. Khalil's due process rights.

The Board should therefore grant this Motion and reset the November 12, 2025 deadline

to December 3, 2025.

## CONCLUSION

For all of the aforementioned reasons, Mr. Khalil and undersigned Counsel ask the Board

to grant a twenty-one-day extension of the November 12, 2025 deadline to file his opening brief.

Dated: October 25, 2025                    Respectfully submitted,

_____

Marc Van Der Hout
Johnny Sinodis
Oona Cahill
Van Der Hout LLP

Attorneys for Mr. Khalil

## CERTIFICATE OF SERVICE

On October 25, 2025, I, Johnny Sinodis, caused the enclosed document to be served on the U.S. Department of Homeland Security via the EOIR Courts and Appeals System (ECAS). This document was electronically filed through ECAS and both parties are participating in ECAS. Therefore, there is no separate service completed.

Executed this 25th day of October 2025.

9

Request for 21-Day Extension of Time to file Opening Brief
Mahmoud KHALIL, █████████

# TAB A

Filed at BIA on 10/25/2025 at 08:37 PM (Eastern Daylight Time)
Case 2:25-cv-01963-MEF-MAH    Document 402-2    Filed 10/28/25    Page 13 of 31
PageID: 4683

# DECLARATION OF STACY TOLCHIN

I, Stacy Tolchin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge.

1. I am an attorney licensed to practice law before the State of California. I have been practicing immigration law since 2002.

2. I am admitted to practice before the United States Supreme Court; the United States Court of Appeals for the Ninth, Tenth, and Second Circuits; the United States District Courts for the Northern District of California, Eastern District of California, Central District of California, and Southern District of California; the United States District Court for New Mexico; and the U.S. Court of Federal Claims. I regularly practice in numerous immigration courts, and before the Board of Immigration Appeals (BIA).

3. I received my Juris Doctorate from the University of California at Los Angeles in 2001 and have been practicing law for over 23 years.

4. I am a recipient of the American Immigration Lawyers' Association of Southern California Chapter's 2019 Pro Bono Champion Award, University of California at Los Angeles Law School's 2018 Alumni Public Service Award, the National Lawyers Guild of Southern California 2017 annual award, the American Immigration Lawyers Association's 2009 Jack Wasserman Award for Excellence in Immigration Litigation, the 2009 American Civil Liberties Union of Southern California Equal Justice Advocacy Award, the 2008 National Immigration Law Center Annual Award, the 2007 "Unsung Hero" Award for the National Lawyers Guild of the Bay Area, and was recognized in 2003 by the Arab-American Anti-Discrimination Committee of San Francisco. I have also been named to "Super Lawyers" from 2012-2024.

5. I have represented noncitizens in removal proceedings, including appeals before the BIA, for more than 20 years. I have represented more than 50 noncitizens in appeals before the BIA during that time.

6. I have been asked to write about the speed at which briefing schedules are typically issued in non-detained appeals before the BIA. In non-detained cases, like Mr. Khalil's, the BIA typically takes years to produce transcripts of the underlying proceedings and issue a briefing schedule. I have multiple cases where the briefing schedule was issued years after the Notice of Appeal was filed in non-detained cases.

7. For instance, I filed an appeal of a case with the Board of Immigration Appeals

Filed at BIA on 10/25/2025 at 08:33:17 PM (Eastern Daylight Time)
Case 2:25-cv-01963-MEF-MAH    Document 402-2    Filed 10/28/25    Page 14 of 31
PageID: 4684

where there were multiple individual hearings before an immigration judge on March 20, 2024. Seventeen months have passed and there is still no transcript from the Board of Immigration Appeals.

8.  In another case, where there were only two hearings before an immigration judge, I filed an appeal with the Board of Immigration Appeals on October 25, 2023, and a briefing schedule was not issued until April 7, 2025, 16 months later.

9.  In a third case, I filed a notice of appeal with the Board of Immigration Appeals on September 14, 2023, and a briefing schedule was not issued until, April 23, 2024, 7 months later.

10. In a fourth case, I filed a notice of appeal with the Board of Immigration Appeals on October 12, 2022, and a briefing schedule was not issued until, January 22, 2024, 15 months later.

11. In a fifth case the Department of Homeland Security filed a notice of appeal with the Board of Immigration Appeals on April 25, 2018, and a briefing schedule was not issued until January 8, 2021, 32 months later.

