LYNAE CRAWFORD

P.O. BOX 5608

HILLSIDE, N.J. 07205


LAWRENCE L. CRAWFORD AKA

JONAH GABRIEL JAHJAH T. TISHBITE

#300839 F3B. RM. 148

EVANS C.I. 610 HWY. 9 WEST

BENNETTSVILLE, S.C. 29512


IN RE: CASE(S) 2:24-cv-03934-MEF-JBC; 1:25-cv-01963-MEF; 2:25-cv-5081-EP-AME; 2:25-CR-00388-JKS RENEWING THE MOTION TO INTERVENE, MOTIONING FOR STAY AND NOTICE OF PENDING 4TH. CIRCUIT REVIEW.


TO: THE NEW JERSEY DISTRICT COURT CLERK MELISSA E. RHOADS ESQ. ET. AL.,


ATTACHED ARE PLEADINGS THAT I AM ASKING TO BE FILED WITHIN ALL CASES CAPTIONED ABOVE TO GIVE THE COURT NOTICE IN THE RELEVANT CASES THAT THE MOTION TO INTERVENE IN RENEWED FOR ALL RELEVANT CASES, A MOTION TO STAY IS SOUGHT AND I GIVE THE COURTS AND PARTIES NOTICE OF PENDING REVIEW BEFORE THE 4TH. CIRCUIT COURT OF APPEALS THAT WOULD POTENTIALLY ENTITLE THE PLAINTIFFS TO RIGHTS OF RES JUDICATA AND OR COLLATERAL ESTOPPLE AS IT PERTAINS TO ISSUE PRECLUSION. PLEASE SEE THAT THE PLEADING IS FILED WITHIN ALL (4) CASES THAT ARE CAPTIONED ABOVE. WE THANK YOU IN ADVANCE FOR YOUR KIND ASSISTANCE. BE BLESSED AND HAVE A NICE DAY. STILL REMAIN,

RESPECTFULLY,

LYNAE CRAWFORD

JONAH THE TISHBITE

DECEMBER 15, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

IN THE NEWARK DIVISION

)

LYNAE CRAWFORD; LAWRENCE L.     )

CRAWFORD AKA JONAH GABRIEL     )     C/A 2:24-cv-03934-MEF-JBC

JAHJAH T. TISHBITE,     )          1:25-cv-01963-MEF;

)          2:25-cv-5081-EP-AME;

       PLAINTIFF(S)     )          2:25-CR-00388-JKS

)

)

)

)

Vs.     )

)     **AFFIDAVIT OF SERVICE**

)

THE UNITED STATES; WILLIAM P.     )

JOYCE; YAAKOV M. ROTH     )

; HOMELAND SECURITY ET. AL.,     )

)

)

PLAINTIFF-DEFENDANT-RESPONDENT     )

)

)


       WE, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T.
TISHBITE, LYNAE CRAWFORD, DO HEREBY CERTIFY, THAT WE HAVE MAILED
AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL
NOTICE; MOTION FOR ACCEPTANCE; MOTION FOR A STAY DUE TO 4TH.
CIRCUIT REVIEW AND MOTION TO MOTION THEREFOR, ON THE NEW JERSEY
DISTRICT COURT 50 WALNUT STREET #4015, NEWARK, NEW JERSEY 07102
AND ALL INVOLVED PARTIES BY U.S. MAIL POSTAGE PREPAID BY PLACING
IT IN THE INSTITUTION MAILBOX ON DECEMBER 15, 2025. IT IS DEEMED
FILED ON THAT DATE PURSUANT TO MAILBOX RULE, HOUSTON v. LACK, 287
U.S. 266, 273-76, 108 S.Ct. 2379(U.S.1988).

1-of-6

RESPECTFULLY,

JONAH THE TISHBITE

LYNAE CRAWFORD

DECEMBER 15, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

IN THE NEWARK DIVISION

| | |
|---|---|
| LYNAE CRAWFORD; LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE,<br><br>PLAINTIFF(S)<br><br><br><br><br>Vs.<br><br><br>THE UNITED STATES; WILLIAM P. JOYCE; YAAKOV M. ROTH ; HOMELAND SECURITY ET. AL.,<br><br><br>PLAINTIFF-DEFENDANT-RESPONDENT | C/A 2:24-cv-03934-MEF-JBC<br>1:25-cv-01963-MEF;<br>2:25-cv-5081-EP-AME;<br>2:25-CR-00388-JKS<br><br><br>AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO INTERVENE; MOTION FOR ACCEPTANCE; MOTION FOR A STAY DUE TO 4TH. CIRCUIT PENDING REVIEW AND MOTION TO MOTION THEREFOR |

TO: THE NEW JERSEY DISTRICT COURT ET. AL.,

HERE THE NEW JERSEY DISTRICT COURT AND PARTIES WILL FIND:

(1) A COPY OF A PETITION FOR WRIT OF HABEAS CORPUS THAT IS NOW FILED UNDER THIS CASE(S).

(2) A COPY OF THE INFORMAL BRIEF PENDING RESOLUTION BEFORE THE 4TH. CIRCUIT COURT OF APPEALS WITHIN THE CASES CAPTIONED ON THE DOCUMENT.

INSOMUCH, THE PLAINTIFF(S) GIVE THE NEW JERSEY DISTRICT COURT JUDICIAL NOTICE AND RESPECTFULLY MOTION FOR ACCEPTANCE OF THESE DOCUMENTS INTO THE RELEVANT COURT RECORDS WITHIN THE NEW JERSEY DISTRICT COURT DUE TO THEY BEING RELEVANT TO THE CLAIMS BEFORE THE NEW JERSEY DISTRICT COURT WITHIN THE INVOLVED CASE(S) AND WHERE STAY IS SOUGHT WITHIN THE 6TH. CIRCUIT COURT OF APPEALS UNTIL RULING FROM THE 4TH. CIRCUIT COURT OF APPEALS OCCURS SINCE THE INFORMAL BRIEF IS ALREADY FILED BEFORE THAT COURT WHICH WOULD ADDRESS SEVERAL KEY ISSUES THAT WOULD BE SUBJECT TO ANY POTENTIAL RULING COMING OUT OF THE NEW JERSEY DISTRICT COURT IN THE INTEREST OF JUDICIAL ECONOMY, THE AVOIDANCE OF MULTIPLICITY OF PROCEEDINGS, AND TO ENSURE FAIRNESS TO THE PARTIES INVOLVED. THE PLAINTIFF(S) MOTION FOR A STAY WITHIN ALL INVOLVED CASES UNTIL RULING FROM THE 4TH. CIRCUIT COURT OF APPEALS OCCUR. FEDERAL COURTS HAVE INHERENT AUTHORITY TO STAY PROCEEDINGS PENDING THE OUTCOME OF RELATED CASES IN OTHER COURTS WHICH IN INTENDED TO PROMOTE EFFICIENT RESOLUTION OF DISPUTES. THE PRIMARY GOAL OF EFFICIENT JUDICIAL ADMINISTRATION IS TO AVOID THE "EMBARRASSMENT" OF CONFLICTING JUDGMENTS ON THE SAME ISSUE, SUCH AS THE RIGHT TO INTERVENE AND RIGHTS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT BY THE LITIGATION THAT IS PLACED BEFORE THE COURTS INVOLVED. A COURT MAY STAY AN ACTION IF THE RESOLUTION OF ONE CLAIM IS DEPENDENT ON THE OUTCOME OF A RELATED CLAIM AS SEEN WITHIN THE 4TH. CIRCUIT INFORMAL BRIEF. THE PLAINTIFF(S) WILL SUFFER IRREPARABLE HARM IF THE MOTION IS NOT GRANTED WHERE IF A DECISION IS ENTERED IN THE PLAINTIFF(S) FAVOR. THE PLAINTIFF(S) WOULD BE ENTITLED TO RIGHTS OF RES JUDICATA AND OR COLLATERAL ESTOPPLE AS IT RELATES TO ISSUE PRECLUSION. THE BALANCE OF CONVENIENCE WOULD FAVOR A STAY, AS TO PREVENT UNNECESSARY DUPLICATION OF RESOURCES FOR ALL PARTIES AND COURTS, WITHOUT SIGNIFICANT PREJUDICE TO THE OTHER PARTIES RIGHT TO A DETERMINATION. THE INTEREST OF JUSTICE WOULD FAVOR THE GRANTING OF ACCEPTANCE OF THE PLEADING AND MOTION TO STAY WHERE THE OVERRIDING QUESTION OF THE STAY UNDER THESE CIRCUMSTANCES IS IN THE INTEREST OF JUSTICE. THE GOAL OF AVOIDING A MULTIPLICITY OF PROCEEDINGS AND ENSURING CONSISTENT APPLICATION OF THE LAW STRONGLY SUPPORT ACCEPTANCE AND STAY BE GRANTED. IF THE NEW JERSEY DISTRICT COURT VIEWS THE INFORMAL BRIEF FROM THE 4TH.

CIRCUIT COURT OF APPEALS, THE FACTUAL LEGAL OVERLAPS ARE SELF EVIDENT, WHICH CLEARLY GIVE WAY TO POTENTIAL FOR CONFLICTING OUTCOMES. THIS PROMOTES JUDICIAL ECONOMY WHEN THERE IS POTENTIALLY PARALLEL LITIGATION, LANDIS v. NORTH AMERICAN CO., 299 U.S. 248, 254 (U.S.1936); COALITION TO DEFEND AFFIRMATIVE ACTION v. GRANHOLM, 473 F.3d. 237, 244 (6th.Cir.2006); BAKER v. ADAMS CITY/OHIO VALLEY SCH. BD., 310 F.3d. 927, 928(6th.Cir.2002). THE GOAL IS TO PREVENT A SPLIT DECISION ON THE SAME ISSUES SEEN BEFORE THE COURTS INVOLVED WITHIN MULTIPLE CIRCUITS, ANTONIO v. GARLAND, 38 F.4TH. 524, 526 (6th.Cir.2022); ARABIAN MOTORS GRP. W.L.L. v. FORD MOTOR CO., 19 F.4TH. 938, 948 (6th.Cir.2021); IN RE: REVEL AC, INC., 802 F.3d. 558(3rd.Cir.2015); SMITH v. SPIZZIRRI, 601 U.S. 471 (U.S.2024).

IF THE NEW JERSEY DISTRICT COURT WOULD TAKE NOTICE OF THE ATTACHED PLEADING FROM THE 4TH. CIRCUIT COURT OF APPEALS, THE COURT WILL SEE THAT THESE VERY ISSUES ARE BEFORE THE 4TH. CIRCUIT COURT OF APPEALS, EVEN REGARDING THE SAME ISSUE AS IT RELATES TO LYNAE CRAWFORD, THE OTHER PARTIES, THE CRAWFORD SOVEREIGN LINEAGE AND THE CRAWFORD RIGHT TO INTERVENE AS ARGUED. THEREFORE, THE PLAINTIFF(S) WOULD BY A FAVORABLE RULING FROM THAT COURT WOULD BE ENTITLED TO RIGHTS OF RES JUDICATA AND OR COLLATERAL ESTOPPLE AS IT RELATES TO ISSUE PRECLUSION, WHICH OF COURSE, WOULD HAVE A DIRECT BEARING ON THE APPEAL WITHIN THE 6TH. CIRCUIT COURT OF APPEALS OR ANY RULING THAT WOULD POTENTIALLY COME OUT OF THE NEW JERSEY DISTRICT COURT WHERE PRELIMINARY INJUNCTION IS STILL PENDING WITHIN THE FEDERAL COURTS INVOLVED. THE PLAINTIFFS MOTION FOR ACCEPTANCE OF THE DOCUMENTS INTO THE COURT RECORD AND MOTION FOR A STAY PENDING 4TH. CIRCUIT REVIEW OF THE MATTERS BEFORE US, ERIE INDEM. CO. v. STEPHENSON, 80 F.4TH. 229(3rd.Cir.2025); JEFF ZHANG v. DORRANCE PUBLISHING CO., 2025 WL 6314822 (3rd.Cir.2025); STATE EX REL BD. OF TRUSTEES OF SPRINGFIELD Tp. v. DAVIS, 2 OHIO.St.3d. 108, 443 N.E.2d. 166 (OHIO.App.1982); SMITH AND WESSON BRANDS, INC. v. NEW JERSEY ATTY. GEN., 105 F.4TH. 470(3rd.Cir.2024); STATE EX REL STATE FIRE MARSHAL v. CURL, 87 OHIO.St.3d. 568, 722 N.E.2d. 73 (OHIO.2000); JONES v. CANNIZZARO, 2019 WL 2289470 (E.D.La.2019); CORN v. DUNNE, 2019 WL 2137459

(D.Conn.2019); BEST, 2015 WL 5124463 (E.D.N.Y.2015); 28 U.S.C. § 1738; SEMTEK INT'L INC. v. LOCKHEED MARTIN CORP., 531 U.S. 497 (U.S.2001); DAUBENMIRE v. CITY OF COLUMBUS, 507 F.3d. 383, 389 (6th.Cir.2007)(THE FULL FAITH AND CREDIT ACT, AS INTERPRETED BY THE U.S. SUPREME COURT WHICH APPLIES TO THE 3rd. CIRCUIT MANDATING THAT FEDERAL JUDGMENTS RECEIVE THE SAME PRECLUSIVE EFFECT); O'TOOLE v. O'CONNOR, 802 F.3d. 783 (6th.Cir.2015).

UNDER OHIO LAW AND WHERE SIMILAR CASES EXIST WITHIN THE THIRD CIRCUIT, RES JUDICATA DOCTRINE APPLIES WHEN THERE HAS BEEN A FINAL JUDGMENT RENDERED UPON THE MERITS, WITHOUT FRAUD OR COLLUSION (SUCH AS THAT WHICH POTENTIALLY OCCURRED INITIALLY WITHIN THE NEW JERSEY AND PHILADELPHIA DISTRICT COURTS), BY A COURT OF COMPETENT JURISDICTION, CONCLUSIVE OF RIGHTS, QUESTIONS IN FACT IN ISSUE AS TO PARTIES AND THEIR PRIVIES. THE PLAINTIFF(S) MOTION FOR ACCEPTANCE INTO THE NEW JERSEY AND PHILADELPHIA DISTRICT COURTS RECORDS PURSUANT TO THE 4TH. CIRCUIT COURT'S SCHEDULED RULING ON THE ISSUE BEFORE THEM THAT DIRECTLY BEAR ON THE CASES BEFORE BOTH THE NEW JERSEY AND PHILADELPHIA DISTRICT COURTS TO PREVENT CONFLICT IN RULING ON THESE ISSUES PRESENTED, HERRING v. UNITED STATES, 424 F.3d. 384 (3rd.Cir.2005); JACKSON v. DANBERG, 656 F.3d. 157 (3rd.Cir.2011); FINK v. BISHOP, 2022 WL 4533855 (3rd.Cir.2022); UNITED STATES v. PAVULAK, 2021 WL 9881497 (3rd.Cir.2021); HALL v. GIBSON GREETINGS INC., 971 F.Supp. 1162(S.D.Ohio.1997); IN RE: OAKLAND PHYSICIANS MEDICAL CENTER, LLC., 2020 WL 4200971 (S.D.Mich.2020); SCHNEIDER v. HARDESLY, 2010 WL 150139 (S.D.Ohio.2010).

RESPECTFULLY,

LYNAE CRAWFORD

JONAH THE TISHBITE

DECEMBER 15, 2025

EXHIBIT, "4TH. CIRCUIT INFORMAL BRIEF

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F3B. RM. 148
EVANS C.I. 610 HWY. 9 WEST
BENNETTSVILLE, S.C. 29512


YAHDINA OVERSTREET-U-DEEN
15306 ROBEY AVENUE SUITE 707
HARVEY, ILLINOIS 60426


MAURICE BELLAMY
#359514 F3B. RM. 121
EVANS C.I. 610 HWY. 9 WEST
BENNETTSVILLE, S.C. 29512


ALTON CHISOLM
4546 BROAD RIVER ROAD
COLUMBIA, S.C. 20210


IN RE: CASE(S) 2025-6589, 2025-6599, 2025-1840, 2025-6602


TO: THE 4TH. CIRCUIT COURT OF APPEALS ET. AL.,

ATTACHED THE COURT AND PARTIES WILL FIND, IS A COPY OF
THE INFORMAL BRIEF RELATED TO THE ABOVE CAPTIONED CASES. THE 4TH.
CIRCUIT IS GIVEN NOTICE THAT ALL PARTIES HAVE BEEN SERVED AS WAS
REQUIRED BY THE COURTS ORDERS.


RESPECTFULLY,
JONAH THE TISHBITE
YAHDINA OVERSTREET-U-DEEN
MAURICE BELLAMY
ALTON CHISOLM


OCTOBER 30, 2025

IN THE UNITED STATES COURT OF APPEALS

FOR THE FORTH CIRCUIT

———————————

APPELLATE CASE NO.(S) 2025-6589, 2025-6599, 2025-1840, 2025-6602

———————————

APPEAL FROM THE STATE OF SOUTH CAROLINA

IN THE SOUTH CAROLINA DISTRICT COURT

APPEAL FROM CASE NO. 9:24-cv-BHH-MCH ET. AL.,

———————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, ALTON CHISOLM, YAHDINA OVERSTREET-U-DEEN, MAURICE BELLAMY,

PLAINTIFFS-APPELLANTS

Vs.

THE STATE OF SOUTH CAROLINA ET. AL.,

DEFENDANTS-APPELLEES

———————————

**AFFIDAVIT OF SERVICE**

———————————

WE, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, ALTON CHISOLM, YAHDINA OVERSTREET-U-DEEN, MAURICE BELLAMY, DO HEREBY CERTIFY, THAT WE HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; NOTICE OF SUBMISSION OF APPELLANTS INFORMAL BRIEF, ON THE 4TH. CIRCUIT COURT OF APPEALS 1100 EAST MAIN STREET, SUITE 501, RICHMOND, VIRGINIA 23219, THE S.C. DEPT. OF CORRECTIONS, S.C.D.C. GENERAL

1-of-3

COUNSEL, DIRECTOR BRYAN STERLING, DIRECTOR JOEL ANDERSON, WARDEN JAMES, A.W. SMITH, A.W. McDUFFY, MAJOR MEEKS, SGT. CROWLEY, NURSE MILLER, WARDEN STONEBREKAR, WARDEN MARTELL VIA 4444 BROAD RIVER ROAD, COLUMBIA, S.C. 29221, THE S.C. ATTORNEY GENERAL P.O. BOX 11549 COLUMBIA, S.C. 29211, MR. LAWRENZ DIRECTOR AT THE WELL PATH CENTER 4546 BROAD RIVER ROAD, COLUMBIA, S.C. 29210, THE UNITED STATES CONGRESS MEMBERS AT THE CAPITAL BUILDING 219 CAPITAL COURT, N.E. WASHINGTON, D.C. 20002, THE UNITED STATES SENATE OFFICE OF SENATE LEGAL COUNSEL HART SENATE OFFICE BUILDING, ROOM 642 WASHINGTON, D.C. 20510, THE U.S. ATTORNEY GENERAL U.S. DEPT. OF JUSTICE 950 PENNSYLVANIA AVENUE, N.W. WASHINGTON, D.C. 20530-0001, U.S. ATTORNEY FOR THE DISTRICT OF SOUTH CAROLINA FEDERAL COURTHOUSE 901 RICHLAND STREET COLUMBIA, S.C. 29201, ARCH BISHOP FABRE-JEUNE, POPE LEO, THE VATICAN ETC. AT DIOCESE OF CHARLESTON, S.C. 901 ORANGE GROVE ROAD, CHARLESTON, S.C. 29407 OR BY THEIR EMAIL, THE 194 MEMBER STATES OF THE UNITED NATIONS AT 1st. AVENUE 46TH. STREET, NEW YORK, NEW YORK 10017, THE COUNTY OF RICHLAND VIA THEIR CLERK OF COURT OR CONTROLLER AT RICHLAND COUNTY COURTHOUSE 1701 MAIN STREET COLUMBIA, S.C. 29201, THE COUNTY OF KERSHAW VIA THEIR CLERK OF COURT OR CONTROLLER P.O. BOX 1885 CAMDEN, S.C. 29021, THE COUNTY OF HORRY VIA THEIR CLERK OF COURT OR CONTROLLER 1301 2nd. AVENUE, CONWAY, S.C. 29526, THE COUNTY OF CHARLESTON VIA ITS CLERK OF COURT OR CONTROLLER 100 BROAD STREET, COLUMBIA, S.C. 29401 AND ALL OTHER INVOLVED PARTIES BY U.S. MAIL AND OR CERTIFIED, POSTAGE PREPAID, BY DEPOSITING IT IN THE INSTITUTION MAILBOX ON OCTOBER 29, 2025. IT IS DEEMED FILED ON THAT DATE, HOUSTON v. LACK, 287 U.S. 266, 273-76, 108 S.Ct. 2379(U.S.1988).

RESPECTFULLY,

MAURICE BELLAMY

ALTON CHISOLM

JONAH THE TISHBITE

2-of-3

YAHDINA OVERSTREET-U-DEEN

OCTOBER 29, 2025

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————————

APPELLATE CASE NO.(S) 25-6589, 2025-6599, 2025-1840 AND 2025-6602

———————————————

APPEAL FROM THE STATE OF SOUTH CAROLINA

IN THE SOUTH CAROLINA DISTRICT COURT

APPEAL FROM CASE NO. 9:24-cv-04660-BHH-MCH ET. AL.,

———————————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHAH T. TISHBITE, ALTON CHISOLM, YAHDINA OVERSTREET-U-DEEN, MAURICE BELLAMY,

PLAINTIFFS-APPELLANTS

Vs.

THE STATE OF SOUTH CAROLINA ET. AL.,

DEFENDANTS-APPELLEES

———————————————

**AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; NOTICE OF SUBMISSION OF APPELLANTS INFORMAL BRIEF**

———————————————

TO: THE 4TH. CIRCUIT COURT OF APPEALS ET. AL.,

PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE, RULE 28(i) IN CASES INVOLVING MORE THAN ONE APPELLANT, INCLUDING FOR PURPOSES OF SEEKING TO CONSOLIDATE THESE APPEALS AND HAVING THEM

1-of-29

REMANDED FOR FURTHER JUDICIAL DETERMINATION UNDER RULE 52, THE APPELLANTS MAY JOIN JOIN IN A BRIEF ALSO PURSUANT TO FRAP 3(b) SEEKING CONSOLIDATION OF THESE APPEALS. THE APPELLANTS GIVE THE COURT AND PARTIES JUDICIAL NOTICE. THE DOCUMENTS RELIED UPON THAT ARE FILED WITHIN THE RECORD IN THE LOWER COURT AND THE 4TH. CIRCUIT THAT ARE TO BE SUBMITTED AND VIEWED IN SUPPORT OF THE LEGAL ISSUES AND OR QUESTIONS ON APPEAL ARE AS FOLLOWS: (1) A COPY OF THE PETITION FOR WRIT OF HABEAS CORPUS THAT IS FILED SUBJUDICE. (2) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF SERVICE AND AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION FOR TWO PRELIMINARY INJUNCTIONS AND OR ORDERS; MOTION TO STAY THE TIME TO COMPLETE SERVICE ON THE OTHER PARTIES UNTIL THE MOTION(S) FOR PRELIMINARY INJUNCTIONS ARE RULED ON; MOTION FOR EXTENSION OF TIME TO FILE INFORMAL BRIEF BASED UPON THE SAME AND MOTION TO MOTION THEREFOR", [15] PAGES DATED SEPTEMBER 10, 2025. (3) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF SERVICE AND MOTION FOR A PRELIMINARY INJUNCTION; MOTION FOR AN EXTENSION OF TIME TO PLACE CASE IN PROPER FORM ONCE COURT RULES ON MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO MOTION THEREFOR", [7] PAGES DATED MAY 1, 2025 (DOCUMENT 6). THIS DOCUMENT IS ALREADY BEFORE THE COURT. (4) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF SERVICE AND AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO VACATE THE ORDER(S) FILED ON MARCH 10, 2025; MOTION TO INTERVENE; MOTION TO CONSOLIDATE; MOTION FOR AN EXTENSION OF TIME; MOTION TO FORWARD NEEDED DOCUMENTS; MOTION FOR COMPLEX CASE DESIGNATION; MOTION TO APPOINT LEGAL COUNSEL; MOTION TO WAIVE THE USE OF ARTICLE III JUDGE, TO RECALL MAGISTRATE JUDGE AND INVOKE THE MAGISTRATE STATUTE; MOTION TO RENEW THE MOTION FOR RECUSAL AND MOTION TO MOTION THEREFOR; NOTICE OF CASE BEING ON APPEAL IN 6th. CIRCUIT SINCE 2/28/25", [26] PAGES DATED APRIL 5, 2025. (5) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF SERVICE AND AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; NOTICE OF SUBSEQUENT NOTICE OF APPEAL AND MOTION TO REMAND; MOTION TO VACATE THE ORDER DOCUMENT NO. 36 FILED JULY 22, 2025 FOR FRAUD UPON THE COURT, DUE PROCESS VIOLATION, VIOLATION OF RIGHTS UNDER THE F.S.I.A. AND UNCONSTITUTIONAL ACTION, ALSO DUE TO VAGUENESS, CHALLENGING THE S.C. DISTRICT COURT'S JURISDICTION TO ISSUE IT; MOTION TO RENEW THE MOTION FOR RECUSAL; MOTION TO SEEK ADDITIONAL FINDINGS

PURSUANT TO RULE 52 AND 28 U.S.C. § 1602...", [29] PAGES DATED JULY 31, 2025 (DOC. 6 IN THE COURT RECORD). (6) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE JUDGE'S TEXT ORDER VACATING THE COMPLAINT CHALLENGING THE OHIO DISTRICT COURT'S JURISDICTION TO ISSUE IT DUE TO FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION; MOTION TO EXCEED THE PAGE LIMIT AND FOR ACCEPTANCE; NOTICE OF SEEKING LEAVE TO APPEAL....", [70] PAGES DATED OCTOBER 1, 2024. (7) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER: RULES FOR DOCUMENTS SUBMITTED IN THE CASE DOCUMENT # 40; MOTION TO VACATE IT DUE TO FRAUD UPON THE COURT, CONSPIRACY....", [40] PAGES DATED NOVEMBER 22, 2024. (8) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO AMEND THE NOTICE OF APPEAL TO SEEK CHANGE OF VENUE; MOTION FOR ACCEPTANCE AND MOTION TO MOTION THEREFOR", [40] PAGES DATED MARCH 14, 2025. DOCUMENTS 6, 7 AND 8 ARE FILED WITHIN THE S.C. DISTRICT COURT, FILED BEFORE THE 6TH. CIRCUIT COURT OF APPEALS UNDER CASES 25-3689, 25-3727 et. al., THEY ARE FILED UNDER CASE 24-0659 IN THE PHILADELPHIA DISTRICT COURT, UNDER CASE 24-13930 IN THE 11th. CIRCUIT COURT OF APPEALS AND THE GEORGIA DISTRICT COURT INVOLVED. THEY ARE FILED BEFORE THE NEW JERSEY DISTRICT COURT WHERE 28 U.S.C. § 1402(a) TRANSFER IS SOUGHT, THEY ARE FILED WITHIN THE KENTUCKY DISTRICT COURT, THE SOUTH CAROLINA DISTRICT COURT, THE CRAWFORD APPLICATION FOR FORENSIC DNA TESTING UNDER CASE 2004-GS-28-00385 IN KERSHAW COUNTY S.C. AND ARE SUBMITTED IN SUPPORT OF THE ISSUES REGARDING CLAIMS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT AND INTERNATIONAL LAW WHICH WERE DEFAULTED ON BY THE DEFENDANTS UNDER THE RICHLAND COUNTY CASES BUT IN FRAUD UPON THE COURT AND OBSTRUCTION OF JUSTICE WERE DENIED WITHIN PROCEEDINGS THAT WERE REMOVED TO THE FEDERAL DISTRICT COURT AT TIME DEPRIVING THOSE STATE COURT CASES OF JURISDICTION. THE REMAINDER OF THE DOCUMENTS REFERRED TO ARE SUBMITTED IN SUPPORT OF THE OTHER ISSUES AND FEDERAL LEGAL QUESTIONS THAT ARE THE SOURCE OF THIS APPEAL. THE APPELLANTS REITERATE FOR THE COURT RECORD. BY NO MEANS ARE THE

APPELLANTS SEEKING TO HAVE THE MERITS OF THESE CLAIMS ADJUDICATED WITHIN THE 4TH. CIRCUIT COURT OF APPEALS OTHER THAN THAT WHICH IS NECESSARY TO ADDRESS THE THE SPECIFIC ISSUES ON APPEAL ONLY. THE APPELLANTS PRESERVE, ASSERT AND EXERCISE THEIR CONSTITUTIONAL DUE PROCESS RIGHTS TO HAVE THE OVERALL MERITS OF THE CLAIMS ADJUDICATED WITHIN THE LOWER COURT UPON THE SOUGHT REMAND TO ALLOW THE APPELLANTS TO PROPERLY PRESERVE THESE LEGAL ISSUES AND OR QUESTIONS FOR ANY POTENTIALLY NEEDED SUBSEQUENT APPELLANT REVIEW.

INASMUCH, THE ISSUES AND LEGAL QUESTION THAT ARE THE SOURCE OF THIS APPEAL ARE AS FOLLOWS:

(1) BY THE PLEADING AND DOCUMENT REFERRED TO, ARE THE APPELLANTS ENTITLED TO HAVE THE TWO PRELIMINARY INJUNCTIONS SOUGHT GRANTED?

THERE IS NO NEED TO BE REPETITIVE IN ADDRESSING THIS CONCERN. THE 4TH. CIRCUIT ALREADY HAS THIS PLEADING BEFORE IT AND DETERMINED TO DEFER UNTIL THE INFORMAL BRIEF WAS SUBMITTED. THE CLAIM IS NOT MOOT. THOUGH THE INFORMAL BRIEF IS NOW FILED, THE APPELLANTS HAD TO ENGAGE IN EXTRAORDINARY MEASURES TO FIGHT TO BE IN COMPLIANCE WITH THE COURT'S ORDER WHICH WAS COMPOUNDED BY ADDITIONAL ACTS OF STATE INTERFERENCE AND OBSTRUCTION WHERE THE INSTITUTION HELD CRAWFORD"S WORD PROCESSOR RIBBONS IN HOPES OF PUSHING US PAST THE TIME LINE SET IN PLACE BY THE COURT'S ORDER REQUIRING THE FILING OF THE INFORMAL BRIEF. THE ACTS OF OBSTRUCTION OF JUSTICE AND DISCRIMINATORY AND RETALIATORY BEHAVIOR ON THE PART OF S.C.D.C. STILL PERSIST INCLUDING THEY UNTIL THIS DAY HAVE NOT GIVEN AND OBSTRUCTED IN RETALIATION PRESCRIBED MEDICAL TREATMENT AS ASSERTED WITHIN THE PREVIOUS FILINGS IN ACTS OF RETALIATORY AND DISCRIMINATORY BEHAVIOR BECAUSE WE SOUGHT TO BRING THIS ACTION BEFORE THE COURTS. IT IS UNCONSTITUTIONAL FOR THE PLAINTIFF TO BE REQUIRED TO LITIGATE AND PLACE THE CASE WITHIN THE LOWER COURT IN PROPER FORM BEING SUBJECTED TO SUCH ADVERSE CONDITIONS AND STATE INTERFERENCE TO IMPEDE, DEFEAT, HINDER AND OBSTRUCT THE DUE COURSE OF JUSTICE IN

VIOLATION OF 42 U.S.C. § 1985(2) AND RETALIATORY AND
DISCRIMINATORY BEHAVIOR ON THE PART OF THE DEFENDANTS IN THIS
CASE IN THE FORM OF S.C.D.C. WORKING TO AVOID SUIT. THE
APPELLANTS RENEW THE REQUEST FOR THE TWO PRELIMINARY INJUNCTIONS
SOUGHT.

(2) ARE THE APPELLANTS CRAWFORD AND CHISOLM ENTITLED
TO FILE HABEAS CORPUS UNDER THE § 1983 ACTION, OR SUCCESSIVE
PETITION AND SEEK INJUNCTIVE AND DECLARATORY RELIEF FOR RELEASE
OF THE DNA EVIDENCE OF ACTUAL INNOCENCE BASED UPON NEWLY
DISCOVERED EVIDENCE, DNA APPLICATION OBSTRUCTION OF EVIDENCE OF
ACTUAL INNOCENCE BY FRAUD UPON THE COURT, INORDINATE DELAY,
MACHINATION AND VIOLATIONS OF THE SEPARATION OF POWERS CLAUSE AND
THE CLAIM PROCESSING RULE(S) RELIED UPON THAT ARE JURISDICTIONAL
IN NATURE THAT WERE TIMELY ASSERTED WHERE THE CONVICTION BY THE
AFROMENTIONED ARE ALREADY INVALIDATED AND VOID DUE TO THE
UNCONSTITUTIONAL ACTION AS IS ARGUED WITHIN THE LEGAL DOCUMENTS
IN QUESTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER
JURISDICTION?

THE APPELLANTS HUMBLY CONTENDS, IN PURSUANT TO ARTICLE V §
4 OF THE SOUTH CAROLINA CONSTITUTION:

"**IT IS ORDERED**, THAT ALL CRIMINAL CASES IN THE STATE
OF SOUTH CAROLINA "**[S]HALL**" BE DISPOSED OF WITHIN (180) DAYS FROM
THE DATE OF THE FILING OF THE COMPLAINT OR ARREST. PROVIDED,
HOWEVER, THE CIRCUIT COURT MAY CONTINUE A CRIMINAL CASE BEYOND
THE (180) DAYS BY "[W]RITTEN" ORDER (EMPHASIS ADDED), IF THE
COURT DETERMINES THAT EXCEPTIONAL CIRCUMSTANCES EXIST IN THE
CASE. THIS DOES NOT CREATE OR DEFINE A RIGHT TO A SPEEDY TRIAL",
(SEE S.C. RULES OF COURT 2003 EDITION ON PAGE 652 AND S.C. RULES
OF COURT 2004 EDITION ON PAGE 659). THERE IS NO ORDER ISSUED BY
THE GENERAL SESSIONS COURT BEFORE THE (365) DAYS EXPIRED THAT
DETERMINE THE STATE CAN TAKE THE CASE BEYOND THE (365) DAYS
SUBJECTING THEM TO DEFAULT, FORFEITURE AND WAIVER.

THIS RULE WAS MODIFIED IN 2013 FROM (180) DAYS TO (365)

DAYS BUT STILL THE CLAIM PROCESSING RULE EXIST UNTIL THIS VERY DATE. THERE IS A SIMILAR CLAIM PROCESSING RULE THAT GOVERNS CASES FILED WITHIN THE COURT OF COMMON PLEAS WHICH RELATE TO POST CONVICTION RELIEF APPLICATIONS. THE APPELLANTS AS STATED WITHIN THE LEGAL PLEADINGS ARE ARGUING AGAINST THE PRECEDENT ESTABLISHED BY THE STATE v. GENTRY, 363 S.C. 93 CASE WHERE THOSE CASES REFERRED TO WITHIN, INCLUDING PARKHURST AND COTTON WERE ADJUDICATED UNDER THE STATUTORY ELEMENT TO SUBJECT MATTER JURISDICTION. THESE CLAIMS ARE BEING ARGUED UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION AS IS ARGUED WITHIN THE CRAWFORD HABEAS CORPUS PETITION FILED WITHIN THE LOWER COURT. SOUTH CAROLINA LAW IS CLEAR AND UNAMBIGUOUS. THE PROVISIONS OF THE SOUTH CAROLINA CONSTITUTION "[S]HALL" (EMPHASIS ADDED) BE TAKEN, DEEMED AND CONSTRUED TO BE **MANDATORY** AND OR **PROHIBITORY** AND NOT MERELY DIRECTORY, EXCEPT WHERE MADE DIRECTORY OR PERMISSORY BY ITS OWN TERMS. SEE ARTICLE 1 § 23 OF THE S.C. CONSTITUTION. THERE IS NO LANGUAGE WITHIN THIS PROVISION OF LAW THAT DETERMINE THAT THE COURT CAN TAKE THE CASE BEYOND 365 DAYS WITHOUT AN ORDER OF CONTINUANCE BEING FILED TO DO SO. THUS, WE ARE DEALING WITH S.C. CONSTITUTIONAL PROTECTION AND STATUTORY PROTECTIONS THAT WERE OBVIOUSLY DENIED THE APPELLANTS WHEN THE CLAIM PROCESSING RULE WAS TIMELY INVOKED WITHIN CHISLOM, BELLAMY AND CRAWFORD CASES INVOLVED RELATED TO THIS APPEAL AND THE CASE BEFORE THE S.C. DISTRICT COURT. DUE TO THE CLAIM PROCESSING RULE IN FUNDAMENTAL FAIRNESS THE SAME MUST APPLY TO BELLAMY.