12. At a minimum, the BIA takes seven months to issue a briefing schedule for non-detained removal cases, but in my experience, the average is more like 16 months.

13. I understand that Mr. Khalil sent his Notice of Appeal to the BIA on October 9, 2025, that it was accepted by the BIA on October 14, 2025, and a transcript with briefing schedule was issued by the BIA on October 22, 2025. In my over twenty years of practice, I have never seen a briefing schedule for a non-detained case be issued in less than two weeks after filing of the Notice of Appeal. This is a drastic departure from standard BIA procedure and completely unheard of. It would not be feasible for the BIA to implement this pace of proceedings across all appeals at the agency, as they have an extensive backlog as evidenced by the multiple years it typically takes to adjudicate non-detained cases, not to mention that the BIA reduced its number of judges from twenty-five to fifteen several months ago.

14. I also understand that the underlying proceedings before the Immigration Court unfolded in Mr. Khalil's case at an abnormally fast speed and involved other significant procedural irregularities. Most recently, I understand that the Immigration Court issued a scheduling order on July 30, 2025 for submission of all evidence on Mr. Khalil's request for a waiver by August 11, 2025, twelve days later. This is an abnormally short timeline for a non-detained case like Mr. Khalil's. In my opinion, the compounding effects of these highly unusual decisions demonstrate an

Filed at BIA on 10/25/2025 at 08:06:17 PM (Eastern Daylight Time)
Case 2:25-cv-01963-MEF-MAH    Document 402-2    Filed 10/28/25    Page 15 of 31
PageID: 4685

intention by the agency—EOIR, as a whole—to treat Mr. Khalil's case differently than other cases before the agency.

Dated: October 23, 2025                    Signed:
Pasadena, CA

_____

S̲TACY̲ T̲OLCHIN̲

# TAB B

## DECLARATION OF KERRY DOYLE

I, KERRY DOYLE, hereby declare and state:

1. The facts set forth in this declaration are based on my personal knowledge, unless otherwise indicated, and, if called as a witness, I could and would testify thereto. I am over eighteen years of age and of sound mind to declare to the facts stated herein.

2. I am currently a Partner with the Boston office of Green and Spiegel, LLC, an immigration firm based in Philadelphia, Pennsylvania. I graduated *cum laude* from American University, Washington College of Law with a J.D. and The George Washington University with a B.A. in Political Science. I am a member of the Commonwealth of Massachusetts Bar, the Supreme Court Bar and the bars of Several Federal Courts of Appeals and U.S. District Courts.

3. I served as Principal Legal Advisor (PLA), for Immigration Customs Enforcement (ICE) from September 2021 through September 2024. In that role, I oversaw the more than 1,500 attorneys and staff who work for the Office of the Principal Legal Advisor (OPLA) across the country. As PLA, I was responsible for establishing the direction and priorities of our office in alignment with the Office of General Counsel (OGC), ICE, and DHS leadership. During that time, I also served on detail as Acting Deputy General Counsel, Office of General Counsel (OGC), Department of Homeland Security (DHS) from February 2024 through May 2024 and in September 2024 and as DHS Deputy General Counsel from October 2024 through December 2024. I was appointed as an Immigration Judge and served in that position from mid-December 2024 through mid-February 2025.

4. In private practice, I have represented many hundreds, if not thousands, of noncitizens in removal proceedings. I am a recognized expert in complex immigration issues, including immigration court removal proceedings. I have been a frequent speaker at immigration conferences and national lawyer trainings, including previously recurring trainings co-hosted

Filed at BIA on 10/25/2025 at 08:03:37 PM (Eastern Daylight Time)
Case 2:25-cv-02963-MEF-MAH    Document 402-2    Filed 10/28/25    Page 18 of 31
PageID: 4688

by the Boston Immigration Court (part of the Executive Office for Immigration Review (EOIR)) and the New England Chapter of the American Immigration Lawyers Association, with a specific focus on training pro-bono attorneys volunteering to represent noncitizens in immigration bond hearings.

5. I have been recognized as an expert witness on immigration law topics before both state and federal courts. In light of my expertise, while in private practice, I was selected by the Immigration Court to represent detained individuals who have been deemed incompetent through the National Qualified Representative Program. In the past, I worked closely with the Massachusetts Immigrant and Refugee Advocacy Coalition and the Massachusetts Law Reform Institute providing technical assistance and public testimony on various immigration-related policy issues before the state legislature and the Boston City Council. More recently, I have testified before the Federal Law Enforcement subcommittee of the Government Oversight Committee in the U.S. House of Representatives.