S.C. CODE ANN. § 44-48-110(C) REQUIRED THE STATE OF SOUTH CAROLINA TO GET ALTON CHISOLM BEFORE THE COURT OF COMMON PLEAS WITHIN (60) DAYS WAY BACK IN APRIL-MAY OF 2025 TO HAVE THE HEARING TO RELEASE HIM. THIS FORCED HIM TO FILE A PETITION BEFORE THE S.C. SUPREME COURT BECAUSE THE STATE CONSPIRING UNDER COLOR OF STATE LAW PLACED A COMPROMISED ATTORNEY ON ALTON CHISOLM TO DELAY HIS RELEASE AND HAVE HIS CASE HEARD UNDER CASE NO. 2006-CP-10-2715 TO KEEP HIM INAPPROPRIATELY REGISTERED AS A SEX OFFENDER FOR THE REMAINDER OF HIS LIFE AS OPPOSED TO HAVING THEM HEARD UNDER CASES 2022-CP-10-01674 AND 2023-CP-10-00435 SOUGHT CONSOLIDATED ALSO INVOKING CLAIM PROCESSING RULE TO PREVENT HIS MATTERS FROM BEING HEARD UNDER THOSE CASES BECAUSE CRAWFORD WAS

FILED AS THIRD PARTY INTERVENOR IN THE CASES, AND TO ILLEGALLY FORCE CHISOLM TO WAIVE IS JURISDICTIONAL CHALLENGES. S.C. CODE ANN. § 44-48-110 ON EVALUATION OF MENTAL CONDITION AND RELATED PROCEEDINGS PROVIDE:

(A)(1) A RESIDENT COMMITTED PURSUANT TO THIS CHAPTER **"MUST"** (EMPHASIS ADDED) HAVE AN EVALUATION OF HIS MENTAL CONDITION PERFORMED BY THE DEPARTMENT OF MENTAL HEALTH-DESIGNATED QUALIFIED EVALUATOR WITHIN ONE YEAR (EMPHASIS ADDED) AFTER A PENDING REVIEW IS RESOLVED BY A FILED COURT INDICATING:

(a) A FINDING OF NO PROBABLE CAUSE;

(b) A WAIVER OF THE RESIDENT; OR

(c) AN ORDER OF CONTINUED COMMITMENT AFTER A PERIODIC REVIEW TRIAL (WHICH WAS SUPPOSED TO HAVE OCCURRED EVERY YEAR AS THE STATUTE REQUIRED BUT DID NOT SINCE ABOUT 2013).

(C) THE ATTORNEY GENERAL IS REQUIRED TO SERVE NOTICE WITHIN (60) DAYS AND A HEARING WAS TO OCCUR WITHIN (60) DAYS FOR CHISOLM TO BE DENIED RELEASE IN VIOLATION OF THE STATUTE FOR GOING ON 4 MONTHS NOW FOR WHICH HE SHOULD HAVE BEEN FREED. BUT IN ACTS OF OBSTRUCTION OF JUSTICE AND RETALIATION BECAUSE THE LEGAL ISSUES OF RELIGIOUS PROPHESY APPEAR IN ALTON CHISOLM'S CASE, THE HEARING IS DELAYED WHEN HE SHOULD HAVE BEEN RELEASED 4 MONTHS AGO WHERE THE STATE VIOLATED THE STATUTE IN HOLDING ALTON CHISOLM SINCE AROUND 2013 WITH NO PROPERLY DOCUMENTED YEARLY EVALUATIONS OR NOTICES OF RIGHT TO CHALLENGE AND OTHER PROVISIONS AS THE STATUTE REQUIRES WHICH IS THE SOURCE OF THE FILING OF THE CURRENT § 1983 ACTION THAT IS THE SOURCE OF THIS APPEAL. HE IS BEING UNCONSTITUTIONALLY AND ILLEGALLY HELD IN CLEAR VIOLATION OF THE APPLICABLE STATUTES WHERE RELEASE HEARING SHOULD HAVE BEEN OCCURRED FOR HIM AT LEAST, AT MINIMUM 4 MONTHS AGO.

IN FURTHER REFERENCE TO CHISOLM, S.C. CODE ANN. § 17-27-70 PURSUANT TO THE TWO POST CONVICTION RELIEF APPLICATIONS SOUGHT CONSOLIDATED AND ARE STILL PENDING PROVIDE:

(a) WITHIN (30) DAYS AFTER THE DOCKETING OF THE APPLICATION, OR WITHIN ANY TIME THE COURT MAY FIX (THE COURT FAILED TO ESTABLISH ANY FURTHER TIME THE STATE IS TO RESPOND BEYOND THE 30 DAYS), THE STATE "SHALL" RESPOND BY ANSWER OR BY MOTION WHICH MAY BE SUPPORTED BY AFFIDAVIT.... THE STATE IS IN VIOLATION OF THE POST CONVICTION STATUTE THAT REQUIRED RESPONSE WITHIN THE TIME DESIGNATED BY THE PCR STATUTE. THIS IS COMPOUNDED BY THE CLAIM PROCESSING RULE TIMELY INVOKED AT THE ONE YEAR MARK THAT IS ATTACHED TO THE S.C. CONSTITUTION MAKING IT MANDATORY AND JURISDICTIONAL IN NATURE. THE CLAIM PROCESSING RULE APPLIES TO THE CRAWFORD AS WELL REGARDING HIS FILED FORENSIC DNA APPLICATION. EVEN THOUGH THE LANGUAGE IN THE STATUTE MAKES USE OF THE WORD "OR". THE PREREQUISITE OF "OR" SETS A SPECIFIC TIMEFRAME. ONCE THAT TIME FRAME PURSUANT TO CLAIM PROCESSING RULE IS INVOKED, THE COURT BY DUE PROCESS LAW IS PROHIBITED FROM EXERCISING THE "OR" CONDITION OF THE STATUTE AS SUPPORTED BY U.S. SUPREME COURT RULING. SINCE CHISOLM IS NOT CONSIDERED CONVICTED BUT IS SUBJECT TO CIVIL COMMITMENT HE CAN SUE UNDER § 1983 AND FILE HABEAS CORPUS PETITION UNDER § 2241 TO CHALLENGE THE CONTINUED CIVIL CAPTIVITY WHEN THE PSYCHOLOGIST DETERMINED THAT HE IS NO LONGER TO BE HELD IN CAPTIVITY.

AS IT RELATES TO CRAWFORD, S.C. CODE ANN. § 17-28-50(B) PROVIDES:

"WITHIN NINETY DAYS AFTER THE FORWARDING OF THE APPLICATION (PRECURSOR PREREQUISITE BASED UPON CLAIM PROCESSING RULE), OR UPON ANY FURTHER TIME THE COURT MAY FIX (IF THE CLAIM PROCESSING RULE TIME WAS NOT TIMELY INVOKED), THE SOLICITOR WITHIN THE CIRCUIT IN WHICH THE APPLICANT WAS CONVICTED OR ADJUDICATED, OR THE ATTORNEY GENERAL IF THE ATTORNEY GENERAL PROSECUTED THE CASE, **"SHALL"** (MANDATORY) "RESPOND" TO THE APPLICATION. WITHIN (90) DAYS AFTER THE DOCKETING OF THE APPLICATION, OR WITHIN THE TIME THE COURT MAY FIX (THE GENERAL SESSIONS COURT, NOT THE S.C. SUPREME COURT WHO NEVER ENTERTAINED JURISDICTION OVER THE CASE), THE VICTIM MAY RESPOND AS PROVIDED BY ARTICLE 15, CHAPTER 3, TITLE 16. THERE IS NOTHING THAT PROVES THAT THE COURT OF GENERAL SESSIONS SET AN ORDER INSTRUCTING THE

RESPONDENT TO RESPOND TO THE APPLICATION BEYOND THE (90) DAYS SET BY THE STATUTE. THE STATUTE REQUIRED THE GENERAL SESSIONS COURT TO DO IT, NOT THE S.C. SUPREME COURT PRODUCING EXTREME PREJUDICE TO CRAWFORD SINCE THE S.C. SUPREME COURT DID NOT ENTERTAIN JURISDICTION WHICH IN FRAUD UPON THE COURT PERMITTED THE RESPONDENT TO CIRCUMVENT THE REQUIREMENT OF THE STATUTE THAT THE LOWER COURT WAS REQUIRED TO SET ANY TIME FOR RESPONSE. THIS IS COMPOUNDED BY THE FACT THAT NO EXPLANATION OR EXCUSE WHATSOEVER, TO THE EXTREME PREJUDICE OF THE APPLICANT, WAS GIVEN FOR THE OVER 4 YEAR INORDINATE DELAY AS WAS INSTRUCTED BY THE S.C. SUPREME COURT IN VIOLATION OF THE STATUTE, U.S. SUPREME COURT HOLDINGS UNDER BETTERMAN v. MONTANA 2016 AND THE CLAIM PROCESSING RULE RELIED UPON. THE STATE OF SOUTH CAROLINA EVEN THE S.C. SUPREME COURT AIDING THEM IN THIS INSTANCE SUBTLY EXPANDED AND OR FORCE CONSTRUCTED THE STATUTE ALL OVER THE PLACE VIOLATING THE SEPARATION OF POWERS CLAUSE AND DUE PROCESS PRODUCING UNCONSTITUTIONAL ACTION WHICH VOIDS THEIR JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION INVALIDATING THE CONVICTION ITSELF BY THE FRAUD UPON THE COURTS INVOLVED PRODUCING MACHINATIONS TO THWART JUST AND FAIR REVIEW AND TO FIND ADDITIONAL MEANS TO DELAY CRAWFORD'S RELEASE BEHIND RELIGIOUS AND RACIAL HATRED AS IS ARGUED IN THE CASE. DUE TO THE MACHINATION, OBSTRUCTION AND FRAUD UPON THE COURTS INVOLVED, ANY FURTHER NEED OF EXHAUSTION IS NO LONGER REQUIRED WHERE THEIR ACTION LED TO FURTHER ACTS OF INORDINATE UNNECESSARY DELAY. THIS ALSO PROVES BY THE S.C. SUPREME COURT AIDING THEM IN THIS MANNER, IN THIS EGREGIOUS MANIFEST INJUSTICE, THAT THE STATE PROCESS IS NO LONGER EFFECTIVE IN PROTECTING THE CONSTITUTIONAL DUE PROCESS RIGHTS OF THE DEFENDANT DEMONSTRATING PREJUDICE AND NO NEED FOR FURTHER EXHAUSTION, de CSEPEL v. REPUBLIC OF HUNGARY, 752 F.Supp.3d. 147 (D.D.C.2024); de CSEPEL v. REPUBLIC OF HUNGARY, 613 F.Supp.3d. 255 (D.D.C.2020); ROSS v. BLAKE, 136 S.Ct. 1850(U.S.2016). THE STATE PROCESS IS NO LONGER EFFECTIVE IN PROTECTING THE CONSTITUTIONAL RIGHTS OF THE APPELLANTS, KAUR v. WARDEN, NO. 24-6440 (4th.Cir.2025); WOLFE v. CLARK, 691 F.3d. 410(4th.Cir.2012)(COURTS FOUND OFFICIALS SUPPRESSED EVIDENCE AND ENGAGED IN A PATTERN OF MACHINATION); SIMS v. HYATTE, 914 F.3d. 1078 (7th.Cir.2019)(HABEAS CORPUS WHERE OFFICIAL WITHHELD

EVIDENCE DEMONSTRATING THAT SUCH CONDUCT CONSTITUTE MACHINATION); HILL v. REYNOLDS, 942 F.2d. 1494 (10th.Cir.1991)(INORDINATE DELAY OF STATE PROCESS RENDER STATE REMEDIES INEFFECTIVE); MOONEY v. HOLOHAN, 294 U.S. 103 (U.S.1935)(THE SUPREME COURT HELD THAT A CONVICTION OBTAINED THROUGH THE KNOWING USE OF PERJURED TESTIMONY AS WAS DONE IN THE CRAWFORD CASE VIOLATES DUE PROCESS. A STATE'S FAILURE TO PROVIDE CORRECTIVE PROCESS OF THIS TYPE OF MISCONDUCT MAKES FEDERAL REVIEW BY HABEAS CORPUS NECESSARY).

INASMUCH, THE APPELLANT, CRAWFORD, WAS CONVICTED OF MURDER OF HIS 11 YEAR OLD CHILD BY TRIAL MARCH 2004. PRIOR TO THAT THE APPELLANT WAS ARRESTED FOR TWO COUNTS OF CRIMINAL UNLAWFUL NEGLECT LATER DROPPED AND WAS HELD AS A PRETRIAL DETAINEE FOR OVER 4 YEARS IN VIOLATION OF THE SPEEDY TRIAL PROVISIONS REQUIRING REVERSAL OF THE CONVICTION UNDER BETTERMAN v. MONTANA 2016 AND NO ONE WAS CHARGED WITH MURDER AT THIS TIME THOUGH THE AUTOPSY PRODUCED BY THE STATE WAS FULLY COMPLETED AND IN THE HANDS OF THE KERSHAW COUNTY CORONER JOHNNY FELLORS. IT WAS AT THAT TIME THAT THE INVESTIGATING OFFICER, KORT CORLEY, INFORMED THE APPELLANT, "MR CRAWFORD WE KNOW THAT YOU ARE INNOCENT. BUT WE ARE GOING TO FIND A WAY TO CONVICT YOU AND MAKE YOU PAY FOR A CRIME WHETHER YOU ARE INNOCENT OR NOT", ALSO BEING CALLED BY HIM A "NIGGER CULT LEADER AND NIGGER JIM JONES" IN RACIAL AND RELIGIOUS HATRED. ONCE THE BOND HEARING FOR THE CRIMINAL UNLAWFUL NEGLECT WAS HEARD, THE CORONER, JOHNNY FELLORS, APPEARED TO TESTIFY FOR THE STATE AND COUNTY AT THAT BOND HEARING. WITH THE FULL AUTOPSY COMPLETED AND IN HAND, THE CORONER, JOHNNY FELLORS, THEN TESTIFIED IN OPEN COURT THAT, "NO ALLEGED BEATING KILLED THE CHILD. AT MOST IT MAY HAVE BEEN A CONTRIBUTING FACTOR". CRAWFORD SOUGHT THE TRANSCRIPT FOR THAT BOND HEARING ONLY TO BE TOLD BY THE 5TH. CIRCUIT SOLICITOR'S OFFICE AND STATE THAT NO TRANSCRIPT OF THAT BOND HEARING WAS RECORDED WHICH IN ITSELF WAS EXTREMELY UNUSUAL. THIS WAS PART OF THE STATE'S EFFORTS TO CONCEAL THE TRUE CAUSE OF DEATH TO ATTACK THE APPELLANT BEHIND RELIGIOUS AND RACIAL HATRED DUE TO CRAWFORD CLAIMING TO BE A NAZARITE HIGH PRIEST AND CLAIMING TO BE MUSLIM, CHRISTIAN AND JEW COMBINED

WHICH THE COUNTY AND STATE ACTORS SAW AS STRANGE OCCURRING DURING THE TIME OF 9/11 WHEN THIS NATION HARBORED AN INTENSE HATRED FOR ANYTHING THAT REMOTELY WAS CONSIDERED MUSLIM. THE APPELLANT, CRAWFORD'S, DECEASED CHILD WAS HAVING SEX WITH HER HALF BROTHER, MICHAEL LEE. SHE EXPERIENCED AN UNEXPLAINED WEIGHT LOSS OF ABOUT 30 lbs. SEEMINGLY OVERNIGHT APPROXIMATELY TWO WEEKS PRIOR TO HER DEATH. SHE WAS SCHEDULED TO SEE THE DOCTOR BUT NEVER MADE IT TO THAT APPOINTMENT. SHE WAS MISSING HER PERIOD FOR 3 MONTHS AFTER HAVING SEX WITH HER HALF BROTHER. HER BLOOD SUGAR LEVELS DROPPED TO 17dm/ml. FROM 70dm/ml. AT THE TIME OF HER DEATH WHICH IS THE NORMAL BLOOD SUGAR LEVEL FOR PEOPLE. IF BLOOD SUGAR LEVELS DROP TO 40 IT CAN KILL YOU. NOTHING IN THE AUTOPSY EXPLAINED ALL OF THIS. THESE FACTS ARE IN CONTRADICTION TO THE PATHOLOGIST'S STATEMENTS WHICH IS WHAT SPECIFICALLY THE DNA TESTING WAS SOUGHT TO ESTABLISH, NOT A PATERNITY TEST, WHICH TRIGGERED THE STATUTE FOR THE RELEASING OF THE DNA EVIDENCE SOUGHT. THESE JURISDICTIONAL FACTS WERE EVEN BROUGHT UP ON DIRECT APPEAL. AS PART OF THE CONSPIRING COUNTY AND STATE ACTORS EFFORTS TO FRAME THE APPELLANT, CRAWFORD, BEHIND RELIGIOUS AND RACIAL HATRED, THEY FIRST SUPPRESSED THE INVESTIGATIVE FILE AT SLED, FILE 5501014 BECAUSE WITHIN THE FILE WAS THE CORONER'S NOTES THAT INDICATED WHAT THE TRUE CAUSE OF DEATH WAS IN CONTRADICTION TO THE PERJURED TESTIMONY OF THE PATHOLOGIST, DR. JOEL SEXTON, WHO TESTIFIED AT TRIAL THAT THE APPELLANT, CRAWFORD'S, DAUGHTER WAS NOT EVER PREGNANT. WHEN ASKED FOR THE FILE AT THE APPELLANT, CRAWFORD'S, COMPETENCY HEARING, JOHN MEADORS, THE SOLICITOR, LIED, PERJURED HIMSELF ON THE COURT RECORD WHEN ASKED FOR THE SLED FILE PURSUANT TO DISCOVERY. MEADORS LIED AND STATED THAT HE DID NOT KNOW WHAT THE APPELLANT, CRAWFORD, WAS TALKING ABOUT WHEN GIVEN THE SPECIFIC FILE NUMBER OF THE FILE IN THE POSSESSION OF SLED VIOLATING U.S. SUPREME COURT HOLDINGS UNDER WEARRY v. CAIN, 577 U.S. 385(U.S.2016) REGARDING THE REQUIREMENT TO RELEASE ALL DISCOVERY EVIDENCE REQUIRING A REVERSAL OF THE CONVICTION AND IS GROUNDS FOR A NEW TRIAL DUE TO THE UNCONSTITUTIONAL ACTION VOIDING THE COURT'S JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION. AS PART OF THE COUNTY AND STATE'S PLOT TO FRAME THE APPELLANT, CRAWFORD, THEY RUBBER STAMPED AN

INDICTMENT, GIVING THE FALSE IMPRESSION THAT SUCH INDICTMENT WAS PASSED UPON BY THE GRAND JURY, WHEN NO SUCH REQUIRED GRAND JURY REVIEW OCCURRED, PRODUCING THIS FRAUD PROCURED INDICTMENT THE DAY OF THE TRIAL WHEN NO PANEL OF THE GRAND JURY WAS SCHEDULED TO MEET. THEY THEN ALSO PRODUCED AN ALLEGED CONFESSION SAID TO HAVE BEEN MADE BY CRAWFORD WHICH WAS NEVER MADE OR SIGNED AND USED IT AT TRIAL IN VIOLATION OF S.C. CODE ANN §§ 19-1-80 AND 19-1-90. THIS PRODUCES SEPARATION OF POWERS CLAUSE VIOLATION AND VIOLATES DUE PROCESS PRODUCING UNCONSTITUTIONAL ACTION VOIDING THE LOWER COURT'S JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION. THE GRAND JURY PANEL DOCUMENTS WERE SOUGHT BEFORE THE DNA HEARING COURT AS WELL ONLY TO BE OBSTRUCTED IN FRAUD UPON THE COURT. UNCONSTITUTIONAL PRACTICES LIKE THIS HAVE BEEN DISCOVERED AND CONFIRMED WITHIN YORK COUNTY AND SPARTANBURG COUNTY DEMONSTRATING A PATTERN OF DECEIT GOING ON FOR DECADES WITHIN VARIOUS COUNTIES WITHIN THIS STATE. THIS IS OFTEN A COMMON DESIGN BY THIS STATE THAT IS NOW SUBSTANTIATED WITHIN THE COUNTIES REFERRED TO AND WAS DOCUMENTED BY PBS PUBLIC NEWS RADIO IN THEIR REPORTING. THE COUNTY AND STATE ACTORS THEN SOLICITED PERJURED TESTIMONY FROM THE APPELLANT, CRAWFORD'S, FAMILY AFTER THREATENING THEM WITH PRISON IF THEY DID NOT ALLOW THE MANIPULATION SAYING THAT THE APPELLANT, CRAWFORD'S, DECEASED CHILD WAS DISCIPLINED OVER A $5 TELESCOPE AS OPPOSED TO THEY BEING DISCIPLINED OVER THEY BEING SEXUALLY INVOLVED WITH EACH OTHER IN CLASS "A" FELONIES OF CSC WITH A MINOR BECAUSE THE CHILD WAS 11 YEARS OLD AT THAT TIME AND THERE ARE NO ROMEO AND JULIET LAWS IN SOUTH CAROLINA AND AN 11 YEAR OLD CANNOT LEGALLY GIVE CONSENT. AS PART OF THE PRICE FOR THE PERJURED TESTIMONY, WHICH IS A REVERSIBLE ERROR VOIDING THE COURT'S JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION. THE STATE HAS FAILED TO PROSECUTE MICHAEL LEE UNTIL THIS VERY DAY FOR WELL OVER 24 COUNTS OF CRIMINAL SEXUAL MISCONDUCT WITH A MINOR FOR THAT PERJURED TESTIMONY, WHICH POTENTIALLY LED TO THE DECEASED CHILD'S DEATH, BECAUSE THEY NEEDED TO DEMONSTRATE TO THE JURY A "WICKED AND DEPRAVED MIND" AS THE ELEMENT FOR MURDER REQUIRED AND IT WOULD NOT BE A "WICKED AND DEPRAVED MIND" IF THEY WERE DISCIPLINED FOR BEING CONSISTENTLY INVOLVED IN NUMEROUS COUNTS OF

CLASS "A" FELONIES OF CSC WITH A MINOR. THIS TOO, IS A FAILURE AT
THE RELEASE OF DISCOVERY BY THE STATE AND IS DISCOVERABLE
VIOLATING DUE PROCESS BECAUSE THESE WERE UNDER THE TABLE DEALS
WITH MICHAEL, CYLENA AND SYLVIA LEE WHICH WERE NEVER DISCLOSED
AND IS RELEVANT AND DISCOVERABLE EVEN FOR IMPEACHMENT PURPOSES,
WHICH IS WHY THEY REFUSE TO TEST THAT DNA AND WHY MICHAEL LEE
REMAINS UNPROSECUTED UNTIL THIS VERY DAY THOUGH THERE IS NO
STATUTE OF LIMITATIONS ON CSC WITH A MINOR IN ACTS OF OBSTRUCTION
OF JUSTICE AND AIDING AND ABETTING AFTER THE FACT IN WELL OVER 24
COUNTS OF CLASS "A" FELONIES OF CSC WITH A MINOR. THIS TOO, IS
FAILURE IN THE RELEASE OF DISCOVERY THAT CAUSE FOR REVERSAL OF
THE CONVICTION UNDER WEARRY v. CAIN 2016.

        THE APPELLANT, CRAWFORD, MADE EVERY STEP AND EFFORT TO
LEGALLY OBTAIN THAT DNA EVIDENCE OF ACTUAL INNOCENCE, TESTING IT
TO MICHAEL LEE, NOT TO PROVE A PATERNITY TEST AS MR. PAULING IN
FRAUDULENT MISREPRESENTATION ASSERTED. IT WAS TO PROVE THAT THE
PATHOLOGIST GAVE PERJURED TESTIMONY AS TO WHAT THE TRUE CAUSE OF
DEATH WAS AT THE APPELLANT, CRAWFORD'S, TRIAL, STATING THAT THERE
WERE NO SIGNS OF PREGNANCY, CONSPIRING WITH THE COUNTY AND STATE
ACTORS UNDER COLOR OF STATE LAW TO FRAME CRAWFORD BEHIND
RELIGIOUS AND RACIAL HATRED BASED UPON THE CLAIMS ARGUED IN THIS
CASE. MALE SPERM AND FEMALE EGGS ARE "HAPLOID" IN GENETIC TERMS,
MEANING HAVING ONLY ONE SET OF CHROMOSOMES AND ALLELES WHERE DNA
MATERIAL CAUSED BY CONCEPTION BETWEEN MOTHER AND FATHER WOULD BE
WHAT IS CALLED "DIPLOID" IN GENETIC TERMS HAVING THE CHROMOSOMES
AND ALLELES OF BOTH MOTHER AND FATHER. IF THE DNA SAMPLES TAKEN
FROM KORRESHA AT THE TIME OF HER DEATH ARE TESTED TO MICHAEL LEE,
AND ANY OF THE GENETIC MATERIAL WITHIN HER IS DISCOVERED TO BE
"DIPLOID" IN GENETIC TERMS AS OPPOSED TO "HAPLOID"? IT WOULD
PRODUCE INDISPUTABLE SCIENTIFIC EVIDENCE THAT WOULD PROVE THAT
SHE WAS PREGNANT AT ONE POINT AND POSSIBLY SPONTANEOUSLY ABORTED
DUE TO THE POTENTIAL GESTATIONAL DIABETES WHICH CAUSED HER BLOOD
SUGAR LEVELS TO DROP, THAT THE PATHOLOGIST LIED ABOUT THE AUTOPSY
AND POTENTIAL TRUE CAUSE OF DEATH WHICH WOULD DESTROY THE CORPUS
DELECTI FOR THE CRIME OF MURDER CALLING FOR A NEW TRIAL WHERE ANY
JURIST WOULD CONCLUDE THAT THE OUTCOME WOULD HAVE BEEN DIFFERENT
AS THE STATUTE FOR DNA TESTING REQUIRES. CRAWFORD MADE EVERY

EFFORT POSSIBLE TO OBTAIN THAT DNA TESTING SINCE 2006 UNDER CASES SUCH AS 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294 IN THE RICHLAND COUNTY COURT OF COMMON PLEAS, CASES THAT APPEARED BEFORE BOTH THE S.C. COURT OF APPEAL AND S.C. SUPREME COURT THAT WERE ALSO OBSTRUCTED TALKING ABOUT CRAWFORD HAD TO PAY A FILING FEE WHICH HE DID NOT HAVE AT THAT TIME. THANK GOD THERE IS NO REQUIRED PAYING OF A FILING FEE FOR THE SEEKING OF THIS DNA EVIDENCE OF ACTUAL INNOCENCE MANDATED BY THE STATUTE WHERE PREVIOUSLY CRAWFORD WAS CRIMINALLY OBSTRUCTED IN EVERY POSSIBLE WAY IMAGINABLE BY THE STATE AND COUNTY ACTORS IN MACHINATIONS CONSPIRING UNDER COLOR OF STATE LAW TO PREVENT THEIR CRIMINALITY OF OBSTRUCTION OF JUSTICE AND AIDING AND ABETTING AFTER THE FACT IN OVER 24 COUNTS OF CSC WITH A MINOR FROM BEING REVEALED. CRAWFORD ATTEMPTED TO TIMELY FILE FOR POST CONVICTION RELIEF TO OBTAIN THE DNA BEFORE THE KERSHAW COUNTY COURT OF COMMON PLEAS BY THAT MEANS, ONLY TO BE BLOCKED AND CRIMINALLY OBSTRUCTED FILING BY THE KERSHAW COUNTY CLERK ACTING AS PROXY FOR THE STATE AND COUNTY ACTORS SINCE 2006. CRAWFORD WAS DENIED HIS RIGHT TO FILE PCR BY THE UNCONSTITUTIONAL ACTION OF THE DEFENDANTS. THIS IS WHAT FORCED CRAWFORD TO FILE THE CASES AS A TORT ACTION IN RICHLAND COUNTY AFOREMENTIONED WHERE THEY CONSPIRED IN EGREGIOUS ACTS OF FRAUD UPON THE COURT TO PREVENT THAT DNA EVIDENCE OF ACTUAL INNOCENCE FROM BEING REVEALED. CRAWFORD MADE EVERY EFFORT THEREAFTER SINCE 2012 TO FILE APPLICATION FOR FORENSIC DNA TESTING IN BOTH RICHLAND AND KERSHAW COUNTIES ONLY TO BE BLOCKED AND CRIMINALLY OBSTRUCTED AGAIN BY THE CONSPIRING COUNTY AND STATE ACTORS WHERE MAKING USE OF THE KERSHAW COUNTY CLERK OF COURT THEY PREVENTED THE DNA TESTING FROM BEING FILED AS WELL. CRAWFORD WAS THEN FORCED TO OBTAIN ASSISTANCE FROM HIS FAMILY MEMBER, YAHDINA OVERSTREET-U-DEEN, TO GET THE DNA APPLICATION FILED THAT WAS BLOCKED AND OBSTRUCTED BY THE CONSPIRING STATE AND COUNTY ACTORS. THIS PRODUCED PETITION TO INVOKE THE S.C. SUPREME COURT'S ORIGINAL JURISDICTION IN 2020 THAT TEMPORARILY HALTED THEIR OBSTRUCTION PURSUANT TO FILING ALLOWING THE CURRENT DNA APPLICATION TO BE FINALLY FILED BEFORE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS. THE CONSPIRING STATE AND COUNTY ACTORS THEN HELD THOSE PROCEEDINGS IN LIMBO FOR OVER 4 YEARS IN VIOLATION OF

THE STATUTE AND U.S. SUPREME COURT HOLDINGS UNDER BETTERMAN v. MONTANA, 136 S.Ct. 1609 (U.S.2016) AND WHERE MOTION FOR DEFAULT, JUDGMENT, FORFEITURE AND WAIVER WAS FILED BEFORE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS AT THE ONE YEAR MARK BASED UPON RIGHTS ESTABLISHED BY THE CLAIM PROCESSING RULE THAT IS JURISDICTIONAL IN NATURE WHICH REQUIRED THAT THE COURT CONCLUDE THE MATTER WITHIN (365) DAYS OF THE APPLICATION'S FILING OR OBTAIN AN ORDER OF CONTINUANCE TO PROCEED FURTHER WHICH THEY FAILED TO DO, A CLAIM PROCESSING RULE ATTACHED TO THE S.C. CONSTITUTION WHERE ARTICLE 1 § 23 OF THE S.C. CONST. WOULD HAVE ALSO MADE THE PROVISION MANDATORY AS PREVIOUSLY STATED. THE COURT STILL, IN UNCONSTITUTIONAL ACTION, IGNORED THE CLEAR DEFAULT AND CHALLENGE TO THE COURT'S JURISDICTION WHERE THE APPELLANTS ARE ARGUING AGAINST THE PRECEDENT UNDER APPELLATE COURT RULE 217 THAT WAS ESTABLISHED BY THE STATE v. GENTRY 2005, U.S. v. COTTON 2002, STATE v. PARKHURST AND STATE v. LANGFORD 2012 CASES WHERE THOSE CASES WERE ADJUDICATED UNDER THE "STATUTORY" ELEMENT TO SUBJECT MATTER JURISDICTION AND ARE UNCONSTITUTIONALLY VAGUE ON THE ISSUE OF WHETHER THOUGH A COURT MAY HAVE JURISDICTION GIVEN TO THEM BY STATUTE, DO THEIR FAILURE TO ADHERE TO CONSTITUTIONAL DUE PROCESS PROTECTIONS PRODUCING UNCONSTITUTIONAL ACTION, WOULD VOID THE ACT OR JURISDICTION TO ACT UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION? IT IS OBVIOUS FROM MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599(U.S.2016) THAT A CRIMINAL COURT'S JURISDICTION IS NOT ABSOLUTE BASED UPON STATUTORY INTENT WHEN UNCONSTITUTIONAL ACTION EXISTS WITHIN THAT CRIMINAL CASE, SUCH AS THE ONES ARGUED BASED UPON THE LEGAL ISSUES OF RELIGIOUS PROPHESY THAT EXIST IN THE CRAWFORD, CHISOLM AND BELLAMY CASES. CRAWFORD SOUGHT TO BRING THESE MATTERS UP IN HIS DIRECT APPEAL BACK IN 2006, BUT CRAWFORD WAS ESSENTIALLY LITIGATING 11 YEARS AHEAD OF U.S. SUPREME COURT RULINGS, WHO DID NOT GIVE CLARIFICATION ON THE ISSUE OF SUBJECT MATTER JURISDICTION UNTIL THE MONTGOMERY RULING IN 2016. SUBJECT MATTER JURISDICTION IS NOW REVISITED BEFORE THE 4TH. CIRCUIT COURT OF APPEALS WHICH CAN BE RAISED AT ANY TIME, AT ANY STAGE, EVEN AFTER A FINAL JUDGMENT WAS ISSUED IN THE CASES INVOLVED, EVEN FOR THE FIRST TIME ON APPEAL BEFORE THE 4TH. CIRCUIT WHICH REQUIRE THE

4TH. CIRCUIT TO TAKE NOTICE AS DUE PROCESS LAW REQUIRES. SEE CITINGS OF LAW IN THE HABEAS CORPUS PETITION FILED AND OTHER DOCUMENTS WITHIN THE LOWER COURT RECORD. THE S.C. SUPREME COURT WAS A PART OF THE ACTS OF FRAUD UPON THE COURT. AT THE TIME OF CRAWFORD'S CONVICTION THE STATE DISCOVERED THAT THE INDICTMENT FOR MURDER IN THE STATE POSSESSED A FATAL FLAW IN THAT THEY DID NOT PROPERLY ALLEGE THE ESSENTIAL ELEMENTS OF "TIME AND PLACE" AS THE MURDER STATUTE REQUIRED SO THEY HELD MANY OF THE CASES IN LIMBO SOME FOR OVER 7 YEARS IN VIOLATION OF DUE PROCESS TO ALLOW THEM TO DO A NATION WIDE SEARCH AND "FISHING EXPEDITION" FOR UNCONSTITUTIONALLY VAGUE CASE LAW THAT ONLY ADDRESSED THE ISSUE OF SUBJECT MATTER JURISDICTION UNDER THE STATUTORY ELEMENT OF SUBJECT MATTER JURISDICTION TO DEFRAUD THE INMATES OF THIS STATE FURTHER DEMONSTRATING THAT THE STATE PROCESS IS INEFFECTIVE TO PROTECT THE CONSTITUTIONAL RIGHTS OF THE APPELLANTS. THEY PURPOSELY IGNORED CASES LIKE STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83 THAT EXISTED AT THE TIME AND CLEARLY SHOWED THERE WERE TWO ELEMENTS TO SUBJECT MATTER JURISDICTION TO ALLOW THEM IN ACTS OF FRAUD UPON THE COURT TO ADJUDICATE THE ISSUE UNDER THE INCORRECT ELEMENT TO SUBJECT MATTER JURISDICTION TO DEPRIVE THE INMATES OF THIS STATE OF CONSTITUTIONAL DUE PROCESS PROTECTIONS.