6. I am providing this declaration in my personal capacity. The opinions herein should not be construed to represent the position of DHS or any components therein, the Department of Justice, or Green and Spiegel, LLC. Moreover, while the views I express herein are generally based on my over twenty-five years of immigration law practice, including extensive experience in both private practice and government service, no part of this declaration includes, references, reflects, draws upon, confirms, or denies privileged, confidential, deliberative, sensitive, or classified information.

7. I have represented hundreds of noncitizens in appeals before the BIA. I have been asked to write about the speed at which briefing schedules are typically issued in non-detained appeals before the BIA. In non-detained cases, like Mr. Khalil's, the BIA typically takes more than six months, if not years, to produce transcripts of the underlying proceedings and issue a briefing

schedule. I have multiple cases where the briefing schedule was issued more than a year after the decision of the Immigration Judge was rendered and then Notice of Appeal was filed. At a minimum, the BIA typically takes more than a year to issue a briefing schedule for non-detained cases.

8.  I understand that Mr. Khalil sent his Notice of Appeal to the BIA on October 9, 2025, that it was accepted by the BIA on October 14, 2025, and that a transcript with the briefing schedule was issued by the BIA on October 22, 2025. In my thirty years of practice, I have never seen a briefing schedule for a non-detained case be issued this quickly— less than two weeks after filing of the Notice of Appeal.  I have never even received a briefing schedule this quickly for any of the many detained cases I have represented. The speed of the briefing schedule in Mr. Khalil's cases is unprecedented in my experience and to my knowledge and does not comport with standard BIA procedure. It would not be feasible for the BIA to implement this pace of proceedings across all appeals at the agency, as they have an extensive backlog as evidenced by the multiple years it typically takes to adjudicate non-detained cases. Additionally, the BIA reduced its number of judges from twenty-five to fifteen several months ago, further reducing staffing at the backlogged agency.

9.  I also understand from my review of the record in Immigration Court that the proceedings there unfolded in Mr. Khalil's case at an abnormally fast speed and involved other significant procedural irregularities. Most recently, I understand that the Immigration Court issued a scheduling order on July 30, 2025 for submission of all evidence on Mr. Khalil's request for a waiver by August 11, 2025, twelve days later. This is an abnormally and extremely short timeline for a non-detained case like Mr. Khalil's. In my opinion, the compounding effects of these highly unusual decisions demonstrate an intention by the agency—EOIR, as a whole— to treat Mr. Khalil's case differently than other cases before the agency.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2025                    Signed:
Bass Harbor, Maine                          _/s/ Kerry E. Doyle_
                                            Kerry E. Doyle

# TAB C

Filed at BIA on 10/25/2025 at 08:37 PM (Eastern Daylight Time)
Case 2:25-cv-02963-MEF-MAH    Document 402-2    Filed 10/28/25    Page 22 of 31
PageID: 4692

## DECLARATION OF IRA J. KURZBAN

I, Ira J. Kurzban, hereby declare and state:

1. The facts set forth in this declaration are based on my personal knowledge, unless otherwise indicated, and, if called as a witness, I could and would testify thereto. I am over eighteen years of age and of sound mind to declare to the facts stated herein.

2. I am an immigration practitioner and have been a partner in the law firm of Kurzban, Kurzban, Tetzeli, & Pratt P.A. of Coral Gables, Florida for over four decades, and serve as chair of the firm's immigration department.

3. Since 1977, I have been active in all aspects of immigration law. I and the attorneys I supervise regularly practice in immigration courts across the country, as well as in federal courts in immigration-related matters.

4. I am the author of *Kurzban's Immigration Law Sourcebook*, one of the most widely used immigration-law secondary sources in the United States. The book is in its Nineteenth Edition (2024) and is regularly cited by federal courts. *See, e.g.*, *Al Otro Lado v. EOIR*, 120 F.4th 606, 627 n.16 (9th Cir. 2024); *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 289 (5th Cir. 2021) (Costa, J., dissenting); *De La Paz v. Coy*, 786 F.3d 367, 376 (5th Cir. 2015); *Gonzalez v. Holder*, 771 F.3d 238, 243 (5th Cir. 2014); *United States v. Juarez*, 672 F.3d 381, 389 (5th Cir. 2012); *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000); *Viveiros v.*

*Holder*, 692 F.3d 1, 3 (1st Cir. 2012); *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004); *Socop-Gonzalez v. INS*, 208 F.3d 838, 842 n.3 (9th Cir. 2000).