INSOMUCH, ONCE THE ESTABLISHED APPLICATION FOR FORENSIC DNA TESTING WAS FINALLY PERMITTED FILED BEFORE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS, DESPITE THE EGREGIOUS ACTS OF CONSPIRACY AND OBSTRUCTION OF JUSTICE, THE CONSPIRING STATE AND COUNTY ACTORS INTENDED TO ALLOW THE CASE TO UNCONSTITUTIONALLY SIT THERE UNRESOLVED ESSENTIALLY FOREVER WHICH PROMPTED YAHDINA OVERSTREET-U-DEEN AND THE APPELLANT, CRAWFORD, TO GO BACK BEFORE THE S.C. SUPREME COURT AND INFORMED THEM OF THE UNCONSTITUTIONAL INORDINATE DELAY THAT VIOLATED U.S. SUPREME COURT HOLDINGS UNDER BETTERMAN v. MONTANA 2016 AND DUE PROCESS LAW. THE S.C. SUPREME COURT ORDERED THE STATE TO FINALLY RESPOND AND GO ON THE RECORD, SCHEDULE A HEARING AND GIVE A LEGITIMATE EXCUSE AS TO WHY THE CASE REMAINED UNRESOLVED FOR OVER 4 YEARS. THE SOLICITOR FAILED TO GIVE ANY JUSTIFIABLE REASON FOR THE INORDINATE DELAY. NOR DID HE SEEK LEAVE TO FILE HIS RESPONSE LATE IN VIOLATION OF THE

STATUTE AND CLAIM PROCESSING RULE BEFORE THE KERSHAW COUNTY COURT
AS THE STATUTE AND DUE PROCESS LAW REQUIRED. NOR DID THE STATE
CHALLENGE THE CLAIM OF DEFAULT BASED UPON THE CLAIM PROCESSING
RULE FILED AT THE ONE YEAR MARK WHEN DIRECTLY ASKED BEFORE THE
KERSHAW COUNTY GENERAL SESSIONS COURT FURTHER ESTABLISHING
DEFAULT, FORFEITURE AND WAIVER AS WAS ARGUED BEFORE THE LOWER
STATE COURT BUT WAS IGNORED IN ACTS OF FRAUD UPON THE COURT,
MACHINATION AND UNCONSTITUTIONAL BIAS BY JUDGE NEWMAN WHO SHOULD
HAVE NEVER PRESIDED OVER THE CASE IN THE FIRST PLACE IN THEIR
JUDICIAL AMBUSH. IN FURTHER ACTS OF CONSPIRING UNDER COLOR OF
STATE LAW AND OBSTRUCTION OF JUSTICE AND IN ACTS OF MACHINATION
TO KEEP CRAWFORD UNJUSTLY TIED UP IN THE SYSTEM FOR 10 YEARS
HOPING HE WOULD DIE BEFORE PROPER REVIEW OCCURRED BEING 64 YEARS
OLD, TO THWART "JUST AND FAIR" REVIEW. THE CONSPIRING STATE AND
COUNTY ACTORS WENT JUDGE SHOPPING AND PURPOSELY GOT JUDGE NEWMAN
WHO SAT ON AND DISMISSED THE CASE UNDER 2013-CP-400-0084 IN
RICHLAND COUNTY, S.C. WHERE THE SEEKING OF THE DNA TESTING WAS
PREVIOUSLY SOUGHT TO PREVENT AGAIN THE REVEALING OF THIS EVIDENCE
OF ACTUAL INNOCENCE AND THE CRIMINALITY THAT OCCURRED INVOLVING
THE COUNTY OFFICIALS AND 5th. CIRCUIT SOLICITOR'S OFFICE AND
McMASTERS WHO WAS ALSO INVOLVED FROM BEING DISCOVERED IN A CASE
THAT WAS A HIGH PROFILE CASE AT THE TIME. THE COURT NEVER GAVE
CRAWFORD ANY ADVANCE WRITTEN NOTICE OF THE SCHEDULED HEARING
DATE, OR NOTIFICATION THAT JUDGE NEWMAN INTENDED TO SIT UPON THE
CASE TO DEPRIVE CRAWFORD OF THE DUE PROCESS RIGHT TO FILE MOTION
FOR HER RECUSAL BEFORE THE HEARING OCCURRED ON SEPTEMBER 13, 2025
UNTIL AFTER THE HEARING OCCURRED IN VIOLATION OF RULES OF COURT
AND DUE PROCESS LAW AND RULE 6(d) AND OR RULE 40, TO AMBUSH
CRAWFORD BY HAVING JUDGE NEWMAN SIT IN MACHINATION, WHEN IN
FUNDAMENTAL FAIRNESS TO CRAWFORD WHO OBJECTED AND SOUGHT HER
RECUSAL AT THE HEARING, SHE WAS REQUIRED TO RECUSE HERSELF DUE TO
THE IMPARTIALITY AND POTENTIAL FOR BIAS RISING TO AN
UNCONSTITUTIONAL LEVEL CREATING A CONSTITUTIONAL STRUCTURAL ERROR
WHICH VOIDED THE COURT'S JURISDICTION AB INITIO UNDER THE
CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION, IN
VIOLATION OF U.S. SUPREME COURT HOLDINGS UNDER WILLIAM v.
PENNSYLVANIA, 136 S.Ct. 1899(U.S.2016). THE 4TH. CIRCUIT SPOKE
WITH ALL CLARITY UNDER THE CASE OF DUKE ENERGY CAROLINAS, LLC. v.

NTE CAROLINAS II, LLC., 111 F.4TH. 337 (4th.Cir.2024), WHEN A JUDGE PRESIDED OVER A PREVIOUS CASE INVOLVING FRAUD BY THE JUDGE WHERE SHE ACTED TO DISMISS THE CASE WHEN THE CASE WAS PETITIONED REMOVED TO THE OHIO FEDERAL DISTRICT COURT UNDER CASE 2:23-cv-02962-JLG-CHG A CASE STILL PENDING UNTIL THIS VERY DAY, SHE SHOULD NOT ACCEPT REASSIGNMENT TO A CASE INVOLVING THE SAME PLAINTIFF AND THE SAME CAUSE AS IT RELATES TO THE SEEKING OF THE DNA EVIDENCE OF ACTUAL INNOCENCE. THE IMPROPER DENIAL OF A RECUSAL MOTION WHEN THE TRIAL JUDGE'S IMPARTIALITY REASONABLY MIGHT BE IN QUESTIONED HARMS NOT ONLY THE DEFENDANT, IN SUCH CASES, BUT ALSO THE JUDICIAL SYSTEM AND THE PUBLIC CONFIDENCE IT ENJOYS, BELUE v. LEVENTHAL, 640 F.3d. 567 (4th.Cir.2011); PATEL v. PATEL, 359 S.C. 515, 599 S.E.2d. 114(S.C.App.2004); U.S. v. NEAL, 101 F.3d. 993 (4th.Cir.1996)(APPEARANCE OF IMPROPRIETY BY LACK OF NOTICE IN JUDICIAL AMBUSH AND JUDGE ACTING IN SIMILAR CASE WHEN IT WAS PETITIONED REMOVED INDICATE RECUSAL IS APPROPRIATE); ROMAN CATHOLIC ARCH DIOCESE OF PUERTO RICO v. ACEVEDO FELICIANO, 140 S.Ct. 696 (ONCE A NOTICE OF REMOVAL IS FILED THE STATE COURT LOSES ALL JURISDICTION, ITS SUBSEQUENT PROCEEDINGS ARE NOT SIMPLY ERRONEOUS, BUT ABSOLUTELY VOID AS IT RELATES TO CASE 2013-CP-400-0084 WHICH JUDGE NEWMAN SAT ENGAGING IN EGREGIOUS ACTS OF FRAUD UPON THE COURT, BECAUSE EVERY ORDER THEREAFTER MADE IN THAT COURT IS CORAM NON JUDICE. ie. NOT BEFORE A JUDGE). THE SEEKING OF THE DNA WAS NOT MERELY ARGUED BEFORE THE STATE COURT. IT IS ALSO SOUGHT WITHIN THIS FILED § 1983 ACTION THAT IS THE SOURCE OF THIS APPEAL. ALSO SEE OKEOWO v. CHILDREN'S GUILD, 2024 WL 1604492 (D.Md.2024). THEY WENT JUDGE SHOPPING TO FIND JUDGE NEWMAN WHOSE ACTIONS ARE STILL CURRENTLY UNDER REVIEW UNDER CASE 2013-CP-400-0084 WHERE MOTION TO VACATE FOR FRAUD UPON THE COURT IS STILL PENDING AND WHERE HER ACTS ARE CURRENTLY UNDER SCRUTINY BEFORE THE FEDERAL COURT WHERE SHE ACTED WHEN THE CASE WAS PETITIONED REMOVED, TO COME IN THE KERSHAW COUNTY DNA APPLICATION CASE TO AGAIN PREVENT THE RELEASE OF THE EVIDENCE OF ACTUAL INNOCENCE AND PREVENT THEIR CRIMINALITY FROM BEING REVEALED. JUDGE NEWMAN HAS AN INTEREST IN THE OUTCOME WHERE HER FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTIONS ARE STILL CURRENTLY UNDER REVIEW WITHIN BOTH THE STATE AND FEDERAL DISTRICT

COURTS INVOLVED TO INAPPROPRIATELY TIE THE CASE UP FOR YEARS IN MACHINATION HOPING CRAWFORD WOULD DIE BEFORE HE OBTAINS JUST AND FAIR JUDICIAL REVIEW BEING 64 YEARS OLD, PRODUCING CONSTITUTIONAL STRUCTURAL ERROR THAT VOIDS THE COURT'S JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION, WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899(U.S.2016); RIPPO v. BAKER, 137 S.Ct. 905 (U.S.2017); BASKIN v. WALKUP, 913 S.E.2d. 282(S.C.App.2025).

THIS IS COMPOUNDED BY THE FACT THAT RIGHTS OF RES JUDICATA AND COLLATERAL ESTOPPEL WERE INVOKED EMERGING FROM HOWARD v. CITY OF DURHAM, 68 F.4TH. 943 (4th.Cir.2023) WHERE THE 4TH. CIRCUIT DETERMINED THAT GENUINE ISSUE OF DISPUTE EXIST TO OBTAIN DNA TESTING TO INCULPATE ANOTHER (MICHAEL LEE'S SEXUAL ASSAULT OF HER) AS A POTENTIAL RESULT AND REASON FOR THE DEATH. THE UNITED STATES SUPREME COURT DETERMINED IN THE CONTEXT OF STATE CREATED POST CONVICTION PROCEDURES, INDIVIDUALS CONVICTED OF CRIMES IN STATE COURT HAVE A LIBERTY INTEREST IN DEMONSTRATING THEIR INNOCENCE WITH NEW EVIDENCE UNDER STATE LAW. THOUGH THE CASE WAS ARGUED UNDER 1983, WHETHER 1983 OR HABEAS CORPUS, THE SUBSIDIARY FACTS RELATED TO LIBERTY INTEREST WOULD APPLY IN BOTH INSTANCES REGARDING DNA TESTING TO PROVE ACTUAL INNOCENCE HERE. THE COURT ALSO DETERMINED THAT INMATE HAS STANDING TO BRING THIS ACTION, NOT JUST UNDER THE DNA STATUTE, BUT ALSO UNDER 1983 FOR DECLARATORY AND INJUNCTIVE RELIEF WHICH IS ALSO SOUGHT BY THIS APPEAL. THIS CONSTITUTE A THIRD REQUEST FOR INJUNCTIVE RELIEF TO REQUIRE THE RELEASE OF ALL DNA TESTING AND EVIDENCE WHICH WAS SOUGHT BEFORE THAT LOWER STATE DNA COURT. THIS IS REQUIRED TO SEEK DNA TESTING EVEN IF THE LOCAL PROSECUTOR WHO HAS CUSTODY OF THE UNTESTED EVIDENCE HAD OTHER REASONS (LIKE ASSERTING IT WAS FOR SOME STUPID PATERNITY TEST) TO DENY DNA TESTING; INMATE ALLEGING THAT THE LOCAL PROSECUTOR'S DENIAL OF HIS REQUEST FOR DNA TESTING DEPRIVED THE APPELLANT OF HIS LIBERTY INTEREST IN UTILIZING STATE PROCEDURES TO OBTAIN AN ACQUITTAL AND OR REDUCTION OF HIS SENTENCE, IN VIOLATION OF DUE PROCESS LAW, AND A DECLARATORY JUDGMENT WOULD REDRESS THAT INJURY BY ORDERING OF THE CHANGE IN THE LEGAL STATUS OF THE PARTIES AND ELIMINATION OF THE

STATE PROSECUTOR'S ALLEGEDLY UNLAWFUL JUSTIFICATION FOR DENYING
DNA TESTING. THE APPELLANT(S) MOTION FOR DECLARATORY AND
INJUNCTIVE RELIEF TO REMEDY THE INJUSTICE AND REQUIRE THE STATE
TO RELEASE THAT DNA MATERIAL FOR TESTING AND OTHER EVIDENCE THAT
WAS SOUGHT BEFORE THE LOWER STATE COURT AND GET CHISOLM AND
BELLAMY BEFORE THOSE STATE COURTS TO OBTAIN THEIR IMMEDIATE
RELEASE OR THE 4TH. CIRCUIT ORDER THE RELEASE DUE TO THE
INJUSTICE ARGUED, GUTIERREZ v. SAENZ, 145 S.Ct. 2258(U.S.2025);
WOOD v. PATTON, 150 F.4TH. 377, 5TH.Cir.; LONG v. BONDI, 2025 WL
2348708, * 9, 4th.Cir.(Va.)(INJUNCTIVE RELIEF REQUIRED TO REMOVE
THIS UNCONSTITUTIONAL BARRIER). THIS MANIFEST INJUSTICE IS
FURTHER COMPOUNDED BY THE FACT THAT THE CRAWFORD, CHISOLM AND
BELLAMY CONVICTIONS ARE ALREADY INVALIDATED BY WHAT IS ARGUED
DEMONSTRATING THAT HECK v. HUMPHREYS WOULD NOT APPLY BASED UPON
THE TIMELY INVOKING OF THE CLAIM PROCESS RULE. THE U.S. SUPREME
COURT IS CLEAR ON THIS ISSUE. IF AN AFFECTED PARTY ALERTS THE
COURT OF THE DEADLINE IN A CLAIM PROCESSING RULE AND INVOKES ITS
PROTECTION AS CRAWFORD, CHISOLM AND BELLAMY DID IN THEIR
RESPECTIVE CASES, THE RELEVANT ACTION CANNOT BE TAKEN AFTER THE
DEADLINE HAS PASSED WHERE THESE PROVISIONS ARE ALSO ATTACHED TO
THE S.C. CONSTITUTION MAKING THEM MANDATORY, JURISDICTIONAL,
UNDER ARTICLE 1 § 23 OF THE S.C. CONSTITUTION, SUBJECTING THE
STATE TO DEFAULT, FORFEITURE AND WAIVER AS IS ARGUED IN THE CASES
INVOLVED. THEY NO LONGER HAVE "CONSTITUTIONAL" JURISDICTION TO
ADDRESS THE MERITS OR GO ANY FURTHER EXCEPT TO ANNOUNCE THIS FACT
AND DISMISS THE CAUSE OF CONVICTION OR CIVIL DETAINMENT AGAINST
THE APPELLANT(S), STATE v. THOMPSON, 322 A.3d. 32, 62+ Md.;
UNITED STATES v. WILLIAMS, 56 F.4TH. 366(4th.Cir.2023); UNITED
STATES v. BRANTLEY, 87 F.4TH. 262(4th.Cir.2023); UNITED STATES v.
WHEELER, 886 F.3d. 415(4t.Cir.2018); WILLIAMS v. SECRETARY OF
HEALTH AND HUMAN SERVICES, 176 Fed.Cl. 215 Fed.Cl.; FORTBEND
COUNTY, TEXAS v. DAVIS, 139 S.Ct. 1843(U.S.2019); McINTOSH v.
UNITED STATES, 601 U.S. 330, 144 S.Ct. 980; HAMER v. NEIGHBORHOOD
SERVICE OF CHICAGO, 138 S.Ct. 13; UNITED STATES v. MARSH, 944
F.3d. 524(4th.Cir.2019): SANTOS-ZACARIA v. GARLAND, 143 S.Ct.
1103(U.S.2023). THEIR UNCONSTITUTIONAL ACTIONS PREVENTED AND OR

DELAYED DISCOVERY OF EVIDENCE OF ACTUAL INNOCENCE IN MACHINATION, FRAUD AND UNCONSTITUTIONAL ACTION. THE DNA TESTING WAS MORE THAN LIKELY TO PRODUCE EVIDENCE OF ACTUAL INNOCENCE, EASILY TO BE DETERMINED, IF THOSE SAMPLES FROM KORRESHA ARE FOUND TO BE "DIPLOID" IN GENETIC TERMS, AS OPPOSED TO BEING "HAPLOID" IN GENETIC TERMS WHERE ANY JURIST WOULD CONCLUDE THAT THE OUTCOME WOULD HAVE BEEN DIFFERENT. THIS WAS ARBITRARY DENIAL AND OR OBSTRUCTION OF DUE PROCESS LAW ALSO IN VIOLATION OF THE EQUAL PROTECTION OF THE LAWS CLAUSE. THE NEW RULINGS RELATED TO CLAIM PROCESSING RULES IN THE SUPREME COURT CASES CITED AND THOSE RELATED TO DNA TESTING WOULD WARRANT THE FILING OF SUCCESSIVE HABEAS CORPUS OR HABEAS CORPUS UNDER 2241 FOR THE CIVIL COMMITMENT OR HABEAS CORPUS WHERE BY THE FRAUD EVEN INVOLVING THE S.C. SUPREME COURT RELATED TO THE GENTRY CASE, EQUITABLE TOLLING WOULD BE ESTABLISHED AND THE STATE JUDICIAL PROCESS IS INEFFECTIVE IN PROTECTING THE CONSTITUTIONAL RIGHTS OF THE APPELLANT(S) AND THEIR JURISDICTION IS VOID UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION LEAVING NOTHING ELSE LEFT FOR THE STATE COURTS TO DO EXCEPT ANNOUNCE THIS FACT AND DISMISS THE CAUSE OF CONVICTION OR CIVIL COMMITMENT INVOLVING THE APPELLANT(S). THE FILING OF WRIT OF HABEAS CORPUS FOR THE RELEVANT APPELLANTS MUST IN FUNDAMENTAL FAIRNESS BE PERMITTED DUE TO THESE EXTERNAL IMPEDIMENTS AND EXTRAORDINARY CIRCUMSTANCES WHERE THE FRAUD PREVENT THE STATE COURT OF PERFORMING ITS NORMAL FUNCTION OF ADJUDICATING CASES AS THE CONSTITUTION WOULD REQUIRE AND IS DIRECTED AT THE MACHINERY OF THE COURT ITSELF INVOLVING OFFICERS OF THE COURT. THE STATE'S JURISDICTIONAL RULE ACTS AS AN IMPEDIMENT TO ANY FURTHER ADJUDICATION BEFORE THEIR COURTS OTHER THAN TO ANNOUNCE THIS WHERE THE S.C. SUPREME COURT IS EVEN INVOLVED PURSUANT TO THE GENTRY CASE PRODUCING EXTRAORDINARY CIRCUMSTANCES AND EXTREME PREJUDICE IF THE APPELLANTS WERE REQUIRED TO CONTINUE ANY FURTHER BEFORE THE STATE COURTS INVOLVED, SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER, 133 S.Ct. 817(U.S.2013); HENSELEY v. CITY OF CHARLOTTE, 2023 WL 2533083 (W.D.N.C.2023); B.R. v. F.C.S.B., 17 F.4TH. 485(4th.Cir.2021); STEEL CO. v. CITIZEN FOR A BETTER ENVIRONMENT SUPRA.; al-SUYID v. HIFTER, 139 F.4TH.

368(4th.Cir.2025); STOP RECKLESS ECONOMICS INSTABILITY CAUSED BY DEMOCRATS v. FEDERAL ELECTION COMM'N., 814 F.3d. 221(4th.Cir.2016); FIRST PROTECTION INS. CO. v. LEWIS EDWARD O'LEARY, 2025 WL 1936566 (4th.Cir.2025); KOKKONEN v. GUARDIAN LIFE INS. CO. OF AMERICA, 114 S.Ct. 1673(U.S.1994)(COURTS ONLY POSSESS POWER BY **"CONSTITUTION"** (EMPHASIS ADDED) AND STATUTE WHICH IS NOT TO BE EXPANDED BY JUDICIAL DECREE. IT IS PRESUMED THAT THE CAUSE LIES OUTSIDE, BEYOND, THE COURT'S "CONSTITUTIONAL" JURISDICTION AND THE BURDEN OF ESTABLISHING THE CONTRARY IS ON THE RESPONDENT TO PROVE OTHERWISE, COPER BRIGHT ENTERPRISES v. RAIMONDO, 144 S.Ct. 2244(U.S.2024); THE CITY OF OCALA v. ROJAS, 598--U.S.--, 2023 WL 2357328(U.S.2023); MONTGOMERY v. LOUISIANA, 136 S.Ct. 718 (U.S.2016); STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT SUPRA.

AS IT RELATES TO THE PCR CASES STATUTES, STATEMENTS ILLEGALLY USED AT CRAWFORD'S TRIAL STATUTES AND DNA STATUTES RELIED UPON PERTAINING TO THE USE OF STATEMENTS AT TRIALS AND TIMELINES FOR RESPONSE WHERE THE COURTS EITHER SUBTLY EXPANDED AND OR FORCE CONSTRUCTED THE STATUTES TO DENY US CONSTITUTIONAL DUE PROCESS PROTECTIONS AND PROTECTIONS UNDER THE EQUAL PROTECTION OF THE LAWS CLAUSE, ALSO WHERE THE U.S. SUPREME COURT UNDER BETTERMAN v. MONTANA, 578 U.S. 437 (U.S.2016) DETERMINED THAT IF A POST CONVICTION PROCEEDING IS HELD FOR 4 YEARS THOSE PROCEEDINGS BECOME UNCONSTITUTIONAL, IF THEY ARE UNCONSTITUTIONAL, THEY ARE VOID UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION, AND THAT A DEFENDANT WOULD HAVE TAILORED RELIEF UNDER THE 5TH. AND 14TH. AMENDMENTS DUE PROCESS CLAUSE. THE PLAIN LANGUAGE OF THE STATUTES MUST BE ADHERED TO WITHOUT GIVING WAY TO FORCED CONSTRUCTION OR SUBTLY EXPANDING THE STATUTES RELIED UPON HERE WHICH THE STATE COURTS CONSPICUOUSLY FAILED AT, ALVAREZ RONQUILLO v. BONDI, 2025 WL 2371033(4th.Cir.2025); UNITED STATES v. CHAUDHRI, 134 F.4TH. 166(4th.Cir.2025).

(3) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY

31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, DO THE APPELLANTS HAVE A RIGHT OF AUTONOMY TO FILE THE CASE JOINTLY DUE TO IT POSSESSING COMMON QUESTIONS OF LAW AND FACT?

(4) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, DO THE APPELLANTS HAVE A RIGHT OF AUTONOMY TO CONSOLIDATE THE APPEALS FOR REMAND PURPOSES DUE TO THE APPEALS POSSESSING COMMON QUESTIONS OF LAW AND FACT, TO SEEK ADDITIONAL CONCLUSIONS OF LAW AND FINDINGS OF FACT, AND HAVE THE CASES CONSOLIDATED WITHIN THE LOWER COURT PURSUANT TO RULE 52 AND DUE PROCESS LAW?

(5) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, DO THE APPELLANTS HAVE A RIGHT TO INTERVENE PURSUANT TO RULE 24 WITHIN EACH OTHERS CASES TO PROTECT THEIR ACQUIRED INTERESTS AS THE RULES FOR INTERVENTION PERMITS, ESPECIALLY IN LIGHT OF THE FACT THAT THE CASE WAS ORIGINALLY FILED JOINTLY AND IT IS OBVIOUS FROM THE PLEADING THAT THE CASES ARE NOT DISTINCTLY UNIQUE TO EACH OTHER POSSESSING COMMON QUESTIONS OF LAW AND FACT WHERE WE ARE CONNECTED BY THE LITIGATION PRESENTED POSSESSING COMMON INTERESTS AND POTENTIAL "COVENANT", "CONTRACTUAL" OBLIGATIONS?

(6) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, THE PLAINTIFFS FILE [11] DIFFERENT AND DISTINCT MOTIONS FOR RELIEF BEFORE THE LOWER DISTRICT COURT ONLY TO IN FRAUD AND UNCONSTITUTIONAL BIAS BE CIRCUMVENTED RULING. DO THE APPELLANTS HAVE A RIGHT OF DUE PROCESS TO HAVE EACH OF THE NUMEROUS MOTIONS SUBMITTED ADJUDICATED INDEPENDENTLY, SEPARATELY, PRODUCING INDEPENDENT FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR EACH MOTION TO ALLOW THEM TO PROPERLY PRESERVE ANY POTENTIAL DENIAL OF THOSE MOTIONS FOR ANY SOUGHT SUBSEQUENT APPELLATE REVIEW INSTEAD OF HAVING THIS UNCONSTITUTIONALLY VAGUE DETERMINATION IN

VIOLATION OF DUE PROCESS LAW AND PROTECTIONS ESTABLISHED BY THE EQUAL PROTECTION OF THE LAWS CLAUSE AND RULE 52?

(7) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, THE PLAINTIFFS FILE [3] DIFFERENT AND DISTINCT MOTIONS BEFORE THE LOWER COURT. DID THE APPELLANTS HAVE A RIGHT OF DUE PROCESS TO HAVE EACH OF THE MOTIONS SUBMITTED FOR PRELIMINARY INJUNCTION ADJUDICATED INDEPENDENTLY, SEPARATELY, PRODUCING INDEPENDENT FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR EACH MOTION TO ALLOW THEM TO PRESERVE ANY POTENTIAL DENIAL OF THOSE MOTIONS PROPERLY FOR ANY SOUGHT SUBSEQUENT APPELLATE REVIEW INSTEAD OF HAVING THIS UNCONSTITUTIONALLY VAGUE DETERMINATION IN VIOLATION OF DUE PROCESS LAW AND PROTECTIONS ESTABLISHED BY RULE 52?

(8) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, DO THE APPELLANTS HAVE A RIGHT OF AUTONOMY TO SEEK AND IT BE GRANTED THAT THE CASE BE GIVEN COMPLEX LITIGATION STATUS DUE TO THE EXTRAORDINARY NATURE OF THE LITIGATION DUE TO THE CASE POSSESSING NOVEL QUESTIONS OF LAW, MULTIPLE STATE AND FEDERAL DEFENDANTS, INTERNATIONAL DEFENDANTS, NUMBERING OVER 200, WITH LARGE DISCOVERY REQUESTS, QUESTIONS INVOLVING 50 STATES AND FOREIGN NATIONS REGARDING INTELLECTUAL PROPERTY RIGHTS AND OTHER ELEMENTS OF THE CASE THAT WOULD JUSTIFY COMPLEX CASE DESIGNATION?

(9) CAN INMATES FILE A § 1983 ACTION TO CHALLENGE THE CONSTITUTIONALITY OF THE 1996 CLINTON BILL WITH ITS PLRA, AEDPA, 3 STRIKE AND SENTENCING GUIDELINES SUING THE U.S. CONGRESS AND SENATE FOR DECLARATORY AND INJUNCTIVE RELIEF RELATED THERETO DUE TO THEY DISPROPORTIONATELY TARGETING AFRICAN AMERICANS TO THEIR DETRIMENT IN VIOLATION OF THE 14TH. AMENDMENT BY THE EVIDENCE ARGUED IN THE COMPLAINT?

(10) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025

FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, THE APPELLANTS SOUGHT TO EXERCISE RIGHTS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT AND INTERNATIONAL LAW. THEREFORE, THESE ESSENTIAL LEGAL QUESTIONS MUST BE ANSWERED BEFORE THE 4TH. CIRCUIT COURT OF APPEAL. CAN YOU NATURALIZE BY THE 14TH. AMENDMENT STOLEN SOVEREIGN ETHIOPIAN KINGS OR THEIR STOLEN SOVEREIGN OFFSPRING VIA THE TRANS-ATLANTIC SLAVE TRADE WHO DO NOT JUST HAVE DIRECT TIES TO THE THRONE OF ETHIOPIAN, BUT ALSO TO THE THRONE OF ISRAEL AND THE ISLAMIC KHALIFATE? IS THERE A CONGRESSIONAL STATUTE OR ENACTMENT THAT STATE YOU CAN DO THIS LIKE THE INDIAN ACT OF 1924? CRAWFORD AND HIS ANCESTORS WERE NOT NORMAL SLAVES AS OTHER AFRICAN AMERICANS ARE. THEY ARE AN ANOMALY, AN EXCEPTION TO THE BIRTHRIGHT CITIZENSHIP RULE. THEY ARE THE DIRECT DESCENDANTS OF PROPHETS, KINGS, HIGH PRIESTS OF THE ONE TRUE GOD, OF KING SOLOMON, THE ETHIOPIAN QUEEN OF SHEBA AND KING MENEYLEK I OF THE ETHIOPIAN EMPIRE, HEIRS TO THE THRONE OF ETHIOPIA, OF ISRAEL AND LEVITICAL PRIESTHOOD, WHICH CANNOT BE DEEMED A CONCLUSORY CLAIM WHEN CRAWFORD POSSESS ALL THE PHYSICAL FEATURES THAT ARE FORETOLD BY RELIGIOUS PROPHESY INCLUDING THE FACT THAT HE WOULD COME OUT OF PRISON BETRAYED BY MEMBERS OF HIS OWN HOUSEHOLD WHICH IS THE SOURCE OF SEEKING THE DNA EVIDENCE OF ACTUAL INNOCENCE. SEE THE BOOK OF DANIEL 11:26, ISAIAH 14:29-32, ZECHARIAH 6:12-13, JEREMIAH 33:15-22 KING JAMES VERSION OF THE BIBLE AND ISLAMIC HADITH IN SUNA ABU DAWUD. THIS IS FURTHER SUPPORTED BY THE MANIFESTATION OF RELIGIOUS PROPHESY WRITTEN IN THE BOOK OF ISAIAH 14:29-32 THAT FORETOLD THIS MAN FROM THE NORTH (JERSEY CITY, N.J.) WOULD BE A "COCATRICE" (FIERY SPIRIT STOCKY MAN) AND WOULD APPEAR WHEN ISRAEL WOULD HAVE DESTROYED GAZA, PALESTINE, EXISTING NOW; AND FURTHER SUPPORTED BY ISLAMIC PROPHESY THAT SAID HE WOULD APPEAR AT A TIME WHEN THERE IS BOTH A LUNAR AND SOLAR ECLIPSE OCCURRING DURING THE MONTH OF RAMADAN WHICH OCCURRED IN 2024, AN EVENT THAT HAS NOT BEEN SEEN IN ABOUT 150 YEARS AND IS ALSO SUPPORTED BY THE FACT THAT CRAWFORD HAS A "SICLE CELL TRAIT" PRODUCING SCIENTIFIC EVIDENCE THAT HIS ANCESTRY ONCE ORIGINATED FROM THE ARABIAN PENINSULA AS WELL. THUS, SUCH A CLAIM IS NOT

CONCLUSORY, BASELESS OR MERITLESS IN LAW AND FACT, AND IS EVEN PROTECTED BY THE 1st. AMENDMENT FREE EXERCISE CLAUSE PURSUANT TO RELIGION. BUT THIS IS NOT THE QUESTION OR LEGAL ISSUE PRESENTED. CAN YOU WITHOUT AN ACT OF CONGRESS NATURALIZE BY THE 14TH. AMENDMENT STOLEN SOVEREIGN ETHIOPIAN KINGS OR THEIR STOLEN SOVEREIGN OFFSPRING VIA THE TRANS-ATLANTIC SLAVE TRADE BY THE 14TH. AMENDMENT WHO HAVE DIRECT TIES TO THE ETHIOPIAN THRONE, THE THRONE OF ISRAEL AND THE ISLAMIC KHALIFATE? BOTH ETHIOPIA AND THE STATE OF ISRAEL ARE FORMALLY RECOGNIZED FOREIGN STATES FROM WHICH CRAWFORD'S SOVEREIGN ANCESTRY ORIGINATES WHERE ISRAEL WAS DISPERSED EVEN TO ETHIOPIA AND THE MIDDLE EAST AND DID NOT BECOME A STATE AGAIN UNTIL 1948. IN THE 6TH. CENTURY, MODERN DAY ERITREA, ETHIOPIA, PORTIONS OF SUDAN, INCLUDING THE TERRITORY OF THE FORMER KINGDOM OF KUSH. COASTAL AREAS OF DJIBOUTI AND SOMALIA. ACROSS THE RED SEA IN YEMEN IN THE SOUTHERN ARABIAN PENINSULA, ALL OF THIS WAS PART OF THE ETHIOPIAN EMPIRE TO WHICH ALSO CHISOLM, BELLAMY AND YAHDINA TRACE THEIR ANCESTRAL HISTORY TO, PRODUCING ADDITIONAL COMMON QUESTIONS OF LAW AND FACT SUPPORTING JOINT FILING THOUGH THEY ARE NOT OF SOVEREIGN ANCESTRY. AMERICAN INDIANS WERE NOT EVEN CONSIDERED CITIZENS OF THIS NATION THOUGH THE 14TH. AMENDMENT WAS ESTABLISHED UNTIL THE INDIAN ACT OF 1924. BEFORE THEN THEY WERE CONSIDERED "FOREIGNERS" THOUGH THEY WERE BORN ON AMERICAN SOIL. THE SAME PRINCIPLE WOULD APPLY TO THE CHILDREN OF FOREIGN SOVEREIGNS, CRAWFORD, IN THIS INSTANCE. IT TOOK AN ACT OF CONGRESS TO MAKE THE AMERICAN INDIANS CITIZENS BECAUSE THE AMERICAN INDIANS, LIKE CRAWFORD AND HIS ANCESTRY FELL WITHIN THE EXCEPTION TO BIRTHRIGHT CITIZENSHIP DEMONSTRATING THIS IS NOT A FRIVOLOUS, BASELESS OR MERITLESS CLAIM OR SOME STUPID, FRIVOLOUS "SOVEREIGN CITIZEN CLAIM" WHICH WOULD ESTABLISH RIGHTS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT AND INTERNATIONAL LAW. WHAT CONSTITUTIONAL PROVISION OR ACT OF CONGRESS STATE YOU CAN NATURALIZE BY THE 14TH. AMENDMENT STOLEN SOVEREIGNS OR THEIR STOLEN SOVEREIGN CHILDREN?