5.  As a practicing attorney, I am actively involved in the immigration bar. I am the Past President of the South Florida Chapter of the American Immigration Lawyers Association. I was the national president of the American Immigration Lawyers Association in 1987-88, and I thereafter served as its General Counsel. The American Immigration Lawyers Association is an affiliate organization of the American Bar Association. It has over 17,000 members in 35 chapters in the United States and four international chapters. I am also certified by the Florida Bar as a specialist in immigration law and served on the first committee to draft and grade the certification exam for Florida lawyers.

6.  Since 1977, I have litigated a variety of immigration related cases and over 75 published decisions in the federal courts. Among other cases, I have been counsel of record in the United States Supreme Court in *Patel v. Garland*, 596 U.S. 328 (2022); *McNary v. Haitian Refugee Center, Inc.*, 495 U.S. 479 (1991); *Commissioner v. Jean*, 496 U.S. 154 (1990); and *Jean v. Nelson,* 472 U.S. 846 (1985).

7.  I have represented hundreds of noncitizens in appeals before the BIA over the past forty years of practice. As such, I have been asked to write about the speed at which briefing schedules are typically issued in non-detained appeals before

the BIA. In non-detained cases, like Mr. Khalil's, the BIA has historically taken at least several months—and in many cases, much longer—to produce transcripts of the underlying proceedings and issue a briefing schedule.

8. I have been told by Mr. Khalil's immigration counsel that Mr. Khalil sent his Notice of Appeal to the BIA on October 9, 2025, that it was accepted by the BIA on October 14, 2025, and that a transcript with briefing schedule was issued by the BIA on October 22, 2025. In my over forty years of practice, I have never seen a briefing schedule for a non-detained case be issued this quickly— less than two weeks after filing of the Notice of Appeal. To my knowledge, our firm has never had a non-detained case where a transcript and briefing schedule were issued so quickly.

9. I also understand from my review of the record in Immigration Court that the proceedings there unfolded in Mr. Khalil's case at an abnormally fast speed and involved other significant procedural irregularities. Most recently, I understand that the Immigration Court issued a scheduling order on July 30, 2025 for submission of all evidence on Mr. Khalil's request for a waiver by August 11, 2025, twelve days later. This is an extremely compressed timeline for a non-detained case like Mr. Khalil's and similarly does not align with my experience with such cases in immigration court. The compounding effects of these highly

Filed at BIA on 10/25/2025 at 08:06:37 PM (Eastern Daylight Time)
Case 2:25-cv-02963-MEF-MAH    Document 402-2    Filed 10/28/25    Page 25 of 31
PageID: 4695

unusual actions suggest abnormal treatment of Mr. Khalil's case as compared to

others before the agency.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2025                    Signed:
Coral Gables, Florida

_____

Ira J. Kurzban

# TAB D

Filed at BIA on 10/25/2025 at 08:05:37 PM (Eastern Daylight Time)
Case 2:25-cv-01963-MEF-MAH Document 402-2 Filed 10/28/25 Page 27 of 31
PageID: 4697

## Declaration of Marc Van Der Hout:

I, Marc Van Der Hout, under penalty of perjury, declare as follows:

1. I am a partner at Van Der Hout LLP, which is located at 360 Post St., Suite 800, San Francisco, California 94108. I have personal knowledge of the matters stated herein because I am lead counsel for Mahmoud Khalil in these proceedings.

2. I have multiple pre-existing scheduling conflicts that existed prior to the Board's briefing schedule of October 22, 2025 setting a deadline of November 12th for submission of Mr. Khalil's opening brief that make it not possible to meet that deadline.

3. I was out of town on a pre-planned vacation October 22, 2025, when the briefing schedule was issued and will not return until November 3, 2025. I will be largely unavailable during this time and unable to work on briefing in this matter. I will also be out of town on an already scheduled and pre-planned vacation from November 13-17, 2025 and will be out Thanksgiving week (November 24-30) with family on pre-planned vacation. All of these planned vacations were made with the reasonable expectation based on past experience and knowledge that the briefing in this case would be months, if not, years, away.