(11) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, IF THERE IS NO CONGRESSIONAL ENACTMENT THAT STATE YOU CAN NATURALIZE

BY THE 14TH. AMENDMENT STOLEN ETHIOPIAN SOVEREIGN KINGS OR THEIR STOLEN SOVEREIGN OFFSPRING, WHICH THERE IS NOT, WOULD THOSE STOLEN SOVEREIGNS OR THEIR STOLEN SOVEREIGN OFFSPRING RETAIN ALL RIGHTS, TILTLES, PRIVILEGES AND IMMUNITIES THAT ARE AFFORDED TO THEM BY THEIR SOVEREIGNTY UNDER THEIR ORIGINATING NATION(S) UNLESS THERE WAS SOME ACT OF CONGRESS THAT WOULD DETERMINE OTHERWISE? THE LAW OF THE "COVENANT", "CONTRACT" WHEN AND WHERE IT WAS MADE STANDS AS IS ARGUED AND WAS DEFAULTED ON WITHIN THE STATE CASES REFERRED TO. RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES DERIVED FROM A FOREIGN NATION (AFRICA, ISRAEL, MIDDLE EAST) ARE GOVERNED BY THAT FOREIGN NATION'S LAWS AT THE TIME THE COVENANT, CONTRACT WAS ESTABLISHED, NOT U.S. LAW. FOREIGN LAW PREVAILS ON FOREIGN MATTERS. A "COVENANT", "CONTRACT" FROM THE ORIGINAL NATION WOULD DICTATE THE INDIVIDUAL'S STANDING, TITLE AND PRIVILEGES AND IMMUNITIES, (ie. JEREMIAH 33:15-22; ISAIAH 11:1-5, ZECHARIAH 6:12-13, DANIEL CHAPT.11), ESPECIALLY WHEN WE ARE DEALING WITH A "SOLE CORPORATION", CONTINUOUS PRESENCE, UNDER CONTRACTUAL OBLIGATION. THE U.S. GOVERNMENT CANNOT INTERFERE OR INVALIDATE A FOREIGN GOVERNMENT'S "COVENANTS", "CONTRACTS", RELIGIOUS OR OTHERWISE. THE SUCCESSION OF A FOREIGN THRONE IS NOT A MATTER FOR THE U.S. COURTS TO DECIDE. THEREFORE, THE QUESTION MUST BE ANSWERED, BUT NOT THE MERITS. FOREIGN LAW BASED UPON THOSE FOREIGN COVENANTS OR CONTRACTS WOULD PREVAIL (JEREMIAH 33:15-22, ISAIAH 11:1-5, ZECHARIAH 6:12-13, DANIEL CHAPT.11, SUNA ADU DAWUD REGARDING AL MAHDI) AND BE REQUIRED TO BE GIVEN FULL FAITH AND CREDIT WITHIN ALL COURT RECORDS, UNITED STATES v. WONG KIM ARK, (1898); REPUBLIC OF ARGENTINA v. WELTOVER INC. (1992); THE NOTTEBOLM CASE (1955). UNDER SUCH SCENARIO, A FOREIGN SOVEREIGN WHO WAS FORCIBLY BROUGHT TO THE U.S. WOULD BE ABLE TO SUE IN AMERICAN COURTS AND PERSONAL JURISDICTION WOULD EXIST AND BASED UPON THE LACK OF VOLUNTARY APPEARANCE IN THE COUNTRY AS ALSO SUPPORTED UNDER FRISBIE v. COLLINS (1952) VIA THE KER-FRISBIE DOCTRINE ILLUSTRATING THAT AN ILLEGAL KIDNAPPING (EVEN PURSUANT TO THE ILLEGAL FRAMING) WOULD NOT INVALIDATE JURISDICTION OVER THE FOREIGN SOVEREIGN. CLEAR CAUSE WOULD BE ESTABLISHED FOR KIDNAPPING AND FALSE IMPRISONMENT. SINCE THE U.S.

GOVERNMENT AIDED IN THE ALLEGED KIDNAPPING AFTER THE FACT BY PLACING A U.S. MARSHAL NOTIFY IN CRAWFORD'S S.C.D.C. RECORDS TO CONTINUE TO ILLEGALLY KIDNAP HIM IF THE STATE FAILED IN THEIR EFFORTS, (A U.S. NOTIFY THAT HAD ABSOLUTELY NOTHING TO DO WITH CRAWFORD AT ALL PURSUANT TO A SAID BANK ROBBERY IN GEORGIA THAT STILL EXIST IN CRAWFORD'S S.C.D.C. FILE UNTIL THIS VERY DAY), THE FEDERAL COURTS WOULD HAVE JURISDICTION TO HEAR THE MATTER AS IS ALSO ARGUED BEFORE THE OHIO DISTRICT COURT AND 6TH. CIRCUIT COURT OF APPEALS. THE SEEKING OF PRELIMINARY INJUNCTION IS ALSO SOUGHT TO GET THAT U.S. NOTIFY OUT OF CRAWFORD'S S.C.D.C. FILES IMMEDIATELY FOR WHICH THE U.S. MARSHALS AND UNITED STATES ARE BEING SUED FOR $30 MILLION FOR PLACING IT THERE INTENTIONALLY WITH NEFARIOUS INTENT, WHICH SHOULD NOT BE THERE AT ALL AND REMAINS SO UNTIL THIS VERY DAY, AND TO HALT ANY POTENTIALLY SOUGHT DEPORTATION UNTIL ALL § 1983 ACTIONS AROUND THE NATION INVOLVING THESE MATTERS ARE CONCLUDED OR IT WOULD PREJUDICE THE APPELLANT, CRAWFORD, IN BRINGING THESE MATTERS BEFORE THE COURTS INVOLVED WHICH AID IN THE COURTS JURISDICTION UNDER THE ALL WRITS ACT. THE APPELLANT(S) ALSO GIVE THE COURT JUDICIAL NOTICE THAT THESE MATTERS ARE ALSO BEFORE ARCH BISHOP FABRE-LaJUENE OF THE GEORGIA AND CHARLESTON, S.C. CATHOLIC ARCH DIOCESES, POPE LEO AND THE VATICAN WHO INTEND TO MAKE AN OFFICIAL ASSESSMENT ON THE VATICAN RECORD AT THE TIME OF CRAWFORD'S SOUGHT RELEASE.

(12) BY THE [26] PAGE DOCUMENT DATED APRIL 5, 2025 FILED WITHIN THE LOWER COURT, THE [29] PAGE DOCUMENT DATED JULY 31, 2025 DOCUMENT NO. 6 AND THE DOCUMENTS FILED SUBJUDICE, IS THERE ANY INDICATION OF A "COVENANT", "CONTRACT" EMERGING FROM THE 3 TRUE MONOTHEISTIC MAINSTREAM RELIGIOUS OF THE SEED OF THE PROPHET ABRAHAM THAT THE APPELLANTS ARE RELYING UPON AS BENEFICIARIES OF SUCH A "COVENANT", "CONTRACT" AS BEING CHRISTIAN, MUSLIM OR JEWS?

(13) IS A RELIGIOUS "COVENANT" A FORM OF "CONTRACT"?

(14) ARE ALL FORMS OR TYPES OF CONTRACTS PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, INCLUDING

"COVENANTS"? WE DO NOT WANT THE HONORABLE 4TH. CIRCUIT GOING ALL OVER THE PLACE ATTEMPTING TO ADDRESS THE MERITS OTHER THAN TO ANSWER YES OR NO TO THESE SPECIFIC LEGAL QUESTIONS. WE RESERVE THE RIGHT TO HAVE THE FULL ADDRESSING OF THE MERITS DONE AT THE LOWER DISTRICT COURT LEVEL AS DUE PROCESS LAW WOULD PERMIT IN ORDER THAT THEY WOULD BE PROPERLY PRESERVED FOR ANY POTENTIAL SUBSEQUENT APPELLATE REVIEW WHICH ALSO SUPPORTS OUR SEEKING OF REMAND.

REFERRING BACK TO THE ISSUE OF THE PRELIMINARY INJUNCTION FOR THE UNCONSTITUTIONAL DELAY OF MEDICAL TREATMENT ALSO IN VIOLATION OF 42 U.S.C. § 12203(a)(b) OF ADA. CRAWFORD WAS FOUND IN 2018 TO HAVE A GROWTH ON HIS COLON WHICH HAD TO BE SURGICALLY REMOVED. THE PHYSICIAN REQUIRED CRAWFORD BE BROUGHT BEFORE HIM YEARLY TO ENSURE THAT NO FURTHER GROWTHS OCCUR. UNTIL THIS CURRENT DAY APPROXIMATELY 7 YEARS LATE S.C.D.C. HAS FAILED AND DENIED AND OR DELAYED THIS PRESCRIBED MEDICAL TREATMENT AS WELL. THIS, TOO, IS SOUGHT REMEDIED BY THE INJUNCTIVE RELIEF. WE DO DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND WE ARE COMPETENT TO TESTIFY AS TO THE VERITY OF THE CLAIMS PRESENTED HAVING PERSONAL KNOWLEDGE OF THE FACTS.

RESPECTFULLY,
MAURICE BELLAMY

ALTON CHISOLM

JONAH THE TISHBITE

ZAHDINA OVERSTREET-U-DEEN

OCTOBER 28, 2025

EXHIBIT, "HABEAS CORPUS PETITION"

4

AO 241 (Rev. 09/17)    **ALSO UNDER 28 U.S.C. § 2244, 1605-1612**

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court NEW JERSEY | District: NEWARK DIVISION |
|---|---|

| Name (under which you were convicted): LAWRENCE L. CRAWFORD | Docket or Case No.: 2:24-cv-03934-MEF- |
|---|---|

| Place of Confinement: EVANS CORRECTIONAL INSTITUTION S.C. | Prisoner No.: #300839 |
|---|---|

| Petitioner (include the name under which you were convicted) LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE | Respondent (authorized person having custody of petitioner) v. THE WARDEN AT EVANS C.I.; STATE OF SOUTH CAROLINA |
|---|---|

The Attorney General of the State of: SOUTH CAROLINA

**ALSO PETITION TO REMOVE UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT.**                                **PETITION**
**MOTION FOR A PRELIMINARY INJUNCTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   THE KERSHAW COUNTY COURT OF GENERAL SESSIONS

   CAMDEN, SOUTH CAROLINA

   (b) Criminal docket or case number (if you know):    2004-GS-28-0385

2. (a) Date of the judgment of conviction (if you know):    APRIL 2004

   (b) Date of sentencing:

3. Length of sentence:    LIFE WITHOUT PAROLE

4. In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    XX☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   MURDER

   _____

   _____

   _____

   _____

   **1-of-70**

   _____

6. (a) What was your plea? (Check one)

   XX☐  (1)  Not guilty        ☐  (3)  Nolo contendere (no contest)

   ☐  (2)  Guilty              ☐  (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

N/A

"

"

"

"

(c) If you went to trial, what kind of trial did you have? (Check one)

    X☒ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    X☒ Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

    X☒ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:  S.C. COURT OF APPEALS

(b) Docket or case number (if you know):    UNKNOWN

(c) Result:   CONVICTION AFFIRMED

(d) Date of result (if you know):    UNKNOWN

(e) Citation to the case (if you know): _____

(f) Grounds raised:

THAT COURT IN FRAUD AND OBSTRUCTION CIRCUMVENTED IN
ADDRESSING THE JURISDICTIONAL ISSUES PLACED BEFORE
THEM.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☐ No

    If yes, answer the following:   WAS BLOCKED BY STATE

    (1) Name of court:    INTERFERENCE.

    (2) Docket or case number (if you know): _____

    (3) Result:    2-of-70

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____ N/A _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     X☒  Yes     ☐  No

    If yes, answer the following:

    (1) Docket or case number (if you know):    UNKNOWN

    (2) Result:   THE PETITION WAS DENIED DUE TO THE CASE STILL BEING PENDING BEFORE THE LOWER COURTS.

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     X☒  Yes     ☐  No

11.   If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court:   WITHIN THIS COURT UNDER § 1983

         (2) Docket or case number (if you know):   THIS CURRENT CASE

         (3) Date of filing (if you know): _____

         (4) Nature of the proceeding: _____

         (5) Grounds raised:   SEE ORIGINAL COMPLAINT

_____

_____

_____

_____

_____

_____

_____

_____

         (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

         ☐ Yes   ☐ No   STILL PENDING    3-of-70

         (7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:     N/A _____

    (2) Docket or case number (if you know): " _____

    (3) Date of filing (if you know): " _____

    (4) Nature of the proceeding: " _____

    (5) Grounds raised: " _____

" _____

" _____

" _____

" _____

" _____

" _____

" _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes     ☐ No

(7) Result: " _____

(8) Date of result (if you know): " _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:   THIS CASE STILL PENDING _____

    (2) Docket or case number (if you know): " _____

    (3) Date of filing (if you know): " _____

    (4) Nature of the proceeding: " _____

    (5) Grounds raised: " _____

" _____

" _____

" _____

" _____

" _____

" _____

" _____

4-of-70

"

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result:     THIS CASE IS STILL PENDING

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:     ☐ Yes     ☐ No

(2) Second petition:     ☐ Yes     ☐ No

(3) Third petition:     ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

YES, SOUGHT TO INVOKE ORIGINAL JURISDICTION UNDER

CASE 2025-00812 DUE TO INORDINATE DELAY IN LOWER CT.

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**     SEE ATTACHED PAGES

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED PAGES
"
"
"
"
"

(b) If you did not exhaust your state remedies on Ground One, explain why:
"
"
"
"

5-of-70
"

TO: THE UNITED STATES DISTRICT COURT ET. AL.,

THE ATTACHED HABEAS CORPUS PETITION IS BEING FILED WITHIN THIS § 1983 ACTION UNDER THE PROVISIONS OF THE FOREIGN SOVEREIGN IMMUNITY ACT FOR REMOVAL WHICH UNDER THESE CIRCUMSTANCES WOULD SUPERSEDE THE STATUTORY PROVISIONS OF 28 U.S.C. §§ 2244 AND 2254. THE PROVISIONS OF 28 U.S.C. §§ 2244 AND 2254 APPLY TO INMATES UNDER STATE CAPTIVITY, BUT IN THE PETITIONER'S SITUATION THE UNITED STATES CONGRESS CARVED AN EXCEPTION IN THE PETITIONER'S CASE WHERE THE UNITED STATES CONGRESS WAS EXPLICIT DETERMINING IN NO UNCERTAIN TERMS WHEN THEY DETERMINED THAT THE FOREIGN SOVEREIGN IMMUNITY ACT IS THE SOLE REMEDY FOR ENTERTAINING JURISDICTION OVER A FOREIGN SOVEREIGN AS IS ALSO SUPPORTED BY NUMEROUS OTHER CIRCUIT COURT RULINGS WITHIN THIS NATION INCLUDING THIS CIRCUIT AND FOR RIGHTS SEEKING DNA EVIDENCE. 28 U.S.C. § 2244 PROVIDE:

(a) NO COURT OR DISTRICT JUDGE SHALL BE REQUIRED TO ENTERTAIN AN APPLICATION FOR A WRIT OF HABEAS CORPUS TO INQUIRE INTO THE DETENTION OF A PERSON PURSUANT TO JUDGMENT OF A COURT OF THE UNITED STATES ON A PRIOR APPLICATION FOR WRIT OF HABEAS CORPUS EXCEPT AS PROVIDED IN SECTION 2255.

28 U.S.C. §§ 2244(B)(i) STATES: WHEN THE FACTUAL PREDICATE FOR A CLAIM COULD NOT HAVE BEEN DISCOVERED PREVIOUSLY THROUGH THE EXERCISE OF DUE DILIGENCE (THE CLAIMS COULD NOT HAVE BEEN DISCOVERED UNTIL THE PROCEEDINGS OCCURRED BEFORE THE SOUTH CAROLINA SUPREME COURT UNDER CASE 2025-000812); AND

(ii) WHEN THE FACTS UNDERLYING THE CLAIM, IF PROVEN AND VIEWED IN LIGHT OF EVIDENCE AS A WHOLE, WOULD BE SUFFICIENT TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT, BUT FOR CONSTITUTIONAL ERROR (AS IS ARGUED WITHIN THE DOCUMENTS THAT MAKE UP CASE 2025-000812 BEFORE THE SOUTH CAROLINA SUPREME COURT), NO REASONABLE FACT FINDER WOULD HAVE FOUND THE APPLICANT GUILTY OF THE UNDERLYING OFFENSE.

(3)(A) BEFORE A SECOND OR SUCCESSIVE APPLICATION PERMITTED

BY THIS SECTION IS FILED IN THE DISTRICT COURT, THE APPLICANT SHALL MOVE IN THE APPROPRIATE COURT OF APPEALS FOR AN ORDER AUTHORIZING THE DISTRICT COURT TO CONSIDER THE APPLICATION (THIS DO NOT APPLY UNDER THESE CIRCUMSTANCES WHERE BY THE LITIGATION PRESENTED THE FOREIGN SOVEREIGN IMMUNITY ACT IS THE SOLE REMEDY FOR EXERCISING JURISDICTION OVER A FOREIGN SOVEREIGN, NOT §§ 2244 OR 2254 WHERE THE (F.S.I.A.) WOULD SUPERSEDED THOSE STATUTORY PROVISIONS IN THIS CASE).

THIS PETITION CONTAINS MATERIAL AND CONTROLLING FACTS THAT COULD NOT HAVE APPEARED WITHIN ANY ALLEGED PREVIOUS PETITION FOR HABEAS CORPUS SINCE THE SEEKING OF APPLICATION FOR FORENSIC DNA TESTING DID NOT EXIST UNTIL THE PROCEEDINGS UNDER CASE 2025-000812 WITHIN THE SOUTH CAROLINA SUPREME COURT BASED UPON THE LOWER COURT HOLDING THOSE PROCEEDINGS IN LIMBO FOR OVER [4] YEARS AND COUNTING MAKING THOSE PROCEEDINGS A VIOLATION OF DUE PROCESS, A VIOLATION OF THE SEPARATION OF POWERS CLAUSE PRODUCING UNCONSTITUTIONAL ACTION THAT VOIDS THE KERSHAW COUNTY COURT OF GENERAL SESSIONS JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION WHICH INVALIDATE THE CONVICTION ITSELF. THERE IS NOTHING LEFT FOR THE LOWER COURT TO DO EXCEPT ANNOUNCE THAT FACT AND DISMISS THE CAUSE OF CONVICTION AGAINST THE PETITIONER ALLOWING THIS HABEAS CORPUS PETITION TO BE FILED UNDER THE § 1983 ACTION THAT IS CURRENTLY PENDING BEFORE THE DISTRICT COURT. SEE LITIGATION WITHIN THE ATTACHMENTS THAT WERE FILED UNDER CASE 2025-000812 WITHIN THE SOUTH CAROLINA SUPREME COURT.

THE PROVISIONS OF 28 U.S.C. § 2244 FURTHER STATE; (B) A PETITION CAN BE FILED THE DATE ON WHICH THE IMPEDIMENT TO FILING AN APPLICATION CREATED BY STATE ACTION IN VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES IS REMOVED, IF THE APPLICANT WAS PREVENTED FROM FILING BY SUCH STATE ACTION. THE APPLICANT WAS PREVENTED FROM FILING HABEAS CORPUS UNTIL THE STATE OF SOUTH CAROLINA AFTER THE UNCONSTITUTIONAL INORDINATE DELAY RESPONDED BEFORE THE SOUTH CAROLINA SUPREME COURT UNDER CASE 2025-000812 AS THE ATTACHED DOCUMENT FOUND WITHIN THE WALLS OF

THIS PETITION INDICATE INVALIDATING THE CONVICTION AND WARRANTING THE PETITION'S REVIEW THAT BEAR NEXUS TO THE CLAIMS FILED UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT WHERE THE STATE OF SOUTH CAROLINA CONSPIRED UNDER COLOR OF STATE LAW TO "KIDNAP" ILLEGALLY SEIZE A FOREIGN SOVEREIGN OFFICIAL, FRAMING HIM FOR THE MURDER OF HIS OWN CHILD TO SOLICIT PERJURED TESTIMONY AND TO CONCEAL EVIDENCE OF ACTUAL INNOCENCE AND OVER 24 COUNTS OF CLASS "A" FELONIES IN THE FORM OF CRIMINAL SEXUAL CONDUCT WITH A MINOR AS ARGUED WITHIN CASE 2025-00812.

(D) THE DATE ON WHICH THE FACTUAL PREDICATE OF THE CLAIM OR CLAIMS PRESENTED COULD HAVE BEEN DISCOVERED THROUGH EXERCISE OF DUE DILIGENCE (THE CLAIMS COULD NOT HAVE BEEN DISCOVERED UNTIL THE APPLICANT WAS FORCED TO SEEK TO INVOKE THE SOUTH CAROLINA SUPREME COURT'S ORIGINAL JURISDICTION TO FORCE THE STATE TO RESPOND AFTER THE UNCONSTITUTIONAL INORDINATE DELAY THAT INVALIDATE THE CONVICTION BY WHAT IS ARGUED WITHIN THE DOCUMENTS FILED UNDER CASE 2025-000812 WITHIN THE SOUTH CAROLINA SUPREME COURT.

INSOMUCH, EXHAUSTION OF STATE REMEDIES IS INAPPLICABLE BY WHAT IS ARGUED WITHIN THE § 1983 ACTION BEFORE THIS COURT BASED UPON THE FOREIGN SOVEREIGN IMMUNITY ACT (F.S.I.A.) CAUSES OF ACTION BROUGHT BY INDIVIDUALS. THE FOREIGN SOVEREIGN IMMUNITY ACT, NOT 28 U.S.C. §§ 2244 OR 2254, PROVIDES SOLE BASIS FOR OBTAINING JURISDICTION OVER A FOREIGN SOVEREIGN IN UNITED STATES COURTS. THUS, THE PROVISIONS OF THE FOREIGN SOVEREIGN IMMUNITY ACT SUPERSEDES THE STATUTORY PROVISIONS OF 28 U.S.C. §§ 2244 AND 2254, de CSEPEL v. REPUBLIC OF HUNGARY, 752 F.Supp.3d. 147 (D.D.C.2024); de CSEPEL v. REPUBLIC OF HUNGARY, 613 F.Supp.3d. 255 (D.D.C.2020). A RELIGIOUS FOREIGN SOVEREIGN SOLE CORPORATION DO NOT HAVE TO EXHAUST REMEDIES BEFORE BRINGING SUIT IN UNITED STATES COURTS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT. THE PROVISIONS OF THE FOREIGN SOVEREIGN IMMUNITY ACT SUPERSEDE ANY ALLEGED RESTRICTIONS FOR FILING HABEAS CORPUS SEEN UNDER 28 U.S.C. §§ 2244 AND 2254. WE ARE DEALING WITH THE FRAMING AND ILLEGAL KIDNAPPING OF A FOREIGN SOVEREIGN OFFICIAL WHICH TRIGGER

THE STATE SPONSORED TERRORISM EXCEPTION UNDER THE (F.S.I.A.) [TANTAMOUNT TO HOSTAGE TAKING EXCEPTION]. BY THE ILLEGAL CONVICTION WE ARE DEALING WITH YOUR NATION VIOLATING THE TERMS OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN AS IS ARGUED IN THIS § 1983 ACTION TRIGGERING THE "CONTRACT" EXCEPTION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT. THE JURISDICTION OF THE COURT TO HEAR THIS HABEAS CORPUS PETITION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT IS ESTABLISHED, AGUDAS CHASIDEI CHABAD OF U.S. v. RUSSIAN FEDERATION, 528 F.3d. 934 (D.D.C.2008); LI v. LI., 2023 WL 2784872 (D.D.C.2023); TIG INSURANCE COMPANY v. REPUBLIC OF ARGENTINA, 2022 WL 1154749 (D.D.C.2022); LUXEXPRESS 2016 CORP. v. GOVERNMENT OF UKRAINE, 2020 WL 1308357 (D.D.C.2020). CASE 2004-GS-28-00385 PENDING BEFORE THE KERSHAW COUNTY GENERAL SESSIONS COURT IS PETITIONED REMOVED UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT, EIE GUAM v. LONG TERM CREDIT BANK, JAPAN, 322 F.3d. 635(9th.Cir.2003). A PARTY, MAY WAIVE THE RIGHT TO REMOVE TO FEDERAL COURT WHERE, AFTER IT IS APPARENT THAT THE CASE IS REMOVABLE, THE PARTY TAKES ACTION IN STATE COURT THAT MANIFEST HIS OR HER INTENT TO HAVE THE MATTER ADJUDICATED THERE, AND TO ABANDON HIS OR HER RIGHT TO A FEDERAL FORUM; WAIVER OF THE RIGHT OF REMOVAL MUST BE CLEAR AND UNEQUIVOCAL WHICH THE FOREIGN SOVEREIGN DOES NOT WAIVE HIS RIGHT OF REMOVAL AND THE FOREIGN SOVEREIGN IMMUNITY ACT CONTEMPLATES LATE REMOVAL BY THE FOREIGN SOVEREIGN, CHAPMAN v. DEUTSCHE BANK NAT. TRUST CO., 651 F.3d. 1039 (9th.Cir.2011); DOLE FOOD CO. v. PATRICKSON, 538 U.S. 468, 123 S.Ct. 1655 (U.S.2003); SYNGENTA CROP PROTECTION, INC. v. HENSON, 123 S.Ct. 366(U.S.2002); FRANCE.COM, INC. v. FRENCH REPUBLIC, 992 F.3d. 248 (4th.Cir.2021).

        IN ORDER TO FIND THAT THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW AND THEIR EMPLOYEES CAN BE SUED UNDER THE TORTIOUS ACTIVITY EXCEPTION OF THE FOREIGN SOVEREIGN IMMUNITY ACT, A COURT MUST FIND: (1) THAT THE TORTIOUS ACTS OF INDIVIDUAL EMPLOYEES OF A SOVEREIGN STATE WERE UNDERTAKEN WITHIN THE SCOPE OF EMPLOYMENT, AND (2) THAT THE CLAIM IS NOT BASED UPON THE EXERCISE OR FAILURE TO EXERCISE A DISCRETIONARY FUNCTION. IT IS

NOT APART OF THEIR DISCRETIONARY FUNCTION TO KIDNAP AND FRAME A
FOREIGN SOVEREIGN OFFICIAL BEHIND RELIGIOUS AND RACIAL HATRED AND
TO SOLICIT PERJURED TESTIMONY. IT IS NOT A PART OF THE
DISCRETIONARY FUNCTION TO PRODUCE FRAUD PROCURED INDICTMENT
OBTAINED FOR THE PURPOSE OF KIDNAPPING, HOSTAGE TAKING OF A
FOREIGN SOVEREIGN OFFICIAL IN VIOLATION OF THE STATE SPONSORED
TERRORISM PROVISION OF THE F.S.I.A.. IT IS NOT WITHIN THEIR
DISCRETION TO AID AND ABET MICHAEL LEE IN OVER 24 COUNTS OF CLASS
"A" FELONIES OF CRIMINAL SEXUAL CONDUCT WITH A MINOR TO SOLICIT
PERJURED TESTIMONY TO KIDNAP AND ILLEGALLY SEIZE A FOREIGN
SOVEREIGN KING, KHALIFAH, IMAM AND HIGH PRIEST OF THE ONE TRUE
GOD ESTABLISHED BY "CONTRACT", BY "COVENANT" PROTECTED UNDER
ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT FREE
EXERCISE CLAUSE AS WELL AS BY STATE AND FEDERAL PROBATE LAW
STRIPPING THEM OF IMMUNITY, CC/DEVAS (MAURITIUS) LIMITED v.
ANTRIX CORP. Ltd, 605 U.S.--, 145 S.Ct. 1572, 221 L.Ed.2d.
867(U.S.2025); UNITED STATES v. PANGANG GROUP COMPANY LTD., 135
F.4TH. 1142 (9th.Cir.2025)(IMMUNITY UNDER COMMON LAW IS
ESTABLISHED FOR CRIMINAL PROCEEDINGS); REPUBLIC OF HUNGARY, 604
U.S. 115, 145 S.Ct. 480, 221 L.Ed.2d. 1 (U.S.2025); D.M. v.
APURON, 658 F.Supp.3d. 825 (Dist.Of.Guam.2023); CASSIRER v.
THYSSEN-BORNEMISZA COLLECTION FOUNDATION, 596 U.S. 107, 142 S.Ct.
1502, 212 L.Ed.2d. 451 (U.S.2022).

      TO RECOVER DAMAGES FOR ALLEGEDLY UNCONSTITUTIONAL
CONVICTION OR IMPRISONMENT, OR FOR OTHER HARM CAUSED BY ACTIONS
WHOSE UNLAWFULNESS WOULD RENDER CONVICTION OR SENTENCE INVALID, §
1983 PLAINTIFF MUST PROVE THE CONVICTION OR SENTENCE HAS BEEN
REVERSED ON DIRECT APPEAL, EXPUNGED BY EXECUTIVE ORDER, DECLARED
INVALID BY STATE TRIBUNAL AUTHORIZED TO MAKE SUCH DETERMINATION,
OR CALLED INTO QUESTION BY FEDERAL COURT'S ISSUANCE OF WRIT OF
HABEAS CORPUS. UNDER THE CIRCUMSTANCES PRESENTED WHERE THERE IS
NOTHING LEFT FOR THE STATE COURT TO DO BEING DEPRIVED OF
JURISDICTION FOR VIOLATION OF SEPARATION OF POWERS CLAUSE, DUE
PROCESS VIOLATION AND UNCONSTITUTIONAL ACTION, EXCEPT ANNOUNCE
THIS AND DISMISS THE CAUSE OF CONVICTION, HABEAS CORPUS CAN BE
FILED UNDER § 1983, HECK v. HUMPHREYS, 512 U.S. 477, 114 S.Ct.

2364, 129 L.Ed.2d. 383(U.S.1994); WILKONSON v. DOTSON, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d. 253(U.S.2005). IF A CONVICTION IS BASED UPON UNCONSTITUTIONAL ACTION THAT RENDERS A COURT'S JURISDICTION VOID, IT MEANS THE FURTHER DETENTION IS UNLAWFUL, AND THEREFORE, HABEAS CORPUS UNDER § 1983 PURSUANT TO THE FOREIGN SOVEREIGN IMMUNITY ACT WHICH IS SOLE BASIS FOR ENTERTAINING JURISDICTION OVER THE FOREIGN SOVEREIGN WOULD BE APPROPRIATE DUE TO THE CIVIL RIGHTS VIOLATIONS ATTACHED AND WHERE THE STATE IS SUBJECT TO DEFAULT, FORFEITURE AND WAIVER FAILING TO CHALLENGE THE CLAIMS, AND WHERE DNA TESTING IS INVOLVED, SKINNER v. SWITZER, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d. 233(U.S.2011); WOOD v. PATTON, 2025 WL 2237942, * 2+, 5th.Cir.; GUTIERREZ v. SAENZ, 606 U.S.--, 145 S.Ct. 2258 (U.S.2025). THEY HAVE DELAYED, DENIED AND OBSTRUCTED THE RELEASE OF THE DNA EVIDENCE AND OTHER SOUGHT EVIDENCE IN ONE FORM OR THE OTHER SINCE 2006 AND THE CURRENT DNA PROCEEDINGS HAVE BECOME UNCONSTITUTIONAL AND VOID HOLDING THE CASE FOR GOING ON 5 YEARS VIOLATING DUE PROCESS AND THE SEPARATION OF POWERS CLAUSES ESTABLISHING CAUSE UNDER § 1983 AND REMOVAL IS SOUGHT UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT, LONG v. BONDI, 2025 WL 2348708, * 9, 4th.Cir.(Va.); PRIOVOLOS v. MONTGOMERY COUNTY DISTRICT, 2025 WL 1797248 (E.D.Pa.2025).

THE UNITED STATES SUPREME COURT UNDER THE CASE OF TURKIYE HALK BANKASI A.S. v. UNITED STATES, 598 U.S.--, 143 S.Ct. 940 (U.S.2023) DETERMINED THAT THE FOREIGN SOVEREIGN IMMUNITY ACT DOES NOT APPLY TO CRIMINAL CASES, IT APPLIES TO CIVIL CASES ONLY. IT IS THE PETITIONER'S POSITION THAT THIS FORENSIC DNA CASE AND THOSE OF THE BENEFICIARIES OF THE CESTUI QUE TRUST WOULD CARVE AN EXCEPTION TO THIS RULING THUS MAKING USE OF TURKIYE WOULD BE MISPLACED AND SUCH RIGHTS WOULD STILL BE AVAILABLE UNDER THE COMMON LAW WHEN IT COMES TO CRIMINAL PROSECUTION OF CHRISTIANS, MUSLIMS, JEWS, AFRICANS AND THEIR DIASPORA AS THE [4] GLOBAL THRONES OF RELIGIOUS PROPHESY, BENEFICIARIES OF THE CESTUI QUE TRUST, ESTABLISHED BY "CONTRACT", BY "COVENANT" PROTECTED UNDER ARTICLE 1 § 10 WHICH THE U.S. SUPREME COURT FAILED TO ADDRESS IN THAT DETERMINATION. THIS IS COMPOUNDED BY THE FACT THAT THE 193

MEMBER STATES OF THE UNITED NATIONS ARE PARTY TO THE DEFAULT. THAT RULING DOES NOT ADDRESS OR NEGATE OR DIMINISH RIGHTS ESTABLISHED BY CONTRACT EXCEPTION UNDER THE F.S.I.A.. THE TURKIYE RULING, NOTWITHSTANDING IN THIS CASE, DID NOT ADDRESS "CONTRACTUAL OBLIGATIONS" WHERE THESE PROVISIONS ARE ALSO PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT FREE EXERCISE CLAUSE FURTHER SUPPORTED BY STATE AND FEDERAL PROBATE LAW WHICH CARVES AN EXCEPTION IN THIS CASE. THE TURKIYE RULING DID NOT ADDRESS THE "GRANT" THAT WAS GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN WHERE IN ORDER TO MAKE USE OF THE VERY MORAL CODES WHICH ARE THE SOURCE OF THE CRIMINAL CONVICTIONS, THAT CAN BE CHALLENGED AND REMOVED UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT BASED UPON THE "GRANT" THAT EMERGED AND OR ORIGINATES FROM "FOREIGN SOIL" UNDER A "CONTRACT", "COVENANT" WHERE VIOLATION OF ITS TERMS REGARDING CRIMINAL CONVICTIONS WOULD PRODUCE AUTOMATIC CONSTITUTIONAL CHALLENGE BY THE FOREIGN SOVEREIGN FIDUCIARY HEIR, KING, KHALIFAH, IMAM, NAZARITE HIGH PRIEST AND LAWGIVER OF THE ONE TRUE GOD UNDER THE CONTRACT EXCEPTION. ONCE YOUR LAWS WITHIN YOUR CRIMINAL PROSECUTIONS (OUR MORAL CODES GIVEN TO YOU AS A "GRANT") DEFY "JUST AND FAIRNESS" AS ASSESSED BY THE FOREIGN SOVEREIGN FIDUCIARY HEIR, KING, KHALIFAH AND LAW GIVER OF THE ONE TRUE GOD? THE CRIMINAL PROCEEDING THEN TAKE ON A "CIVIL" NATURE WITH PROTECTIONS ESTABLISHED UNDER THE "CONTRACT" EXCEPTION UNDER THE F.S.I.A. AND CONSTITUTION, MAKING THE CRIMINAL CASE SUBJECT TO INTERVENTION AND REMOVAL THEREBY. CRIMINAL CASES INVOLVING CHRISTIANS, MUSLIMS, JEWS, AFRICA AND ITS DIAPORA UNDER THESE CIRCUMSTANCES CARVE AN EXCEPTION TO THE TURKIYE RULING THAT WAS NOT ADJUDICATED OR DETERMINED WITHIN THAT CASE PURSUANT TO THE "CONTRACT" CLAUSE UNDER ARTICLE 1 § 10 AND THE "CONTRACT" EXCEPTION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT DEMONSTRATING THAT MAKING USE OF THE TURKIYE RULING WOULD BE MISPLACED, ARGENTINA v. WELTOVER, INC., 504 U.S. 607, 112 S.Ct. 2160, 119 L.Ed.2d. 394(U.S.1992). WHERE THE CONTRACT, COVENANT, ESTABLISHES FIDUCIARY DUTY AND DIRECT AND THIRD PARTY OBLIGATION TO PROTECT THE TERMS OF THE "CONTRACT", "COVENANT", INCLUDING ALL "GRANTS" PRODUCED FROM IT, THAT ALSO REQUIRE THAT WE STAY TOGETHER TO PROTECT EACH OTHER AND ITS TERMS? COURTS CANNOT BURDEN THE

OBLIGATION OF THE CONTRACT AND CONSENT TO JURISDICTION OVER THE KING, KHALIFAH OR THE BENEFICIARIES OF THE CESTUI QUE TRUST MUST BE GIVEN AND OR OBTAINED FROM THE FORERUNNER TO GOD'S CHRIST, THE FOREIGN SOVEREIGN KING, KHALIFAH AND HIGH PRIEST OF THE GLOBAL ABRAMIC FAITHS WHO IS BY "CONTRACT", "COVENANT" EVEN OVER THE POPE HIMSELF, IS JURISDICTIONAL IN NATURE, CALDER v. BELL, 3 U.S. 386, 3 DALL 386, 1798 WL 587, 1 L.Ed. 648(U.S.1798); TRUSTEES OF DARTHMOUTH COLLEGE v. WOODWARD, 17 U.S. 518 (U.S.1819); COLON De MEJIAS v. MALLOY, 353 F.Supp.3d. 162 (D.Conn.2018); SVEEN v. MELIN, 138 S.Ct. 1815 (U.S.2018).