4. Additionally, I have a heavy schedule of deadlines in the next three (and six) weeks, including:
   - Briefing on expedited discovery in *Khalil v. Trump*, 2:25-cv-01963 before the District of New Jersey on October 31, 2025;
   - An expedited briefing and hearing schedule in a class action lawsuit in the Southern District of New York in Case No. 1:25-cv-08686-KPF (*Doe et al. v. Noem*) including a status conference on October 24, 2025, briefing on a motion for class certification, and a reply brief in support of Plaintiffs' motion for preliminary injunction due November 5, 2025 and oral argument on the motion on November 14, 2025;
   - A case management conference in *Aleman Gonzalez et al. v. Whitaker*, 3:18-cv-01869-JSC before the Northern District of California on November 5, 2025, with a case management statement due on October 29, 2025;
   - A hearing on Plaintiffs' motion for a preliminary injunction in *Stanford Daily Publishing Corp v. Rubio*, 5:25-cv-06618-NW, before the Northern District of California on November 19, 2025

5. It is for these reasons, along with Mr. Sinodis' unavailability, that we have requested on behalf of Mr. Khalil a brief 21-day extension of time to submit the opening brief.

I declare under penalty of perjury that the foregoing statement is true to the best of my

knowledge, information, and belief. Executed on this 24th day of October 2025 at Santa Fe, New

Mexico.

_____

Marc Van Der Hout
Declarant

# TAB E

Filed at BIA on 10/25/2025 at 08:16:37 PM (Eastern Daylight Time)
Case 2:25-cv-01963-MEF-MAH    Document 402-2    Filed 10/28/25    Page 30 of 31
PageID: 4700

## Declaration of Johnny Sinodis

I, Johnny Sinodis, under penalty of perjury, declare as follows:

1.  I am a partner at Van Der Hout LLP, which is located at 360 Post St., Suite 800, San Francisco, California 94108. I have personal knowledge of the matters stated herein because I am an attorney for Mahmoud Khalil.

2.  I have multiple pre-existing scheduling conflicts that existed prior to the Board's briefing schedule of October 22, 2025, setting a deadline for submission of Mr. Khalil's opening brief that render it impracticable to meet that deadline.

3.  I have a heavy schedule of hearings, briefing deadlines, medical appointments, and scheduled time off for travel in the next three (and six) weeks, including:

    -   Briefing on expedited discovery in *Khalil v. Trump*, 2:25-cv-01963 before the District of New Jersey on October 31, 2025;
    -   An expedited briefing and hearing schedule in a class action lawsuit in the Southern District of New York in Case No. 1:25-cv-08686-KPF (*Doe et al. v. Noem*) including a status conference on October 24, 2025, briefing on a motion for class certification, and a reply brief in support of Plaintiffs' motion for preliminary injunction due November 5, 2025, and oral argument on the motion on November 14, 2025;
    -   A case management conference in *Aleman Gonzalez et al. v. Whitaker*, 3:18-cv-01869-JSC before the Northern District of California on November 5, 2025, with a case management statement due on October 29, 2025;
    -   A hearing on Plaintiffs' motion for a preliminary injunction in *Stanford Daily Publishing Corp v. Rubio*, 5:25-cv-06618-NW, before the Northern District of California on November 19, 2025
    -   An Individual Calendar Hearing in a complex asylum case on October 24, 2025;
    -   An ICE check-in for two clients in Orange County on October 31, 2025, that may necessitate my to travel to and from Orange County;
    -   An opposition to a motion to dismiss in a long pending, involved habeas case before the Eastern District of California due November 3, 2025;
    -   A medical operation that requires me to be out of the office on November 7, 2025;
    -   Briefing on a preliminary injunction in a habeas matter before the Eastern District of California due on November 7, 2025, with a hearing on November 20, 2025;
    -   Preplanned time out of the office on November 14, 2025;
    -   Briefing on the merits of a habeas petition and complaint before the Eastern District of California due on November 16, 2025;
    -   An Individual Calendar Hearing before the Adelanto Immigration Court on November 20, 2025; and
    -   Time out of the office due to Thanksgiving from November 26 to November 28, 2025.

4.  For these reasons, a twenty-one-day extension is warranted. I and my co-counsel will work

diligently to meet the new proposed deadline of December 3, 2025.

I declare under penalty of perjury that the foregoing statement is true to the best of my knowledge, information, and belief. Executed on this 25th day of October 2025 at San Francisco, California.

_____
Johnny Sinodis
Declarant