IN DETERMINING WHETHER A STATE LAW EFFECTING PRE-EXISTING CONTRACTS, SUCH AS THE ONE ESTABLISHED BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, WHERE THE ONE TRUE GOD THROUGH A MEMBER OF THE SOLE CORPORATION, ABRAHAM, GAVE YOUR GLOBAL NATIONS USE OF OUR LAWS, OUR INTELLECTUAL PROPERTY LEFT TO US AS AN INHERITANCE, AS A "GRANT" TO YOU, WITH CLEAR RESTRICTIONS IN THAT YOU HAD TO BE "JUST AND FAIR" IN YOUR USE OF THEM WHICH BY THIS DNA APPLICATION PROCEEDING YOU VIOLATED AND FAILED AT, THE WORLD MUST CONCEDE THAT THE ONE TRUE GOD IS THE ORIGINAL FOUNTAIN OF ALL LAW FROM WHICH YOUR MORAL CODES THAT ARE THE SOURCE OF YOU LEVYING CRIMINAL CONVICTIONS FLOW. ONCE YOU VIOLATE THE TERMS OF THE "GRANT" VIA MAKING USE OF OUR MORAL CODES, THOSE CRIMINAL PROCEEDINGS THEREBY BECOME "CIVIL" BASED UPON VIOLATIONS PROTECTED UNDER THE CONTRACT CLAUSES OF THE U.S. CONSTITUTION AND FOREIGN SOVEREIGN IMMUNITY ACT OPENING THE DOOR FOR THE INTERVENTION OF THE FOREIGN SOVEREIGN FIDUCIARY HEIR TO ESTABLISH CAUSE TO CORRECT THE INJUSTICES REGARDING HIS PEOPLE OF RELIGIOUS COVENANT AND PROPHESY. SUCH ACTION OPERATE AS A SUBSTANTIAL IMPAIRMENT OF THE CONTRACTUAL RELATIONSHIP WHICH THIS NATION FURTHER ADOPTS BY THE 1st. AMENDMENT FREE EXERCISE CLAUSE BEING RELIGIOUS COVENANT PROTECTED BY THE CONSTITUTION AS WELL. AS USED TO DECIDE WHETHER THE STATE LAW OR ACTION VIOLATES THE CONTRACT CLAUSE, THE U.S. SUPREME COURT CONSIDERS THE EXTENT TO WHICH THE LAW OR ACT UNDERMINES THE CONTRACTUAL BARGAIN AND OR "GRANT" DIRECTLY TIED TO IT INTERFERES WITH THE PARTY'S REASONABLE EXPECTATIONS, AND PREVENTS THE PARTY FROM SAFEGUARDING OR

REINSTATING (EMPHASIS ADDED) AS IN THIS CASE, HIS RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF HIS SOVEREIGN POWER AND IMMUNITY, AS WELL AS THOSE OF THE BENEFICIARIES OF THE CESTUI QUE TRUST, GIVEN TO THE PETITIONER, CRAWFORD, BY HIS ORIGINAL STATUS AS "FOREIGN SOVEREIGN" VIA THE "CONTRACTS", "COVENANTS" OF THE ONE TRUE GOD AND MEMBERS OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN. THIS JUSTIFIED US SEEKING TO ESTABLISH MULTI-DISTRICT LITIGATION AND FOR WHICH WE CURRENTLY MOTION THAT THESE CASES BE GATHERED AND TRANSFERRED TO THE STATE OF NEW JERSEY DISTRICT COURT, NEWARK DIVISION TO BE DETERMINED WITH THE OTHER CASES PENDING BEFORE THAT COURT. WE RENEW THE MOTION TO DISQUALIFY, HAVE JUDGE AUSTIN SIT ON THESE CASES CALLING HER BACK AND SEEK 28 U.S.C. 1404(a) TRANSFER TO NEW JERSEY, IN RE: PLUMBING FIXTURES CASES, 298 F.Supp. 484 (1968); IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, 2015 WL 13387769 (E.D.La.2015); BROOKLYN DOWNTOWN, LLC. v. NEW YORK HOTEL AND MOTELS TRADES, F.Supp.3d., 2015 WL 779441. IF SUCH FACTORS SHOW SUBSTANTIAL IMPAIRMENT, THE INQUIRY TURNS TO THE MEANS AND ENDS OF THE LEGISLATION AND OR JUDICIAL DETERMINATION WHICH OBVIOUSLY IN THE CURRENT DNA APPLICATION CASE THE STATE IS IN EGREGIOUS VIOLATION OF. THE LAWS AND OR JUDICIAL RULINGS AND OR ACTIONS BEING BROUGHT TO BEAR BEFORE THIS AND THE VARIOUS INVOLVED COURTS INVOLVED ARE NOT "REASONABLE AND APPROPRIATE" TO ADVANCE THE PUBLIC PURPOSE, WHEN THEY ARE UNCONSTITUTIONAL AND VOID UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION AS ARGUED WITHIN CASE 2025-000812 AND OTHER RELATED CASES OF THE BENEFICIARIES OF THE CESTUI QUE TRUST, AS THEY ARE LACED WITH LACK OF JURISDICTION AND OVERWHELMING DUE PROCESS VIOLATIONS, SEPARATION OF POWERS CLAUSE VIOLATIONS, FRAUD UPON THE COURT, OBSTRUCTION OF JUSTICE, AIDING AND ABETTING IN OVER 24 COUNTS OF CLASS "A" FELONIES OF CRIMINAL SEXUAL CONDUCT RELATED TO MICHAEL LEE AND THE PETITIONER'S MINOR CHILD, AND BEING UNCONSTITUTIONAL AND VOID. THE ACTS DEFY "JUSTICE AND FAIRNESS" IN VIOLATION OF THE TERMS OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS WHETHER THE CASES ARE CIVIL OR CRIMINAL WHERE ONCE THIS OCCURS THE CRIMINAL CASES BECOME "CIVIL" DUE TO VIOLATION OF THE TERMS OF THE "GRANT" ESTABLISHED BY "CONTRACT", "COVENANT" AND THE FILING OF HABEAS CORPUS, MELENDEZ v. CITY OF NEW YORK, 16 F.4TH. 992, 996+ (2nd.Cir.2021); HEIGHTS

APARTMENTS, LLC. v. WALZ, 30 F.4TH. 720 (8th.Cir.2022); NEKRILON v. CITY OF JERSEY CITY, 45 F.4TH. 662 (3rd.Cir.2022). THE CONTRACT CLAUSE OF THE U.S. CONSTITUTION APPLIES TO MUNICIPAL ORDINANCE AND YOUR CRIMINAL CODES WHICH COME FROM GOD'S MORAL CODES GIVEN TO YOUR NATION AS A "GRANT" WITH CONTRACTUAL OBLIGATION BY THE CHRISTIANS, MUSLIMS AND JEWS OF THIS WORLD TO "GLOBALLY" PROTECT, ALARM DETECTION SYS. INC. v. VILLAGE OF SCHAUMBERG, 930 F.3d. 812, 822 (7th.Cir.2019). IT IS NOT A SUBSTANTIAL PUBLIC PURPOSE TO VIOLATE DUE PROCESS LAW. IT IS NOT A SUBSTANTIAL PUBLIC PURPOSE TO ENGAGE IN SHAM LEGAL PROCESS RUBBER STAMPING FRAUD PROCURED INDICTMENT CLAIMING THAT THEY WERE PASSED UPON BY THE GRAND JURY WHEN NO SUCH GRAND JURY REVIEW OCCURRED AT ALL. IT IS NOT A SUBSTANTIAL PUBLIC PURPOSE TO TAKE AWAY A PERSON'S PRESUMPTION OF INNOCENCE AND PRE-DETERMINE IN ADVANCE THE OUTCOME OF JUDICIAL PROCEEDINGS BY THE LANGUAGE OF INDICTMENTS THEN CONSTRUCTIVELY AMEND THEM ON THE MENS REA ELEMENT IN EFFORTS TO CURE THE CONSTITUTIONAL STRUCTURAL ERROR DEMONSTRATING THIS IS NOT HARMLESS ERROR FURTHER UTILIZED TO SPOOK CITIZENS INTO GIVING UNCONSTITUTIONAL GUILTY PLEAS. THIS ACT IS DONE TO FURTHER "RAPE AND PILLAGE" CITIZENS TO PRODUCE FINES, RESTITUTIONS, LAWYER COST AND OTHER COURT FEES PRODUCING A COMMERCIAL DYNAMIC TO THIS THING SUCH AS EVEN PRIVATIZING PENAL INSTITUTIONS FOR STATE PRISONERS AND IMMIGRATION, PRODUCING COMMERCIAL EXCEPTION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT. IT IS NOT A SUBSTANTIAL PUBLIC PURPOSE TO DENY DNA EVIDENCE TO CONCEAL THE FRAMING AND OR KIDNAPPING (HOSTAGE TAKING) OF A FOREIGN SOVEREIGN KING, KHALIFAH BEHIND RELIGIOUS AND RACIAL HATRED PRODUCING HATE CRIME WHICH ALSO TRIGGERS THE STATE SPONSORED TERRORISM PROVISION OF THE FOREIGN SOVEREIGN IMMUNITY ACT ALSO MAKING THE CASE REMOVABLE UNDER THESE CIRCUMSTANCES. THE ACTION IS DESIGN TO PREVENT THE FIDUCIARY HEIR, KING AND BENEFICIARIES OF THE CESTUI QUE TRUST FROM EXERCISING THE FULL BENEFITS OF THE "CONTRACT", "COVENANT", ESTABLISHED BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, OR TO CONSPIRE UNDER COLOR OF STATE LAW IN VIOLATION OF THE CIVIL RIGHTS AND FOREIGN SOVEREIGN IMMUNITY ACT TO PREVENT FEDERAL REMOVAL AND ESTABLISH THESE CASES BEFORE JUDGE AUSTIN SEEKING THAT SHE BE RECALLED TO THE BENCH ALLOWING US TO INVOKE THE MAGISTRATE STATUTE FOR THIS

PURPOSE. WHEN IT COMES TO INVOKING PROTECTIONS UNDER THE FOREIGN
SOVEREIGN IMMUNITY ACT IN THIS INSTANCE, EVERY ACT DO NOT HAVE TO
BE COMMERCIAL IN NATURE IF IT HAS A CAUSAL CONNECTION TO
COMMERCIAL ACTS (YOUR PRISONS ARE BIG BUSINESS IN THIS NATION)
AND SUCH AS COLLECTING FEES AND PENALTIES, SEIZURES OF PROPERTIES
ETC. FOR THESE CRIMINAL CONVICTIONS. THE TURKIYE RULING FAILED TO
TAKE THESE MATERIAL JURISDICTIONAL FACTS INTO ACCOUNT. THUS,
THESE FACTORS CARVES AN EXCEPTION TO THE TURKIYE RULING IN THE
PETITIONER'S CASE AS WELL AS IN THE CASES OF THE BENEFICIARIES OF
THE CESTUI QUE TRUST AS ARGUED WITHIN THESE PENDING CASES,
DeSANCHEZ v. BANCO CENTRAL DeNICARAGUA, 770 F.2d. 1385, 54
U.S.L.W. 2230 (5th.Cir.1985); ROSESABAGINA v. REPUBLIC OF RWANDA,
--F.Supp.3d.--, 2023 WL 355951 (D.D.C.2023); VERLINDA B.V. v.
CENTRAL BANK NIGERIA, 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d.
81 (U.S.1983).

        THE FORERUNNER TO GOD'S CHRIST SEE HOW THIS NATION HANDLES
YOUR COURTS SINCE THE TIME OF SLAVERY AND JIM CROW LAWS WITHIN
THIS NATION IN YOUR POLITICAL AFFAIRS WHICH IS FURTHER
ILLUSTRATED IN HOW YOUR NATION CURRENTLY ADDRESS YOUR IMMIGRATION
PROBLEM WHICH IS EXTREMELY WANTING BEFORE THE FACE OF THE ONE
TRUE GOD. "DO NOT OPPRESS THE STRANGER AT THEY GATE". THIS IS THE
LAW OF THE ONE TRUE GOD DEMONSTRATING YOUR NATION IS IN VIOLATION
OF THE TERMS OF THE "GRANT" REGARDING THIS MATTERS AS WELL. YOU
ARE NOT INDIGENOUS HERE. YOUR ANCESTORS MIGRATED HERE YOURSELVES
IN YOUR ACTING UPON THESE FAR RIGHT WHITE NATIONALIST GOING
STRAIGHT TO THE HELLFIRE IDEOLOGIES. THE FIDUCIARY HEIR, KING,
KHALIAH, IMAM, NAZARITE HIGH PRIEST AND LAWGIVER OF THE ONE TRUE
GOD CANNOT PERMIT YOUR NATION TO CONTINUALLY OPERATE AS YOU DO
MAKING USE OF OUR MORAL CODES WITH SEEMING IMPUNITY WITHOUT SOME
BUFFER, SOME SYSTEM OF CHECKS AND BALANCES BEING INSTALLED,
ESPECIALLY IN LIGHT OF THE FACT THAT I AM HERE TO USHER IN THE
FINAL CHAPTER IN EARTH'S HISTORY. OUR GOD ALLOWED HIS SERVANT TO
BE FRAMED SO I COULD EXPERIENCE YOUR INJUSTICES UP CLOSE AND
PERSONAL. PROTECTIONS ORDAINED BY THE ONE TRUE GOD ARE TO BE SET
IN PLACE FOR THE GLOBAL BELIEVERS WITHIN YOUR GLOBAL NATIONS BY
THE COMMAND OF THE ONE TRUE GOD VIA THE LITIGATION PENDING BEFORE
YOUR COURTS. I AM HERE TO SUPERVISE YOUR GLOBAL COURTS WHEN IT

COMES TO DEALING WITH GOD'S PEOPLE THAT RESIDE WITHIN YOUR GLOBAL NATIONS BORDERS. CONSENT FOR FURTHER ACTS OF PROSECUTION MUST BE OBTAINED BY THE DECREE OF THE ONE TRUE GOD FOR THE SAKE OF "JUSTICE AND FAIRNESS". LOOK AT HOW "YELLOW DOG", DONALD TRUMP IS USING, WEAPONIZING THE COURTS AND POLITICAL APPARATUS FOR HIS PERVERTED, WICKED, GREEDY INTERESTS, THE RICH GET RICHER AND THE POOR GET POORER LIKE YOU ALL LOST YOUR COTTON PICKIN' MINDS BEFORE THE ONE TRUE GOD OF THE HEAVENS AND EARTH. NOT ON MY WATCH. BY THE COMMAND OF THE ONE TRUE GOD, HIS SERVANT STANDS IN THE GAP. POST CONVICTION RELIEF CASES ARE CIVIL CASES IN WHICH A PETITIONER MAY PRESENT LIMITED COLLATERAL CHALLENGES TO A CRIMINAL CONVICTION AND SENTENCE. THUS, THE FOREIGN SOVEREIGN IMMUNITY ACT AND REMOVAL APPLIES, JOHNSTON v. STATE, 164 N.E.3d. 807 (Ind.2021); STATE v. WILKINS, 127 Ohio.App.3d. 306 (Sup.Ct.1998); COLLINS v. CARTLEDGE, 2014 WL 8396824, * 1 DSC.; COUNSEL v. CATOE, 359 S.C. 120, 597 S.E.2d. 782 (S.C.App.2004).

IF A CRIMINAL CASE PROCEEDS BEFORE ANY COURT WITHIN THE NATION, BOTH STATE AND FEDERAL, AND THAT PERSON BEFORE GOING TO TRIAL FILES A HABEAS CORPUS PETITION TO ADDRESS THE LAWFULNESS OF THE DETAINMENT OR CRIMINAL PROCEEDINGS BEING CONDUCTED? THAT CRIMINAL CASE THEREUPON IS NO LONGER TO BE CONSIDERED CRIMINAL ALONE. IT BECOMES "CIVIL" BECAUSE A HABEAS CORPUS PROCEEDING IS INDISPUTABLY A "CIVIL ACTION". A WRIT OF HABEAS CORPUS IS A "CIVIL" PROCEEDING, NOT A CRIMINAL PROCEEDING, THOUGH IT DEALS WITH A CRIMINAL CHARGE. THIS MEANS THAT A PERSON FILING A PETITION FOR WRIT OF HABEAS CORPUS MUST FOLLOW THE COURT RULES FOR CIVIL PROCEDURE DEMONSTRATING THAT THE F.S.I.A. IN THESE INSTANCES INVOLVING THE BENEFICIARIES OF THE CESTUI QUE TRUST REGARDING ANY ALLEGED CRIMINAL OFFENSE DO INDEED ATTACH TO CRIMINAL PROCEEDINGS IN THIS REGARD MAKING IT REMOVABLE UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT. 28 U.S.C. §§ 2241-2255 ARE CIVIL PROCEEDINGS. BY THE U.S. SUPREME COURT OWN RULING IN THIS CASE UNDER TURKIYE THAT THE F.S.I.A. ONLY APPLIES TO "CIVIL" CASES? IN THIS CASE IT DOES APPLY TO CRIMINAL CASES WHEN WITHIN THAT CRIMINAL CASE A PETITION FOR WRIT OF HABEAS CORPUS IS FILED THEREUPON MAKING THAT CRIMINAL CASE "CIVIL" BY THE FILING OF THE HABEAS CORPUS PETITION FOR THE PURPOSE OF DETERMINING

JURISDICTION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT, FINE v. COMMISSIONER OF CORRECTIONS, 81 A.3d. 1209 (Conn.2013); PARROTT v. GOVERNMENT OF VIRGIN ISLANDS, 230 F.3d. 615 (3rd.Cir.2000); OBANDO-SEGURA v. GARLAND, 999 F.3d. 190(4th.Cir.2021); WOODFOR v. NGO, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d. 368 (U.S.2006). THE MONETARY RELIEF SOUGHT UNDER § 1983 AND THE F.S.I.A. PURSUANT TO PUNITIVE DAMAGES AGAINST RICHLAND AND KERSHAW COUNTIES FOR FAILING TO PROSECUTE MICHAEL LEE FOR THE OVER 24 COUNTS OF CRIMINAL SEXUAL CONDUCT WITH A MINOR AGAINST MY MINOR CHILD TO SOLICIT PERJURED TESTIMONY FROM HIM IS SET A $3.5 BILLION FOR EACH COUNTY WHICH LED TO THE KIDNAPPING AND ILLEGAL SEIZURE OF A FOREIGN SOVEREIGN KING, KHALIFAH AND HIGH PRIEST OF THE ONE TRUE GOD BEHIND RELIGIOUS AND RACIAL HATRED IN VIOLATION OF THE CIVIL RIGHTS ACT AND FOREIGN SOVEREIGN IMMUNITY ACT. I WANT THAT DEVIL EX-STEPSON OF MINE FOUND MR. PAULING III AND MR GIPSON. COPY OF THIS DOCUMENT IS SERVED UPON YOU. FAILURE TO RELEASE THAT DNA AND OTHER EVIDENCE OF ACTUAL INNOCENCE SHALL RESULT IN EVENTUAL CRIMINAL CHARGES BEING LEVIED AGAINST YOU FOR AIDING AND ABETTING AFTER THE FACT IN OVER 24 COUNTS OF CRIMINAL SEXUAL CONDUCT WITH A MINOR AND ASSESSORY AFTER THE FACT TO MURDER BECAUSE IT WILL TURN OUT THAT HIS SEXUAL ASSAULT OF HER IS WHAT POTENTIALLY KILLED HER AND YOU DEVILS IN THIS STATE HELP COVER IT UP BEHIND RELIGIOUS AND RACIAL HATRED!!! YOU DEVILS IN THESE COUNTIES AIDED HIM TO ELUDE PROSECUTION BY FAILING TO TEST THAT DNA TO HIM. FIND HIM NOW!!! GENTLEMEN, (MR. PAULING III AND MR. GIPSON) OR THE PUNITIVE DAMAGES SHALL INCREASE AGAINST YOU AND YOUR COUNTIES EXPONENTIALLY.

    HERE THE COURT AND PARTIES WILL FIND:

        (1) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE JUDGE'S TEXT ORDER VACATING THE COMPLAINT CHALLENGING THE OHIO DISTRICT COURT'S JURISDICTION TO ISSUE IT DUE TO FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION; MOTION TO EXCEED THE PAGE LIMIT AND FOR ACCEPTANCE; NOTICE SEEKING LEAVE TO APPEAL; NOTICE OF SEEKING PRELIMINARY INJUNCTION FROM THE 6TH. CIRCUIT AND MOTION TO MOTION THEREFOR", [70] PAGES

DATED OCTOBER 1, 2024.

(2) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE'S ORDER: RULES FOR DOCUMENTS SUBMITTED IN THE CASE DOCUMENT # 40; MOTION TO VACATE IT DUE TO FRAUD UPON THE COURT, CONSPIRACY, VIOLATIONS OF 18 U.S.C. § 1001; VIOLATION OF THE SEPARATION OF POWERS CLAUSE AND UNCONSTITUTIONAL ACTION; MOTION TO CHALLENGE THE COURT'S JURISDICTION TO ISSUE IT; MOTION TO RENEW THE MOTION FOR RECUSAL AND MOTION TO MOTION THEREFOR", [40] PAGES DATED NOVEMBER 22, 2024.

(3) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO AMEND THE NOTICE OF APPEAL TO SEEK CHANGE OF VENUE; MOTION FOR ACCEPTANCE AND MOTION TO MOTION THEREFOR", [40] PAGES DATED MARCH 14, 2025.

(4) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO DISQUALIFY SLED AND THE STATE OF SOUTH CAROLINA ENTITLES FROM CONDUCTING THE DNA ANALYSIS SEEKING TO HAVE IT DONE BY AN INDEPENDENT SOURCE AND OR ENTITY DUE TO CONFLICT OF INTEREST AND MOTION TO MOTION THEREFOR", [5] PAGES DATED AUGUST 5, 2025.

THE PETITIONER GIVES THE KERSHAW COUNTY COURT OF GENERAL SESSIONS AND ALL INVOLVED COURTS JUDICIAL NOTICE. THE STATE OF SOUTH CAROLINA BROUGHT THE APPLICANT'S RELIGIOUS BELIEFS UP AT TRIAL FOR THE SAKE OF ESTABLISHING LAW IN VIOLATION OF PROTECTIONS ESTABLISHED BY THE U.S. CONSTITUTION 1st. AMENDMENT WHEN THESE RELIGIOUS BELIEFS HAD ABSOLUTELY NOTHING TO DO WITH THE OFFENSE FOR WHICH THE APPLICANT WAS CHARGED, TO TAINT THE MINDS OF THE JURORS TO THE EXTREME PREJUDICE TO THE APPLICANT, CLAIMING BY THAT TESTIMONY THAT THE APPLICANT "WAS A PROPHET TRYING TO SAVE THE WORLD" TO MAKE THE APPLICANT APPEAR THAT HE WAS A RELIGIOUS FANATIC OR TWO CANS SHORT OF A SIX PACK WHICH HAS BEEN DISPROVEN BY PSYCHOLOGICAL EXAMINATION OF 7 DIFFERENT FORENSIC PSYCHOLOGIST. THESE DOCUMENTS NOW SUBMITTED BEFORE THE

KERSHAW COUNTY GENERAL SESSIONS COURT AND FILED WITHIN AND BEFORE THE FEDERAL COURTS INVOLVED IS WHY THOSE CLAIMS WERE INAPPROPRIATELY, IN AN ABUSE OF DISCRETION, ALLOWED TO BE ENTERED INTO THE COURT RECORD. BY THIS LITIGATION PRESENTED PENDING WITHIN 7 DISTRICT COURTS AROUND THE NATION, WITHIN THE 6TH. CIRCUIT COURT OF APPEALS, THE 11th. CIRCUIT COURT OF APPEALS AND THE 4th. CIRCUIT COURT OF APPEALS, THE APPLICANT IS THE FIDUCIARY HEIR, KING, KHALIFAH, IMAM, NAZARITE HIGH PRIEST AND LAWGIVER OF THE ONE TRUE GOD, A MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN ESTABLISHED BY "CONTRACT", BY "COVENANT", OF THE 3 MONOTHEISTIC RELIGIONS, PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, BY THE "CONTRACT" CLAUSE OF THE FOREIGN SOVEREIGN IMMUNITY ACT, BY THE 1st. AMENDMENT FREE EXERCISE CLAUSE AS WELL AS BY STATE AND FEDERAL PROBATE LAW. THIS IS THE THE HEART OF THE MATTER AND IMPETUS, THE SOURCE OF THEIR MOTIVE AND CLAIM OF THE STATE ACTORS WITHIN THE STATE OF SOUTH CAROLINA FRAMING THE APPLICANT BEHIND RELIGIOUS AND RACIAL HATRED. SINCE THIS MATTER WAS BROUGHT UP AT THE APPLICANT'S TRIAL THESE DOCUMENTS ARE RELEVANT AND ADMISSIBLE SUBMITTED IN SUPPORT OF SEEKING THE FORENSIC DNA TESTING THAT WAS UNCONSTITUTIONALLY DENIED THE APPLICANT AND OR INAPPROPRIATELY DELAYED THE APPLICANT FROM RECEIVING SINCE 2006, AND FOR WHICH IN ACTS OF CONSPIRACY AND OBSTRUCTION OF JUSTICE WAS DONE REQUIRING THAT THE DNA TESTING BE CONDUCTED FORTHWITH. GENERALLY, THE CHILDREN OF FOREIGN MONARCHS TAKEN BY FORCE DURING THE TRANS-ATLANTIC SLAVE TRADE, ETHIOPIAN KINGS WITH DIRECT TIES TO THE THRONE OF ISRAEL THROUGH KINGS DAVID AND SOLOMON, WHO ALSO IN THIS INSTANCE, HAVE DIRECT TIES TO THE ISLAMIC KHALIFATE, OR THEIR STOLEN OFFSPRING, WOULD NOT BE CONSIDERED U.S. CITIZENS BY BIRTHRIGHT DUE TO THE "SUBJECT TO THE JURISDICTION THEREOF" CLAUSE OF THE 14th. AMENDMENT. FOREIGN MONARCHS AND THEIR FAMILY STOLEN, KIDNAPPED BY FORCE THROUGH THE TRANS-ATLANTIC SLAVE TRADE TYPICALLY ENJOY SOVEREIGN IMMUNITY, SIMILAR TO DIPLOMATIC IMMUNITY, WHICH MEANS THEY ARE NOT SUBJECT TO THE JURISDICTION OF THE UNITED STATES IN THE SAME WAY AS OTHER INDIVIDUALS, ACCORDING TO THE LEGAL ANALYSIS IN UNITED STATES v. WONG KIM ARK (1898) AND THE AMERICAN IMMIGRATION COUNSEL. CRAWFORD IS THE DIRECT DESCENDANT OF THE

EARTH'S GREATEST PROPHETS AND KINGS, HIS ANCESTORS WERE NOT
NORMAL SLAVES TAKEN BY FORCE AND ACTS OF KIDNAPPING IN VIOLATION
OF THE STATE SPONSORED TERRORISM PROVISION OF THE FOREIGN
SOVEREIGN IMMUNITY ACT. THIS IS SUPPORTED BY "CONTRACT", BY
"COVENANT" PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S.
CONSTITUTION, THE 1st. AMENDMENT AND STARE AND FEDERAL PROBATE
LAW AS ARGUED IN THE CASE. THE EXCEPTION TO THE BIRTHRIGHT
CITIZENSHIP FOR CHILDREN OF FOREIGN DIPLOMATS OR FOREIGN
SOVEREIGN KINGS IS ROOTED IN THE COMMON LAW, ALSO CARVING
EXCEPTION TO THE TURKIYE RULING, WHICH ALSO RECOGNIZED THE
DISTINCT STATUS OF FOREIGN SOVEREIGNS. TO BE A CITIZEN BY
BIRTHRIGHT, A PERSON MUST OWE "FULL" ALLEGIANCE TO THE UNITED
STATES AND NO OTHER COUNTRY. THE APPLICANT'S ALLEGIANCE IS TO THE
THRONE OF ISRAEL AND THE CHRISTIAN, MUSLIM JEWISH STATE BY DECREE
OF THE ONE TRUE GOD AS RELIGIOUS PROPHESY FORETOLD VIA THE "KING
OF THE NORTH" WRITTEN IN THE BOOK OF DANIEL CHAPTER 11 AND OTHER
PASSAGES WITHIN THE CONTRACT, COVENANT ARGUED WITHIN THE
DOCUMENTS. BY THE "CONTRACT", "COVENANT" OF THE SOLE CORPORATION
AND FOREIGN SOVEREIGN CROWN, THE ONE TRUE GOD'S HOLY KINGS,
KHALIFAHS AND HIGH PRIESTS, THE APPLICANT'S ALLEGIANCE IS TO THE
THRONE OF ISRAEL AND THE KINGDOM OF IRON MIXED WITH MIRY CLAY
FORETOLD IN THE BOOK OF DANIEL CHAPTER 2:41-44. EVEN IF THE
MONARCH OR CHILDREN RELATED THERETO WERE MISTAKINGLY GIVEN U.S.
CITIZENSHIP, RENOUNCING IT MAY FOLLOW THE SAME PROCESS OF ANY
OTHER U.S. CITIZEN. HOWEVER, THE FOUNDATIONAL ARGUMENT IS THAT
SUCH A CHILD WOULD NOT LIKELY BE A CITIZEN TO BEGIN WITH
DEMONSTRATING THAT THE REQUIREMENT TO RENOUNCE CITIZENSHIP AT A
U.S. EMBASSY WITHIN A FOREIGN NATION AND THE APPLICABLE PAPERWORK
WOULD NOT BE REQUIRED. WHAT ADDITIONAL PROCESS WOULD BE REQUIRED
TO RENOUNCE A CITIZENSHIP THAT DID NOT LEGALLY EXIST UNDER THE
14th. AMENDMENT IN THE FIRST PLACE? IT IS BY THESE DOCUMENTS THAT
THE APPLICANT BEFORE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS
INVOKES ALL RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES ESTABLISHED
BY THE FOREIGN SOVEREIGN IMMUNITY ACT. THE APPLICANT MOTIONS TO
DISQUALIFY SLED AND ANY SOUTH CAROLINA ENTITY IN CONDUCTING THE
REQUIRED FORENSIC DNA ANALYSIS DUE TO CONFLICT OF INTEREST WHERE
THEY TOOK A DIRECT PART AND HAND IN THE INJUSTICES ARGUED BEFORE
ALL COURTS INVOLVED.

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F3B. RM. 148
EVANS C.I. 610 HWY. 9 WEST
BENNETTSVILLE, S.C. 29512

IN RE: APPLICATION FOR FORENSIC DNA TESTING UNDER CASE NO. 2004-GS-28-0385 PENDING BEFORE THE GENERAL SESSIONS COURT.

TO: THE KERSHAW COUNTY CLERK OF COURT,

ATTACH THE COURT WILL FIND, TWO COPIES OF THE (4) PAGE LEAD DOCUMENT AND THE TWO EXHIBITS REFERRED TO THEREIN. PLEASE FILE THESE DOCUMENTS WITHIN THE ABOVE CAPTIONED CASE AND THEN RETURN TO ME THE ADDITIONAL COPY OF THE (4) PAGE LEAD DOCUMENT CLOCKED STAMPED SO THAT I WILL KNOW THAT THE COURT RECEIVED THIS PLEADING AND IT IS INDEED FILED WITHIN THE CASE CAPTIONED ABOVE. THANK YOU IN ADVANCE FOR YOUR KIND ASSISTANCE WITH THIS MATTER. STILL REMAIN,

RESPECTFULLY,
JONAH THE TISHBITE

JULY 2, 2025

22-of-70

RECEIVED
AUG 04 2025
S.C. SUPREME COURT

THE STATE OF SOUTH CAROLINA )  THE COURT OF GENERAL SESSIONS

THE COUNTY OF KERSHAW )  THE 5TH. JUDICIAL CIRCUIT

)

LAWRENCE L. CRAWFORD AKA )

JONAH GABRIEL JAHJAH T. )  CASE NO. 2004-GS-28-0385

TISHBITE, )  APPLICATION FOR FORENSIC DNA

)  TESTING

           PETITIONER )

)

)

)

Vs. )

)

)  **AFFIDAVIT OF SERVICE**

)

THE STATE OF SOUTH CAROLINA )

)

      RESPONDENT )

)


    I, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO CHALLENGE THE KERSHAW COUNTY GENERAL SESSIONS COURT'S JURISDICTION TO HOLD A MERITS HEARING ON SEPTEMBER 2, 2025 DUE TO VIOLATIONS OF THE SEPARATION OF POWERS CLAUSE AND UNCONSTITUTIONAL ACTION AND MOTION TO MOTION THEREFOR, ON THE KERSHAW COUNTY COURT OF GENERAL SESSIONS, SOLICITOR CURTIS A. PAULING III, AND ALL INVOLVED PARTIES, WITH ITS ATTACHMENTS, BY PLACING THEM IN THE INSTITUTION MAILBOX ON JULY 28, 2025.

                    RESPECTFULLY,

                    JONAH THE TISHBITE

23-of-70

1-of-4

JULY 28, 2025

**RECEIVE**

AUG 04 2025

S.C. SUPREME COU

THE STATE OF SOUTH CAROLINA    THE COURT OF GENERAL SESSIONS

THE COUNTY OF KERSHAW    )    THE 5TH. JUDICIAL CIRCUIT
    )
    )
LAWRENCE L. CRAWFORD AKA    )
JONAH GABRIEL JAHJAH T.    )    CASE NO. 2004-GS-28-0385
TISHBITE,    )    APPLICATION FOR FORENSIC DNA
    )    TESTING
    )
        PETITIONER    )
    )
    )    AFFIDAVIT OF FACTS GIVING
    )    JUDICIAL NOTICE; MOTION TO
Vs.    )    CHALLENGE THE KERSHAW COUNTY
    )    GENERAL SESSIONS COURT'S
    )    JURISDICTION TO HOLD A MERITS
    )    HEARING ON SEPTEMBER 2, 2025
THE STATE OF SOUTH CAROLINA    )    DUE TO VIOLATIONS OF THE
    )    SEPARATION OF POWERS CLAUSE
        RESPONDENT    )    AND UNCONSTITUTIONAL ACTION
    )    AND MOTION TO MOTION THEREFOR


TO: THE KERSHAW COUNTY GENERAL SESSIONS COURT,
        SOLICITO CURTIS A PAULING III ET. AL.,

    HERE THE KERSHAW GENERAL SESSIONS COURT AND ALL PARTIES
WILL FIND:

        (1) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT
ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO
FILE OBJECTIONS TO THE RESPONDENT'S RESPONSE; MOTION TO STRIKE
THE RESPONSE DUE TO IT BEING UNTIMELY SUBMITTED IN VIOLATION OF
THE STATUTE WHERE THE RESPONDENT FAILED TO ESTABLISH CAUSE OR
EXCUSE FOR THE DELAY AND MOTION TO MOTION THEREFOR", [24] PAGES
DATED JULY8, 2025 THAT IS CURRENTLY FILED WITHIN THE SOUTH
CAROLINA SUPREME COURT UNDER CASE 2025-00812 CURRENTLY PENDING
BEFORE THAT COURT.

RECEIVED

AUG 0 4 2025

S.C. SUPREME COURT

(2) A COPY OF THE DOCUMENT ENTITLED, "RULE 56 AFFIDAVIT SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY DISMISSAL OF APPLICATION FOR FORENSIC DNA TESTING; MOTION TO FILE OBJECTIONS TO ANY EFFORT TO THE ATTEMPTS AT SUMMARY DISMISSAL RENEWING THE PREVIOUS FILED MOTION TO FILE OBJECTIONS IN OPPOSITION TO THE RESPONDENT'S RESPONSE DUE TO IT BEING UNTIMELY SUBMITTED IN VIOLATION OF THE STATUTE WHERE THE RESPONDENT FAILED TO ESTABLISH CAUSE OR EXCUSE FOR THE DELAY AND MOTION TO MOTION THEREFOR, [24] PAGED DATED JULY 8, 2025", THIS DOCUMENT BEING [23] PAGES DATED NOTARIZED ON JULY 24, 2025.

INSOMUCH, IT IS BY THESE ATTACHED AND SUBMITTED PLEADING THAT THE APPLICANT-PETITIONER CHALLENGES THE KERSHAW COUNTY GENERAL SESSIONS COURT'S JURISDICTION TO CONDUCT ANY MERITS HEARING WHATSOEVER THAT IS SCHEDULED FOR SEPTEMBER 2, 2025 REGARDING THESE MATTERS. THE STATE OF SOUTH CAROLINA VIA ITS APPOINTED SOLICITOR IS IN DEFAULT, FORFEITURE AND WAIVER. THE DNA STATUTE REQUIRED THE RESPONDENT'S RESPONSE WITHIN (90) DAYS, NOT COMING CLOSE TO 5 YEARS. THE KERSHAW GENERAL SESSIONS COURT CANNOT SUBTLY EXPAND OR FORCE CONSTRUCT THE PLAIN LANGUAGE OF THE STATUTE. YOUR JURISDICTION IS MADE VOID DUE TO VIOLATIONS OF THE APPLICABLE DNA STATUTES, THE CLAIM AND OR PROCEDURAL PROCESSING RULE THAT WAS TIMELY INVOKED AT THE ONE YEAR MARK OF THESE PROCEEDING SUPPORTED BY UNITED STATES v. WHEELER, FORTBEND COUNTY, TEXAS v. DAVIS AND PURSUANT TO U.S. SUPREME COURT HOLDINGS UNDER BETTERMAN v. MONTANA AS IS ARGUED IN THE ATTACHED DOCUMENTS NOW FILED BEFORE THIS COURT. THE GENERAL SESSIONS COURT CANNOT LEGALLY CONDUCT A MERITS HEARING WITHIN A PROCEEDINGS THAT HAS BECOME UNCONSTITUTIONAL AND VOID PLACING THESE MATTERS BEYOND THE COURT'S JURISDICTION TO LEAVE IN PLACE THE CONVICTION. I OBJECT. THE ONLY THING LEFT FOR THE GENERAL SESSIONS COURT TO DO, IS ANNOUNCE THESE FACTS AND DISMISS THE CAUSE OF CONVICTION AGAINST THE PETITIONER, WHICH THE PETITIONER-APPLICANT MOTIONS FOR. THE COURT CANNOT LEGALLY EXPAND JURISDICTION THAT THE COURT NO LONGER HAVE BY JUDICIAL DECREE. SEE TWO ATTACHED DOCUMENTS SUBMITTED IN SUPPORT OF THIS POSITION. ORDER TO EXPUNGE THE

APPLICANT'S CRIMINAL RECORD AND NAME CHANGE IS ALSO SOUGHT IN FUNDAMENTAL FAIRNESS TO THE APPLICANT.

RESPECTFULLY,

JONAH THE TISHBITE

JULY 28, 2025

RECEIVED

AUG 0 4 2025

S.C. SUPREME COURT

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F3B. RM. 148
EVANS C.I. 610 HWY. 9 WEST
BENNETTSVILLE, S.C. 29512


IN RE: CASE 2025-000812


TO THE SOUTH CAROLINA SUPREME COURT,

I SENT A COPY OF THIS DOCUMENT TO THE COURT ON JULY 24, 2025. THE LAST DOCUMENT I SENT TO THE COURT TWICE, YET Ms. SHEALY SAID TO MY FAMILY THAT THE COURT NEVER RECEIVED IT. IN AN ABUNDANCE OF CAUTION THE DOCUMENT IS BEING SENT AN ADDITIONAL TIME TO ENSURE FILING. IF YOU DID RECEIVE THIS DOCUMENT, PLEASE CLOCK STAMP THIS ADDITIONAL COPY AND RETURN IT TO ME TO ENSURE THAT THE COURT DID INDEED RECEIVE THE DOCUMENT AND THAT IT IS FILED WITHIN THE CASE CAPTIONED. I THANK YOU IN ADVANCE. STILL REMAIN,


RESPECTFULLY,
JONAH THE TISHBITE


JULY 28, 2025


27-of-70



LAWRENCE L CRAWFORD
#300839 F3B Rm 148
EVANS CI 610 Hwy 9 West
Bennettsville SC 29512

RECEIVED
AUG 04 2025
S.C. SUPREME COURT

The South Carolina
Supreme Court
P.O. Box 11330
Columbia, SC 29211

RECEIVED

AUG 04 2025

S.C. SUPREME COURT

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F3B. RM. 148
EVANS C.I. 610 HWY. 9 WEST
BENNETTSVILLE, S.C. 29512

THE SOUTH CAROLINA SUPREME COURT
P.O. BOX 11330
COLUMBIA, S.C. 29211


MR. BYRON E. GIPSON
THE 5TH. CIRCUIT SOLICITOR'S OFFICE
P.O. BOX 192
1701 MAIN STREET 3rd. FLOOR
COLUMBIA, S.C. 29202


SOLICITOR CURTIS A. PAULING III
KERSHAW COUNTY SOLICITOR'S OFFICE
1121 BROAD STREET
CAMDEN, SOUTH CAROLINA 29020


IN RE: TO SOLICITOR CURTIS A. PAULING III SUPPLEMENT RESPONSE
DATED FILED JULY 11, 2025 RECEIVED BY THE APPELLANT-APPLICANT ON
JULY 21, 2025 REGARDING CASE 2025-000812.


        TO: THE SOUTH CAROLINA SUPREME COURT,
            ATTORNEY CURTIS A. PAULING III,
            MS. BRENDA SHEALY ET. AL.,


        THE RESPONDENT IN THIS CASE SERVED ME WITH SUPPLEMENT TO
HIS INITIAL RESPONSE. I RECEIVED IT ON JULY 21, 2025 MAKING THIS
                          **29-of-70**
                          1-of-2

RESPONSE TIMELY FILED IN OPPOSITION. PLEASE FILE THE ATTACHED (23) PAGE DOCUMENT IN CASE 2025-000812. COPY IS SERVED ON MR. PAULING III. I THANK YOU IN ADVANCE. STILL REMAIN,

RESPECTFULLY,
JONAH THE TISHBITE



JULY 24, 2025

4

IN THE STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

———————————

RECEIVED
AUG 04 2025
S.C. SUPREME COURT

CASE DOCKET NO. 2025-000812

———————————

APPEAL FROM THE COUNTY OF KERSHAW
IN THE KERSHAW COUNTY COURT OF GENERAL SESSIONS

CASE NO. 2002-GS-28-00385
APPLICATION FOR FORENSIC DNA TESTING

———————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

                              APPELLANTS-PETITIONERS


                        Vs.


THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW ET. AL.,

                              RESPONDENT(S)

———————————

**AFFIDAVIT OF SERVICE**

———————————


        I, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF A DOCUMENT ENTITLED, "RULE 56 AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY DISMISSAL OF APPLICATION FOR FORENSIC DNA TESTING; MOTION TO FILE OBJECTIONS TO ANY EFFORT TO THE ATTEMPTS

AT SUMMARY DISMISSAL, RENEWING THE PREVIOUS FILED MOTION TO FILE OBJECTIONS IN OPPOSITION TO THE RESPONDENT'S RESPONSE DUE TO IT BEING UNTIMELY SUBMITTED IN VIOLATION OF THE STATUTE WHERE THE RESPONDENT FAILED TO ESTABLISH CAUSE OR EXCUSE FOR THE DELAY AND MOTION TO MOTION THEREFOR, [24] PAGES DATED JULY 8, 2025", ON THE SOUTH CAROLINA SUPREME COURT P.O. BOX 11330 COLUMBIA, S.C. 29211, MR. BYRON E. GIPSON THE 5TH. CIRCUIT SOLICITOR'S OFFICE P.O. BOX 192, 1701 MAIN STREET 3rd. FLOOR, COLUMBIA, S.C. 29202, SOLICITOR CURTIS A. PAULING III, KERSHAW COUNTY SOLICITOR'S OFFICE 1121 BROAD STREET, CAMDEN, S.C. 29020, BY U.S. MAIL, POSTAGE PREPAID, BY DEPOSITING IT IN THE INSTITUTION MAILBOX OR HANDED TO INSTITUTION AUTHORITIES ON JULY 24, 2025.

RESPECTFULLY,
JONAH THE TISHBITE



JULY 24, 2025

IN THE STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

RECEIVED

AUG 04 2025

S.C. SUPREME COURT

CASE DOCKET NO. 2025-000812

APPEAL FROM THE COUNTY OF KERSHAW
IN THE KERSHAW COUNTY COURT OF GENERAL SESSIONS

CASE NO. 2002-GS-28-00385
APPLICATION FOR FORENSIC DNA TESTING

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

APPELLANTS-PETITIONERS

Vs.

THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW ET. AL.,

RESPONDENT(S)

RULE 56 AFFIDAVIT SUBMITTED IN OPPOSITION TO MOTION FOR
SUMMARY DISMISSAL OF APPLICATION FOR FORENSIC DNA TESTING;
MOTION TO FILE OBJECTIONS TO ANY EFFORT TO THE ATTEMPTS
AT SUMMARY DISMISSAL RENEWING THE PREVIOUS FILED MOTION
TO FILE OBJECTIONS IN OPPOSITION TO THE RESPONDENT'S
RESPONSE DUE TO IT BEING UNTIMELY SUBMITTED IN VIOLATION
OF THE STATUTE WHERE THE RESPONDENT FAILED TO ESTABLISH
CAUSE OR EXCUSE FOR THE DELAY AND MOTION TO MOTION
THEREFOR, [24] PAGES DATED JULY 8, 2025.

TO: THE SOUTH CAROLINA SUPREME COURT,
    DEPUTY SOLICITOR CURTIS A. PAULING ET. AL.,

HERE THE COURT AND PARTIES WILL FIND:

(1) A COPY OF A LETTER SENT TO THE APPELLANT-APPLICANT FROM THE SOUTH CAROLINA SUPREME COURT DATED JULY 2, 2025 THAT WAS DIRECTLY SENT TO THE DEPUTY SOLICITOR, CURTIS A. PAULING III REGARDING CASE 2025-000812 CURRENTLY BEFORE THIS COURT.

(2) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS IN OPPOSITION TO THE RESPONDENT'S RESPONSE DUE TO IT BEING UNTIMELY SUBMITTED IN VIOLATION OF THE STATUTE WHERE THE RESPONDENT FAILED TO ESTABLISH CAUSE OR EXCUSE FOR THE DELAY AND MOTION TO MOTION THEREFOR", [24] PAGES DATED JULY 8, 2025. THIS DOCUMENT WAS PREVIOUSLY SENT TO THE S.C. SUPREME COURT. IT WAS SENT TO THE COURT A SECOND TIME DUE TO POTENTIAL QUESTION AS TO WHETHER THE COURT RECEIVED THE DOCUMENT OR NOT. IT HAS NOW ALSO BEEN DIRECTLY SERVED UPON BOTH CURTIS A. PAULING III AND MR. GIBSON OF THE 5TH. CIRCUIT SOLICITOR OFFICES.

INASOMUCH, THE RESPONDENT FILED PLEADING ON JUNE 27, 2025 WHICH THE [24] PAGE PLEADING DATED JULY 8, 2025 SENT IN BY THE APPELLANT WAS FILED TO ADDRESS AND REBUT. SINCE THAT TIME, THE RESPONDENT HAS FILED AND SERVED UPON THE APPELLANT-APPLICANT AN ADDITIONAL SUPPLEMENT PLEADING INDICATED BY HIS LETTER DATED JULY 11, 2025, THAT NOW CONTAINS A MOTION TO DISMISS THE APPLICATION FOR FORENSIC DNA TESTING THAT WAS NOT SERVED UPON THE APPLICANT PREVIOUSLY. THIS ADDITIONAL SUPPLEMENT PLEADING WAS RECEIVED BY THE APPELLANT-APPLICANT ON JULY 21, 2025 MAKING THIS RESPONSE IN OPPOSITION TO THE SUPPLEMENT PLEADING TIMELY, WHICH NOW ACCORDING TO THIS ADDITIONAL PLEADING HAS AN UNCONSTITUTIONAL AND VOID HEARING SCHEDULE ON SEPTEMBER 2, 2025 THAT EXIST IN VIOLATION OF THE APPLICABLE STATUTE WHERE THE LOWER COURT'S JURISDICTION IS VOID FOR THE UNCONSTITUTIONAL ACTION ARGUED UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION. THE

APPLICANT ADAMANTLY OBJECT TO THIS CONTINUED MANIFEST INJUSTICE PERPETRATED BY THE 5TH. CIRCUIT SOLICITOR'S OFFICE.

THE SAME DEFENSE, CLAIMS AND OBJECTIONS MADE WITHIN THE APPELLANT-APPLICANT'S RESPONSE TO THE RESPONDENT'S PREVIOUS PLEADING ARE RENEWED BEFORE THE HONORABLE S.C. SUPREME COURT IN CHALLENGING THIS ADDITIONAL SUPPLEMENT PLEADING NOW PLACE BEFORE THE S.C. SUPREME COURT. BASED UPON THESE JURISDICTIONAL FACTS, THE MOTION TO STRIKE THIS ADDITIONAL SUPPLEMENT PLEADING IS MADE FOR THE SAME REASONS ARGUED BY THE APPLICANT WITHIN THE PREVIOUS FILED PLEADING DATED JULY 8, 2025.

THE APPLICANT BRINGS THE COURT AND PARTIES ATTENTION TO THE COPY OF THE LETTER SENT TO THE PARTIES BY THE HONORABLE S.C. SUPREME COURT DATED JULY 2, 2025. THAT LETTER OF INSTRUCTION TO THE RESPONDENT READS:

"WILL ACKNOWLEDGE RECEIPT OF YOUR RESPONSE TO THE APPLICANT'S REQUEST FOR AN EXTRAORDINARY WRIT IN THIS COURT'S ORIGINAL JURISDICTION. WITHIN TEN DAYS (EMPHASIS ADDED) OF THIS LETTER, PLEASE FILE A SUPPLEMENTAL RESPONSE CLARIFYING (1) THE CURRENT STATUS OF THE CASE THAT IS STILL PENDING BELOW, (2) WHETHER THE SOLICITOR'S OFFICE HAS FILED A RESPONSE TO THE APPLICATION IN THE CIRCUIT COURT BELOW (EMPHASIS ADDED), AND (3) WHY THE CASE HAS REMAINED PENDING FOR FOUR YEARS. PLEASE ALSO PROVIDE PROOF THAT YOU HAVE SERVED YOUR SUPPLEMENT RETURN ON MR. CRAWFORD."

IT IS OBVIOUS THAT A CLERK DOES NOT HAVE JUDICIAL AUTHORITY GIVEN TO HER BY STATUTE OR THE CONSTITUTION. THEREFORE, IT IS NOT UNREASONABLE TO SURMISE THAT THE CLERK'S INSTRUCTION GIVEN BY THIS LETTER WAS GIVEN UNDER THE AUSPICES OF THE HONORABLE JUDGES OF THE S.C. SUPREME COURT. IT IS PERSPICUOUS THAT THE RESPONDENT WAS UNDENIABLE AWARE OF THIS INSTRUCTION GIVEN BY THE COURT. IT IS UNDENIABLE THAT THE RESPONDENT, AFTER FAILING TO ADHERE TO THE CLEAR INSTRUCTION GIVEN BY THE S.C. SUPREME COURT, HAS HAD AN ADDITIONAL OPPORTUNITY TO CORRECT ANY DEFICIENCIES IN HIS RESPONSE BY THE ADDITIONAL SUPPLEMENT NOW

PLACED FORTH, BUT UNTIL THIS VERY DAY HAS FAILED TO ADHERE TO THE CLEAR INSTRUCTIONS GIVEN TO HIM BY THE COURT TO THE EXTREME PREJUDICE OF THE APPELLANT-APPLICANT, CONSPIRING UNDER COLOR OF STATE LAW TO THWART AND PREVENT A FULL AND MEANINGFUL APPEAL BEFORE THE HONORABLE S.C. SUPREME COURT.

WHERE WITHIN THE RESPONDENT'S INITIAL AND SUPPLEMENT RESPONSE DO THE RESPONDENT DEMONSTRATE COMPLIANCE WITH THE COURT'S INSTRUCTION WHERE THE COURT "SPECIFICALLY", "SPECIFICALLY" INSTRUCTED HIM TO GO ON THE COURT RECORD AND ANSWER THE LEGAL QUESTION(S) "(2) WHETHER THE SOLICITOR'S OFFICE HAS FILED A RESPONSE TO THE APPLICATION IN THE CIRCUIT COURT (NOT BEFORE THE S.C. SUPREME COURT), AND (3) WHY THE CASE HAS REMAINED PENDING FOR FOUR YEARS.". WHERE, WHERE, IN THE RESPONDENT'S INITIAL PLEADING, OR HIS SUPPLEMENT PLEADING HAS THE RESPONDENT INDICATED OR DEMONSTRATED ANY EFFORT OR DEFENSE REGARDING THESE INSTRUCTIONS, MAKING SINCERE EFFORTS TO BE IN COMPLIANCE TO THE S.C. SUPREME COURT'S INSTRUCTIONS PURSUANT TO THESE SUBSTANTIAL DUE PROCESS AND JURISDICTIONAL LEGAL QUESTIONS? THE APPLICANT DO NOT WAIVE AND OR FORFEIT THESE JURISDICTIONAL QUESTION, THAT EXIST VIA THE COURT'S INSTRUCTIONS AND THE DNA TESTING STATUTES THAT ARE SUPPORTED BY THE U.S. SUPREME COURT DETERMINATION UNDER BETTERMAN v. MONTANA AND THE CLAIM PROCESSING RULE RIGHTS TIMELY INVOKED BEFORE THE LOWER CIRCUIT COURT WHICH IS SUPPORT BY JUDICIAL HOLDINGS UNDER UNITED STATES v. WHEELER AND FORT BEND COUNTY, TEXAS v. DAVIS AS IS ARGUED WITHIN THE [24] PAGE APPELLANT RESPONSE DATED JULY 8, 2025. THE CLAIMS PRESENTED VOIDS THE LOWER COURT'S JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION, SUBJECTING THE RESPONDENT TO DEFAULT, FORFEITURE AND WAIVER BY THE STATUTE AND DUE PROCESS LAW ARGUED. ALL PREVIOUS FILED CLAIMS, OBJECTIONS AND DEFENSES ARGUED WITHIN THE [24] PAGE APPELLANT PLEADING DATED JULY 8, 2025 ARE RENEWED. THE RESPONDENT IS TIME BARRED BY THE APPLICABLE STATUTE(S) UNLESS HE CAN DEMONSTRATE THAT HE TIMELY RESPONDED WITHIN THE LOWER COURT AS THE STATUTE REQUIRED. HE FAILED TO ADDRESS THESE CLAIMS AND THE DEFAULT THAT OCCURRED AT THE ONE YEAR MARK PURSUANT TO THE CLAIM PROCESSING RULE RELIED UPON WHERE

THE U.S. SUPREME COURT DETERMINED WHETHER THE PROCESSING RULE IS JURISDICTIONAL OR NOT. IF IT IS TIMELY SOUGHT EXERCISED IT IS MANDATORY, WHICH WAS DONE BEFORE THE LOWER COURT INVOLVED. WHERE IS HIS RESPONSE DID HE EXPLAIN TO THE COURT AND APPLICANT WHY THIS CASE HAS REMAINED UNRESOLVED FOR GOING ON 5 YEARS NOW. HE WAS REQUIRED TO SHOW EXCUSE BUT FAILED OVER AND OVER AGAIN JUSTIFYING THE CLAIM OF DEFAULT, FORFEITURE AND WAIVE WHICH IS RENEWED BY THIS PLEADING. THE APPELLANT-APPLICANT RENEWS THE MOTION TO STRIKE THIS SUPPLEMENT PLEADING FOR THE SAME REASONS ARGUED IN THE APPELLANT'S PREVIOUS FILING, THE [24] PAGE DOCUMENT DATED JULY 8, 2025.

THE APPELLANT-APPLICANT OBJECTS TO THE RESPONDENT'S ABSURD CLAIM THAT THE APPELLANT-APPLICANT HAS FAILED TO SHOW HOW THE DNA TESTING WILL CONSTITUTE NEW EVIDENCE THAT WILL PROBABLY CHANGE THE RESULT OF HIS CONVICTION AS REQUIRED BY SECTION 17-28-40(C)(7). WITH ALL DUE RESPECT, THE RESPONDENTS ASSERTIONS SOUND LIKE THE MADNESS COMING FROM DONALD TRUMP REGARDING THE EPSTEIN FILES. YOU CANNOT SAY YOUR NAME ISN'T ON THE EPSTEIN CONTACT LIST BY HIDING THE LIST. THE LIST MUST BE PRODUCE WHEN JUST CAUSE EXIST FOR ITS REVEALING. IN THE SAME VERNACULAR, YOU CANNOT SAY THAT NO CRIME EXIST OR PERJURY ON THE PART OF THE PATHOLOGIST, TO INCLUDE THESE STATE ACTORS CONSPIRING IN AIDING AND ABETTING IN OVER 24 COUNTS OF CRIMINAL SEXUAL CONDUCT WITH A MINOR, BY SIMPLY CONSPIRING TO PREVENT THE EVIDENCE FROM BEING REVEALED PURSUANT TO THE SEEKING OF THE REQUIRED DNA TESTING.

LET THE APPLICANT BREAK THIS THING DOWN ONE MORE TIME, PLACING IT ON SUCH AN INTELLECTUAL LEVEL THAT EVEN A CHILD WITH A LEARNING DISABILITY CAN UNDERSTAND FOR MR. PAULING. FOR THE RECORD. MR. PAULING PROFESSED THE EXPERTISE OF THE PATHOLOGIST IS ALWAYS SUFFICIENT? BY SAYING THIS, IS HE ASSERTING THAT NO TIME IN THE HISTORY OF JUDICIAL PROCEEDING IN THIS NATION HAS AN EXPERT PATHOLOGIST OR WITNESS TESTIFIED OR LIED UNDER OATH OR GAVE MISINFORMATION? SUCH A POSITION IS PREPOSTEROUS. THERE ARE ENTIRELY TOO MANY CASES WITHIN THIS NATION AND AROUND THE WORLD THAT HIGHLIGHT THE CONTRARY AND PROSECUTIONAL MISCONDUCT SUCH AS

THAT SEEN HERE, ESPECIALLY DURING THE TIME OF SLAVERY AND JIM CROW LAWS WITHIN THIS NATION. IOWA v. TYLER, IN THIS CASE, THE IOWA SUPREME COURT FOUND A FORENSIC PATHOLOGIST TESTIMONY REGARDING THE CAUSE AND MANNER OF DEATH TO BE INADMISSIBLE WHERE IF THE CHILD IS FOUND TO BE PREGNANT IN CONTRADICTION TO HIS TESTIMONY WOULD CALL INTO QUESTION THE INTEGRITY OF THE AUTOPSY ITSELF. THE ROBERT ROBINSON CASE, INVOLVING A FATHER ON DEATH ROW IN TEXAS FOR THE MURDER OF HIS CHILD HAS RAISED CONCERNS ABOUT UNRELIABLE, INACCURATE AND MISLEADING MEDICAL TESTIMONY. ALABAMA PATHOLOGIST GLENN'S CASE FROM 2007 HIGHLIGHTED PROBLEM OF FORMER PATHOLOGIST WHERE THE NOTES (ie. CORONOR'S NOTES SUPPRESSED IN THE SLED FILE 5501014) CONFLICTED WITH THE PATHOLOGIST FINDING IMPLICATING THE MISINFORMATION GIVEN BY THE PATHOLOGIST. THE APPLICANT IS NOT A NORMAL INMATE. THE APPLICANT WAS A PARAMEDIC IN THE MILITARY AND PRE-MED STUDENT IN COLLEGE WITH AN ABOVE NORMAL KNOWLEDGE OF CERTAIN MEDICAL REALITIES. THUS, THE APPLICANT, THOUGH NOT A MEDICAL DOCTOR, HAS ABOVE AVERAGE KNOWLEDGE REGARDING SUCH MATTERS AND IS CAPABLE, COMPETENT, TO TESTIFY WITHIN THE BOUNDARIES OF THAT PERSONAL KNOWLEDGE AND MEDICAL TRAINING UNDER A RULE 56 AFFIDAVIT AS INDICATED. THE CHILD AT THE AGE OF 11 WAS THE LARGEST WOMAN IN THE APPLICANT'S HOUSE AT 5'9", 180lbs. SHE WAS HAVING HER MONTHLY MENSTRUATIONS. IT WAS DISCOVERED THAT SHE WAS BEING SEXUALLY ASSAULTED BY HER HALF BROTHER MICHAEL LEE EVEN OCCURRING BEFORE THE AGE OF 11 YEARS OLD. YOU CANNOT GIVE CONSENT AT THE AGE OF 11 YEARS OLD. ONCE DISCOVERED, THEY WERE DISCIPLINED, NOT FOR THE PERJURED TESTIMONY THE SOLICITOR'S OFFICE OBTAINED TO ILLEGALLY ESTABLISH THE ELEMENTS FOR MURDER FOR A $5 TELESCOPE WHICH ITSELF WOULD CALL FOR A NEW TRIAL, BUT WHERE THEY REFUSE TO CEASE AND DESIST THIS IMMORAL AND ILLEGAL BEHAVIOR WHICH IS ILLEGAL UNDER SOUTH CAROLINA LAW, OF CSC WITH A MINOR, INVOLVING OVER AT MINIMUM 24 DIFFERENT, COUNTS, OCCASIONS, THAT SHE CONFESSED TO, WHICH THE PATHOLOGIST CONSPIRING UNDER STATE LAW WITH THE 5TH. CIRCUIT SOLICITOR'S OFFICE EMPLOYEES, WORKED TO AID AND ABET HIM TO CONCEAL. THIS IS WHY MICHAEL LEE REMAINED UNPROSECUTED UNTIL THIS VERY DAY, CLEAR EVIDENCE THAT SUPPORTS THIS CLAIM, SINCE THERE IS NO STATUTE OF LIMITATION ON CSC WITH A MINOR. SHE WAS MISSING HER

MONTHLY CYCLE FOR 3 MONTHS. SHE HAD AN UNEXPLAINED SUBSTANTIAL WEIGHT LOSS OF ABOUT 30lbs. ABOUT TWO WEEKS PRIOR TO HER DEATH. UPON HER BLOOD BEING TAKEN AT HER DEATH IN THE HOSPITAL, IT WAS DISCOVERED THAT HER BLOOD SUGAR LEVELS WERE AT 17dm/ml DOWN FROM THE AVERAGE OF 70dm/ml SUGGESTING SEVERE HYPOGLYCEMIA WHERE IF THE BLOOD SUGAR DROP TO 50dm/ml IT CAN KILL YOU. AN ALLEGED PHYSICAL DISCIPLINE DO NOT TYPICALLY OR IS IT A DIRECT CAUSE THAT WOULD MAKE BLOOD SUGAR LEVELS DROP TO 17 DOWN FROM 70. IT MAY BE A CONTRIBUTING FACTOR. THE CORONER WENT OUT OF HIS WAY SEVERAL TIME TO SPECIFICALLY QUESTION US ABOUT WHETHER OR NOT THE CHILD HAD DIABETES AND THE STATE PREVENTED THAT DNA FROM BEING TESTED TO MICHAEL LEE SINCE 2001 EVEN THOUGH THE DNA ANALYST ASKED FOR THE STANDARD WHEN SOUTH CAROLINA LAW REQUIRED THAT IT BE TESTED. THE CORONER THEN SHOWS UP AT THE APPLICANT'S BOND HEARING IN KERSHAW COUNTY WHEN THE CHARGES WERE SUPPOSEDLY 2 COUNTS OF UNLAWFUL NEGLECT, WITH THE AUTOPSY COMPLETED AND IN **HAND** AND THEN TESTIFIES BEFORE THE BOND HEARING COURT THAT NO ALLEGED BEATING KILLED THE CHILD. AT MOST IT MAY HAVE BEEN A CONTRIBUTING FACTOR. WHEN THE TRANSCRIPTS WERE SOUGHT OBTAINED KERSHAW COUNTY CLAIMED THE BOND HEARING WAS NOT RECORDED. ALL OF THESE UNDENIABLE FACTS POINT TO THE APPELLANT-APPLICANT'S CLAIMS OF POTENTIAL PREGNANCY AND GESTATIONAL DIABETES SINCE THE CHILD WAS NOT DIAGNOSED WITH DIABETES PRIOR TO THESE EVENTS. EXPLAIN BEFORE THE COURT MR. PAULING WHY THAT DNA HAS NOT BEEN TESTED TO MICHAEL LEE IF WHAT THE APPLICANT IS NOT SAYING IS TRUE? LET'S LOGICALLY AND SCIENTICALLY WEIGH THIS EVIDENCE AND JURISDICTIONAL FACTS. DUE TO THEIR SEXUAL INVOLVEMENT IN VIOLATION OF SOUTH CAROLINA LAW, THEY WERE KEPT FROM EACH OTHER "LITERALLY" UNDER LOCK AND KEY FOR AT MINIMUM 3 MONTHS BECAUSE THEY WOULD NOT STOP THEIR CRIMINAL ACTIVITY. THEY WERE A DANGER TO THEMSELVES. WHAT PARENT WOULD NOT ACT TO HALT SUCH ILLEGAL ACTIVITY GOING ON UNDER THEIR ROOF? EVEN IF MICHAEL WAS HAVING SEX WITH HER WHICH WAS ILLEGAL SINCE SHE WAS 11 YEARS OLD, AND THIS IS NOT SOME STUPID PATERNITY TEST OR FISHING EXPEDITION, MALE SEMEN CANNOT EXIST WITHIN A WOMAN'S BODY FOR 3 MONTHS WHERE THEY WERE SEPARATED UNDER LOCK AND KEY TO PREVENT THEIR CONTINUED CRIMINALITY AND POTENTIAL DANGER TO EACH OTHER. THIS MEANS THAT IF THE DNA IS TESTED, AND MICHAEL'S DNA

39-of-70

SHOW UP IN THOSE SAMPLES. IT CANNOT POSSIBLY BE SEMEN (WHICH IS HAPLOID IN GENETIC TERMS), THAT WOULD BE SCIENTICALLY AND MEDICALLY IMPOSSIBLE BECAUSE MALE SEMEN CANNOT LAST IN A WOMAN'S BODY FOR 3 MONTHS DUE TO HER MONTHLY MENSTRUAL CYCLE WHICH FOR SOME MYSTERIOUS REASON THE AUTOPSY DOES NOT SAY WHY WAS MISSING. THEY WERE KEPT APART FOR THOSE LAST 3 MONTHS WHEN THEIR ACTIVITY WAS DISCOVERED. THEREFORE, IF THE DNA IS TESTED AND MICHAEL'S DNA SHOWS UP IN THE SAMPLES WHICH THEY CONSPIRED AFTER THE FACT IN OVER 24 CLASS "A" FELONIES OF CSC WITH A MINOR TO CONCEAL BY FAILING TO PROSECUTE AND TEST THE SAMPLES. THIS WOULD MEAN MEDICALLY, SCIENTIFICALLY, THAT THE DNA SAMPLES ARE WHAT IS CALLED "DIPLOID" (SPERM AND EGGS INDEPENDENTLY ARE NOT DIPLOID. THEY ARE HAPLOID MEANING ONE SET OF CHROMOSOMES AND ALLELS). MICHAEL'S SPERM WOULD BE HAPLOID. DNA BETWEEN MOTHER AND FATHER WOULD BE "DIPLOID" IN GENETIC TERMS. IF THE DNA SAMPLES WHEN TESTED ARE FOUND TO BE "DIPLOID" IN NATURE. THIS WOULD PRODUCE INDISPUTABLE SCIENTIFIC PROOF AND EVIDENCE THAT SHE WAS PREGNANT AND THE PATHOLOGIST UNDER OATH PERJURED HIMSELF. IF HE PERJURED HIMSELF ABOUT HER NOT BEING PREGNANT, THEN HE PERJURED HIMSELF ABOUT THE AUTOPSY ITSELF. THIS WOULD DESTROY THE CORPUS DELECTI FOR MURDER AND POTENTIALLY CAUSE FOR THE AUTOPSY AND ALL TESTIMONY RELATED TO IT TO BE INADMISSIBLE IN A NEW TRIAL. IT WOULD DESTROY THE CORPUS DELECTI FOR THE CRIME OF MURDER. THIS IS WHY THEY COULD NOT AND WOULD NOT TEST THE DNA EARLIER AND WHY THEY SUPPRESSED THE SLED INVESTIGATIVE FILE BECAUSE IN IT CONTAINED THE CORONOR'S NOTES INDICATING THE TRUE CAUSE OF DEATH AND WITH THE RESULTS OF THE DNA TESTING IF THE SAMPLES ARE FOUND TO BE "DIPLOID" IN GENETIC NATURE, THIS WOULD INVALIDATE THE AUTOPSY AND ALL TESTIMONY GIVEN RELATED TO IT CAUSING FOR A NEW TRIAL. ONCE THESE FACTS ARE PLACED BEFORE A TRIER OF FACTS, ANY JURIST WITH REASONABLE INTELLECT WOULD DETERMINE THAT THIS NEW INFORMATION WOULD POTENTIALLY CHANGE THE RESULTS OF THE CONVICTION, INDISPUTABLY MEETING THE STANDARD REQUIRED UNDER SECTION 17-28-40(C)(7). THUS, THE CLAIMS OF THE RESPONDENT ARE WITHOUT MERIT AND STAND IN BLATANT DEFIANCE TO THE DUE PROCESS RIGHTS SET IN PLACE BY THE APPLICABLE STATUTES AND THE SOUTH CAROLINA AND UNITED STATES CONSTITUTIONS PURSUANT TO DUE PROCESS, AND THE APPLICANT'S RIGHTS FOR DNA TESTING SUPPORTED BY

CONSISTENT JUDICIAL FINDINGS AND UNDER THE EQUAL PROTECTION OF THE LAWS CLAUSE. THIS IS THE SPECIFIC GOAL INTENDED BY THE DNA TESTING. IT IS TO DETERMINE WHETHER THE DNA SAMPLES CONTAIN "DIPOID" GENETIC MATERIAL WITHIN THEM AS OPPOSED TO THEY BEING "HAPOID" BY GENETIC DESIGN ONLY HAVING THE CHROMOSOMES AND ALLELES OF A SINGLE PERSON AS OPPOSE TO MATERIAL CREATED BY CONCEPTION BETWEEN MOTHER AND FATHER.

INASMUCH, THIS SUPPLEMENT, LIKE THE RESPONDENT'S INITIAL PLEADING STANDS IN BLATANT DEFIANCE TO THE DNA STATUTES THAT REQUIRED THAT THE RESPONDENT RESPOND WITHIN (90) DAYS, NOT GOING ON 5 YEARS WHERE THIS CURRENT RESPONSE STANDS IN VIOLATION OF THE APPLICABLE STATUTES GIVING WAY TO SUBTLE EXPANSION OR FORCED CONSTRUCTION OF THE STATUTES RELIED UPON. THERE WAS A MOTION FOR DEFAULT, FORFEITURE, WAIVER AND JUDGMENT FILED BEFORE THE LOWER COURT AT THE ONE YEAR MARK BASED UPON THE PROCEDURAL AND OR CLAIM PROCESSING RULE RELIED UPON THAT THE RESPONDENT EVEN IN HIS SUBSEQUENT PLEADING FAILED TO ADDRESS OR CHALLENGE WHICH THE U.S. SUPREME COURT DETERMINED IS MANDATORY WHETHER IT IS JURISDICTIONAL OR NOT IF IT IS TIMELY SOUGHT EXERCISED, WHICH IT WAS. THE HONORABLE SUPREME COURT INSTRUCTED THE RESPONDENT BY ITS LETTER DATED JULY 2., 2025 TO "SPECIFICALLY", "SPECIFICALLY" ADDRESS AND ANSWER THE QUESTIONS WHETHER THE SOLICITOR RESPONDED WITHIN THE LOWER COURT WHEN THE STATUTE REQUIRED HIM TO DO SO AND ANSWER THE QUESTION AS TO WHY THIS CASE REMAINED UNRESOLVED FOR OVER 4 YEARS AND COUNTING. NOTHING WITHIN THE RESPONDENT'S EVEN SUPPLEMENT FILING DEMONSTRATE THAT THE RESPONDENT WAS IN COMPLIANCE TO THE CLEAR INSTRUCTIONS GIVEN TO HIM BY THE HONORABLE SOUTH CAROLINA SUPREME COURT WHICH IS AS AN ACT OF CONTEMPT TOWARDS THE COURT'S INSTRUCTIONS EXTREMELY PREJUDICING THE APPELLANT IN THE RESPONDENT'S CONSPIRING UNDER COLOR OF STATE LAW TO DEPRIVE THE APPELLATE OF A FULL AND MEANINGFUL APPELLATE REVIEW, VIOLATING MY DUE PROCESS RIGHTS SERVING TO ALSO DENY THE APPELLANT THE EQUAL PROTECTION OF THE LAWS. THE U.S. SUPREME COURT UNDER BETTERMAN V. MONTANA, 578 U.S. 437, 136 S.Ct. 1609, 194 L.Ed.2d. 723(U.S.2016) DETERMINED THAT THE APPLICANT WOULD HAVE TAILORED RELIEF UNDER THE 5TH. AND 14TH. AMENDMENTS AND

HOLDING A CASE POST CONVICTION FOR 4 YEARS IS TO LONG, MAKING THOSE PROCEEDINGS UNCONSTITUTIONAL. IF IT IS UNCONSTITUTIONAL, IT IS VOID AND CANNOT BE A LEGAL MEANS FOR THE STATE TO MAINTAIN THE CONVICTION WHERE THIS UNCONSTITUTIONAL ACTION VOIDS THE LOWER COURT'S JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION. THE HONORABLE S.C. SUPREME COURT IN FUNDAMENTAL FAIRNESS TO THE APPLICANT CANNOT PERMIT THE STATE TO CONTINUE TO ADDRESS THESE MATTERS WITHIN A PROCEEDING THAT STANDS IN VIOLATION OF THE DNA STATUTE AND THAT HAS BECOME UNCONSTITUTIONAL. BEING VOID OF THE POWER TO DECLARE LAW, THEY CANNOT BE PERMITTED TO CONDUCT A HEARING THIS LATE IN THIS UPCOMING SEPTEMBER. THE APPLICANT OBJECTS. THIS WOULD SUBTLY EXPAND AND FORCE CONSTRUCT THE STATUTE IN VIOLATION OF THE SEPARATION OF POWERS CLAUSE, WITHROW v. LARKIN, 421 U.S. 35, 95 S.Ct. 1456(U.S.1075); UNITED STATES v. LEVITIA, 2024 WL 1939131 (D.Mass.2024.

JURISDICTION REFERS TO THE COURT'S STATUTORY OR CONSTITUTIONAL POWER TO ADJUDICATE CASES. WITHOUT JURISDICTION, A COURT, THE LOWER COURT IN PARTICULAR, CANNOT PROCEED AT ALL WITH SOME HEARING SCHEDULED SEPTEMBER 2, 2025 IN CLEAR VIOLATION OF THE DNA STATUTES AND U.S. SUPREME COURT HOLDINGS UNDER BETTERMAN v. MONTANA, UNITED STATES v. WHEELER AND FORTBEND COUNTY, TEXAS v. DAVIS AS IS ARGUED WITHIN THE [24] PAGE PREVIOUS PLEADING DATED JULY 8, 2025 FILED BEFORE THIS COURT. JURISDICTION IS THE POWER TO DECLARE LAW, AND WHEN IT CEASE TO EXIST, THE ONLY THING LEFT FOR THE COURT TO DO IS ANNOUNCE THIS FACT AND DISMISS THE CAUSE OF CONVICTION AGAINST THE APPELLANT-APPLICANT AND GRANT THE SOUGHT LEGAL NAME CHANGE BEFORE THE LOWER FAMILY COURT, HENSELY v. CITY OF CHARLOTTE, 2023 WL 2533083 (W.D.N.C.2023); B.R. v. F.C.S.B., 17 F.4TH. 485(4th.Cir.2021); STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, 118 S.Ct. 1003(U.S.1998); al-SUYID v. HIFTER, 139 F.4TH. 368 (4th.Cir.2025). MERE CLAIM THAT RIGHTS EXIST UNDER FEDERAL LAW AS INDICATED AND ARTICULATED WITHIN THE [24] PAGE DOCUMENT DATED JULY 8, 2025 AND PRIOR PLEADINGS SUFFICE TO AVOID ANY SUMMARY DISMISSAL OF THE APPLICATION FOR FORENSIC DNA TESTING, SUCH AS THE EGREGIOUS DUE

PROCESS VIOLATIONS ARGUED, THE FRAUD UPON THE COURT, CONSPIRACY TO SOLICIT PERJURED TESTIMONY FROM THE VARIOUS WITNESS LIKE THE CHILD WAS DISCIPLINED OVER SOME $5 TELESCOPE TO AID THEM ESTABLISH THE ELEMENTS FOR MURDER WHEN SHE WAS DISCIPLINED OVER THE CRIMINAL ACTIVITY THAT SHE AND HER BROTHER ENGAGED IN THAT PLACED HER LIFE IN DANGER POTENTIALLY RESULTING IN HER VERY DEATH. THIS IS NOT A FISHING EXPEDITION. THE FACTS AND CAUSE FOR THEIR SUPPRESSING OF EVIDENCE THAT WAS REQUIRED UNDER WEARRY v. CAIN 2016 REQUIRED THE RELEASE OF THIS DISCOVERY THAT WAS CLEARLY SOUGHT AT THE COMPETENCY HEARING, RECORDED ON TRANSCRIPT. THIS DON'T EVEN COUNT THE OTHER CONCERNS ARGUED WITHIN THESE PROCEEDINGS THAT MAKE THE LOWER COURT'S CASE A VIOLATION OF DUE PROCESS, UNCONSTITUTIONAL AND VOID UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION. THIS CREATES AN INABILITY FOR THE KERSHAW GENERAL SESSIONS COURT TO CONDUCT ANY SUPPOSED SCHEDULED SEPTEMBER 2, 2025 HEARING PERMITTING THEM TO PROCEED AT ALL IN AN UNCONSTITUTIONAL AND VOID PROCEEDING. THE LAW IS CLEAR ON THIS ISSUE, STOP RECKLESS ECONOMICS INSTABILITY CAUSED BY DEMOCRATS v. FEDERAL ELECTION COMM'N, 814 F.3d. 221 (4th.Cir.2016); WESTMINSTER NURSING CENTER v. COHEN, 2017 WL 5632661 (E.D.N.C.2017); FIRST PROTECTIVE INSURANCE COMPANY v. LEWIS EDWARD O'LEARY, 2025 WL 1936566 (4th.Cir.2025)(THE U.S. SUPREME COURT HAS STATED IN NO UNCERTAIN TERMS THAT COURTS ARE NOT FREE TO SIMPLY ASSUME THAT THEY POSSESS SUBJECT MATTER JURISDICTION AND THEN PROCEED TO DECIDE THE MERITS OF THE ISSUES BEFORE THEM WHEN THEIR JURISDICTION REMAINS IN DOUBT); JEFFERIES v. PRINCE GEORGE'S COUNTY, 2025 WL 590433 (D.Md.2025); KOKKONEN v. GUARDIAN LIFE INS. CO. OF AMERICA, 114 S.Ct. 1673(U.S.1994)(COURTS, ALL COURTS, STATE AND FEDERAL, ONLY POSSESS POWER BY CONSTITUTION AND STATUTE WHICH IS NOT TO BE EXPANDED BY JUDICIAL DECREE. IT IS PERSUMED THAT THE CAUSE LIES OUTSIDE, BEYOND, THE COURT'S CONSTITUTIONAL JURISDICTION, AND THE BURDEN OF ESTABLISHING THE CONTRARY IS ON THE RESPONDENT ASSERTING JURISDICTION TO HEAR THIS VOID AND UNCONSTITUTIONAL HEARING INITIATED BEFORE THE GENERAL SESSIONS COURT ON SEPTEMBER 2, 2025 WHERE THE PROCEEDING STANDS IN VIOLATION OF THE APPLICABLE STATUTES AND DUE PROCESS LAW). NO WHERE IN THE

RESPONDENT'S RESPONSES DO HE CHALLENGE THE JURISDICTIONAL CLAIMS MADE FURTHER ESTABLISHING THE APPELLANT-APPLICANT'S CLAIMS OF DEFAULT, FORFEITURE AND WAIVER. HE HAD FULL OPPORTUNITY BY HIS PLEADINGS AND SUPPLEMENT TO ADDRESS THESE JURISDICTIONAL FACTS BUT FAILED TO DO SO UNTIL THIS VERY DAY. THEY CANNOT BE PERMITTED TO HAVE SOME UNCONSTITUTIONAL AND VOID HEARING ON SEPTEMBER 2, 2025 WHERE THE PROCEEDINGS HAVE BECOME A VIOLATION OF DUE PROCESS, UNCONSTITUTIONAL AND VOID. THE APPELLANT OBJECTS, COPER BRIGHT ENTERPRISE v. RAIMONDO, 603 U.S. 369, 144 S.Ct. 2244 (U.S.2024); LOZMAN v. CITY OF RIVIERA BEACH, Fla., 133 S.Ct. 735(U.S.2013).


REFERRING BACK TO THE ISSUE OF THIS CRIMINAL ATTEMPT, TRYING TO HAVE THE APPLICATION FOR FORENSIC APPLICATION SUMMARILY DISMISSED OVER 4 YEAR LATE IN VIOLATION OF THE APPLICABLE STATUTES ATTEMPTING TO SUBTLY EXPAND OR FORCE CONSTRUCT THE STATUTE ALSO IN DEFIANCE OF BETTERMAN. THE SOUTH CAROLINA STATUTES ALLOWS DEFENDANT TO MOVE FOR POST CONVICTION DNA TESTING, REQUIRING STATE TO MAKE AVAILABLE TO APPLICANT THE COMPLETE FILES OF ALL LAW ENFORCEMENT INVOLVED IN INVESTIGATION (THE SLED INVESTIGATIVE FILE 5501014, THE GRAND JURY PANEL DOCUMENTS), AND REQUIRING COURT WHEN TESTING IS FAVORABLE TO DEFENDANT, LIKE IT IS IN THIS CASE, TO ENTER AN ORDER THAT SERVES INTEREST OF JUSTICE, AS WOULD BE PROPER BY THE APPLICANT'S RIGHTS OF DUE PROCESS, FOR A CONVICTED MURDER DEFENDANT TO ACCESS TO POLICE FILES OR OTHER RELEVANT FILES TO DEMONSTRATE HIS INNOCENCE USING NEWLY DISCOVERED DNA EVIDENCE; IT WOULD TRANSGRESS FUNDAMENTAL FAIRNESS IF THE RESPONDENT WOULD WILLFULLY IGNORE THE STATE CREATED PROCEDURES WHICH REQUIRE THE COURT ORDER TO PREVENT THE WITHHOLDING EVIDENCE (INCLUDING THE SLED INVESTIGATIVE FILE AND GRAND JURY PANEL DOCUMENTS) TO WHICH AN INMATE SEEKING POST CONVICTION RELIEF IS ENTITLED. STATE PRISONER INTEREST IN PROVING HIS INNOCENCE WITH NEW DNA EVIDENCE PROVIDE A LIBERTY INTEREST, AS REQUIRED TO RAISE A DUE PROCESS CHALLENGE TO STATE'S REFUSAL TO GIVE HIM ACCESS, IN POST CONVICTION RELIEF PROCEEDING, TO STATE'S EVIDENCE OF DNA TESTING. THE ISSUE IS WHETHER OR NOT THE NEW DISCOVERED DNA TESTING MAY PROVE THE ACTUAL INNOCENCE OF THE

PERSON SEEKING IT WHICH OF COURSE BY THE ARGUMENT PRESENTED THE TESTING WOULD, HOWARD v. CITY OF DURHAM, 68 F.4TH. 934 (4th.Cir.2023); DISTRICT ATTORNEY OFFICE OF THIRD JUDICIAL DISTRICT v. OSBORNE, 577 U.S. 52, 129 S.Ct. 2308(U.S.2009); GUTIERREZ v. SAENZ, 145 S.Ct. 2258, 2258+ (U.S.2025); REED v. GOERTZ, 143 S.Ct. 955; LaMAR v. EBERT, 681 Fed. Appx' 279(4th.Cir.2017).

THE COURT IN HOWARD v. CITY OF DURHAM, 68 F.4TH. 934 (4th.Cir.2023) WAS UNEQUIVOCAL WHEN IT DETERMINED THAT GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO WHETHER THE STATE ACTORS ARE REQUIRED TO RELEASE DNA EVIDENCE THAT WOULD POTENTIALLY INCULPATE ANOTHER PERSON (MICHAEL LEE BY HIS SEXUAL ASSAULT OF MY CHILD) AS A PERPETRATOR OR CAUSE OF THE DEATH WHICH INCLUDE THE RELEASING OF THE SUPPRESSED SLED INVESTIGATIVE FILE AND GRAND JURY PANEL DOCUMENTS. THE APPLICANT INVOKES RIGHTS OF COLLATERAL ESTOPPEL WHERE THIS PARTICULAR ISSUE OF MATERIAL FACT OF WHETHER THE SEEKING OF DNA TO INCULPATE ANOTHER INDIVIDUAL OF THE CRIME IS COVERED AND TRIGGER THE INVOKING OF THE DNA STATUTE. COLLATERAL ESTOPPEL BARS RELITIGATION OF AN ISSUE DETERMINED IN AN EARLIER PROCEEDING WHEN; (1) THE ISSUE SOUGHT TO BE PRECLUDED IS IDENTICAL TO THE ONE PREVIOUSLY LITIGATED (ie SEEKING DNA FOR THE PURPOSE OF INCULPATING ANOTHER PERSON SUCH AS MICHAEL LEE WHO POTENTIALLY CAUSE THE DEATH BUT THE STATE ACTORS COVERED IT UP BEHIND RELIGIOUS AND RACIAL HATRED); (2) THE ISSUE HAS BEEN ACTUALLY DETERMINED IN A PRIOR PROCEEDING; (3) DETERMINATION OF THE ISSUE WAS A CRITICAL AND NECESSARY PART OF THE DECISION IN THE PRIOR PROCEEDING; (4) THE PRIOR JUDGMENT IS FINAL AND VALID; AND (5) THE PARTY IN WHOM ESTOPPEL IS ASSERTED HAS HAD FULL AND FAIR OPPORTUNITY TO LITIGATE THE ISSUE IN THE CASE, ROSE v. NEW DAY FINANCIAL, LLC., 816 F.Supp.2d 245 (D.Md.2011); ALLEN v. McCURRY, 449 U.S. 90, 101 S.Ct. 411 (U.S.1980); WASHINGTON v. PELLEGRINI, 125 F.4TH. 118 (4th.Cir.2025); IN RE: KAUFMAN, 669 B.R. 164 (DSC.2024); MAYBANK 2754, LLC. v. ZURLO, 444 S.C. 47, 906 S.E.2d. 94 (S.C.App.2024).

IN FURTHER ADDRESSING THIS RECREANT, LAWLESS SOLICITOR WHO

IS ATTEMPTING TO ILLEGALLY IN EGREGIOUS ACTS OF FRAUD UPON THE COURT, CONSPIRING UNDER COLOR OF STATE LAW, TO CONDUCT AN DNA APPLICATION PROCESS IN THE HEARING SCHEDULED FOR SEPTEMBER 2, 2025 WITHIN A PROCEEDINGS THAT UNDENIABLY EXIST BEYOND THE MANDATES OF THE STATUTE, THE PROCEDURAL AND OR CLAIM PROCESSING RULE TIMELY INVOKED AND U.S. SUPREME COURT RULING UNDER BETTERMAN v. MONTANA, AN UNCONSTITUTIONAL HEARING WHERE HE IS SUBJECT TO DEFAULT, FORFEITURE AND WAIVER AND WHERE THE KERSHAW GENERAL SESSIONS COURT'S JURISDICTION IS VOID UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION FOR DUE PROCESS VIOLATION, VIOLATION OF THE SEPARATION OF POWERS AND EQUAL PROTECTION OF THE LAWS CLAUSES AND UNCONSTITUTIONAL ACTION. THE LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT IS CLEAR AND UNAMBIGUOUS ON THE ISSUES AS THE ONES BEING ARGUED WITHIN THIS APPEAL AND THE LEGAL PLEADINGS THAT WERE SUBMITTED WITHIN THE LOWER COURT. IF A RULING HAS BEEN OBTAINED BY AN UNCONSTITUTIONAL JUDICIAL DETERMINATION AND OR LEGISLATIVE STATUTE AND OR INTERPRETATION OF LAW AND OR ACT, LIKE CONDUCTING THIS UPCOMING ILLEGAL, UNCONSTITUTIONAL AND VOID HEARING ON SEPTEMBER 2, 2025, WHICH INCLUDE THE FRAUD DONE TO PROCURE IT. THE LAW EXPLAINED IF THIS POSITION IS WELL TAKEN, WHICH IT IS, IT EFFECTS THE **"FOUNDATION"** OF THE **"WHOLE"** (EMPHASIS ADDED) PROCEEDING, CONFIRMING THAT **"FRAUD AND UNCONSTITUTIONAL ACTION VITIATES EVERYTHING THAT IT ENTERS"**. AN UNCONSTITUTIONAL LAW AND OR AND OR ACT AND OR STATUTE AND OR JUDICIAL DETERMINATION AND OR ILLEGAL DNA APPLICATION PROCEEDING AND OR CONVICTION ATTACHED THERETO IS **"VOID"** AND IS AS IF THERE WERE NO LAW AND OR ACT AND OR JUDICIAL DETERMINATION AND OR LEGISLATIVE STATUTE AND OR DNA APPLICATION PROCEEDING AND OR CONVICTION MADE OR DONE AT ALL, ALSO BEING STRUCTURAL CONSTITUTIONAL ERRORS NOT SUBJECT TO THE HARMLESS ERROR DOCTRINE WHICH HAVE JURISDICTIONAL RAMIFICATIONS AS WELL. THE GENERAL RULE IS THAT AN UNCONSTITUTIONAL JUDICIAL DETERMINATION AND OR LEGISLATIVE STATUTE AND OR ACT SUCH AS CONDUCTING THIS UPCOMING ILLEGAL DNA APPLICATION HEARING SCHEDULED ON SEPTEMBER 2, 2025, AND OR CRIMINAL CONVICTION ATTACHED THERETO, THOUGH HAVING THE FORM AND NAME OF LAW, IT IS IN REALITY NO LAW BY SUCH ACTS, BUT IS **"WHOLLY INVALID"** AND INEFFECTIVE FOR ANY PURPOSE, TO INCLUDE CONDUCTING A DNA APPLICATION PROCESS TO ADDRESS THE MERITS AND

ANY JUDICIAL DECISION ON THE MERITS DETERMINATION OR CONVICTION ATTACHED TO IT, SINCE ITS UNCONSTITUTIONALITY DATED FROM THE DATE IT WAS ENACTED AND OR WHEN IT WAS DONE....IN LEGAL CONTEMPLATION, IT IS INOPERATIVE AS IF HAS NEVER BEEN PASSED OR DONE....SINCE AN UNCONSTITUTIONAL STATUTE AND OR JUDICIAL DETERMINATION AND OR CONVICTION AND OR LAW AND OR ACT LIKE THE CONDUCTING OF THE SCHEDULED DNA APPLICATION HEARING ON SEPTEMBER 2, 2025 IS **"VOID"**, THE GENERAL PRINCIPLE FOLLOWS THAT IT IMPOSES NO DUTY (DUTY TO CONDUCT THE SCHEDULED HEARING ON SEPTEMBER 2, 2025, DUTY TO MAINTAIN THE INJUSTICES ARGUED OR A CORRUPTED CONVICTION), CONFERS NO RIGHTS (THE SOLICITOR OR THE LOWER COURT DO NOT HAVE THE RIGHT TO VIOLATE THE PROVISIONS OF THE STATUTE OR CONDUCT A HEARING IN VIOLATION OF DUE PROCESS LAW AND SEPARATION OF POWERS CLAUSE BEYOND THE TIME SPECIFIED BY STATUTE TO MAINTAIN THE CONVICTION), CREATES NO OFFICE (JUDICIAL, PROSECUTIONAL OR OTHERWISE), BESTOWS NO POWER OR AUTHORITY **"ON ANY PERSON"** (EMPHASIS ADDED)[WHICH MEANS THAT THE LOWER COURT'S JURISDICTION POWER TO DECLARE LAW IS MADE VOID AS WELL AS ANY CONVICTION ATTACHED TO IT], AFFORD NO PROTECTION (THE COUNTY AND LOWER COURT AND PROSECUTORS ARE NOT IMMUNE IF THEY CONTINUE WITH THIS FARCE OF AN ILLEGAL HEARING SCHEDULED TO ADDRESS THE MERITS, OR IF THEY FAIL TO FIND MICHAEL LEE AND PROSECUTE THAT DEVIL FOR THE OVER 24 COUNTS OF CSC WITH A MINOR ON MY CHILD, VIOLATING THEIR OATHS OF OFFICE TO UPHOLD THE STATE AND FEDERAL CONSTITUTIONS IN ACTS OF OBSTRUCTION OF JUSTICE AND AIDING AND ABETTING), AND JUSTIFIES NO ACTS PERFORMED UNDER IT (THIS ILLEGALLY SCHEDULE SEPTEMBER 2, 2025 HEARING TO ADDRESS MERITS YOU HAVE NO JURISDICTION TO DO IS NOT JUSTIFIED BY LAW)....A VOID ACT CANNOT BE LEGALLY CONSISTENT WITH A VALID ONE WHERE HERE IT IS COUPLED BY FRAUD UPON THE COURT AND VIOLATIONS OF THE APPLICABLE STATUTE WHICH SET IN PLACE SPECIFIC TIMELINES AND WHERE THE U.S. SUPREME COURT ADJUDICATED HOLDING A POST CONVICTION CASE FOR 4 YEARS OR MORE IS UNCONSTITUTIONAL, AND WHEN CLAIM PROCESSING RULES RIGHTS ARE TIMELY INVOKED THE RIGHT BECOMES MANDATORY. AN UNCONSTITUTIONAL LAW AND OR LEGISLATIVE STATUTE AND OR DNA APPLICATION HEARING SCHEDULED AND OR CONVICTION WHICH MUST BE ADJUDICATED UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION, CANNOT

OPERATE TO SUPERSEDE AND EXISTING LAW LIKE DUE TO THE
JURISDICTIONAL CHALLENGE THE GENERAL SESSIONS COURT CANNOT
PROCEED AT ALL WITHOUT JURISDICTION AND THAT THERE IS NOTHING
LEFT TO DO EXCEPT ANNOUNCE THIS AND DISMISS THE CAUSE OF
CONVICTION AGAINST THE DEFENDANT (STEEL CO. v. CITIZENS FOR A
BETTER ENVIRONMENT, 523 U.S. 83, 118 S.Ct. 1003(U.S.1998)), OR BE
PERMITTED TO DEPRIVE THE DEFENDANT OF LIBERTY. INDEED INSOFAR A
CRIMINAL CONVICTION AND OR JUDICIAL DETERMINATION AND OR
LEGISLATIVE STATUTE AND OR ACT, LIKE THE SCHEDULED SEPTEMBER 2,
20●25 HEARING SOUGHT TO ADDRESS THE MERITS, RUNS COUNTER TO THE
FUNDAMENTAL LAW OF THE LAND (THE U.S. CONSTITUTION, THE DNA
APPLICATION STATUTES, THE CLAIM PROCESSING RULES LEGAL ISSUES,
THE BETTERMAN CASE, WEARRY v. CAIN, ADDRESSING THE CLAIMS UNDER
THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION, AND
OTHER LAWS ARGUED), IT IS SUPERSEDED THEREBY. NO ONE IS BOUND TO
OBEY FRAUD OR AN UNCONSTITUTIONAL LAW AND OR JUDICIAL
DETERMINATION AND OR SCHEDULE DNA APPLICATION HEARING SET IN
PLACE TO ADDRESS THE MERITS. A REVERSIBLE CONVICTION IS
REVERSIBLE REGARDLESS OF THE REASON, WHICH INCLUDE THIS DNA
PROCESS BECOMING UNCONSTITUTIONAL DUE TO THE SOLICITOR'S FAILURE
TO TIMELY CHALLENGE AND OR PROSECUTE, FAILING TO ADHERE TO THE
MANDATES OF THE STATUTE AND DUE PROCESS LAW, AND AN INVALID
CONVICTION RELATED THERETO IS NO CONVICTION AT ALL. A CONVICTION
UNDER AN UNCONSTITUTIONAL LAW AND OR IN THIS CASE, AN
UNCONSTITUTIONAL DNA APPLICATION HEARING, IS NOT MERELY
ERRONEOUS, BUT IT IS ILLEGAL AND VOID, AND CANNOT BE A LEGAL
CAUSE TO MAINTAIN THE CONVICTION OR IMPRISONMENT. ALL RULES,
STATUTES, LAWS OR PRACTICES (LIKE YOU ATTEMPTING TO CONCEAL YOUR
DEFAULT, FORFEITURE AND WAIVER BY SEEKING TO CONDUCT AN
UNCONSTITUTIONAL HEARING ON SEPTEMBER 2, 2025), WHICH ARE
REPUGNANT TO THE CONSTITUTION AND DUE PROCESS LAW ARE **"NULL"** AND
**"VOID"**, SWICEGOOD v. THOMPSON,--S.E.2d.--, 2021 WL 5227422
(S.C.App.2021); UNITED STATES v. LIBOUS, 858 F.3d.
63(2nd.Cir.2017); CITY OF LEBANON v. MILBURN, Or. App. 212, 398
P.3d. 486(2017); PEOPLE v. FIELDS, N.E.3d., ILL. APP. (1st.)
122012-UB; FARROW v. LIPETZKY, 2017 WL 1540637 (N.C.Cal.2017);
UNITED STATES v. AJRAWAT,--Fed. Appx'--, 2018 WL 3045619

18-of-23  **48-of-70**

(4th.Cir.2018); BETTERMAN v. MONTANA, 136 S.Ct. 1609, 194 L.Ed.2d. 723 (U.S.2016); MARTIN v. UNITED STATES, 2018 WL 1626578, * 2 D.Md.; PYNE v. UNITED STATES, F.Supp.3d., 2016 WL 1377402(D.C.Md.2016); MARBURY v. MADISON, 5TH. U.S. (2 CRANCH) 137, 180; VINES v. UNITED STATES, 28 F.3d. 1123 CRIM. LAW 1163(1), 1165(1); ROBINSON v. ARVONIO, 27 F.3d. 877 REHEARING DENIED CERT. GRANTED VACATED 115 S.Ct. 1247, 513 U.S. 1186, 131 L.Ed.2d. 129; LOUMIET v. UNITED STATES, 65 F.Supp.3d. 19 (2014); JOHNSON v. UNITED STATES,--S.Ct.--, 2015 WL 2473450(U.S.2015); MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4064(U.S.2016); NELSON v. COLORADO, 137 S.Ct. 1249, 197 L.Ed.2d. 611, 85 U.S.L.W. 4205 (U.S.2017)(ADDRESSING THE PRESUMPTION OF INNOCENCE RELATED TO THE LANGUAGE WITHIN THE INDICTMENTS); GEFT OUTDOORS, LLC. v. CONSOLIDATION CITY OF INDIANAPOLIS***, 187 F.Supp.3d. 1002, 1012, S.D.ILL.; HILL v. SNYDER, 821 F.3d. 763, 765+ (6th.Cir.Mich.); PEOPLE v. SOLO, N.E.3d., 2017 WL 1838423 (2017); 24 SENATORIAL DIST. REPUBLICAN COMMITTEE v. ALCORN, 820 F.3d. 624 (4th.Cir.2016); VAETH v. BOARD OF TRUSTEES, F.Supp.3d., 2016 WL 775386(D.C.Md.2016).

THE UNITED STATES SUPREME COURT BY RECENT RULING HAS NOW MADE THE ISSUE OF SUBJECT MATTER JURISDICTION CLEAR AND UNAMBIGUOUS FOR ALL COURTS ON RECORD, BOTH STATE AND FEDERAL. THAT COURT DETERMINED:

"COURTS (BOTH STATE AND FEDERAL NO MATTER WHAT STATUTORY JURISDICTION IS GIVEN TO THEM) HAVE NO CONSTITUTIONAL AUTHORITY (JURISDICTION) TO PASS ON THE MERITS (WHICH INCLUDE THE CONDUCTING OF THE SCHEDULED SEPTEMBER 2, 2025 HEARING AND OTHER LEGAL ISSUES FILED WITHIN THE COURT SUBJECTING THE STATE TO DEFAULT, FORFEITURE AND WAIVER) OF A CASE BEYOND THEIR JURISDICTION (THE FRAUD, VIOLATIONS OF THE DNA STATUTES AND SEPARATION OF POWERS CLAUSE, VIOLATION OF THE PROCEDURAL AND OR CLAIM PROCESSING RULE TIMELY INVOKED AT THE ONE YEAR MARK, INORDINATE DELAY ETC. PLACES THE CASE AND CONVICTION BEYOND YOUR JURISDICTION TO MAINTAIN AND LEAVE IN PLACE THE CONVICTION OR HAVE A HEARING FOR THIS PURPOSE)---"TO DO SO IS, BY VERY DEFINITION, FOR THE KERSHAW COUNTY GENERAL SESSIONS COURT TO ACT

ULTRA VIRES", 523 U.S. 83, 118 S.Ct. 1003. "MUCH MORE THAN MERE NICETIES ARE AT STAKE HERE. THE STATUTORY (LEGISLATIVE PRONG) AND "(ESPECIALLY)" CONSTITUTIONAL ELEMENTS (PRONGS) OF JURISDICTION (SUBJECT MATTER JURISDICTION) ARE ESSENTIAL INGREDIENT OF SEPARATION AND EQUILIBRATION OF POWERS, RESTRAINING THE COURTS FROM ACTING AT CERTAIN TIMES, AND EVEN RESTRAINING THEM FROM ACTING PERMANENTLY REGARDING CERTAIN SUBJECTS", ID. AT. 101, 118 S.Ct. 1003. "THIS TENET IS AS OLD AS THE BEDROCK AND ALMOST AS OLD AS THE COURT ITSELF", DEMONSTRATING RETROACTIVE IMPLICATIONS, CROSS-SOUND FERRY SERV., INC. v. I.C.C., 834 F.3d. 327, 339 (C.A.C.D.1991); THE CITY OF OCALA, FLORIDA v. ROJAS, 598--U.S.--, 2023 WL 2357328 (U.S.2023)(CLARIFYING THE TWO ELEMENTS OF SUBJECT MATTER JURISDICTION); WILKINS v. UNITED STATES,--S.Ct.--, 2023 WL 2655449 (U.S.2023)(REGARDING PROCEDURAL AND OR CLAIM PROCESSING RULES AND THE VOIDING OF JURISDICTION); UNITED STATES v. BROWN,--F.4TH.--, 2023 WL 3214545 (4TH.Cir.2023)(REGARDING THE REQUIREMENT TO PLACE PROPER ELEMENTS WITHIN AN INDICTMENT AND VOIDING OF JURISDICTION); MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599(U.S.2016)(UNCONSTITUTIONAL ACTION WITHIN CRIMINAL CASES VOIDS JURISDICTION); STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, 118 S.Ct. 1003(U.S.1998)(UNCONSTITUTIONAL ACTION UNDER BOTH THE STATUTORY AND CONSTITUTIONAL ELEMENTS TO SUBJECT MATTER JURISDICTION VOIDS JURISDICTION).

THIS PLEADING IS ALSO SUBMITTED AS A RULE 56 AFFIDAVIT IN OPPOSITION TO ANY INAPPROPRIATE SUMMARY DISMISSAL OF THE APPLICATION FOR FORENSIC DNA TESTING. GENUINE ISSUES OF MATERIAL FACT DO INDEED EXIST AS IS ARGUED IN THIS CASE INCLUDING CHALLENGE TO THE LOWER COURT'S JURISDICTION AS IS ARTICULATED WITHIN THE PLEADING AND THE APPLICANT IS ENTITLES TO RIGHTS OF COLLATERAL ESTOPPEL PURSUANT TO ISSUE PRECLUSION AS IT EMERGES FROM HOWARD v. CITY OF DURHAM, 68 F.4TH. 934 (4th.Cir.2023). AS IT RELATES TO THESE MATTERS BEFORE THE SOUTH CAROLINA SUPREME COURT WITHIN ITS ORIGINAL JURISDICTION, IT BECOMES EVIDENT THAT THESE MATTERS CANNOT BE ALLOWED TO CONTINUE WITHIN THE LOWER COURT BECAUSE THE APPLICANT WOULD BE SUBJECT TO EXTREME PREJUDICE WHERE THESE STATE ACTORS ARE ATTEMPTING TO ADJUDICATE THE MERITS

WHEN THE PROCEEDINGS HAVE BECOME UNCONSTITUTIONAL AND VOID TO ILLEGALLY EXTEND THEIR POWER OF JURISDICTION BY JUDICIAL DECREE IN VIOLATION OF ESTABLISHED LEGAL PRECEDENT. THE APPLICANT INVOKES HIS PERSONAL KNOWLEDGE AS A FORMER MILITARY PARAMEDIC AND PRE-MED STUDENT WHO ATTENDED RUTGERS UNIVERSITY IN NEW JERSEY AND FRANCIS MARIONAS UNIVERSITY HERE IN SOUTH CAROLINA HAVING ABOVE AVERAGE KNOWLEDGE ON THE SUBJECT SUBMITTING STATEMENT WITHIN THOSE BOUNDARIES, AS WELL AS THE FATHER OF THE ALLEGED VICTIM HAVING PERSONAL KNOWLEDGE OF EVENTS WITHIN THE HOME WHICH INCLUDE THE EVENTS THAT LED UP TO THE INCIDENT AND OR DEATH, AND THE SUPPRESSING OF EVIDENCE IN THE FORM OF THE SLED FILE, AND THEY OBTAINING A FRAUD PROCURED INDICTMENT THE VERY DAY OF TRIAL WHEN NO GRAND JURY MET ON THAT DAY, AND THEY FAILING TO PROSECUTE MICHAEL LEE FOR THE OVER 24 COUNTS OF CRIMINAL SEXUAL CONDUCT WITH A MINOR WHEN THERE IS NO STATUTE OF LIMITATIONS ON THIS OFFENSE FOR THE PURPOSE OF SOLICITING PERJURED TESTIMONY AT THE APPLICANT'S TRIAL CLAIMING DISCIPLINE OCCURRED OVER A $5 TELESCOPE TO AID THE STATE ESTABLISH THE ELEMENTS FOR MURDER (A WICKED AND DEPRAVED MIND), WHEN DISCIPLINE OCCURRED OVER THEIR CONSTANT ENGAGING IN CLASS "A" FELONIES OF CSC WITH A MINOR WHICH THE 5TH. CIRCUIT SOLICITOR'S OFFICE IN ACTS OF OBSTRUCTION OF JUSTICE AND AIDING AND ABETTING AFTER THE FACT FAILED TO PROSECUTE, FACTS THAT WOULD BE ADMISSIBLE INTO EVIDENCE, AND THE AFFIANT IS COMPETENT TO TESTIFY ON THE PRESENTED MATTERS AS THUS STATED AND IS NOT ENGAGING IN ANY POTENTIALLY ALLEGED OR INAPPROPRIATE LABEL OF A "FISHING EXPEDITION". THE EXISTENCE OF THIS SUPPRESSED EVIDENCE AND SLED FILES ARE CLEARLY DOCUMENTED OVER THE YEARS WITHIN VARIOUS ACTIONS SOUGHT TO OBTAIN THIS EVIDENCE GOING ON THE CLEAR RECORD CONSISTENTLY OVER THE YEARS. FURTHER DISCOVERY AND RELEASE OF THE DNA, SLED FILE AND GRAND JURY PANEL DOCUMENTS IS REQUIRED BY DUE PROCESS LAW, INCLUDING THE VACATING OF THE CONVICTION AND SENTENCE, EXPUNGMENT OF MY RECORD AND SOUGHT NAME CHANGE TO ALLOW ME TO START A CLEAN SLATE AND NEW LIFE AFTER THIS MANIFEST INJUSTICE THAT IS TANTAMOUNT TO HATE CRIME. SUMMARY DISMISSAL IS A DRASTIC REMEDY AND **"MUST** NOT BE GRANTED UNTIL THE OPPOSING PARTY HAS HAD FULL OPPORTUNITY TO COMPLETE DISCOVERY (THE DNA TESTING, SLED FILES AND PANEL DOCUMENTS), NONETHELESS, THE NON MOVING PARTY MUST DEMONSTRATE

THAT LIKELIHOOD OF FURTHER DISCOVERY WILL UNCOVER ADDITIONAL FACTS, INFORMATION OR EVIDENCE, AND THAT THE PARTY IS NOT MERELY ENGAGING IN A FISHING EXPEDITION WHICH BY THE JURISDICTIONAL FACTS STATED, INCLUDING RIGHTS OF COLLATERAL ESTOPPEL PURSUANT TO ISSUE PRECLUSION, THE APPLICANT HAS MET THAT BURDEN, SNIPES v. CITY OF BELTON, 2025 WL 1250469, * 2, (S.C.App.2025); HENRY v. MEDICAL UNIVERSITY OF SOUTH CAROLINA, 2024 WL 4836814, * 1+ (S.C.App.2024); DAWKINS v. FIELDS, 354 S.C. 58, 580 S.E.2d. 433 (S.C.App.2003). THE APPLICANT CONSISTENTLY TRIED TO GET THIS DNA EVIDENCE SINCE 2006 ONLY TO BE SUBJECT TO EGREGIOUS ACTS OF FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE AS INDICATED BY THE FILING OF CASES 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294 AND EVEN BEFORE THE S.C. SUPREME COURT WITHIN IS 2020 CASE DEMONSTRATING DUE DILIGENCE AND A PERSISTED EFFORT TO NAVIGATE THE CONTINUED MANIFEST INJUSTICES THAT OCCURRED WARRANTING THE RELEASE OF THIS EVIDENCE NOW WITHIN THIS APPLICATION FOR FORENSIC DNA TESTING. DISMISALL OF THIS ACTION WOULD BE AN ABUSE OF DISCRETION AND HIGHLY INAPPROPRIATE UNDER THESE CIRCUMSTANCES UNTIL THIS EVIDENCE SOUGHT IS RELEASED FOR THE SAKE OF "JUSTICE AND FAIRNESS", MATTER OF ESTATE OF SMITH, 419 S.C. 111, 796 S.E.2d. 158 (S.C.App.2016). I WANT THAT DEVIL EX-STEPSON OF MINE, MICHAEL LEE FOUND AND PROSECUTED IMMEDIATELY MR. PAULING III AND MR GISBON FOR OVER 24 COUNTS OF CRIMINAL SEXUAL CONDUCT 1st. DEGREE WITH A MINOR. CONTACT ME DIRECTLY TO OBTAIN THE DATES. THESE CLASS "A" FELONIES OCCURRED WITHIN BOTH RICHLAND AND KERSHAW COUNTIES. I AM GIVING YOU BOTH JUDICIAL NOTICE ON THE COURT RECORD OF THESE CRIMES THAT THE 5TH. CIRCUIT SOLICITOR'S OFFICE IN ACTS OF OBSTRUCTION OF JUSTICE AND AIDING AND ABETTING AFTER THE FACT FAILED TO PROSECUTE. HE MAY BE IN THE MILITARY. CHECK HIS HIGH SCHOOL RECORDS AND FAMILY CONTACTS FOR IS SOCIAL SECURITY NUMBER AND COMMENCE WITH AN EXHAUSTIVE SEARCH. YOU ARE GIVEN NOTICE MR. PAULING AND MR. GIBSON. IT'S BEEN OVER 25 YEARS OF OBSTRUCTION OF JUSTICE. DON'T TALK ABOUT, BE ABOUT IT GENTLEMEN FOR THE SAKE OF "JUSTICE AND FAIRNESS".


    I, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, DO HEREBY AFFIRM UNDER PENALTY OF PERJURY, THAT THE

FOREGOING IS TRUE AND CORRECT AND DECLARE THAT I AM COMPETE TO
TESTIFY TO ALL MATTERS PRESENTED AS THUS STATED.


AFFIANT


SWORN AND OR AFFIRMED BEFORE ME THIS ___24___ DAY OF

July _____ 20_25_____

_Sasha Outlaw_____
NOTARY PUBLIC

MY COMMISSION EXPIRES_____2/28/34_____



53-of-70
23-of-23

IN THE STATE OF SOUTH CAROLINA

IN THE SUPREME COURT

———————————————

CASE DOCKET NO. 2025-000812

———————————————

APPEAL FROM THE COUNTY OF KERSHAW

IN THE KERSHAW COUNTY COURT OF GENERAL SESSIONS

CASE NO. 2004-GS-28-000385

APPLICATION FOR FORENSIC DNA TESTING

———————————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

APPELLANTS-PETITIONERS

VS.

THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW ET. AL.,

RESPONDENT(S)

———————————————

**AFFIDAVIT OF SERVICE**

———————————————

I, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO DISQUALIFY SLED AND THE STATE OF SOUTH CAROLINA ENTITIES FROM

CONDUCTING THE DNA ANALYSIS SEEKING TO HAVE IT DONE BY AN INDEPENDENT SOURCE AND OR ENTITY DUE TO CONFLICT OF INTEREST AND MOTION TO MOTION THEREFOR, ON THE SOUTH CAROLINA SUPREME COURT, THE KERSHAW COUNTY GENERAL SESSIONS COURT AND ALL INVOLVED PARTIES BY U.S. MAIL, POSTAGE PREPAID, BY PLACING IT IN THE INSTITUTION MAILBOX ON AUGUST 5, 2025.

RESPECTFULLY,

JONAH THE TISHBITE

AUGUST 5, 2025

IN THE STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

———————————————

CASE DOCKET NO. 2025-000812

———————————————

APPEAL FROM THE COUNTY OF KERSHAW
IN THE KERSHAW COUNTY COURT OF GENERAL SESSIONS

CASE NO. 2004-GS-28-000385
APPLICATION FOR FORENSIC DNA TESTING

———————————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL.,

APPELLANTS-PETITIONERS


VS.


THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW ET. AL.,

RESPONDENT(S)

———————————————

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION
TO DISQUALIFY SLED AND THE STATE OF SOUTH CAROLINA ENTITIES
FROM CONDUCTING THE DNA ANALYSIS SEEKING TO HAVE IT DONE
BY AN INDEPENDENT SOURCE AND OR ENTITY DUE TO CONFLICT
OF INTEREST AND MOTION TO MOTION THEREFOR

———————————————


TO: THE SOUTH CAROLINA SUPREME COURT,

THE KERSHAW COUNTY COURT OF GENERAL SESSIONS,
SOLICITOR CURTIS ANTHONY PAULING III ET. AL.,

FROM THE JURISDICTIONAL FACTS ASSERTED THAT ARE ATTACHED TO THE SEEKING OF THIS FORENSIC DNA TESTING, SUCH AS SLED ITSELF BEING IMPLICATED IN THE AIDING OF CONCEALING AND SUPPRESSING OF THE EVIDENCE OF ACTUAL INNOCENCE WHERE THE SLED FILE IN QUESTION WAS ACTUALLY SOUGHT FROM THEM IN WRITING ONLY FOR THEM TO CONSPIRE UNDER COLOR OF STATE LAW TO AID THE 5TH. CIRCUIT SOLICITOR'S OFFICE IN THE CONTINUED SUPPRESSING AND CONCEALING OF THIS ESSENTIAL, MATERIAL INFORMATION. THE APPLICANT-PETITIONER MOTIONS TO DISQUALIFY SLED AND ANY ENTITY WITHIN THE STATE OF SOUTH CAROLINA FROM CONDUCTING THE REQUIRED FORENSIC DNA TESTING. IF THE CONSPIRING STATE ACTORS HAD THE AUDACITY TO POTENTIALLY COMPROMISE AN ACTUAL AUTOPSY BEHIND RELIGIOUS AND RACIAL ANIMUS, HAVING OVERWHELMING INFLUENCE WITHIN THE STATE OF SOUTH CAROLINA INVOLVING THESE SPECIFIC AGENCIES THAT WOULD BE THE ONES TO CONDUCT THE FORENSIC DNA TESTING. THE POSSIBILITY OF COMPROMISING OR INAPPROPRIATELY INFLUENCING THESE SOUTH CAROLINA AGENCIES THAT WOULD POTENTIALLY CONDUCT THE REQUIRED DNA FORENSIC TESTING IS TO GREAT. TO SECURE THE ACCURACY AND INTEGRITY OF THE REQUIRED FORENSIC DNA TESTING, THE PETITIONER MOTIONS TO DISQUALIFY THE STATE OF SOUTH CAROLINA AND ITS AGENCIES WITHIN FROM CONDUCTING THE REQUIRED DNA TESTING AND SEEK THAT THE COURTS INVOLVED ISSUE AN ORDER FOR THE FORENSIC DNA TESTING TO BE DONE BY AN OUT OF STATE INDEPENDENT SOURCE AND OR ENTITY. THE PETITIONER SEEK THAT THE COURT(S) ORDER THAT THE FORENSIC DNA TESTING BE DONE BY THE NORTH CAROLINA DEPARTMENT OF JUSTICE CRIME LABORATORY IN RALEIGH NORTH CAROLINA WHO ALSO HAVE REGIONAL LABS IN EDNEYVILLE AND GREENBORO. THEY SPECIALIZE IN SUCH MATTERS FOR LAW ENFORCEMENT WITHIN THAT NEAR BY STATE. THEIR ADDRESS IS 114 WEST EDENTON STREET, RALEIGH, N.C. 27603. ANOTHER OPTION WOULD BE PTC LABORATORIES LOCATED AT 300 PORTLAND STREET SUITE 300 COLUMBIA, MISSOURI 65201, PHONE NUMBER (573) 442-9948. THE INTEGRITY OF THE TESTING MUST BE ENSURE DUE TO THE EXCEPTIONAL CIRCUMSTANCES THAT SURROUND THIS CASE. THE PETITIONER MOTIONS TO DISQUALIFY THE STATE OF SOUTH CAROLINA FOR THESE REASONS AND SEEK THAT THE

TESTING BE DONE BY AN INDEPENDENT OUTSIDE ENTITY.

RESPECTFULLY,

JONAH THE TISHBITE

AUGUST 5, 2025

THE STATE OF SOUTH CAROLINA ) IN THE COURT OF GENERAL SESSIONS

THE COUNTY OF KERSHAW ) THE 5TH. JUDICIAL CIRCUIT

)

LAWRENCE L. CRAWFORD AKA )

JONAH GABRIEL JAHJAH T. ) CASE NO. 2004-GS-28-0385

TISHBITE, )

        PETITIONER )

)

)

)

)

)

Vs. )

) **AFFIDAVIT OF SERVICE**

)

)

THE STATE OF SOUTH CAROLINA; )

THE COUNTY OF KERSHAW ET. AL., )

)

        RESPONDENT )

)

)

)

       I, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF A RULE 56 AFFIDAVIT FILED IN OPPOSITION OF SUMMARY DISMISSAL; MOTION TO RENEW THE PREVIOUS FILED AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO CHALLENGE THE KERSHAW COUNTY GENERAL SESSIONS COURT'S JURISDICTION TO HOLD A MERITS HEARING ON SEPTEMBER 2, 2025 DUE TO VIOLATIONS OF THE SEPARATION OF POWERS CLAUSE AND UNCONSTITUTIONAL ACTION AND MOTION TO MOTION THEREFOR, (4) PAGES DATED JULY 28, 2025; NOTICE OF PENDENT JURISDICTION UNDER § 1983; MOTION TO ESTABLISH RIGHTS UNDER THE F.S.I.A., ON THE KERSHAW COUNTY COURT OF GENERAL SESSIONS, MR. PAULING III AND ALL OTHER INVOLVED PARTIES, BY U.S. MAIL. POSTAGE PREPAID, BY DEPOSITING IT WITH ITS ATTACHMENTS IN THE INSTITUTION MAILBOX ON

AUGUST 26, 2025.


                                        RESPECTFULLY,
                                        JONAH THE TISHBITE


AUGUST 26, 2025


60-of-70

2-of-8

THE STATE OF SOUTH CAROLINA ) THE COURT OF GENERAL SESSIONS
THE COUNTY OF KERSHAW          ) THE 5TH. JUDICIAL CIRCUIT
                              )
LAWRENCE L. CRAWFORD AKA      )
JONAH GABRIEL JAHJAH T.       ) CASE NO. 2004-GS-28-0385
TISHBITE,                     )
          PETITIONER          ) RULE 56 AFFIDAVIT FILED IN
                              ) OPPOSITION OF SUMMARY DISMIS-
                              ) SAL; MOTION TO RENEW THE PRE-
                              ) VIOUS FILED AFFIDAVIT OF FACTS
                              ) GIVING JUDICIAL NOTICE;; MO-
                              ) TION TO CHALLENGE THE KERSHAW
Vs.                           ) COUNTY GENERAL SESSIONS COURT
                              ) JURISDICTION TO HOLD A MERITS
                              ) HEARING ON SEPTEMBER 2, 2025
                              ) DUE TO VIOLATIONS OF THE SEP-
THE STATE OF SOUTH CAROLINA;  ) ARATION OF POWERS CLAUSE AND
THE COUNTY OF KERSHAW ET. AL.,) UNCONSTITUTIONAL ACTION AND
                              ) MOTION TO MOTION THEREFOR, (4)
          RESPONDENT          ) DATED JULY 28, 2025; NOTICE OF
                              ) PENDENT JURISDICTION UNDER
                              ) § 1983; MOTION TO ESTABLISH
                              ) RIGHTS UNDER THE F.S.I.A.
    TO: THE KERSHAW COUNTY COURT OF GENERAL SESSIONS ET. AL.,

        THE APPLICANT GIVES THE KERSHAW COUNTY COURT OF
GENERAL SESSIONS, MR CURTIS PAULLING III AND MR GIPSON OF THE
5TH. CIRCUIT SOLICITOR'S OFFICE JUDICIAL NOTICE OF THE
APPLICANT'S INTENT TO ESTABLISH JURISDICTIONAL FACTS TO GUARANTEE
PROTECTIONS PURSUANT TO RIGHTS UNDER THE FOREIGN SOVEREIGN
IMMUNITY ACT BEFORE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS
GIVING THE COURT JUDICIAL NOTICE THAT THESE MATTERS ARE ALSO
BEING HEARD UNDER CASE 9:24-cv-04660-BHH-MHC ET. AL. UNDER § 1983
TO SECURE THAT DNA THAT KERSHAW COUNTY IS CONSPIRING UNDER COLOR
OF STATE LAW, CONSPIRACY AND OBSTRUCTION OF JUSTICE BE RELEASE
AND REVEAL TO PREVENT THE CONCEALING OF THE CRIMINAL ACTIVITY
INVOLVING THIS MATTER, FINE v. COMMISSIONER OF CORRECTIONS, 81
A.3d. 1209 (Conn.2013); PARROTT v. GOVERNMENT OF VIRGIN ISLANDS,
230 F.3d. 615 (3rd.Cir.2000); OBANDO-SEGURA v. GARLAND, 999 F.3d.

190(4th.Cir.2021); <u>WOODFOR v. NGO,</u> 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d. 368 (U.S.2006). THE MONETARY RELIEF SOUGHT UNDER § 1983 AND THE F.S.I.A. PURSUANT TO PUNITIVE DAMAGES AGAINST RICHLAND AND KERSHAW COUNTIES FOR FAILING TO PROSECUTE MICHAEL LEE FOR THE OVER 24 COUNTS OF CRIMINAL SEXUAL CONDUCT WITH A MINOR AGAINST MY MINOR CHILD TO SOLICIT PERJURED TESTIMONY FROM HIM IS SET A $3.5 BILLION FOR EACH COUNTY WHICH LED TO THE KIDNAPPING AND ILLEGAL SEIZURE OF A FOREIGN SOVEREIGN KING, KHALIFAH AND HIGH PRIEST OF THE ONE TRUE GOD BEHIND RELIGIOUS AND RACIAL HATRED IN VIOLATION OF THE CIVIL RIGHTS ACT AND FOREIGN SOVEREIGN IMMUNITY ACT. I WANT THAT DEVIL EX-STEPSON OF MINE FOUND MR. PAULING III AND MR GIPSON. COPY OF THIS DOCUMENT IS SERVED UPON YOU. FAILURE TO RELEASE THAT DNA AND OTHER EVIDENCE OF ACTUAL INNOCENCE SHALL RESULT IN EVENTUAL CRIMINAL CHARGES BEING LEVIED AGAINST YOU FOR AIDING AND ABETTING AFTER THE FACT IN OVER 24 COUNTS OF CRIMINAL SEXUAL CONDUCT WITH A MINOR AND ASSESSORY AFTER THE FACT TO MURDER BECAUSE IT WILL TURN OUT THAT HIS SEXUAL ASSAULT OF HER IS WHAT POTENTIALLY KILLED HER AND YOU DEVILS IN THIS STATE HELP COVER IT UP BEHIND RELIGIOUS AND RACIAL HATRED!!! YOU DEVILS IN THESE COUNTIES AIDED HIM TO ELUDE PROSECUTION BY FAILING TO TEST THAT DNA TO HIM. FIND HIM NOW!!! GENTLEMEN, (MR. PAULING III AND MR. GIPSON) OR THE PUNITIVE DAMAGES SHALL INCREASE AGAINST YOU AND YOUR COUNTIES EXPONENTIALLY.

        HERE THE COURT AND PARTIES WILL FIND:

        (1) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE JUDGE'S TEXT ORDER VACATING THE COMPLAINT CHALLENGING THE OHIO DISTRICT COURT'S JURISDICTION TO ISSUE IT DUE TO FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION; MOTION TO EXCEED THE PAGE LIMIT AND FOR ACCEPTANCE; NOTICE SEEKING LEAVE TO APPEAL; NOTICE OF SEEKING PRELIMINARY INJUNCTION FROM THE 6TH. CIRCUIT AND MOTION TO MOTION THEREFOR", [70] PAGES DATED OCTOBER 1, 2024.

        (2) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT

**62-of-70**

ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE'S ORDER: RULES FOR DOCUMENTS SUBMITTED IN THE CASE DOCUMENT # 40; MOTION TO VACATE IT DUE TO FRAUD UPON THE COURT, CONSPIRACY, VIOLATIONS OF 18 U.S.C. § 1001; VIOLATION OF THE SEPARATION OF POWERS CLAUSE AND UNCONSTITUTIONAL ACTION; MOTION TO CHALLENGE THE COURT'S JURISDICTION TO ISSUE IT; MOTION TO RENEW THE MOTION FOR RECUSAL AND MOTION TO MOTION THEREFOR", [40] PAGES DATED NOVEMBER 22, 2024.

(3) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO AMEND THE NOTICE OF APPEAL TO SEEK CHANGE OF VENUE; MOTION FOR ACCEPTANCE AND MOTION TO MOTION THEREFOR", [40] PAGES DATED MARCH 14, 2025.

(4) A COPY OF THE AFFIDAVIT OF SERVICE AND DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO DISQUALIFY SLED AND THE STATE OF SOUTH CAROLINA ENTITLES FROM CONDUCTING THE DNA ANALYSIS SEEKING TO HAVE IT DONE BY AN INDEPENDENT SOURCE AND OR ENTITY DUE TO CONFLICT OF INTEREST AND MOTION TO MOTION THEREFOR", [5] PAGES DATED AUGUST 5, 2025.

THE PETITIONER GIVES THE KERSHAW COUNTY COURT OF GENERAL SESSIONS AND ALL INVOLVED COURTS JUDICIAL NOTICE. THE STATE OF SOUTH CAROLINA BROUGHT THE APPLICANT'S RELIGIOUS BELIEFS UP AT TRIAL FOR THE SAKE OF ESTABLISHING LAW IN VIOLATION OF PROTECTIONS ESTABLISHED BY THE U.S. CONSTITUTION 1st. AMENDMENT WHEN THESE RELIGIOUS BELIEFS HAD ABSOLUTELY NOTHING TO DO WITH THE OFFENSE FOR WHICH THE APPLICANT WAS CHARGED, TO TAINT THE MINDS OF THE JURORS TO THE EXTREME PREJUDICE TO THE APPLICANT, CLAIMING BY THAT TESTIMONY THAT THE APPLICANT "WAS A PROPHET TRYING TO SAVE THE WORLD" TO MAKE THE APPLICANT APPEAR THAT HE WAS A RELIGIOUS FANATIC OR TWO CANS SHORT OF A SIX PACK WHICH HAS BEEN DISPROVEN BY PSYCHOLOGICAL EXAMINATION OF 7 DIFFERENT FORENSIC PSYCHOLOGIST. THESE DOCUMENTS NOW SUBMITTED BEFORE THE KERSHAW COUNTY GENERAL SESSIONS COURT AND FILED WITHIN AND BEFORE THE FEDERAL COURTS INVOLVED IS WHY THOSE CLAIMS WERE INAPPROPRIATELY, IN AN ABUSE OF DISCRETION, ALLOWED TO BE ENTERED

**63-of-7**0

INTO THE COURT RECORD. BY THIS LITIGATION PRESENTED PENDING
WITHIN 7 DISTRICT COURTS AROUND THE NATION, WITHIN THE 6TH.
CIRCUIT COURT OF APPEALS, THE 11th. CIRCUIT COURT OF APPEALS AND
THE 4th. CIRCUIT COURT OF APPEALS, THE APPLICANT IS THE FIDUCIARY
HEIR, KING, KHALIFAH, IMAM, NAZARITE HIGH PRIEST AND LAWGIVER OF
THE ONE TRUE GOD, A MEMBER OF THE SOLE CORPORATION AND FOREIGN
SOVEREIGN CROWN ESTABLISHED BY "CONTRACT", BY "COVENANT", OF THE
3 MONOTHEISTIC RELIGIONS, PROTECTED UNDER ARTICLE 1 § 10 OF THE
U.S. CONSTITUTION, BY THE "CONTRACT" CLAUSE OF THE FOREIGN
SOVEREIGN IMMUNITY ACT, BY THE 1st. AMENDMENT FREE EXERCISE
CLAUSE AS WELL AS BY STATE AND FEDERAL PROBATE LAW. THIS IS THE
THE HEART OF THE MATTER AND IMPETUS, THE SOURCE OF THEIR MOTIVE
AND CLAIM OF THE STATE ACTORS WITHIN THE STATE OF SOUTH CAROLINA
FRAMING THE APPLICANT BEHIND RELIGIOUS AND RACIAL HATRED. SINCE
THIS MATTER WAS BROUGHT UP AT THE APPLICANT'S TRIAL THESE
DOCUMENTS ARE RELEVANT AND ADMISSIBLE SUBMITTED IN SUPPORT OF
SEEKING THE FORENSIC DNA TESTING THAT WAS UNCONSTITUTIONALLY
DENIED THE APPLICANT AND OR INAPPROPRIATELY DELAYED THE APPLICANT
FROM RECEIVING SINCE 2006, AND FOR WHICH IN ACTS OF CONSPIRACY
AND OBSTRUCTION OF JUSTICE WAS DONE REQUIRING THAT THE DNA
TESTING BE CONDUCTED FORTHWITH. GENERALLY, THE CHILDREN OF
FOREIGN MONARCHS TAKEN BY FORCE DURING THE TRANS-ATLANTIC SLAVE
TRADE, ETHIOPIAN KINGS WITH DIRECT TIES TO THE THRONE OF ISRAEL
THROUGH KINGS DAVID AND SOLOMON, WHO ALSO IN THIS INSTANCE, HAVE
DIRECT TIES TO THE ISLAMIC KHALIFATE, OR THEIR STOLEN OFFSPRING,
WOULD NOT BE CONSIDERED U.S. CITIZENS BY BIRTHRIGHT DUE TO THE
"SUBJECT TO THE JURISDICTION THEREOF" CLAUSE OF THE 14th.
AMENDMENT. FOREIGN MONARCHS AND THEIR FAMILY STOLEN, KIDNAPPED BY
FORCE THROUGH THE TRANS-ATLANTIC SLAVE TRADE TYPICALLY ENJOY
SOVEREIGN IMMUNITY, SIMILAR TO DIPLOMATIC IMMUNITY, WHICH MEANS
THEY ARE NOT SUBJECT TO THE JURISDICTION OF THE UNITED STATES IN
THE SAME WAY AS OTHER INDIVIDUALS, ACCORDING TO THE LEGAL
ANALYSIS IN UNITED STATES v. WONG KIM ARK (1898) AND THE AMERICAN
IMMIGRATION COUNSEL. CRAWFORD IS THE DIRECT DESCENDANT OF THE
EARTH'S GREATEST PROPHETS AND KINGS, HIS ANCESTORS WERE NOT
NORMAL SLAVES TAKEN BY FORCE AND ACTS OF KIDNAPPING IN VIOLATION
OF THE STATE SPONSORED TERRORISM PROVISION OF THE FOREIGN
SOVEREIGN IMMUNITY ACT. THIS IS SUPPORTED BY "CONTRACT", BY

"COVENANT" PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT AND STARE AND FEDERAL PROBATE LAW AS ARGUED IN THE CASE. THE EXCEPTION TO THE BIRTHRIGHT CITIZENSHIP FOR CHILDREN OF FOREIGN DIPLOMATS OR FOREIGN SOVEREIGN KINGS IS ROOTED IN THE COMMON LAW, ALSO CARVING EXCEPTION TO THE TURKIYE RULING, WHICH ALSO RECOGNIZED THE DISTINCT STATUS OF FOREIGN SOVEREIGNS. TO BE A CITIZEN BY BIRTHRIGHT, A PERSON MUST OWE "FULL" ALLEGIANCE TO THE UNITED STATES AND NO OTHER COUNTRY. THE APPLICANT'S ALLEGIANCE IS TO THE THRONE OF ISRAEL AND THE CHRISTIAN, MUSLIM JEWISH STATE BY DECREE OF THE ONE TRUE GOD AS RELIGIOUS PROPHESY FORETOLD VIA THE "KING OF THE NORTH" WRITTEN IN THE BOOK OF DANIEL CHAPTER 11 AND OTHER PASSAGES WITHIN THE CONTRACT, COVENANT ARGUED WITHIN THE DOCUMENTS. BY THE "CONTRACT", "COVENANT" OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, THE ONE TRUE GOD'S HOLY KINGS, KHALIFAHS AND HIGH PRIESTS, THE APPLICANT'S ALLEGIANCE IS TO THE THRONE OF ISRAEL AND THE KINGDOM OF IRON MIXED WITH MIRY CLAY FORETOLD IN THE BOOK OF DANIEL CHAPTER 2:41-44. EVEN IF THE MONARCH OR CHILDREN RELATED THERETO WERE MISTAKINGLY GIVEN U.S. CITIZENSHIP, RENOUNCING IT MAY FOLLOW THE SAME PROCESS OF ANY OTHER U.S. CITIZEN. HOWEVER, THE FOUNDATIONAL ARGUMENT IS THAT SUCH A CHILD WOULD NOT LIKELY BE A CITIZEN TO BEGIN WITH DEMONSTRATING THAT THE REQUIREMENT TO RENOUNCE CITIZENSHIP AT A U.S. EMBASSY WITHIN A FOREIGN NATION AND THE APPLICABLE PAPERWORK WOULD NOT BE REQUIRED. WHAT ADDITIONAL PROCESS WOULD BE REQUIRED TO RENOUNCE A CITIZENSHIP THAT DID NOT LEGALLY EXIST UNDER THE 14th. AMENDMENT IN THE FIRST PLACE? IT IS BY THESE DOCUMENTS THAT THE APPLICANT BEFORE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS INVOKES ALL RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES ESTABLISHED BY THE FOREIGN SOVEREIGN IMMUNITY ACT. THE APPLICANT MOTIONS TO DISQUALIFY SLED AND ANY SOUTH CAROLINA ENTITY IN CONDUCTING THE REQUIRED FORENSIC DNA ANALYSIS DUE TO CONFLICT OF INTEREST WHERE THEY TOOK A DIRECT PART AND HAND IN THE INJUSTICES ARGUED BEFORE ALL COURTS INVOLVED.

THE APPLICANT FILED A DOCUMENT WITHIN THESE PROCEEDINGS ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO

65-of-70

CHALLENGE THE KERSHAW COUNTY GENERAL SESSIONS COURT'S
JURISDICTION TO HOLD A MERITS HEARING ON SEPTEMBER 2, 2025 DUE TO
VIOLATIONS OF THE SEPARATION OF POWERS CLAUSE AND
UNCONSTITUTIONAL ACTION AND MOTION TO MOTION THEREFOR", [4] PAGES
DATED JULY 28, 2025 ALONG WITH THE ATTACHMENTS REFERRED TO
THEREIN. THIS PLEADING IS FILED TO MAKE THAT PREVIOUS PLEADING
MORE DEFINITE AND CERTAIN ALONG WITH THE ATTACHMENTS THAT WERE
SUBMITTED WITHIN THIS DOCUMENT ALONG WITH THOSE PREVIOUS
MENTIONED ARE FILED AS A RULE 56 AFFIDAVIT BEFORE THE KERSHAW
COUNTY GENERAL SESSIONS COURT, NOT JUST BEFORE THE SOUTH CAROLINA
SUPREME COURT BASED UPON THOSE PREVIOUS DOCUMENTS REFERRED TO.
THE APPLICANT DECLARES UNDER PENALTY OF PERJURY THAT THIS
DOCUMENT AND THOSE REFERRED TO ARE TRUE AND CORRECT AND THE
APPLICANT IS COMPETENT TO TESTIFY TO THE VERITY OF THE FACTS
HAVING PERSONAL KNOWLEDGE TO THE JURISDICTIONAL FACTS AS
ILLUSTRATED BY THE DOCUMENTS NOW SUBMITTED WITHIN THIS CASE.
RIGHTS AND IMMUNITIES UNDER INTERNATIONAL LAW ARE ALSO INVOKED.


                                      RESPECTFULLY,

                                      JONAH THE TISHBITE


SWORN AND OR AFFIRMED BEFORE ME THIS____25th____ DAY OF

_August_____20 25 _____

_Sandra Outlaw_____
                    NOTARY PUBLIC

MY COMMISSION EXPIRES_____2/28/34_____

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? X☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: THE KERSHAW GENERAL SESSIONS COURT'S JURISDICTION

IS VOID DUE TO UNCONSTITUTIONAL ACTION INVALIDATES

THE CONVICTION AND THERE'S NOTHING LEFT FOR THE COURT

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☐ No TO DO BUT ANNOUNCE THIS FACT.

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

CASE 2004-GS-28-0385 APPLICATION FOR FORENSIC DNA TESTING.

IN THE KERSHAW COUNTY S.C. COURT OF GENERAL SESSIONS.

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No SEE ATTACHED PAGES

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. SEE ATTACHED PAGES

_____

67-of-70

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing: _____ N/A _____

       _____ " _____

       (b) At arraignment and plea: _____ " _____

       _____ " _____

       (c) At trial: _____ " _____

       _____ " _____

       (d) At sentencing: _____ " _____

       _____ " _____

       (e) On appeal: _____ " _____

       _____ " _____

       (f) In any post-conviction proceeding: _____ " _____

       _____ " _____

       (g) On appeal from any ruling against you in a post-conviction proceeding: _____

       _____ N/A _____

       _____ " _____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?        ☐ Yes   X☐   No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       _____ N/A _____

       _____ " _____

       (b) Give the date the other sentence was imposed: _____
       _____ " _____

       (c) Give the length of the other sentence: _____

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?        ☐ Yes   ☐   No SEE ATTACHED PAGES

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

68-of-70   EQUITABLE TOLLING IS ESTABLISHED BY THE CONTINUED LINE
OF LITIGATION SINCE 2006. ALSO THE STATE IN FRAUD AND
OBSTRUCTION BLOCKED THE FILING OF THE DNA APPLICATION
SINCE 2006 UNTIL MY SISTER-IN-LAW HAD TO JOIN AS A

AO 241 (Rev. 09/17)

DIRECT PARTY UNDER THE CURRENT CASE BEFORE THE KERSHAW COUNTY
COURT OF GENERAL SESSIONS AND BEFORE THE S.C. SUPREME COURT UNDER
CASE 2025-000812.

PLEASE BE ADVISED THAT THE CONSTITUTIONALITIY OF THE 1996 CLINTON
BILL WITH ITS 3 STRIKE PROVISIONS, AEDPA AND PLRA PROVISIONS ARE
BEING CHALLENGED IN THIS CASE. THEREFORE, I MOTION THAT RULING
UNDER THESE PROVISIONS BE DELAYED UNTIL THE JURY HAS HAD FULL
OPPORTUNITY TO REVIEW THIS MATTER.

CASE 2004-GS-28-0385 BEFORE THE KERSHAW COUNTY COURT OF GENERAL
SESSIONS IS PETITIONED REMOVED TO CASES 2:24-cv-03934-MEF-JBC;
2:23-cv-02962-JLG-CHG; 2:23-cv-3017-JLG-CHG; 2:24-cv-00659 (PA);
9:25-cv-01528-BHH-MHC; 9:24-cv-04660-BHH-MHC; 9:25-cv-01529-BHH-
MHC; 9:25-cv-01527-BHH-MHC; 1:25-cv-01963-MEF (N.J.); 2:25-cv-
5081-EP-AME (N.J.); 2:25-CR-00388-JKS (N.J.) PURSUANT TO THE
COMMON LAW AND RIGHTS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in
part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

**69-of-70**        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)   The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   I WANT A PRELIMINARY
INJUNCTION ISSUED TO RELEASE AND TEST THAT DNA BY AN INDEPENDENT
ENTITY OUT OF SOUTH CAROLINA, I WANT THE OTHER EVIDENCE SOUGHT.

or any other relief to which petitioner may be entitled. WHICH INCLUDE RIGHTS OF
DEFAULT, FORFEITURE AND WAIVER BY THE PLEADING CONTAINED HEREIN
AS IT ALSO RELATES TO THE CONVICTION.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on  AUG. 26, 2005   (month, date, year).

Executed (signed) on  AUG. 23, 2025    (date).

**SIGNATURE OF INTERVENORS ARE FOUND ON ATTACHED [4] PAGE DOCUMENT
DATED AUGUST 26, 2025 ATTACHED TO THE FACE OF THIS PETITION.**



_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

70-of-70

Lawrence L Crawford
#300839 F3B Rm 148
Evans CI 610 Hwy 9 West
Bennettsville, SC 29512

RECEIVED
DEC 19 2025
AT 8:30 M
CLERK, U.S. DISTRICT COURT - DNJ

The US District Court
of New Jersey
Newark Division
50 Walnut Street
Newark NJ 07102

ATT Ms Melissa